1  KRISTINE M. BROWN (*pro hac vice*)
   kristy.brown@alston.com
2  DONALD HOUSER (*pro hac vice*)
   donald.houser@alston.com
3  **ALSTON & BIRD LLP**
   One Atlantic Center
4  1201 West Peachtree Street
   Atlanta GA  30309-3424
5  Telephone:  404-881-7000
   Facsimile:   404-881-7777
6

7  Attorneys for Specially-Appearing
8  Defendant CVS HEALTH CORPORATION

9  *[Additional Non-California Defendants' Counsel Listed On Signature Pages]*

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

12

13  SHADI HAYDEN, *et al.*                    | Case No.: 8:20-cv-01203-JWH-DFM

14                      Plaintiffs,            | *[Assigned to Hon. John W. Holcomb]*

15           v.                               | **NON-CALIFORNIA DEFENDANTS':**

16                                            | **(1) JOINT NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND SIMILAR GROUNDS; AND**
17  THE RETAIL EQUATION, INC. *et al.* ,      |
18                      Defendants.           |
19                                            |
20                                            | **(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
21                                            |
22                                            | [Filed concurrently with Supporting Declarations, Request for Judicial Notice, and [Proposed] Order]
23                                            |
24                                            | Date:        March 19, 2021
                                             | Time:        9:00 a.m.
25                                            | Judge:       Hon. John W. Holcomb
                                             | Ctrm:        2
26                                            | Complaint Filed: July 7, 2020
27                                            | FAC Filed: August 3, 2020
                                             | Trial Date: None set
28

LEGAL02/40167319v17

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the Court, located at George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, Defendants Advance Auto Parts, Inc. ("Advance Auto"), Bed Bath & Beyond Inc., Best Buy Co., Inc.,[1] Buy Buy Baby, Inc., Caleres, Inc., CVS Health Corporation, Dick's Sporting Goods, Inc., L Brands, Inc., and The TJX Companies, Inc. (collectively, "Non-California Defendants"), by and through their attorneys of record, will and hereby do move for an order dismissing the First Amended Class Action Complaint, ECF No. 15 ("FAC") of Plaintiffs Shadi Hayden, William Hannum, Michael Murphy, Sean Frederick, Olga Maryamchik, Victoria Caruso-Davis, Eric Gilbert, Susana Guevara, Jacqueline Smith, Carol Julian-Moye, Christine Alire, Jerry Ho, and Carol Lloyd (collectively, "Plaintiffs") with prejudice pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

The Non-California Defendants move to dismiss Plaintiffs' FAC on the following grounds:

(1)    Pursuant to FRCP 12(b)(2), the Non-California Defendants move to dismiss Plaintiffs' FAC for lack of personal jurisdiction.  Plaintiffs cannot establish either general jurisdiction or specific jurisdiction over the Non-California Defendants. The Non-California Defendants are not subject to general jurisdiction because they are neither incorporated, nor have their principal places of business, in California, and there are no "exceptional" circumstances that warrant the exercise of general jurisdiction. Plaintiffs likewise cannot establish specific jurisdiction over the Non-California Defendants because (a) Plaintiffs' claims do not arise out of any contacts that the Non-

---

[1] Best Buy Co., Inc., Dick's Sporting Goods, Inc., and The TJX Companies, Inc. separately filed motions to compel arbitration and join in this Motion, in the alternative and without waiver of their right to compel arbitration, if the Court were to deny the motions to compel.

California Defendants may have with California, and (b) Plaintiffs fail to establish that the Non-California Defendants purposefully directed any activities towards California.

(2)    Pursuant to FRCP 12(b)(6), the Non-California Defendants move to dismiss the Non-California Plaintiffs' claims for violation of California's Unfair Competition Law (Count II) and for violation of California's Consumer Privacy Act ("CCPA") (Count VI).  Those claims are barred by California's extraterritoriality doctrine and California's choice of law rules.  The Non-California Plaintiffs' CCPA claim also fails because the CCPA applies only to California residents.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, the declarations of Donald Houser, Thomas C. Burke (Caleres, Inc.), Thomas S. Moffatt (CVS Health Corporation), Marc Patrouch (Advance Auto), Lauren Wallen (Best Buy), the Request for Judicial Notice, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

This Motion is made following conference of counsel pursuant to L.R. 7-3, which took place on October 27, 2020.

Respectfully submitted,


DATED:  November 6, 2020

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000

2

LEGAL02/40167319v17

1

Facsimile:  213-576-1100

2

3

/s/ Rachel E. K. Lowe
Rachel E. K. Lowe

4

Attorneys for Specially-Appearing Defendant

5

**CVS HEALTH CORPORATION**

6

DATED:  November 6, 2020

7

JOSEPH DUFFY, Bar No. 241854
joseph.duffy@morganlewis.com
MEGAN A. SUEHIRO, Bar No. 316104
megan.suehiro@morganlewis.com

8

**MORGAN, LEWIS & BOCKIUS LLP**

9

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

10

11

12

13

/s/ Joseph Duffy

14

Joseph Duffy

15

Attorneys for Defendants

16

**BED BATH & BEYOND INC. and BUY BABY, INC.**

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | DATED: November 6, 2020 | P. CRAIG CARDON |
| 2 | | ccardon@sheppardmullin.com<br>BENJAMIN O. AIGBOBOH |
| 3 | | baighboboh@sheppardmullin.com<br>ALYSSA MARIE SHAUER |
| 4 | | ashauer@sheppardmullin.com |
| 5 | | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| 6 | | 1901 Avenue of the Stars, Suite 1600 |
| 7 | | Los Angeles, CA 90067-6017<br>Tel. 310-228-3700 |
| 8 | | Fax 310-228-3701 |
| 9 | | |
| 10 | | KARI M. ROLLINS (*pro hac vice*)<br>krollins@sheppardmullin.com |
| 11 | | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| 12 | | 30 Rockefeller Plaza, 39th Floor |
| 13 | | New York, NY 10112<br>Tel. 213-634-3077 |
| 14 | | Fax 212-653-8701 |
| 15 | | |
| 16 | | |
| 17 | | /s/ P. Craig Cardon |
| 18 | | P. Craig Cardon |
| 19 | | Attorneys for Defendants<br>**SEPHORA USA, INC., DICK'S SPORTING** |
| 20 | | **GOODS, INC. and THE TJX COMPANIES, INC.** |
| 21 | DATED: November 6, 2020 | PURVI G. PATEL |
| 22 | | ppatel@mofo.com |
| 23 | | JOVANNA R. BUBAR<br>jbubar@mofo.com |
| 24 | | **MORRISON & FOERSTER LLP** |
| 25 | | 707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543 |
| 26 | | Tel. 213-892-5296 |
| 27 | | Fax. 213 892-5454 |
| 28 | | MICHAEL BURSHTEYN<br>mburshteyn@mofo.com |

4

1

2

3

4

**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Tel. 415.268.7000
Fax. 415.268.7522

5

6

/s/ Purvi G. Patel
Purvi G. Patel

7

8

Attorneys for Defendant
**ADVANCE AUTO PARTS, INC.**

9

10

11

12

13

14

DATED:  November 6, 2020

MICHAEL A. GEIBELSON
mgeibelson@robinskaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Tel. 310-552-0130
Fax 310-229-5800

15

16

17

/s/ Michael A. Geibelson
Michael A. Geibelson

18

19

Attorneys for Defendant
**BEST BUY CO., INC.**

20

21

22

23

24

25

DATED:  November 6, 2020

DANIEL T. ROCKEY
daniel.rockey@bclplaw.com
GOLAREH MAHDAVI
Goli.mahdavi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
Tel. 415-675-3400
Fax 415-675-3434

26

27

28

JOINT RULE 12(B)(2) MOTION TO DISMISS

LEGAL02/40167319v17

/s/ Golareh Mahdavi
Golareh Mahdavi

Attorneys for Defendant
**CALERES, INC.**

DATED:  November 6, 2020

ANN MARIE MORTIMER
amortimer@huntonak.com
JASON J. KIM
kimj@huntonak.com
JEFF R. R. NELSON
jnelson@huntonak.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 1200
Los Angeles, CA 90071
Tel. 213-532-2000
Fax 213-532-2020

/s/ Jason J. Kim
Jason J. Kim

Attorneys for Defendant
**L BRANDS, INC.**

6

LEGAL02/40167319v17

# **TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ............................................................................. 1

II.  FACTUAL BACKGROUND ............................................................ 3

III. ARGUMENT AND CITATION TO AUTHORITIES ........................ 5

  A. The Court Lacks Personal Jurisdiction Over the Non-California Defendants................................................................. 5

    1. Plaintiffs Bear the Burden of Establishing Personal Jurisdiction. ...................................................... 5

    2. Plaintiffs Have Not Met Their Burden of Establishing Personal Jurisdiction Over the Non-California Defendants. ........... 6

      a. Plaintiffs Have Not Established General Jurisdiction. .......... 6

      b. Plaintiffs Have Not Established Specific Jurisdiction. ....... 10

        i. Plaintiffs' Claims Do Not "Arise Out Of" the Non-California Defendants' Forum Activities. ........ 11

        ii. The Non-California Defendants Did Not Purposefully Direct Their Activities Toward California................................................... 14

  B. The Extraterritoriality Doctrine Bars the Non-California Plaintiffs' UCL And CCPA Claims. ......................................... 19

    1. The Non-California Plaintiffs' UCL Claims Should Be Dismissed Under the Extraterritoriality Doctrine......................... 19

    2. The Non-California Plaintiffs Cannot Allege a Violation of the CCPA Because They Are Not California Residents. ............. 21

  C. California's Choice of Law Rules Require Dismissal of the Non-California Plaintiffs' Claims. ................................................... 22

    1. California's Choice of Law Rules Require Dismissal of the Non-California Plaintiffs' UCL and CCPA Claims. .................... 22

    2. The Non-California Plaintiffs' Common Law Claims Should

Be Dismissed Regardless of Which State's Law Applies. ............ 25

IV.   CONCLUSION ................................................................................. 25

JOINT RULE 12(B)(2) MOTION TO DISMISS

LEGAL02/40167319v17

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*A.B. v. Hilton Worldwide Holdings Inc.*,
  No. 3:19-CV-01992-IM, 2020 WL 5371459 (D. Or. Sept. 8, 2020) ...............8, 9

*Adam v. Barone*,
  No. 20-cv-00761-EMC, 2020 WL 4584182 (N.D. Cal. Aug. 10, 2020) .....15, 17

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
  125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................15

*AirWair Int'l Ltd. v. Pull & Bear Espana SA*,
  No. 19-cv-07641-SI, 2020 WL 2113833 (N.D. Cal. May 4, 2020) ...................15

*Alexandria Real Estate Equities, Inc. v. Runlabs (UK) Ltd.*,
  No. 18-CV-07517-LHK, 2019 WL 4221590 (N.D. Cal. Sept. 5, 2019)............16

*Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y of Permanent Cosmetic Professionals*,
  No. CV 12-06887 GAF, 2013 WL 1685558 (C.D. Cal. Apr. 16, 2013)..............6

*Anderson v. Holder*,
  673 F.3d 1089 (9th Cir. 2012) ...........................................................................22

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................3

*Ballard v. Savage*,
  65 F.3d 1495 (9th Cir. 1995) ..............................................................................11

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017).........................................................................................8

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ............................................................................18

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S. F. Cty.*,
  137 S. Ct. 1773 (2017)...................................................................................6, 13

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ................................................................................5

*Cahen v. Toyota Motor Corp.*,
   147 F. Supp. 3d 955 (N.D. Cal. 2015) ................................................................ 12

*Cal. Mut. Ins. Co. v. Hoverboardsegway*,
   No. SA CV 190141-DOC, 2019 WL 7882560 (C.D. Cal. Sept. 13, 2019) ....... 16

*Canvas, LLC v. Ben WatcherAssocs., Inc.*,
   No. CV 19-8115-DMG, 2020 WL 4793997 (C.D. Cal. Apr. 30, 2020) ............ 15

*Chaker v. Crogan*,
   428 F.3d 1215 (9th Cir. 2005) ............................................................................ 22

*Cooper v. Simpson Strong-Tie Co.*,
   No. 19-cv-07901-TSH, 2020 WL 2543560 (N.D. Cal. May 19, 2020) ....... 20, 21

*Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*,
   960 F.3d 549 (9th Cir. 2020) .............................................................................. 23

*Cousteau Soc'y, Inc. v. Cousteau*,
   No. CV 19-521 PA, 2019 WL 4452972 (C.D. Cal. June 19, 2019) ................... 12

*Craigslist, Inc. v. Mesiab*,
   No. C 08-05064 CW (MEJ), 2009 WL 10710286 (N.D. Cal. Sept. 14, 2009) .. 14

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................. 2, 7, 8

*Eclipse Grp. LLP v. Target Corp.*,
   No. 15CV1411-JLS-BLM, 2016 WL 8395077 (S.D. Cal. May 26, 2016) .......... 5

*Feinstein v. Four Seasons Hotels Ltd.*,
   805 F. App'x. 451 (9th Cir. 2020) ..................................................................... 19

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) .................................................................. 25

*Friedman v. PopSugar, Inc.*,
   No. 2:18-cv-05888-CAS(MAAx), 2018 WL 6016963 (C.D. Cal. Oct. 29,
   2018) .................................................................................................................... 7

*Gianino v. Alacer Corp.*,
   846 F. Supp. 2d 1096 (C.D. Cal 2012) .............................................................. 23

*Gold Value Int'l Textile, Inc. v. Ross Stores, Inc.*,
   No. 2:19-cv-09604-ODW, 2020 WL 1953620 (C.D. Cal. Apr. 23, 2020) .......... 6

LEGAL02/40167319v17

*Grace v. Apple, Inc.*,
   328 F.R.D. 320 (N.D. Cal. 2018) ........................................................................24

*Gras v. Subcontracting Concepts, LLC*,
   No. 2:19-cv-00643-BJR, 2019 WL 4447272 (W.D. Wash. Sept. 17, 2019) ..... 15

*Gustafson v. BAC Home Loans Servicing, LP*,
   294 F.R.D. 529 (C.D. Cal. 2013)........................................................................24

*In re Clorox Consumer Litig.*,
   894 F. Supp. 2d 1224 (N.D. Cal. 2012).............................................................20

*In re Toyota Motor Corp.*,
   785 F. Supp. 2d 883 (C.D. Cal. 2011)................................................................21

*Katzenbach v. Grant*,
   No. 1:04CV6501OWWLJO, 2005 WL 1378976 (E.D. Cal. June 7, 2005).......15

*Kellman v. WFM Private Label, L.P.*,
   No. 17-cv-06584-LB, 2019 WL 1429576 (N.D. Cal. Mar. 29, 2019) ...............11

*Larsen v. Vizio, Inc.*,
   No. SACV 14-01865-CJC(JCGx), 2015 WL 13655757 (C.D. Cal. Apr. 21,
   2015) ...................................................................................................................25

*Lewis v. Travertine, Inc.*,
   No. 2:17-cv-00016-CAS, 2017 WL 1511292 (C.D. Cal. Apr. 24, 2017)..........16

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) .............................................................................8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) .............................................................................6

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ..............................................................23, 24, 25

*Merola Sales Co. v. Tabarka Studio, Inc.*,
   No. CV-18-00248-PHX-SPL, 2019 WL 416940 (D. Ariz. Feb. 1, 2019) .........16

*MGA Entmt, Inc. v. Innovation First, Inc.*,
   525 F. App'x 576 (9th Cir. 2013)......................................................................1, 5

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) .............................................................................21

JOINT RULE 12(B)(2) MOTION TO DISMISS

*Mocha Mill, Inc. v. Port of Mokha, Inc.*,
    No. 18-cv-02539-HSG, 2019 WL 1048252 (N.D. Cal. Mar. 5, 2019) ..............12

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ...............................................................................7

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) .........................................................10, 11, 16, 17

*Myers v. Salad Kings, Inc.*,
    No. EDCV 08-1071-VAP, 2010 WL 11515311 (C.D. Cal. Oct. 1, 2010).........11

*Pac. Overlander, LLC v. Kauai Overlander*,
    No. 18-cv-02142-KAW, 2018 WL 5761766 (N.D. Cal. Oct. 31, 2018)...........17

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) .............................................................................6

*Park v. Cole Haan, LLC*,
    No. 17CV1422-LAB (BGS), 2018 WL 3438693 (S.D. Cal. July 17, 2018) .......6

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ...........................................................................15

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) .......................................................................7, 12

*Scanlon v. Curtis Int'l Ltd.*,
    No. 1:19-cv-00937-NONE-SKO, 2020 WL 3076065 (E.D. Cal. June 10,
    2020) ..................................................................................................................21

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ........................................................................5, 14

*Soares v. Hayes*,
    No. 18-cv-04325-SVK, 2018 WL 6615149 (N.D. Cal. Oct. 11, 2018) ............12

*Stack v. Progressive Select Ins. Co.*,
    No. 20-CV-00338-LB, 2020 WL 5517300 (N.D. Cal. Sept. 14, 2020)..............6

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...............................................................................5

*Tidenberg v. Bidz.com, Inc.*,
    No. CV 08-5553 PSG, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009) .................21

JOINT RULE 12(B)(2) MOTION TO DISMISS

*Vinci v. Hyundai Motor Am.*,
No. SA CV 17-0997-DOC, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018).......25

*Voodoo SAS v. SayGames LLC*,
No. 19-cv-07480-BLF, 2020 WL 3791657 (N.D. Cal. July 7, 2020)...............15

*Warner v. Tinder Inc.*,
105 F. Supp. 3d 1083 (C.D. Cal. 2015) ................................................19

*Wheaton Equip. Co. v. Franmar, Inc.*,
No. CV08-276-S-EJL, 2009 WL 464337 (D. Idaho Feb. 24, 2009).................14

*Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*,
No. 14-00013 MMM, 2014 WL 12631652 (C.D. Cal. June 9, 2014)...............12

*Zellerino v. Roosen*,
No. SACV 16-485-JLS, 2016 WL 10988763 (C.D. Cal. Aug. 22, 2016) .........15

**STATE CASES**

*Norwest Mortgage, Inc. v. Superior Court*,
72 Cal. App. 4th 214 (1999) ................................................................19

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) ......................................................................19

**STATE STATUTES**

Cal. Civ. Code § 1798.140(g) .............................................................22

Cal. Civ. Code § 1798.145(a)(6) .........................................................22

**RULES**

Federal Rule of Evidence 201(b) .........................................................22

Rule 12(b)(2)................................................................................1, 3, 4, 5

Rule 12(b)(6)................................................................................3, 25

JOINT RULE 12(B)(2) MOTION TO DISMISS

LEGAL02/40167319v17

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to FRCP 12(b)(2) and 12(b)(6), and the briefing schedule entered by this Court on October 23, 2020, the Non-California Defendants hereby submit this brief in support of their Joint Motion to Dismiss First Amended Class Action Complaint for Lack of Personal Jurisdiction and Similar Grounds ("Joint Rule 12(b)(2) Motion").

## I.    INTRODUCTION

Plaintiffs have created a Frankenstein lawsuit with the FAC, ECF No. 15.[2]  The FAC stitches together thirteen Plaintiffs, who each assert claims arising out of transactions with a different Retail Defendant.  Most Plaintiffs are **not** California residents (the "Non-California Plaintiffs"),[3] and most Retail Defendants are not California companies (*i.e.*, they are neither incorporated nor have their principal places of business in California (the "Non-California Defendants")).  Nonetheless, Plaintiffs mashed together all of their claims into this one action in California federal court, and **all** Plaintiffs—regardless of their geography or that of their targeted Defendant—purport to assert mirror image claims under California law.  Although Plaintiffs may believe this approach creates some strategic advantage, the law does not stretch this far.  The FAC contravenes fundamental due process rights and the express limits California has placed on the extraterritorial reach of its laws.  As a result, the FAC should be dismissed for multiple independent reasons.

- **First**, Plaintiffs have improperly sued holding companies that had no involvement in the underlying alleged facts.  Specifically, CVS Health Corporation, Advance Auto, Best Buy, and Caleres are holding companies that do not operate any retail stores and had no involvement in allegedly collecting or transmitting consumer

---

[2] Defendants Sephora USA, Inc., Advance Auto Parts, Inc. ("Advance Auto"), Bed Bath & Beyond Inc., Best Buy Co., Inc. ("Best Buy"), Buy Buy Baby, Inc., Caleres, Inc. ("Caleres"), CVS Health Corporation, Dick's Sporting Goods, Inc. ("DSG"), L Brands, Inc., The Gap, Inc., The Home Depot, Inc., and The TJX Companies, Inc. ("TJX") are referred to collectively as the "Retail Defendants."  The Retail Defendants and Defendant The Retail Equation, Inc. ("TRE") are referred to collectively as the "Defendants."

[3] See chart in Section II identifying the Non-California Plaintiffs and Non-California Defendants.

data.

- **_Second,_** personal jurisdiction does not exist over the Non-California Defendants. Plaintiffs do not come close to clearing the high bar the Supreme Court set for general jurisdiction as they do not plead facts establishing that the Non-California Defendants' forum contacts are "so constant and pervasive as to render [them] essentially at home in" California. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal quotations omitted). Plaintiffs do not fare any better establishing specific jurisdiction. Plaintiffs do not allege—even in conclusory fashion—that their purported injuries "arise out of" the Non-California Defendants' California contacts, an essential element of specific jurisdiction. The FAC is therefore deficient on its face, and the Court should dismiss Plaintiffs' claims against the Non-California Defendants for lack of personal jurisdiction. As a factual matter, Plaintiffs also **_could not_** establish personal jurisdiction over CVS Health Corporation, Advance Auto, Best Buy, and Caleres, which are holding companies that had no involvement with the alleged privacy violations giving rise to the FAC.

- **_Third_**, California's extraterritoriality doctrine bars the Non-California Plaintiffs' claim under California's UCL (Count II). The Non-California Plaintiffs do not plead facts sufficient to overcome the strong presumption against the extraterritorial application of California law, especially given that all of the alleged conduct occurred outside of California. In addition, the Non-California Plaintiffs' claims under the recently enacted CCPA (Count VI) must be dismissed for the simple reason that the CCPA applies **_only_** to California residents. But even if the CCPA was not expressly limited to California residents, this claim would still fail under California's extraterritoriality doctrine.

- **_Finally_**, under California's choice of law rules, the Non-California Plaintiffs' claims are governed by their respective home states' laws—not California law. As a result, the Non-California Plaintiffs do not state a claim for relief under the UCL or CCPA, and these claims should be dismissed. Although the Non-California Plaintiffs'

respective home states' laws also govern their remaining common law claims for invasion of privacy (Count I) and unjust enrichment (Count V ), the Court does not need to resolve choice of law for these claims at this stage because they fail under all potentially applicable laws as set forth in Defendants' concurrently filed Joint Rule 12(b)(6) Motion.

Accordingly, for these reasons and the reasons set forth below, Defendants' Joint Rule 12(b)(2) Motion should be granted.  For the Court's ease of reference, the grounds on which the Court should dismiss the FAC are set forth on a party-by-party basis in **Exhibit A**.[4]

## II.    FACTUAL BACKGROUND[5]

Plaintiffs' FAC asserts causes of actions involving alleged privacy violations against TRE and thirteen Retail Defendants.  FAC ¶¶ 2, 8-20.[6]  Each of these claims arise out of the Retail Defendants' efforts to identify and avoid fraudulent returns. Eleven of the thirteen Plaintiffs claim to have attempted a return that was denied by one of the thirteen alleged Retail Defendants.  *Id.* ¶¶ 34-189.[7]  Plaintiffs allege that when a consumer attempts to make a return or exchange at the Retail Defendants' stores, the Retail Defendants collect certain information to identify the consumer and their purchase, return, or exchange behavior by swiping or scanning the consumer's identification or original sales receipt.  *Id.* ¶¶ 2, 23, 29.  Plaintiffs further allege that the Retail Defendants then share that consumer data with TRE without the consumer's consent.  *Id.* ¶¶ 2, 30.  TRE processes that data to generate a consumer report and a "risk score" for each consumer.  *Id.*  Plaintiffs allege that "TRE's technology uses statistical

---

[4] The fact that a chart is necessary to understand the various claims being asserted in this case further underscores that Plaintiffs have filed a Frankenstein complaint that improperly mashes together parties regardless of their geographic location.

[5] The Non-California Defendants summarize the FAC's allegations as they must be taken as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Non-California Defendants do not concede the veracity of the FAC's allegations.

[6] On September 15, 2020, Defendant Stein Mart, Inc. filed a Suggestion of Bankruptcy. ECF No. 117.  Stein Mart is not a party to this Motion.

[7] The FAC does not allege that Plaintiffs Caruso-Davis (Caleres) or Lloyd (TJX) had their alleged returns or exchanges denied.  *See* FAC ¶¶ 94-105, 178-189.

modeling to detect fraudulent and abusive behavior when returns are processed at retailers' return counters." *Id.* ¶ 21 (internal quotation marks omitted). And, the purpose of these technology solutions is to "build[] customer loyalty, and prevent fraudulent and abusive returns, reducing return rates, and improving shrink." *Id.*

Plaintiffs contend they were harmed when their information was collected and transmitted to TRE when making purchases from the Retail Defendants' stores, as well as when their information was collected and transmitted to TRE when returning or attempting to return or exchange those products. *Id.* ¶¶ 2, 27. Notably, many of the alleged return attempts occurred before the CCPA's January 1, 2020 operative date, and Plaintiffs strategically omit any reference to the Retail Defendants' privacy or return policies, which provide a complete defense to Plaintiffs' claims here and will be central if this litigation persists.

Based on their conclusory allegations, Plaintiffs attempt to assert claims against the Retail Defendants on behalf of a putative nationwide class for (1) invasion of privacy; (2) violation of California's UCL; (3) unjust enrichment; and (4) violations of the CCPA. *Id.* at ¶ 3. Plaintiffs seek damages and injunctive relief to prevent the alleged practices. *Id.* at pp. 38:17-39:2.

Although the thrust of the FAC is Plaintiffs' allegations that Defendants violated California privacy laws, most Plaintiffs are Non-California Plaintiffs who have sued Non-California Defendants, as the table below demonstrates:

| Plaintiff (State of Residence) | Retail Defendant | Defendant State of Incorporation | Defendant Principal Place of Business |
|---|---|---|---|
| Hannum (WV) | Advance Auto Parts, Inc. | Delaware | North Carolina |
| Murphy (WA) | Bed Bath & Beyond Inc. | New York | New Jersey |
| Frederick (PA) | Best Buy Co., Inc. | Minnesota | Minnesota |
| Maryamchik (NY) | Buy Buy Baby, Inc. | Delaware | New Jersey |
| Caruso-Davis (NJ) | Caleres, Inc. | New York | Missouri |

JOINT RULE 12(B)(2) MOTION TO DISMISS

| Gilbert (FL) | CVS Health Corporation | Delaware | Rhode Island |
| Guevara (VA) | Dick's Sporting Goods, Inc. | Delaware | Pennsylvania |
| Smith (CA) | L Brands, Inc. | Delaware | Ohio |
| Hayden (CA) | Sephora USA, Inc. | Delaware | California |
| Alire (CA) | The Gap, Inc. | Delaware | California |
| Ho (CA) | The Home Depot, Inc. | Delaware | Georgia |
| Lloyd (NJ) | The TJX Companies, Inc. | Delaware | Massachusetts |

For all of the reasons set forth herein, the Court should grant the Defendants' Joint Rule 12(b)(2) Motion in its entirety.

### III.   ARGUMENT AND CITATION TO AUTHORITIES

### A.   The Court Lacks Personal Jurisdiction Over the Non-California Defendants.

#### 1.  *Plaintiffs Bear the Burden of Establishing Personal Jurisdiction.*

Plaintiffs bear the burden of pleading facts establishing that personal jurisdiction is proper before the action may proceed.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Only well-pled factual allegations in a complaint can establish personal jurisdiction.  "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007); *see also MGA Entmt, Inc. v. Innovation First, Inc.*, 525 F. App'x 576, 577-78 (9th Cir. 2013) (affirming dismissal for lack of personal jurisdiction where the plaintiff offered nothing more than bare, conclusory jurisdictional allegations); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("[N]onspecific conclusory statement[s are] not enough" to establish personal jurisdiction).

"[A] Rule 12(b)(2) challenge to personal jurisdiction may attack the legal theory supporting jurisdiction based on the facts as pleaded (a facial attack) or the facts themselves (a factual attack)."  *Eclipse Grp. LLP v. Target Corp.*, No. 15CV1411-JLS-

BLM, 2016 WL 8395077, at *7 (S.D. Cal. May 26, 2016). If a plaintiff's personal jurisdiction allegations are facially invalid, the Court should dismiss based on the pleadings alone. *See Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y of Permanent Cosmetic Professionals*, No. CV 12-06887 GAF (JCGx), 2013 WL 1685558, at *11 (C.D. Cal. Apr. 16, 2013) (dismissing complaint because "these allegations are insufficient to permit the exercise of personal jurisdiction" over defendants); *Park v. Cole Haan, LLC*, No. 17CV1422-LAB (BGS), 2018 WL 3438693, at **2, 4 (S.D. Cal. July 17, 2018) (dismissing complaint based on "facial attack" on personal jurisdiction because the complaint failed to establish "minimum contacts with the forum"). "The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction." *Stack v. Progressive Select Ins. Co.*, No. 20-CV-00338-LB, 2020 WL 5517300, at *4 (N.D. Cal. Sept. 14, 2020) (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). The Court "may not assume the truth of [complaint] allegations . . . which are contradicted by" a declaration. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citation omitted); *Gold Value Int'l Textile, Inc. v. Ross Stores, Inc.*, No. 2:19-cv-09604-ODW (AFMx), 2020 WL 1953620, at *3 (C.D. Cal. Apr. 23, 2020).

## *2. Plaintiffs Have Not Met Their Burden of Establishing Personal Jurisdiction Over the Non-California Defendants.*

The Supreme Court recognizes two types of personal jurisdiction: general and specific. *See Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S. F. Cty.*, 137 S. Ct. 1773, 1779-80 (2017).[8] Plaintiffs have not pled any facts to establish either type exists over the Non-California Defendants here. The FAC should therefore be dismissed in its entirety as to the Non-California Defendants.

### a.    Plaintiffs Have Not Established General Jurisdiction.

Absent "exceptional" circumstances, general jurisdiction exists over a corporate

---

[8] California's long arm statute is coextensive with federal due process, and thus the jurisdictional analysis under state law and federal due process are the same. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

defendant only in its state of incorporation and the state of its principal place of business. *Daimler*, 571 U.S. at 138-39, 139, n.19. Plaintiffs seeking to invoke general jurisdiction must meet an "exacting standard" when the defendant is neither incorporated in nor has its principal place of business in the forum state. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required.") (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011)); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."); *Friedman v. PopSugar, Inc.*, No. 2:18-cv-05888-CAS(MAAx), 2018 WL 6016963, at *6 (C.D. Cal. Oct. 29, 2018) (explaining that "establishing general jurisdiction is a high bar" and that "[t]o date, the Supreme Court has found the extension of general jurisdiction over a non-resident defendant to be proper in only one case"). It is not enough that a defendant engages in a "substantial, continuous, and systematic course of business" in the forum state. *Daimler*, 571 U.S. at 119. To clear the high bar of general jurisdiction, a plaintiff must establish that the defendant's contacts with the forum state are "so constant and pervasive as to render [it] essentially at home in" that state. *Id.* (internal citation and quotation marks omitted).

Here, Plaintiffs allege the Non-California Defendants are incorporated and have their principal places of business outside of California. *See* FAC ¶¶ 9-16, 19-20. As a result, to establish general jurisdiction, Plaintiffs must allege facts making it plausible that the Non-California Defendants' contacts with California are "so constant and pervasive as to render [them] essentially at home in" California. *Daimler*, 571 U.S. at 122 (internal citation and quotation marks omitted). But Plaintiffs do not plead any facts to support that this is one of the rare "exceptional" cases that meets the "exacting standard" set out by *Daimler*. *Ranza*, 793 F.3d at 1069. The only allegation specifically

relating to personal jurisdiction over the Non-California Defendants is contained in a single sentence, which claims that personal jurisdiction allegedly exists over all Defendants because they are "authorized to do business and regularly conduct business in California." FAC ¶ 6. Plaintiffs also generally allege that the Non-California Defendants operate retail locations in California, but by Plaintiffs' own numbers the percentage of each Non-California Defendant's retail locations in California ranges from less than 2% to less than 14%. *Id.* ¶¶ 9-16, 19-20; *see also A.B. v. Hilton Worldwide Holdings Inc.*, No. 3:19-CV-01992-IM, 2020 WL 5371459, at *4 (D. Or. Sept. 8, 2020) (finding no general jurisdiction in Oregon where only 5% of the defendant's property was located in the state).

Even crediting these barebones allegations as plausibly alleging that the Non-California Defendants engaged in significant California business activities, they do not establish general jurisdiction. These are precisely the type of allegations *Daimler* held were "unacceptably grasping" and did ***not*** establish general jurisdiction. 571 U.S. at 137-38 (rejecting plaintiffs' argument that courts should exercise general jurisdiction over corporations in states where they "engage[] in a substantial, continuous, and systematic course of business" as an "unacceptably grasping" formulation). Indeed, Supreme Court and Ninth Circuit precedent have consistently held that even significant forum contacts do not establish general jurisdiction over a non-resident corporate defendant. *See, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding the District of Montana could not exercise general jurisdiction over a railway with over 2,000 miles of railroad track and more than 2,000 employees in Montana because "a corporation that operates in many places can scarcely be deemed at home in all of them") (internal quotations omitted); *Daimler*, 571 U.S. at 122-23, 148 (holding the defendant was not "at home" in California for general jurisdiction purposes, even though it distributed thousands of cars to California, did $4.6 billion in sales in California, which were 10% of its U.S. sales, and maintained at least three California facilities, including a regional headquarters); *Martinez v. Aero Caribbean*, 764 F.3d

JOINT RULE 12(B)(2) MOTION TO DISMISS

1062, 1065, 1070-71 (9th Cir. 2014) (finding no general jurisdiction over a foreign corporation that purchased parts from suppliers in California, sent representatives to California to promote its business, advertised in trade publications available in California, and sold airplanes worth $225-$450 million to a California corporation); *see also Hilton Worldwide*, 2020 WL 5371459, at *4 (finding allegations that a defendant "supervises over 300 properties in Oregon, solicits business in the state through its website, and has designated an agent for service of process within the state" not sufficient to establish general jurisdiction). Accordingly, Plaintiffs do not come close to plausibly alleging that general jurisdiction exists over the Non-California Defendants. This defect is fatal; the FAC should be dismissed in its entirety as to the Non-California Defendants for this reason alone.

Moreover, as a factual matter, Plaintiffs **could not** establish general jurisdiction over the following Non-California Defendants:

- ***CVS Health Corporation.*** There is no general jurisdiction over CVS Health Corporation because CVS Health Corporation is a holding company (not an operating company) that is incorporated in Delaware and has its principal place of business in Rhode Island. *See* Declaration of Thomas S. Moffat ("Moffat Decl.") ¶¶ 3, 4. CVS Health Corporation has no business, operations, facilities, or employees in California, nor does it operate any retail stores in California (or anywhere else for that matter). *Id.* ¶¶ 4-6. CVS Health Corporation is not even registered to do business in California. *Id.* ¶ 5.

- ***Advance Auto.*** Nor is there general jurisdiction as to Advance Auto. Advance Auto is not an operating company, does not own or operate any stores (including in California), and is not registered to do business in California. *See* Declaration of Marc Patrouch ("Patrouch Decl.") ¶ 4. It is incorporated in Delaware with its principal place of business in North Carolina. *Id.* Advance Auto is the parent company of Advance Stores Company, Incorporated ("Advance Stores Company"), which owns and operates the "Advance Auto Parts" store where Plaintiff Hannum shopped. *Id.* ¶¶ 5, 8. Like

JOINT RULE 12(B)(2) MOTION TO DISMISS

Advance Auto, Advance Stores Company is neither incorporated in nor has its principal place of business in California. *Id.* ¶ 5 (stating Advance Stores Company is incorporated and headquartered in Virginia).

- ***Best Buy.*** Plaintiff Frederick cannot establish general jurisdiction over Best Buy. Best Buy is the parent holding company of multiple subsidiaries that conduct Best Buy business and operations. Best Buy does not actively do business or operate stores in California. The Best Buy stores, including the stores located within California, are operated by Best Buy Stores, L.P., a Virginia limited partnership, whose principal place of business and headquarters is in Richfield, Minnesota. *See* Declaration of Lauren Wallen ("Wallen Decl.") ¶ 2.

- ***Caleres***. There is no general jurisdiction as to Caleres. Caleres is incorporated in the state of New York and has its principal place of business in Missouri. *See* Declaration of Thomas C. Burke ("Burke Decl.") ¶ 2. Caleres does not own or operate any United States retail locations or stores. *Id.* ¶ 3. Caleres is the parent company of BG Retail, LLC ("BG Retail"), which owns and operates Famous Footwear retail locations, including the Famous Footwear store where Plaintiff Caruso-Davis completed the return alleged in the FAC. Like Caleres, BG Retail is neither incorporated in nor has its principal place of business in California. *Id* ¶ 4.

As a result, for this additional reason, Plaintiffs have not and cannot establish personal jurisdiction over this subset of Non-California Defendants, which is yet another reason why Plaintiffs' claims against these Non-California Defendants must be dismissed.

### b. Plaintiffs Have Not Established Specific Jurisdiction.

Without general jurisdiction, Plaintiffs' only alternative is to establish that specific jurisdiction exists over the Non-California Defendants. To do so, Plaintiffs must plausibly allege that the Non-California Defendants "purposefully directed" activities towards California and that their claims "arise out of" those forum-related contacts. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142, 1143 (9th Cir. 2017).

1    Plaintiffs do not establish either of those elements.

2             i.    *Plaintiffs' Claims Do Not "Arise Out Of" the Non-*
3                 *California Defendants' Forum Activities.*

4           To establish specific jurisdiction, Plaintiffs' claims must "arise out of" the Non-
5    California Defendants' contacts with California. *Morrill*, 873 F.3d at 1143. The Ninth
6    Circuit uses the "but for" test to determine whether claims arise out of the contacts.
7    *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *see also Kellman v. WFM*
8    *Private Label, L.P.*, No. 17-cv-06584-LB, 2019 WL 1429576, at *10 (N.D. Cal. Mar.
9    29, 2019) (granting motion to dismiss where the plaintiff had "not established that any
10   forum-related activity by [the defendant] was the but-for cause of her claims"); *Myers*
11   *v. Salad Kings, Inc.*, No. EDCV 08-1071-VAP (OPx), 2010 WL 11515311, at *2 (C.D.
12   Cal. Oct. 1, 2010) ("The Court must determine whether, but for Defendant's contacts
13   with California, Plaintiffs' claims would have arisen.").

14          Plaintiffs do not—even in conclusory fashion—allege that their claims against
15   the Non-California Defendants "arise out of" forum-related activities, much less that
16   any such activities are the "but for" cause of their claims. Plaintiffs do not attempt to
17   plead where their alleged attempted (or, in the case of Plaintiffs Caruso-Davis and
18   Lloyd, completed) returns or exchanges took place or how their claims would not have
19   arisen but for activities by Non-California Defendants in California. The pleading
20   deficiencies are especially stark as to the Non-California Plaintiffs. For those Plaintiffs
21   the only plausible inference is that their retail purchases and attempted (or completed)
22   returns and exchanges, along with the corresponding alleged unauthorized collection
23   and transmission of those Plaintiffs' information, occurred at retail locations in the
24   Plaintiffs' respective home states (none of which is California). *See, e.g.*, FAC ¶¶ 46-
25   57 (alleging only that "Plaintiff William Hannum is an individual residing in Point
26   Pleasant, West Virginia" and that "[o]n or about March 4, 2019, Plaintiff Hannum
27   attempted to return or exchange merchandise previously purchased from Advance Auto
28   Parts," but failing to allege where the return or previous purchase took place); *id.* ¶¶ 58-

69 (alleging only that "Plaintiff Michael Murphy is an individual residing in Bothell, Washington" and that "[o]n or about July 13, 2020, Plaintiff Murphy attempted to return or exchange merchandise previously purchased from Bed Bath & Beyond," but failing to allege where the return or previous purchase took place); *see also id*. ¶¶ 70-141, 178-89 (same as to remaining Non-California Plaintiffs).[9]

Because Plaintiffs fail to allege that their claims arise out of the Non-California Defendants' forum-related activities, Plaintiffs' claims should be dismissed.   *See Cousteau Soc'y, Inc. v. Cousteau*, No. CV 19-521 PA (MAAx), 2019 WL 4452972, at **4, 6 (C.D. Cal. June 19, 2019) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to connect the defendant's past behavior in California with the claims of the complaint); *Mocha Mill, Inc. v. Port of Mokha, Inc.*, No. 18-cv-02539-HSG, 2019 WL 1048252, at **5-6 (N.D. Cal. Mar. 5, 2019) (granting motion to dismiss for lack of personal jurisdiction because, even though the defendant had contacts in California, the plaintiffs failed to show that their claims against the defendant arose out of those contacts); *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, No. 14-00013 MMM (MANx), 2014 WL 12631652, at *10 (C.D. Cal. June 9, 2014) (finding no specific jurisdiction where plaintiff's claims did not relate to defendant's contacts in the state and granting motion to dismiss); *see also* Ex. A (identifying the grounds for dismissal on a party-by-party basis).[10]

---

[9] Nor can Plaintiffs manufacture jurisdiction with respect to L Brands by alleging that "Victoria's Secret is a subsidiary of L Brands, Inc."  FAC ¶ 16.  As the Ninth Circuit has held, the "existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."  *Ranza*, 793 F.3d at 1070.  Plaintiffs instead must show the "subsidiary is an alter ego of its parent."  *Id.* at 1065.  And here, Plaintiffs plead no facts whatsoever establishing that L Brands is Victoria's Secret's alter ego—or vice-versa.  Accordingly, the Court can and should dismiss L Brands from this lawsuit for lack of personal jurisdiction.  *Id.*

[10] *See also Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 972 (N.D. Cal. 2015), aff'd, 717 F. App'x 720 (9th Cir. 2017); *Soares v. Hayes*, No. 18-cv-04325-SVK, 2018 WL 6615149, at *3 (N.D. Cal. Oct. 11, 2018) (recommending dismissal because the complaint "does not present specific allegations about which transactions took place in California, who participated in those transactions, or how those transactions led to [plaintiff]'s alleged injury"), *report and recommendation adopted by*, 2018 WL 6615141, at *1 (N.D. Cal. Oct. 26, 2018).

Even setting aside the fact that the FAC is inadequately pled, Plaintiffs could not plead any set of facts to establish that their claims arise out of California activities of the specific Non-California Defendants below:

- ***CVS Health Corporation.*** Plaintiff Gilbert's claims against CVS Health Corporation could not arise out of CVS Health Corporation's California activities for the simple reason that CVS Health Corporation has no such activities. Put differently, Plaintiff Gilbert did not and could not purchase, return, or exchange any products with CVS Health Corporation—whether in California or anywhere else. CVS Health Corporation is a holding company (not an operating company) that is incorporated in Delaware and has its principal place of business in Rhode Island. *See* Moffat Decl. ¶¶ 3, 4. CVS Health Corporation has no business, offices, assets, operations, facilities, or employees in California, nor does it operate any retail stores in California (or anywhere else for that matter). *Id.* ¶¶ 4-6. CVS Health Corporation is not even registered to do business in California. *Id.* ¶ 5. In addition, CVS Health Corporation is not involved in collecting data regarding customers, in transmitting data regarding customers to any third parties, including TRE, or in deciding whether to accept product returns or exchanges. *Id.* ¶ 8.

- ***Advance Auto.*** As a factual matter, Plaintiffs cannot establish that their claims arise from any activities by Advance Auto in California. Plaintiff William Hannum (the only Plaintiff with allegations specific to Advance Auto), is a resident of West Virginia (FAC ¶ 46), and the return at issue occurred at an "Advance Auto Parts" store in West Virginia (Patrouch Decl. ¶ 8). *See Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1782 (2017) (when "all the conduct giving rise to the nonresidents' claims occurred elsewhere … [i]t follows that the California courts cannot claim specific jurisdiction."). Moreover, there are no "Advance Auto Parts" branded stores or affiliated stores (branded "Carquest" and "Worldpac") in California that use the TRE services that form the basis of the allegations in the operative complaint. Patrouch Decl. ¶ 7. As such, there is no California-based conduct tied to Plaintiffs'

13

LEGAL02/40167319v17

allegations. For these reasons, the Court lacks personal jurisdiction over Advance Auto.

- **Best Buy.** Plaintiff Frederick's claims against Best Buy do not arise out of any activities by Best Buy in California because Best Buy does not actively do business or operate stores in California. Wallen Decl. ¶ 2. As such, Plaintiff Frederick did not and ***could not*** purchase, return, or exchange any products with Best Buy in California. Absent any forum related activity, there is no basis for the exercise of specific jurisdiction over Best Buy.

- **Caleres.** Plaintiffs have not established any California-related activity by Caleres. Plaintiff Caruso-Davis (the only Plaintiff with allegations specific to Caleres) did not and could not purchase, return, or exchange any products with Caleres. Caleres does not own or operate any retail locations or stores in California or anywhere else; nor does it own or operate the New Jersey Famous Footwear store where Caruso-Davis allegedly completed a return. *See* Burke Decl. ¶¶ 3-5.

This is yet another ground requiring dismissal of the FAC as to these Non-California Defendants.

    ii. *The Non-California Defendants Did Not Purposefully Direct Their Activities Toward California.*

Plaintiffs must also establish that the Non-California Defendants purposefully directed their activities towards California—a separate and independent element that must be established for specific jurisdiction. The purposeful direction test applies where, as here, the plaintiffs' claims sound primarily in tort. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 802; *Craigslist, Inc. v. Mesiab*, No. C 08-05064 CW (MEJ), 2009 WL 10710286, at *5 (N.D. Cal. Sept. 14, 2009) ("While Craigslist also asserts a breach of contract claim, the majority of its claims sound in tort. Accordingly, purposeful direction is the proper analytical framework in this action."); *Wheaton Equip. Co. v. Franmar, Inc.*, No. CV08-276-S-EJL, 2009 WL 464337, at *6 (D. Idaho Feb. 24, 2009) ("[B]ecause Wheaton's claims sound primarily in tort, the purposeful direction analysis

will be applied at the first step of the test for specific jurisdiction.").[11]

Under the purposeful direction test, "a defendant purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (internal quotations and citation omitted); *see also Voodoo SAS v. SayGames LLC*, No. 19-cv-07480-BLF, 2020 WL 3791657, at *3 (N.D. Cal. July 7, 2020).

- *Intentional Act.* "In the Ninth Circuit, '[t]he meaning of the term 'intentional act' … is essentially the same as in the context of intentional torts; namely, the defendant must act with the 'intent to perform an actual, physical act in the real world.'" *Bella + Canvas, LLC v. Ben WatcherAssocs., Inc.*, No. CV 19-8115-DMG (GJSx), 2020 WL 4793997, at *3 (C.D. Cal. Apr. 30, 2020) (quoting *Picot*, 780 F.3d at 1214).

- *Express Aiming.* "In order for the 'express aiming' element . . . to be satisfied, the Defendant must know that the plaintiff is a resident of the forum state and that the harm resulting from the intentional act will be suffered in the forum state." *Katzenbach v. Grant*, No. 1:04CV6501OWWLJO, 2005 WL 1378976, at *7 (E.D. Cal. June 7, 2005) (internal citations omitted); *see also Adam v. Barone*, No. 20-cv-00761-EMC, 2020 WL 4584182, at *9 (N.D. Cal. Aug. 10, 2020) (no express aiming because "[t]here is no allegation that these Defendants targeted California consumers any more than those in any other state."); *AirWair Int'l Ltd. v. Pull & Bear Espana SA*, No. 19-cv-07641-SI, 2020 WL 2113833, at *5 (N.D. Cal. May 4, 2020) (finding "U.S.-facing website" did not satisfy express aiming test because "although California consumers are necessarily in the U.S., that does not mean the automatic redirection targets

---

[11] Plaintiffs' claims sound primarily in tort. *See, e.g.*, *Zellerino v. Roosen*, No. SACV 16-485-JLS (AJWx), 2016 WL 10988763, at *5 (C.D. Cal. Aug. 22, 2016) (explaining that "[u]nder California law, invasion of privacy is a tort"); *Gras v. Subcontracting Concepts, LLC*, No. 2:19-cv-00643-BJR, 2019 WL 4447272, at *3 (W.D. Wash. Sept. 17, 2019) (explaining that the "purposeful direction" is the "appropriate test" for cases involving claims of invasion of privacy and wiretapping); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 960 (N.D. Cal. 2015) ("[C]ourts in the Ninth Circuit require a showing of purposeful direction for claims brought pursuant to the UCL.").

California in particular."); *Lewis v. Travertine, Inc.*, No. 2:17-cv-00016-CAS (JCx), 2017 WL 1511292, at *7 (C.D. Cal. Apr. 24, 2017) (holding that "there is no basis for concluding that [defendant's] allegedly tortious conduct was aimed at California, let alone that the brunt of the harm was suffered in California," where "plaintiff resides in Arizona").

- *Causing Harm the Defendant Knows is Likely to Be Suffered in the Forum State.* This element requires the plaintiff to establish that the defendant "knew that they were causing harm likely to be suffered" in the forum. *Merola Sales Co. v. Tabarka Studio, Inc.*, No. CV-18-00248-PHX-SPL, 2019 WL 416940, at *4 (D. Ariz. Feb. 1, 2019). The Ninth Circuit has explained that "[h]arm suffered in the forum state is a necessary element in establishing purposeful direction." *Morrill*, 873 F.3d at 1144.

"Failing to sufficiently plead any one of these three elements … is fatal to Plaintiff[s'] attempt to show personal jurisdiction." *Alexandria Real Estate Equities, Inc. v. Runlabs (UK) Ltd.*, No. 18-CV-07517-LHK, 2019 WL 4221590, at *7 (N.D. Cal. Sept. 5, 2019) (internal quotations omitted); *see also Cal. Mut. Ins. Co. v. Hoverboardsegway*, No. SA CV 190141-DOC (KESx), 2019 WL 7882560, at *2 (C.D. Cal. Sept. 13, 2019) (dismissing lawsuit because "the [c]omplaint fails to allege facts establishing the [c]ourt's personal jurisdiction over … the [d]efendants").

Here, Plaintiffs have not even attempted to plead these elements, and thus the FAC should be dismissed without further analysis. Plaintiffs do not specifically allege that the Non-California Defendants took intentional actions expressly aimed towards them in California or that the Non-California Defendants knew Plaintiffs' states of residence or that the alleged harm was likely to be suffered in California. The only allegations that come close to being relevant to the purposeful direction test are Plaintiffs' allegations that the Non-California Defendants operate a certain portion of their nationwide businesses in California. *See* FAC ¶¶ 9-16, 19-20. Such allegations, however, are insufficient. The existence of a nationwide business does not satisfy the express aiming requirement. Indeed, "[c]ourts have routinely rejected a finding that

16

there is express aiming to a specific forum state based on conducting business nationwide . . . ." *Pac. Overlander, LLC v. Kauai Overlander*, No. 18-cv-02142-KAW, 2018 WL 5761766, at *4 (N.D. Cal. Oct. 31, 2018); *Adam*, 2020 WL 4584182, at *9.

More significantly, because the Non-California Plaintiffs are ***not*** California residents, even if the FAC was further amended, those Plaintiffs could not possibly claim that the Non-California Defendants expressly aimed actions towards them in California or knew that harm was likely to be suffered in California. Plaintiffs who reside outside of California cannot establish "[h]arm suffered in" California, which is "a necessary element in establishing purposeful direction." *Morrill*, 873 F.3d at 1144.

As a result, Plaintiffs fail to establish that the Non-California Defendants purposefully directed their activities toward California and, for this additional reason, specific jurisdiction over these Defendants does not exist.

On top of these pleading deficiencies, as a factual matter, Plaintiffs also could not establish the elements of the purposeful direction test as to the following Non-California Defendants.

- ***CVS Health Corporation.*** Plaintiffs cannot establish any of the purposeful direction elements as to CVS Health Corporation. CVS Health Corporation could not have committed an intentional act because it is a holding company, not an operating company, and does not operate any retail stores. *See* Moffatt Decl. ¶¶ 3, 6-7. For these same reasons Plaintiff Gilbert also could not establish the second or third elements of the purposeful direction test—*i.e.*, that CVS Health Corporation committed any intentional act "expressly aimed" at California (as opposed to other states) and knew that harm was likely to be suffered in California.

- ***Advance Auto.*** Plaintiffs cannot establish any of the purposeful direction elements as to Advance Auto. Advance Auto could not have committed intentional acts because it is a holding company, not an operating company. Patrouch Decl. ¶ 4. Likewise, for these same reasons, Plaintiffs could not establish the second and third elements of the purposeful direction test either, that Advance Auto committed any

intentional act "expressly aimed" at California (as opposed to other states) or knew that harm was likely to be suffered in California. In fact, Plaintiff Hannum shopped at an "Advance Auto Parts" store in West Virginia. *Id.* ¶ 8. There are no "Advance Auto Parts" branded stores or affiliated stores (branded "Carquest" and "Worldpac") in California that use the TRE services that form the basis of the allegations in the operative complaint. *Id.* ¶ 7. Furthermore, given that Plaintiff Hannum is a resident of West Virginia and made the return at issue in his home state, Plaintiffs cannot plausibly allege that Advance Auto knew it was likely to cause harm in California. FAC ¶ 46; Patrouch Decl. ¶ 8.

- ***Best Buy.*** As set forth above, Best Buy is a holding company that does not actively do business or operate stores in California. Wallen Decl. ¶ 2. Thus, it could not have committed an intentional act. For the same reasons, Plaintiff Frederick cannot establish that Best Buy "expressly aimed" any activities at California or knew that harm was likely to be suffered in California.[12]

- ***Caleres.*** Plaintiffs cannot establish any of the purposeful direction elements as to Caleres. As previously discussed, Caleres does not own or operate any retail locations in California, and in particular does not own or operate any of the Famous Footwear stores, including the Famous Footwear store where New Jersey resident Plaintiff Caruso-Davis shopped. *See* Burke Decl. ¶¶ 3-5. As such, Caleres could not have committed an intentional act expressly aimed at California or known that harm

---

[12] Even if the purposeful availment test applied (it does not), Plaintiffs could not satisfy that test as to CVS Health Corporation, Advance Auto, Caleres, or Best Buy. The "purposeful availment" test requires that the plaintiff show that the defendant has "purposefully availed itself of the privilege of doing business in the forum" by "perform[ing] some type of affirmative conduct . . . [that] allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal quotation and citation omitted). CVS Health Corporation and Advance Auto did not purposefully avail themselves to doing business in California. As set forth above, CVS Health Corporation and Advance Auto are holding companies that do not own or operate stores in California and neither company is registered to do business in the State. Best Buy too is a holding company that does not actively do business in California. Caleres is a parent company that does no active business in California. Moreover, there are no "Advance Auto Parts" branded stores or affiliated stores (branded "Carquest" and "Worldpac") in California that use the TRE services that form the basis of the allegations in the operative complaint.

was likely to be suffered in California.  Burke Decl. ¶ 3.

Accordingly, Plaintiffs' claims against the Non-California Defendants should be dismissed with prejudice.  *Feinstein v. Four Seasons Hotels Ltd.*, 805 F. App'x. 451, 452 (9th Cir. 2020) (affirming dismissal of complaint for lack of personal jurisdiction without leave to amend).

**B.      The Extraterritoriality Doctrine Bars the Non-California Plaintiffs' UCL And CCPA Claims.**

"California's Supreme Court has made clear that there is a strong presumption against the extra-territorial application of California law."  *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1096 (C.D. Cal. 2015) (internal quotation marks and citation omitted); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[W]e presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, … unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." (quotation marks and citation omitted)).  California's extraterritoriality doctrine is another bar to the Non-California Plaintiffs' claims under the UCL and CCPA.

**1.  *The Non-California Plaintiffs' UCL Claims Should Be Dismissed Under the Extraterritoriality Doctrine.***

The presumption against the extraterritorial application of California law "applies to the UCL with full force" because "[n]either the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially."  *Warner*, 105 F. Supp. 3d at 1096 (internal quotation and citation omitted); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-25 (1999) (rejecting application of the UCL to claims involving "injuries suffered by non-California residents, caused by conduct outside of California's borders").  To determine whether the UCL "appl[ies] to non-California residents, courts consider where the defendant does business, whether the defendant's principal offices are located in California, where class members are located, and the location from which [the

relevant] decisions were made." *In re Clorox Consumer Litig.,* 894 F. Supp. 2d 1224, 1237-38 (N.D. Cal. 2012) (quoting *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 917 (C.D. Cal. 2011)) (internal quotation marks omitted)).  But "[t]he critical issues are whether the injury occurred in California and whether the conduct of Defendants occurred in California." *Cooper v. Simpson Strong-Tie Co.,* No. 19-cv-07901-TSH, 2020 WL 2543560, at *8 (N.D. Cal. May 19, 2020) (internal quotation marks, punctuation, and citation omitted).

Here, these factors—including both "critical issues"—cut decidedly against the extraterritorial application of the Non-California Plaintiffs' UCL claims.  First, as illustrated by the chart in Section II above, ***all of these parties are located outside of California***—each Non-California Plaintiff has sued a Non-California Defendant.  *See* Section II, *supra* (chart identifying the Non-California Plaintiffs and Non-California Defendants).  Second, the Non-California Plaintiffs do not allege that they suffered any alleged injury in California or that the Non-California Defendants' supposedly unlawful conduct occurred in California.  Indeed, the only plausible inference is that the purchases and attempted (or completed) returns and exchanges, along with the corresponding alleged unauthorized collection and transmission of the Non-California Plaintiffs' information, occurred at retail locations in the Non-California Plaintiffs' respective home states (none of which is California).  *See, e.g.*, FAC ¶¶ 106-117 (alleging Plaintiff Gilbert "is an individual residing in Boca Raton, Florida" and that on "March 7, 2020, Plaintiff Gilbert attempted to return or exchange merchandise previously purchased at CVS" but failing to allege where the returns or previous purchases took place); ¶¶ 178-89 (alleging that Plaintiff Lloyd "is an individual residing in Sicklerville, New Jersey" and that on "May 9, 2019, Plaintiff Lloyd attempted to return or exchange merchandise previously purchased from TJ Maxx" but failing to allege where the returns or previous purchases took place); *see also id.* ¶¶ 46-105, 118-41 (same as to remaining Non-California Plaintiffs).[13]  Simply put, neither the alleged

---

[13] CVS Health Corporation is not even registered or licensed to do business in

JOINT RULE 12(B)(2) MOTION TO DISMISS

1    relevant conduct nor the alleged injuries occurred in California.

2         The only thread connecting the Non-California Plaintiffs' claims to California at

3    all is the fact that TRE—a co-defendant—is a California company.  But that does not

4    come close to rebutting the strong presumption against the extraterritorial application

5    of the UCL to the Non-California Defendants.  Indeed, even where the ***defendant*** is a

6    California company, courts routinely dismiss UCL claims where, as here, the plaintiff

7    fails to allege any facts establishing that the alleged injury and unlawful conduct

8    occurred in California.  *See, e.g.*, *Cooper*, 2020 WL 2543560, at *8 (dismissing Florida

9    residents' claims against California defendants under the UCL on extraterritorial

10   grounds where the plaintiff did not allege sufficient facts connecting their claims to

11   California); *In re Toyota Motor Corp.*, 785 F. Supp. 2d at 917-18 (dismissing UCL

12   claims by non-California residents against California-based defendant on

13   extraterritorial grounds because the plaintiffs "cannot allege a sufficient connection to

14   California"); *Tidenberg v. Bidz.com, Inc.*, No. CV 08-5553 PSG (FMOx), 2009 WL

15   605249, at *5 (C.D. Cal. Mar. 4, 2009) (dismissing UCL claim by non-California

16   resident brought against California-based defendants on extraterritorial grounds where

17   plaintiff did not "allege any specific facts linking [d]efendants' contacts with California

18   to the claims Plaintiff asserts against them").  Accordingly, the Non-California

19   Plaintiffs' UCL claims should be dismissed.

20         **2.  *The Non-California Plaintiffs Cannot Allege a Violation of the CCPA***

21             ***Because They Are Not California Residents.***

22         There is no need to divine legislative intent as to the Non-California Plaintiffs'

23   CCPA claim—the statutory language of the CCPA is unambiguous in its application

24   only to ***California*** residents.  Cal. Civ. Code § 1798.140(g) (defining "[c]onsumer" as

25   "a natural person who is a California resident").  The express language of the CCPA is

26   California.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)

27   ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *Scanlon v. Curtis Int'l Ltd.*, No. 1:19-cv-00937-NONE-SKO, 2020

28   WL 3076065, at *4, n.6 (E.D. Cal. June 10, 2020) (taking judicial notice of the California Secretary of State's website on a motion to dismiss).

in lockstep with the CCPA's legislative findings, which explain that, with the CCPA, "it is the intent of the Legislature to further Californians' right to privacy by giving consumers an effective way to control their personal information . . . ." California Consumer Privacy Act, 2018 Cal. Legis. Serv. Ch. 55 (A.B. 375) (WEST) (emphasis added); *see also* June 27, 2017 Informational Hearing Summary, AB 375, Assembly Committee on Privacy and Consumer Protection, p. 1 ("This bill would, effective January 1, 2020, enact the California Consumer Privacy Act of 2018 to ensure, subject to certain exemptions, ***the privacy of Californians' personal information***…") (emphasis added).[14]   As a matter of law, the Non-California Plaintiffs cannot state a claim under the CCPA.[15]

Yet even if the CCPA did not on its face apply only to California residents, California's extraterritoriality doctrine would bar the Non-California Plaintiffs' CCPA claims against the Non-California Defendants for the same reasons discussed above concerning the UCL.

## C.  California's Choice of Law Rules Require Dismissal of the Non-California Plaintiffs' Claims.

### 1. California's Choice of Law Rules Require Dismissal of the Non-California Plaintiffs' UCL and CCPA Claims.

California's choice of law rules require dismissal of the Non-California Plaintiffs' UCL and CCPA claims even if those claims could be applied

---

[14] Per the Request for Judicial Notice filed concurrently with this Motion, Non-California Defendants request that the Court take judicial notice of the legislative history of the CCPA pursuant to Federal Rule of Evidence 201(b). *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (granting motion for judicial notice of legislative history).

[15] The Non-California Plaintiffs also cannot allege a violation of the CCPA because they do not allege transactions that took place in California. In fact, even where companies are collecting and selling personal information of California residents, the CCPA is inapplicable if "every aspect of that commercial conduct takes place wholly outside of California." Cal. Civ. Code § 1798.145(a)(6).  As set forth herein, the CCPA's legislative history only amplifies the California Legislature's intent that the CCPA does not operate extraterritorially but is designed to protect the privacy of California residents.

LEGAL02/40167319v17

extraterritorially.

California applies a three-step governmental interest test to determine the applicable law. *See Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 559 (9th Cir. 2020). First, the court must decide whether the relevant laws of California differ from those in the foreign jurisdiction. *Id.* Second, if the court finds differences between the laws, the court must then determine the competing jurisdictions' interests, if any, in the application of their respective laws. *Id.* "If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a false conflict and the law of the interested jurisdiction is applied." *Id.* (quoting *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989)) (internal quotation marks omitted). But if multiple jurisdictions have a "legitimate interest, the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interested jurisdictions." *Id.* (internal quotation marks omitted). In the third and final step, the court must "identify and apply the law of the state whose interest would be the more impaired if its law were not applied." *Id.* (internal quotation marks and citation omitted).

Under the first step, analysis reveals that material conflicts exist between California's UCL and the consumer protection laws of the Non-California Plaintiffs' home states. *See* Exhibit B (identifying material conflicts between the UCL and the Non-California Plaintiffs' home states laws); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) (finding a material conflict between the UCL and the consumer protection statutes of Florida (Plaintiff Gilbert), New Jersey (Plaintiffs Caruso-Davis and Lloyd), Pennsylvania (Plaintiff Frederick), and New York (Plaintiff Maryamchik)); *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1102 (C.D. Cal 2012) ("[T]here are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states") (quoting *In re Hitachi TV Optical Block Cases*, No. 08cv1746 DMS (NLS), 2011 WL 9403, at *6 (S.D. Cal. Jan. 3, 2011)); *Grace v. Apple, Inc.*, 328 F.R.D. 320, 344 (N.D. Cal. 2018) (finding material

differences between the UCL and the consumer protection laws of and West Virginia (Plaintiff Hannum) because "pre-filing notice is not required in California, but is a pre-requisite in … West Virginia").

The second step of California's choice of law analysis is also satisfied because each Non-California Plaintiff's home state "has a strong interest in applying its own consumer protection laws" to transactions that occurred within its borders involving its residents. *Mazza*, 666 F.3d at 592 (finding that "each state has a strong interest in applying its own consumer protection laws" where, as here, the transactions at issue occurred in each plaintiff's home state). And just like in *Mazza*, the final step of the analysis shows that each Non-California Plaintiffs' home state's interests would be most impacted if its laws were not applied. "California recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Id.* at 593 (internal quotation marks and citation omitted). The place of the wrong is "where the last event necessary to make the actor liable occurred." *Id.* Here, the last event necessary was the alleged collection and transmission of Plaintiffs' information at the point of purchase and/or return or exchange. As discussed in Sections III(A)(2) and III(B)(1) above, the only plausible inference to draw from the FAC is that these transactions were made by each Plaintiff in their respective home states. As a result, the Non-California Plaintiffs' home states have a strong interest in regulating transactions occurring within their borders between their residents and companies operating within the state. *Mazza*, 666 F.3d at 594. The same is not true of California's interest – "California's interest in applying its laws to residents of foreign states is attenuated." *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 540 (C.D. Cal. 2013) (internal quotation marks and citation omitted).

As a result, California law does not apply to the Non-California Plaintiffs' claims, and California's choice of law rules provide another independent basis for dismissing the Non-California Plaintiffs' UCL claim. *See Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at **9-10 (C.D. Cal. Apr. 10, 2018)

JOINT RULE 12(B)(2) MOTION TO DISMISS

(applying *Mazza* and California's choice of law rules on motion to dismiss and holding that they barred the claims under California statutes, including the UCL, for both the Oregon plaintiff and the proposed nationwide class); *Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2015 WL 13655757, at *3 (C.D. Cal. Apr. 21, 2015) (dismissing with prejudice at the pleading stage plaintiff's individual and nationwide claims under the UCL, FAL, and CLRA after analyzing *Mazza* and California's choice of law rules); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (dismissing CLRA, UCL, and FAL claims of a nationwide class due to *Mazza*, California's choice of law rules, and plaintiff's failure to specify what state they individually made the purchase at issue).

As to the CCPA, there is no need to perform a choice of law analysis because the CCPA explicitly applies to California residents *only*. *See* Section III(B)(2). As a result, the Non-California Plaintiffs' CCPA claims must be dismissed as well.

### 2. The Non-California Plaintiffs' Common Law Claims Should Be Dismissed Regardless of Which State's Law Applies.

Finally, as to the Non-California Plaintiffs' common law claims for invasion of privacy and unjust enrichment, there are material conflicts between California law and the laws of the Non-California Plaintiffs' home states. But the Court does not need to determine which state's law applies at this stage of the litigation because Plaintiffs' claims fail under any potentially applicable law (*i.e.*, California law and all of the Non-California Plaintiffs' home states laws) for the reasons set forth in Defendants' concurrently filed Joint Rule 12(b)(6) Motion.

### IV.   CONCLUSION

For all these reasons, the FAC should be dismissed in its entirety and with prejudice as to the Non-California Defendants. *See* Exhibit A (identifying on a party-by-party basis the grounds for dismissal).

DATED:  November 6, 2020

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100


/s/ Rachel E. K. Lowe
Rachel E. K. Lowe

Attorneys for Specially-Appearing Defendant CVS
Health Corporation

DATED:  November 6, 2020

JOSEPH DUFFY, Bar No. 241854
joseph.duffy@morganlewis.com
MEGAN A. SUEHIRO, Bar No. 316104
megan.suehiro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501


/s/ Joseph Duffy
Joseph Duffy

Attorneys for Defendants
BED BATH & BEYOND INC. and BUY BUY
BABY, INC.

26
JOINT RULE 12(B)(2) MOTION TO DISMISS

DATED:  November 6, 2020

P. CRAIG CARDON
ccardon@sheppardmullin.com
BENJAMIN O. AIGBOBOH
baighboboh@sheppardmullin.com
ALYSSA MARIE SHAUER
ashauer@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel. 310-228-3700
Fax 310-228-3701

KARI M. ROLLINS (pro hac vice)
krollins@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel. 213-634-3077
Fax 212-653-8701

/s/ P. Craig Cardon

P. Craig Cardon

Attorneys for Defendants
SEPHORA USA, INC., DICK'S SPORTING GOODS, INC. and THE TJX COMPANIES, INC.

DATED:  November 6, 2020

PURVI G. PATEL
ppatel@mofo.com
JOVANNA R. BUBAR
jbubar@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel. 213-892-5296
Fax. 213 892-5454

MICHAEL BURSHTEYN
mburshteyn@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Tel. 415.268.7000
Fax. 415.268.7522

JOINT RULE 12(B)(2) MOTION TO DISMISS
LEGAL02/40167319v17

1

/s/ Purvi G. Patel
Purvi G. Patel

2

3

Attorneys for Defendant
ADVANCE AUTO PARTS, INC.

DATED:  November 6, 2020

4

MICHAEL A. GEIBELSON
mgeibelson@robinskaplan.com

5

**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

6

Tel. 310-552-0130
Fax 310-229-5800

7

8

9

/s/ Michael A. Geibelson
Michael A. Geibelson

10

Attorneys for Defendant
BEST BUY CO., INC.

11

DATED:  November 6, 2020

12

DANIEL T. ROCKEY
daniel.rockey@bclplaw.com

13

GOLAREH MAHDAVI
Goli.mahdavi@bclplaw.com

14

**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor

15

San Francisco, CA 94111-4070
Tel. 415-675-3400

16

Fax 415-675-3434

17

18

/s/ Golareh Mahdavi
Golareh Mahdavi

19

20

Attorneys for Defendant
CALERES, INC.

21

DATED:  November 6, 2020

22

ANN MARIE MORTIMER
amortimer@huntonak.com

23

JASON J. KIM
kimj@huntonak.com

24

JEFF R. R. NELSON
jnelson@huntonak.com

25

**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 1200

26

Los Angeles, CA 90071
Tel. 213-532-2000

27

Fax 213-532-2020

28

28
JOINT RULE 12(B)(2) MOTION TO DISMISS

/s/ Jason J. Kim
Jason J. Kim

Attorneys for Defendant
**L BRANDS, INC.**

## Local Rule 5-4.3.4(a)(2)(i) Certification

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that concurrence in the filing has been obtained from each of the other signatories.

/s/ Rachel E. K. Lowe
Rachel E. K. Lowe

JOINT RULE 12(B)(2) MOTION TO DISMISS