Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow (*pro hac vice*)
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| SHADI HAYDEN, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC., *et al.*,<br><br>Defendants. | Case No. 8:20-cv-01203-JWH-DFM<br><br>**PLAINTIFF VICTORIA CARUSO-DAVIS'S OPPOSITION TO CALERES, INC.'S INDIVIDUAL MOTION TO DISMISS (ECF NO. 158)**<br><br>Date:  March 19, 2021<br>Time:  9:00 a.m.<br>Judge: Hon. John W. Holcomb<br>Ctrm:  2 |

Plaintiff Victoria Caruso-Davis ("Plaintiff") respectfully submits this memorandum in opposition to the individual motion to dismiss (ECF No. 158; "Motion") of Defendant Caleres, Inc. ("Defendant").

## I. INTRODUCTION

The Motion focuses entirely on the fact that Plaintiff's return was accepted by Defendant. Defendant argues that the only applicable "loss of money or property" (Motion at 6-7) must be the money tied to Plaintiff's return and, since Defendant ultimately returned those funds to Plaintiff, she does not have standing for her claims under the UCL. Conveniently, Defendant ignores Plaintiff's well-pleaded allegations of cognizable losses under the UCL independent of the monetary return transaction. In particular, (1) Defendant's use of the negative "risk score" generated by The Retail Equation, Inc. ("TRE") against Plaintiff is akin to a negative credit score against all future purchases, a harm that provides standing under the UCL; and (2) Plaintiff's previous overpayment for Defendant's services and subsequent overpayment for other services are sufficient to confer UCL standing.

Defendant also presents, joins, and/or incorporates by reference the arguments presented in Defendant Sephora USA, Inc.'s motion to dismiss arguing that the claims based on the California Consumer Privacy Act of 2018 ("CCPA") should be dismissed if one of the data transfers alleged occurred prior to January 1, 2020, the effective date of the CCPA. Plaintiff notes that this argument conveniently ignores the broader allegations in the First Amended Class Action Complaint (ECF No. 15; "FAC") that all Retail Defendants (including Defendant here) and TRE have a relationship where they "continuously" transfer consumer data. Nevertheless, Plaintiff incorporates by reference the concurrently filed opposition to Defendant Sephora USA, Inc.'s motion to dismiss herein in a similar fashion in order to avoid confusion and further burden the Court. Accordingly, the Motion should be denied in its entirety.

## II. LEGAL STANDARD

At the motion to dismiss stage, all of plaintiffs' "allegations of material fact are taken as true and construed in the light most favorable" to them, as the non-moving party. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). "Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party." *Babb v. California Teachers Ass'n*, 378 F. Supp. 3d 857, 869 (C.D. Cal. 2019).

## III. ARGUMENT

### A. Defendant's Application of TRE's "Risk Score" to Prohibit Plaintiff From Attempting Future Returns Provides UCL Standing.

While Defendant ultimately accepted Plaintiff's return, Defendant admonished Plaintiff regarding purported fraudulent return activity and indicated that any future return attempts would be rejected. (FAC ¶¶ 101-05.) Defendant's use of TRE's negative "risk score," purportedly indicating to Defendant that a consumer is not trustworthy, is akin to a negative credit score that prevents future credit activity. (*See also* ECF No. 171 at 19-20.) In instances where credit scores are negatively impacted, courts have determined that such harm provides standing. *King v. Bank of Am., N.A.*, No. 12-cv-4168, 2012 WL 4685993, *8 (N.D. Cal. Oct. 1, 2012) ("Allegations of a diminished credit score have been found to satisfy the UCL's standing requirement."); *Aho v. AmeriCredit Fin. Servs., Inc.*, No. 10-cv-1373, 2011 WL 2292810, at *2 (S.D. Cal. June 8, 2011) (holding that UCL statutory standing was satisfied by allegations that plaintiffs' "credit report has been negatively affected by [d]efendant's reporting of the deficiency to credit reporting agencies"). The negative impact on Plaintiff's ability to freely shop and return items at Defendant's stores, fear of a similar outcome at other retailers, and the associated "risk score" that effectively prohibits that future conduct, are sufficient to confer standing under the UCL.

### B. Plaintiff Also Has UCL Standing as a Result of Overpaying for Defendant's and Competitors' Services.

Defendant's argument that Plaintiff cannot maintain a UCL claim because it ultimately accepted her return in this instance also misconstrues the UCL's statutory standing requirement. As Defendant concedes, Plaintiff need only allege economic injury and causation. *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 985 (N.D. Cal. 2016) (citing *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011)). In addition to allegations that a defendant wrongfully possesses a plaintiff's money—which Defendant mistakenly fixates on as the lone source of standing—economic injury also encompasses, for example, having overpaid the defendant and/or a third party due to the unfair conduct. *Kwikset*, 51 Cal. 4th at 323-25 (collecting cases); *Aron v. U-Haul Co.*, 143 Cal. App. 4th 796, 802-03 (2006) (economic injury for UCL alleged where plaintiff overfilled a fuel tank to avoid defendant's fuel charge); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 840 (N.D. Cal. 2020) ("To be clear, the Court is not requiring Plaintiffs to show they are entitled to restitution under the UCL in order to establish their standing under the UCL.").

Here, while Defendant may have returned the purchase price for Plaintiff's particular transaction alleged in the complaint, Plaintiff nonetheless has standing under the UCL due to overpayments for previous, unreturned merchandise purchased from Defendant because Defendant—in concert with TRE—unfairly and unlawfully utilized those previous transactions to develop and ultimately implement the negative "risk score" to ban Plaintiff from making future returns. (*See* FAC ¶¶ 251-52.) In addition, now that Defendant has prohibited Plaintiff from future returns at its stores, Plaintiff also has been and will continue to be subject to overpayment for purchases at competitor retailers who are likely to have higher pricing than Defendant, especially considering Defendant's

"discount shopping" business model for brands that are less expensive than competitor stores.[1]

### C. The CCPA Applies to Defendant's Transfers of Plaintiff's Data.

Defendant also presents, joins, and/or incorporates by reference the arguments presented in Defendant Sephora USA, Inc.'s motion to dismiss arguing that the claims based on the CCPA should be dismissed if one of the data transfers alleged occurred prior to January 1, 2020, the effective date of the CCPA. This argument conveniently ignores the broader allegations in the FAC that Defendant and TRE have a relationship where Defendant "continuously" transfers consumer data—*i.e.*, purchases, return and exchange information—on an ongoing basis up until the present day. This includes Plaintiff's purchase data from any purchases she made after January 1, 2020.

Pursuant to the FAC, Defendant would have similarly transferred this transaction data. These data transfers—individually and collectively—present a violation of Civil Code section 1798.150(a)'s prohibition on unauthorized disclosures, as does TRE and all Retail Defendants' pattern and practice of data sharing that continues to the present day. (FAC ¶ 261 ("On behalf of Class members, Plaintiffs seek injunctive relief in the form of an order enjoining Defendants from continuing to violate the CCPA.").)

For these reasons, and the arguments presented in Plaintiff Shadi Hayden's Opposition to Sephora's Motion to Dismiss (filed concurrently herewith and incorporated herein by this reference), Plaintiff respectfully requests that the Court deny this argument incorporated by reference.[2]

---

[1] If the Court deems it necessary, Plaintiff respectfully seeks leave to amend to plead additional facts specific to the overpayments she has suffered as a result of Defendant's future return prohibition. Further, if the Court is inclined grant dismissal on the basis that Plaintiff lacks standing to assert claims under the UCL because her return was accepted by Defendant, Plaintiffs' counsel also has been contacted and/or retained by other customers of Defendant whose returns were denied and would respectfully seek leave to amend to add additional plaintiffs to render this aspect of the Motion moot.

[2] If the Court is inclined to grant dismissal on the basis that Plaintiff's purchase and return at Defendant's store pre-dated 2020, Plaintiffs' counsel also has been contacted and/or

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety. To the extent the Court is inclined to grant any aspect of the Motion, Plaintiff respectfully seeks leave to amend.

DATED: February 5, 2021

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
Rachel Johnson (SBN 331351)
*rjohnson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow (*pro hac vice*)
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

---

retained by other customers of Defendant whose purchases and/or attempted returns occurred on or after January 1, 2020 and would respectfully seek leave to amend to add additional plaintiffs to render this aspect of the Motion moot.