1  ROBINS KAPLAN LLP
   Michael A. Geibelson, State Bar No. 179970
2  MGeibelson@RobinsKaplan.com
   Jennifer W. Leland, State Bar No. 185951
3  JLeland@RobinsKaplan.com
   2049 Century Park East, Suite 3400
4  Los Angeles, California 90067
   Telephone: (310) 552-0130
5  Facsimile:  (310) 229-5800

6  Attorneys for Defendant
   Best Buy Co., Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  SHADI HAYDEN, WILLIAM              Case No.  8:20-cv-01203-JWH-DFM
    HANNUM, MICHAEL MURPHY,
13  SEAN FREDERICK, OLGA               *[Assigned to Hon. John W. Holcomb]*
    MARYAMCHIK, VICTORIA
14  CARUSO-DAVIS, ERIC GILBERT,        **DECLARATION OF MICHAEL A.**
    SUSANA GUEVARA, JACQUELINE         **GEIBELSON**
15  SMITH, CAROL JULIAN-MOYE,
    CHRISTINE ALIRE, JERRY HO, and
16  CAROL LLOYD individually and on
    behalf of all others similarly situated,
17                                     Date:      March 19, 2021
                  Plaintiffs,          Time:      9:00 a.m.
18                                     Judge:     Hon. John W. Holcomb
    v.                                 Ctrm:      2
19
    THE RETAIL EQUATION, INC.,         Complaint Filed: July 7, 2020
20  SEPHORA USA, INC., ADVANCE         FAC Filed: August 3, 2020
    AUTO PARTS, INC., BED BATH &
21  BEYOND INC., BEST BUY CO.,         **Trial Date: None set**
    INC., BUY BUY BABY, INC.,
22  CALERES, INC., CVS HEALTH
    CORPORATION, DICK'S
23  SPORTING GOODS, INC.,
    L BRANDS, INC., STEIN MART,
24  INC., THE GAP, INC., THE HOME
    DEPOT, INC., and THE TJX
25  COMPANIES, INC.,

26                Defendants.

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF MICHAEL A. GEIBELSON

61761109.1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

I, Michael A. Geibelson, pursuant to 28 U.S.C. § 1746 declare the following statements to be true to the best of my knowledge and under the penalty of perjury:

1.      I am an attorney duly licensed to practice before all courts in the State of California, including the United States District Court for the Central District of California. I am a partner of the law firm Robins Kaplan LLP, attorneys of record for Defendant Best Buy Co., Inc. ("Best Buy"). I make this declaration in support of Best Buy's Reply in support of its Motion to Compel Arbitration and in support of Retail Defendants' Reply in support of the Joint Motion to Dismiss for Lack of Personal Jurisdiction. The statements made herein are based upon my own personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the Final Judgment by Stipulation that was entered by the Court in *The People of the State of California v. Best Buy Stores, L.P.*, Riverside Superior Court Case No. CVRI2000477, ("*People v. Best Buy*") on January 28, 2021, along with a copy of the docket for the case showing that the case has been closed pursuant to the Stipulated Judgment.

3.      Attached hereto as Exhibit B, and of which the Court is requested to take judicial notice pursuant to the request for judicial notice filed herewith, is a true and correct copy of Exhibit 21.1 to the most recent Form 10-K filed by Best Buy, Inc. dated March 23, 2020 for the fiscal year ended February 1, 2020, which I downloaded from the United States Securities & Exchange Commission website. The Form 10-K is                        available                        at https://www.sec.gov/ix?doc=/Archives/edgar/data/764478/000076447820000017/bby-20200201x10k.htm.        Exhibit        21.1        is        available        at https://www.sec.gov/Archives/edgar/data/764478/000076447820000017/bby-20200201xex21_1.htm. I have reviewed the Form 10-Q's filed with the SEC since the most recent Form 10-K was filed, as well as Form 8-Ks, and confirmed that no

superseding Exhibit 21.1 has been filed which documents any reorganization of the company, or that would contradict ¶2 of Ms. Wallen's original declaration, Dkt 136-2.

4.     Attached hereto as Exhibit C is a true and correct copy of the Consumer Arbitration Rules of the American Arbitration Association ("AAA"), which I downloaded from the AAA website on February 17, 2021.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California this 19th day of February 2021.

*/s/ Michael A. Geibelson*
Michael A. Geibelson
Declarant

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

61761109.1

# EXHIBIT A

Received
12/23/20

No Fee Govt. Code §6103

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 0 9 2021

M. VARGAS

KKL

FEB 11 2021

R

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

THE PEOPLE OF THE STATE OF
CALIFORNIA,

          Plaintiff,

v.

BEST BUY STORES, L.P., a Virginia
limited partnership,

          Defendant.

Case No. CVRI2000477

FINAL JUDGMENT BY
STIPULATION

Plaintiff, the People of the State of California, having filed its complaint, Defendant Best

Buy Stores, L.P., a Virginia limited partnership ("Best Buy") having accepted service of the

Complaint, and

Plaintiff, appearing through its attorneys Michael Hestrin, District Attorney for the

County of Riverside, by Evan H. Goldsmith; Joyce E. Dudley, District Attorney for the County

of Santa Barbara, by Christopher B. Dalbey; Nancy E. O'Malley, District Attorney for the

County of Alameda by Matthew L. Beltramo; Summer Stephan, District Attorney for the

County of San Diego, by Kathryn L. Turner; and

Defendant, Best Buy, through its attorneys, Robins Kaplan LLP, by Michael A.

Geibelson; and

1

Plaintiff and Defendant having stipulated and consented to the entry of this Final Judgment ("Judgment") prior to the taking of any proof, and without trial or adjudication of any issue of fact or law herein; and

The Court having considered the pleadings and the Stipulation of the parties;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    This action is brought under California law and this Court has jurisdiction of this matter and its parties.

## DISCLAIMER OF ADMISSIONS

2.    The provisions of this Judgment are entered pursuant to the stipulation of the parties, without admission by Defendant regarding any factual or legal allegation in the Complaint.

## APPLICABILITY

3.    The provisions of this Judgment are applicable to Defendant Best Buy and to its officers, directors, employees, agents, servants and representatives acting within the course and scope of its agency and employment, and to successors and assignees of Defendant, and to all persons, partnerships, corporations, and other entities acting for, through, or on behalf of or in concert with Defendant with actual or constructive notice of this Judgment. Unless otherwise stated, all obligations imposed upon Defendant by the terms of this Judgment are ordered pursuant to Business and Professions Code sections 17203 and 17535.

## INJUNCTION

4.    Defendant and all persons and entities set forth in Paragraph 3 above are hereby permanently enjoined and restrained, pursuant to Business and Professions Code sections 17203 and 17535, from directly or indirectly engaging in any of the following acts or practices:

    A.    Making or causing to be made to the public any statement representing a price for an item, group of items, or group of item(s) and service(s), offered for sale and charging a greater price at the time of purchase, in violation of Business and Professions Code section 17500;

    B.    Violating Business and Professions Code section 12024.2(a);

2

  C. Violating Civil Code section 1723(a), including, without limitation, by failing to disclose in its posted return policy the existence of an unaffiliated third-party who monitors the sale and return, refund or exchange activity of California consumers, and who may be authorized by Defendant to deny a return, refund or exchange.

5. For a period of three (3) years from the date of entry of this Judgment, Best Buy is ordered to enforce in all existing Best Buy stores in California, and in every future Best Buy store in California, a program to promote pricing accuracy. This program shall be initiated within ninety (90) days of the date of entry of this Judgment and shall consist of at least the following:

  A. Best Buy shall maintain records of customer complaints received electronically, telephonically, or in writing for a period of no less than four (4) years.

  B. Best Buy shall maintain records of customer complaints received in person that are escalated above store management for resolution for a period of no less than four (4) years.

  C. Best Buy shall designate a person or persons at its corporate headquarters who will be responsible for receiving and maintaining weights and measures inspection reports—including Notices of Violation—from all Best Buy stores in California. This person or persons shall begin receiving and maintaining these reports as soon as practicable. These reports shall be maintained for a period of no less than four (4) years.

  D. Best Buy shall designate an employee or employees in every Best Buy store in California whose responsibilities shall include pricing accuracy. These efforts shall include, among others, checking for failed Electronic Shelf Labels (ESLs) and resolving failed tags.

3

E.   A Best Buy store employee shall send copies of Notices of Violation from weights and measures inspectors to the designated corporate employee described in Paragraph 5C as soon as practicable.

F.   Defendant shall create and adopt policies and procedures for ensuring price accuracy in its retail stores. As used herein "price accuracy" also includes, but is not limited to, the accurate transmission of price changes using an electronic shelf label (ESL) system, should Defendant utilize such a system. These policies and procedures shall, at a minimum, include:

    i.   periodic audits, conducted no less than every two (2) months, to ensure that any ESL system that Defendant may elect to use is properly functioning and transmitting prices accurately;

    ii.  the adoption of a manual price verification process of no less than 30 randomly selected items, which shall be performed once every two months, during any period of time in which a retail store is, for any reason, not using an ESL system; and

    iii. retention for a period of no less than 12 months of records of all pricing errors or discrepancies detected during any audit required herein, provided that records of ESL malfunctions need not be maintained if such malfunctions were detected and corrected prior to any customer purchase.

G.   If Defendant chooses to use ESLs to advertise prices on the retail floor, in addition to maintaining the ESL tags as described in the requirements of Paragraph 5F, a designated employee, or employees, at every Best Buy store in California shall perform a daily walk of the store to ensure product is placed in the location corresponding with the correct ESL for that item. Failed ESLs or misplaced product discovered during such reviews shall be promptly corrected in the store. Every pricing error discovered during any audit shall be promptly corrected. Best Buy shall have the ability to

4

1  produce a list of audits conducted in California that includes pricing
2  accuracy.

3  H.  Whenever any employee of a Best Buy store becomes aware that a
4  customer in a California store has been or is being charged a price for an
5  item which is higher than the lowest price currently listed on the store's
6  shelf, store sign, or other advertisement (except prices advertised on
7  bestbuy.com which contain a disclaimer that in-store prices may vary) Best
8  Buy shall give the customer a three dollar ($3.00) reduction from the item's
9  lowest posted or advertised price, or if the item's lowest posted or
10  advertised price is three dollars ($3.00) or less, the customer shall receive
11  one such item for free. If a customer is purchasing more than one of the
12  same identical item for which a price discrepancy is found, in addition to
13  either deducting three dollars ($3.00) from the price of one such item, or
14  giving the customer one such item for free, Best Buy shall charge that
15  customer the lowest advertised price on all remaining identical items
16  purchased by that same customer in the same purchase transaction and the
17  discrepant price shall be corrected. This program shall be referred to as the
18  "California Pricing Accuracy Program." "Charging" means requesting
19  payment from the customer or presenting the customer with a bill or total
20  amount owed. Best Buy shall track how many times the Program is utilized
21  and maintain a record of such data for four years.

22  I.  Best Buy shall inform customers of the policy set forth in Paragraph 5H
23  above, by posting a sign at every check-out stand in every Best Buy store in
24  California in a location where it is noticeable and easily readable by a
25  customer who is standing in the check-out lane. The sign shall state: "If we
26  request payment from you, or present you with a bill or total amount owed,
27  where the price of an item is higher than the shelf or advertised price, WE
28  WILL CORRECT THE ERROR AND DEDUCT $3.00 FROM THE

5

1    LOWEST ADVERTISED PRICE OF ONE SUCH ITEM. If the lowest

2    advertised price is $3.00 OR LESS, YOU WILL RECEIVE THE ITEM

3    FOR FREE. You will be charged the lowest advertised price for all

4    additional identical items purchased at the same time."

5    **MONETARY RELIEF**

6        6.    Pursuant to Business and Professions Code sections 17206 and 17536, Best Buy

7    shall within ten (10) business days of the Court's entry of this Judgment, pay to Plaintiff four

8    hundred and forty-nine thousand, sixty-five dollars ($449,065.00) in the form of four separate

9    checks each in the amount of one hundred and twelve thousand, two hundred and sixty-six

10   dollars and twenty-five cents ($112,266.25) payable to *"Riverside County District Attorney,"*

11   *"Santa Barbara County District Attorney," "Alameda County f/b/o District Attorney,"* and *"San*

12   *Diego County District Attorney."*

13       7.    Best Buy shall within ten (10) business days of the Court's entry of this Judgment,

14   pay to Plaintiff costs totaling one hundred and nine thousand, five hundred and five dollars and

15   55 cents ($109,505.55) in the form of fifteen (15) separate checks payable as follows:

| | |
|---|---|
| Alameda County District Attorney's Office | $20,000.00 |
| Riverside County District Attorney's Office | $20,000.00 |
| San Diego County District Attorney's Office | $20,000.00 |
| Santa Barbara County District Attorney's Office | $20,000.00 |
| Los Angeles County Agricultural Commissioner | $450.00 |
| Monterey County Agricultural Commissioner's Office | $2,742.19 |
| Orange County Agricultural Commissioner | $2,250.00 |
| Riverside County Weights and Measures | $8,404.78 |
| Sacramento County Agricultural Commissioner | $550.00 |
| San Diego County Agriculture, Weights and Measures | $514.44 |
| San Luis Obispo County Dept. of Agriculture/Weights & Measures | $483.43 |
| Santa Barbara County Weights and Measures Department | $3,840.00 |
| Santa Clara County Weights and Measures Division | $6,330.71 |

6

| | | |
|---|---|---|
| 1 | Sonoma County Dept. of Agriculture/Weights & Measures | $1,660.00 |
| 2 | Ventura County Dept. of Weights & Measures | $2,280.00 |

8.    Since the potential persons entitled to restitution, if any, cannot be ascertained, Best Buy shall, pursuant to Business and Professions Code sections 17203 and 17535, pay *cy pres* restitution in the total sum of seventy-five thousand dollars ($75,000.00) to be distributed as: sixty thousand dollars ($60,000.00) in the form of one check payable to the "*Consumer Protection Prosecution Trust Fund*" established in the case of *People v. ITT Consumer Financial Corporation* (Alameda Superior Court No. 656038-0) and fifteen thousand dollars ($15,000.00) in the form of one check payable to the "*California Agricultural Commissioners and Sealers Association Quantity Control Trust Fund.*"

9.    All checks shall be delivered to Deputy District Attorney Evan H. Goldsmith, Riverside County District Attorney's Office, 3960 Orange Street, Riverside, California, 92501.

## RETENTION OF JURISDICTION

10.    Jurisdiction is retained for the purpose of enabling any party to this Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Judgment, for the modification of any of its injunctive provisions, and for the enforcement of, compliance with, and punishment of violations of the Judgment.

## FEES AND COSTS

11.    Except as provided herein, each party shall bear its own attorneys' fees and costs.

## ENTRY OF JUDGMENT

12.    The clerk is directed to immediately enter this Judgment.

Dated: January 28, 2021

Judge of the Superior Court

7

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

## CVRI2000477    THE PEOPLE OF THE STATE OF CALIFORNIA v

Filed Date: **12/09/2020**                                **Unlimited Civil Business Tort/Unfair B**
Case Status: **Closed**                                              **Riverside - Department**

Print Case Report

## Case Summary

### COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA vs BEST BUY STORES, L.P.** Unlimited Civil Business Tort/Unfair Business Practice | | Closed | Stipulated Judgment |
| **Complaint for Business Tort/Unfair Business Practice (Over $25,000) of THE PEOPLE OF THE STATE OF CALIFORNIA** | | Filed: 12/09/2020 | Stipulated Judgment 02/09/2021 |
| Plaintiff: THE PEOPLE OF THE STATE OF CALIFORNIA | Evan H. Goldsmith Christopher B. Dalbey Nancy H. Tung Kathryn Turner | | Dispo: Stipulated Judgment on 02/09/2021 |
| Defendant: BEST BUY STORES, L.P. | | Waiting Service as of 12/09/2020 | Dispo: Stipulated Judgment on 02/09/2021 |

JUDGMENTS Any judgment entered on or before 11/06/20 has been converted
from a legacy case management system

| Judgment Date | Applies To | Status | Type | For/Against | Details | |
|---|---|---|---|---|---|---|
| | | Ordered | Money | | | |
| 02/09/2021 | | | | | | |
| | Case | | | For - THE PEOPLE OF THE STATE OF CALIFORNIA Against - BEST BUY STORES, L.P. | Subtotal Judgment Total | $0.00 $0.00 |

## ⌄ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 06/21/2021 08:30 AM | Case Management Conference | Irma Asberry | Department 5 | Vacated |

## ⌄ DOCUMENTS

Search

Document Download

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 12/09/2020 | Certificate of Counsel. | THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Filed | 12/09/2020 | Civil Case Cover Sheet | THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Filed | 12/09/2020 | Complaint for Business Tort/Unfair Business Practice (Over $25,000) | THE PEOPLE OF THE STATE OF CALIFORNIA | |

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Receive and Forward | 12/23/2020 | Stipulation for entry of final judgment | THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Generated | 12/23/2020 | Notice of Department Assignment | | |
| Generated | 12/23/2020 | Notice of Case Management Conference | | |
| Generated | 12/23/2020 | Notice of Document Return. | | |
| Receive and Forward | 01/13/2021 | Final judgment | THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Generated | 01/13/2021 | Notice of Document Return. | | |
| Filed | 02/09/2021 | FInal Judgment by Stipulation | THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Filed | 02/09/2021 | Stipulation for Entry of Final Judgment | THE PEOPLE OF THE STATE OF CALIFORNIA | |

## ˅ CASE LEDGER

| Date Imposed | Fee/Fine Description | Amount | Paid | Balance |
|--------------|---------------------|--------|------|---------|
| 12/23/2020 | Unlimited response: answer or other first paper filed by each party other than plaintiff amount over $25,000 including UD: includes response by party to petition for relief in discovery dispute related to out-of-state case (GC70612) | $450.00 | $450.00 | $0.00 |

| Date Imposed | Fee/Fine Description | Amount | Paid | Balance |
|---|---|---|---|---|
| 12/23/2020 | Unlimited complaint or other first paper in unlimited civil case amount over $25,000 including UD over $25K, petition for writ of review, mandate, or prohibition; petition for a decree of change of name or gender (GC70611) | $450.00 | $450.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

EXHIBIT B

EX-21.1 3 bby-20200201xex21_1.htm EX-21.1

**Exhibit 21.1**

**BEST BUY CO., INC.**
**SUBSIDIARIES OF THE REGISTRANT AT FEBRUARY 1, 2020\***

| | State or Other Jurisdiction of Incorporation or Organization |
|---|---|
| BBC Investment Co. | Nevada |
| BBY Networks, Inc. | Minnesota |
| BBC Property Co. | Minnesota |
| Best Buy Stores, L.P.[1] | Virginia |
| BBY Services, Inc. | Delaware |
| BestBuy.com, LLC | Virginia |
| Best Buy Puerto Rico Holdings, LLC | Puerto Rico |
| Best Buy Stores Puerto Rico, LLC | Puerto Rico |
| Best Buy Texas.com, LLC | Virginia |
| Best Buy Warehousing Logistics, Inc. | Delaware |
| Nichols Distribution, LLC | Minnesota |
| Magnolia Hi-Fi, LLC[2] | Washington |
| Pacific Sales Kitchen and Bath Centers, LLC | California |
| ProTheo III, LLC | Delaware |
| BBY Holdings International, Inc. | Minnesota |
| Best Buy China Holdings, Ltd. | Mauritius |
| Best Buy Shanghai, Ltd. | China |
| Best Buy Enterprise Services, Inc. | Minnesota |
| BBY Canada Finance, LLC | Delaware |
| BBY Solutions, Inc. | Minnesota |
| Best Buy Canada Ltd. / Magasins Best Buy LTEE[3] | Canada+ |
| Best Buy China Ltd. | Bermuda |
| Best Buy Purchasing LLC[4] | Minnesota |
| Partsearch Technologies, Inc. | Delaware |
| ProTheo, Inc. | Delaware |
| ProTheo IV, LLC | Delaware |
| ProTheo V, LLC | Delaware |
| BBY (Barbados) SRL | Barbados |

| | |
|---|---|
| Best Buy Distributions Limited | United Kingdom |
| New CPWM Limited | United Kingdom |
| Oval (2248) Limited | United Kingdom |
| Best Buy Finance, Inc. | Minnesota |
| BBY Global Connect (Mauritius I) Ltd. | Mauritius |
| BBY Global Connect (Mauritius II) Ltd. | Mauritius |
| BBY (Mauritius I) Ltd. | Mauritius |
| BBY (Mauritius II) Ltd. | Mauritius |
| Best Buy China % | China |
| BBY (Mauritius III) Ltd. | Mauritius |
| Best Buy (AsiaPacific) Limited | China |
| Best Buy China UK, LLP | United Kingdom |
| Best Buy International Finance, S.a.r.l. | Luxembourg |
| Best Buy Enterprises, S. de R.L. de C.V. | Mexico, Federal District |
| Best Buy Imports, S. de R.L. de C.V. | Mexico, Federal District |
| Best Buy Stores, S. de R.L. de C.V. | Mexico, Federal District |
| ExB Hong Kong Limited | Hong Kong |
| Global Connect China% | China |
| Best Buy Mobile (Nanjing) Management Consulting Co., Ltd. | China |
| CCL Insurance Company | Vermont |
| CP Gal Richfield, LLC | Delaware |
| GC Buyer, Inc. | Delaware |
| GreatCall, Inc. | Delaware |
| Accessible Wireless, LLC | Delaware |

\*   Indirect subsidiaries are indicated by indentation.
\+   Federally chartered
%   China Business Trust
Also doing business as:
(1)   Best Buy Express; Geek Squad; Magnolia Home Theater; Pacific Kitchen and Home Bath Centers; Pacific Kitchen and Home; Pacific Sales; Pacific Sales Kitchen & Bath Centers; Pacific Sales Kitchen and Home; TechLiquidators
(2)   Magnolia Design Center
(3)   Geek Squad
(4)   Pacific Kitchen and Bath Centers; Pacific Sales Kitchen and Home

EXHIBIT C

# Consumer Arbitration Rules



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/consumer**

Rules Amended and Effective September 1, 2014
Costs of Arbitration Amended and Effective November 1, 2020

## Table of Contents

Introduction ......................................................... 6

About the AAA........................................................ 6

The Arbitrator........................................................ 7

The AAA's Consumer Arbitration Rules ................................. 7

Availability of Mediation through AAA Mediation.org .................... 7

Administrative Fees .................................................... 7

Arbitrator's Fees ...................................................... 8

Notification ........................................................... 8

Filing a Case and Initial AAA Administrative Steps ..................... 9

R-1. Applicability (When the AAA Applies These Rules) ................. 9

R-2. Starting Arbitration under an Arbitration Agreement in a Contract ............. 11

R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause ............. 13

R-4. AAA Administrative Fees ...................................... 13

R-5. Neutral Arbitrator's Compensation ............................. 14

R-6. Depositing Neutral Arbitrator's Compensation with the AAA ................... 14

R-7. Expenses...................................................... 14

R-8. Changes of Claim ............................................. 14

R-9. Small Claims Option for the Parties ............................ 15

R-10. Administrative Conference with the AAA ....................... 15

R-11. Fixing of Locale (the city, county, state, territory and or country where the arbitration will take place)........................................ 15

R-12. Business Notification and Publicly-Accessible Consumer Clause Registry ....... 16

R-13. AAA and Delegation of Duties................................. 17

R-14. Jurisdiction ................................................. 17

Appointing the Arbitrator ............................................ 18

R-15. National Roster of Arbitrators................................. 18

R-16. Appointment from National Roster ............................ 18

R-17. Number of Arbitrators ....................................... 18

R-18. Disclosure .................................................. 18

R-19. Disqualification of Arbitrator ................................. 19

R-20. Vacancies .................................................. 19

Pre-Hearing Preparation ........................................................... 20

R-21. Preliminary Management Hearing with the Arbitrator ......................... 20

R-22. Exchange of Information between the Parties................................. 20

R-23. Enforcement Powers of the Arbitrator ...................................... 20

R-24. Written Motions (except for Dispositive Motions—see R-33) .................. 21

R-25. Representation of a Party.................................................. 21

R-26. Setting the Date, Time, and Place (the physical site of the hearing within

the designated locale) of Hearing ............................................... 22

R-27. Written Record of Hearing................................................. 22

R-28. Interpreters ............................................................. 22

R-29. Documents-Only Procedure ................................................ 23


Hearing Procedures .............................................................. 24

R-30. Attendance at Hearings ................................................... 24

R-31. Oaths ................................................................... 24

R-32. Conduct of Proceedings................................................... 24

R-33. Dispositive Motions ...................................................... 25

R-34. Evidence ................................................................ 25

R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other ......... 25

Evidence ..................................................................... 25

R-37. Interim Measures (a preliminary decision made by the arbitrator involving

part or all of the issue(s) in dispute in the arbitration) ............................. 26

R-38. Postponements .......................................................... 26

R-39. Arbitration in the Absence of a Party or Representative ...................... 26


Conclusion of the Hearing........................................................ 27

R-40. Closing of Hearing ....................................................... 27

R-41. Reopening of Hearing .................................................... 27

R-42. Time of Award .......................................................... 27

R-43. Form of Award .......................................................... 27

R-44. Scope of Award ......................................................... 28

R-45. Award upon Settlement ................................................... 28

R-46. Delivery of Award to Parties .............................................. 28

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors ...... 29

Post Hearing........................................................................ 30

  R-48. Release of Documents for Judicial Proceedings .............................. 30

  R-49. Applications to Court and Exclusion of Liability .............................. 30

General Procedural Rules ......................................................... 31

  R-50. Waiver of Rules ............................................................ 31

  R-51. Extensions of Time ........................................................ 31

  R-52. Serving of Notice and AAA and Arbitrator Communications................... 31

  R-53. Interpretation and Application of Rules .................................... 32

  R-54. Remedies for Nonpayment ................................................. 32

  R-55. Declining or Ceasing Arbitration........................................... 32

Costs of Arbitration................................................................ 33

AAA Administrative Fees .......................................................... 34

  (i) Filing Fees*................................................................. 34

  (ii) Case Management Fees ...................................................... 36

  (iii) Hearing Fees .............................................................. 36

Neutral Arbitrator's Compensation ............................................... 37

Reallocation of Arbitrator Compensation, AAA Administrative Fees
and Certain Expenses ............................................................. 38

Hearing Room Rental.............................................................. 38

Abeyance Fee..................................................................... 38

Expenses ......................................................................... 39

Consumer Clause Review and Registry Fee........................................ 39

AAA Mediation Fees for Multiple Consumer Case Filings ......................... 39

AAA Administered Settlement Approval Process for Multiple
Consumer Case Filings ........................................................... 40

Fees for Additional Services ...................................................... 40

Procedures for the Resolution of Disputes through Document
Submission ....................................................................... 41

  D-1. Applicability............................................................... 41

  D-2. Preliminary Management Hearing .......................................... 41

  D-3. Removal from the Procedures .............................................. 41

  D-4. Time of Award............................................................. 42

American Arbitration Association

Glossary of Terms .................................................................. 43

  Administrator ...................................................................... 43

  ADR Agreement ................................................................... 43

  ADR Process ...................................................................... 43

  ADR Program ..................................................................... 43

  Arbitration ........................................................................ 43

  Arbitration Agreement ............................................................ 44

  Arbitrator ......................................................................... 44

  Case Administrator ............................................................... 44

  Claimant .......................................................................... 44

  Demand for Arbitration (also referred to as "Demand")............................. 44

  Documents-Only Arbitration ....................................................... 45

  Independent ADR Institution ....................................................... 45

  In-Person Hearing ................................................................ 45

  Mediation ......................................................................... 45

  Neutral ........................................................................... 45

  Party.............................................................................. 45

  Parties ............................................................................ 46

  Opposing Party ................................................................... 46

  Respondent ....................................................................... 46

  Telephone Hearing ................................................................ 46

# Consumer Arbitration Rules



## Introduction

Millions of consumer purchases take place each year. Occasionally, these transactions lead to disagreements between consumers and businesses. These disputes can be resolved by arbitration. Arbitration is usually faster and cheaper than going to court.

The American Arbitration Association® ("AAA®," "the Association") applies the *Consumer Arbitration Rules* ("Rules") to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA has the discretion to apply or not to apply the *Consumer Arbitration Rule,* and the parties are able to bring any disputes concerning the application or non-application of the Rules to the attention of the arbitrator. Consumers and businesses are permitted to seek relief in a small claims court for disputes or claims within the scope of the small claims court's jurisdiction. These Rules were drafted and designed to be consistent with the minimum due process principles of the *Consumer Due Process Protocol*.

## About the AAA

The administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, preliminary decisions about where hearings might take place, and handling the fees associated with the arbitration. As administrator, however, the AAA does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the AAA's role is only administrative, the AAA cannot overrule or change an arbitrator's decisions or rulings. The administrator will comply with any court orders issued from litigation involving the parties to the dispute.

The American Arbitration Association, founded in 1926, is a neutral, independent, and private not-for-profit organization. We offer a broad range of conflict management services to businesses, organizations, and individuals. We also provide education, training, and publications focused on methods for settling disputes out of court.

## The Arbitrator

Except where the parties to a case reach their own settlement, the arbitrator will make the final, binding decision called the Award on the dispute and render it in writing. The Arbitrator makes all the procedural decisions on a case not made by the Administrator or not decided jointly by the parties. The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law or laws that apply to the case.

Arbitrators are neutral and independent decision makers who are not employees of the AAA. Once appointed to a case, an arbitrator may not be removed by one party without the other party's consent or unless the Administrator determines an arbitrator should be removed and replaced by another arbitrator chosen by the Administrator in a manner described in these Rules.

## The AAA's Consumer Arbitration Rules

The AAA has developed the *Consumer Arbitration Rules* for consumers and businesses that want to have their disagreements resolved through arbitration.

## Availability of Mediation through AAA Mediation.org

Mediation in consumer disputes is also available to help parties resolve their disputes. Parties interested in participating in mediation may find a mediator through **www.aaamediation.org.**

## Administrative Fees

The Association charges a fee for its services under these Rules. A fee schedule is included at the end of these Rules in the Costs of Arbitration section.

## Arbitrator's Fees

Arbitrators are paid for the time they spend resolving disputes. The business makes deposits as outlined in the fee schedule in the Costs of Arbitration section of these Rules. Unused deposits are refunded at the end of the case.

## Notification

A business intending to incorporate these Rules or to refer to the dispute resolution services of the AAA in a consumer alternative dispute resolution ("ADR") plan should, at least 30 days prior to the planned effective date of the program,

- notify the Association of its intention to do so, and
- provide the Association with a copy of the consumer dispute resolution plan.

If a business does not comply with this requirement, the Association reserves the right to withhold its administrative services. For more information, please see R-12 below.

## Filing a Case and Initial AAA Administrative Steps

### R-1. Applicability (When the AAA Applies These Rules)

**(a)** The parties shall have made these *Consumer Arbitration Rules* ("Rules") a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA"), and

   **1)** have specified that these *Consumer Arbitration Rules* shall apply;

   **2)** have specified that the *Supplementary Procedures for Consumer-Related Disputes* shall apply, which have been amended and renamed the Consumer Arbitration Rules;

   **3)** the arbitration agreement is contained within a consumer agreement, as defined below, that does not specify a particular set of rules; or

   **4)** the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules.*

When parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement.

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

Examples of contracts that typically meet the criteria for application of these Rules, if the contract is for personal or household goods or services and has an arbitration provision, include, but are not limited to the following:

- Credit card agreements
- Telecommunications (cell phone, ISP, cable TV) agreements
- Leases (residential, automobile)
- Automobile and manufactured home purchase contracts
- Finance agreements (car loans, mortgages, bank accounts)
- Home inspection contracts
- Pest control services

- Moving and storage contracts

- Warranties (home, automobile, product)

- Legal funding

- Health and fitness club membership agreements

- Travel services

- Insurance policies

- Private school enrollment agreements

Examples of contracts that typically do not meet the criteria for application of these Rules, should the contract contain an arbitration provision, include, but are not limited to the following:

- Home construction and remodeling contracts

- Real estate purchase and sale agreements

- Condominium or homeowner association by-laws

- Business insurance policies (including crop insurance)

- Commercial loan and lease agreements

- Commercial guaranty agreements

**(b)** When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

**(c)** The consumer and the business may agree to change these Rules. If they agree to change the Rules, they must agree in writing. If the consumer and the business want to change these Rules after the appointment of the arbitrator, any changes may be made only with the approval of the arbitrator.

**(d)** The AAA administers consumer disputes that meet the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules.* The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the *Consumer Due Process Protocol.* Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**(e)** The AAA has the initial authority to apply or not to apply the *Consumer*

*Arbitration Rules.* If either the consumer or the business disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply.

**(f)** If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 30 days to permit the party to obtain a stay of arbitration from the court.

**(g)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by the submission of documents only/desk arbitration (see R-29 and the *Procedures for the Resolution of Disputes through Document Submission* below). Any party, however, may ask for a hearing. The arbitrator also may decide that a hearing is necessary.

### R-2. Starting Arbitration under an Arbitration Agreement in a Contract

**(a)** Arbitration filed under an arbitration agreement naming the AAA shall be started in the following manner:

**(1)** The party who starts the arbitration (referred to as the "claimant" throughout the arbitration) must contact, in writing, the party that the case is filed against (referred to as the "respondent" throughout the arbitration) that it wishes to arbitrate a dispute. This written contact is referred to as the Demand for Arbitration ("Demand"). The Demand must do the following:

- Briefly explain the dispute
- List the names and addresses of the consumer and the business, and, if known, the names of any representatives of the consumer and the business
- Specify the amount of money in dispute, if applicable
- Identify the requested location for the hearing if an in-person hearing is requested
- State what the claimant wants

**(2)** The claimant must also send one copy of the Demand to the AAA at the same time the demand is sent to the respondent. When sending a Demand to the AAA, the claimant must also send the following:

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document
- The proper filing fee; the amount of the filing fee can be found in the Costs of Arbitration section at the end of these Rules.

(3) If the arbitration is pursuant to a court order, the claimant must send one copy of the Demand to the AAA at the same time the Demand is sent to the respondent. When sending a demand to the AAA, the claimant must also send the following:

- A copy of the court order

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document

- The proper filing fee

The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party either to make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

The claimant may file by mail. The mailing address of the AAA's Case Filing Services is:

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

Or, the claimant may file online using AAA WebFile: **https://www.adr.org**

Or, the claimant may file at any of the AAA's offices.

(b) The AAA will send a written notice letting the consumer and the business know the Demand for Arbitration has been received.

(c) The respondent may submit a written response to the Demand, known as an "answer," which describes how the respondent responds to the claimant's claim. The answer must be sent to the AAA within 14 calendar days after the date the AAA notifies the parties that the Demand for Arbitration was received and all filing requirements were met. The answer must be

- in writing,

- sent to the AAA, and

- sent to the claimant at the same time.

(d) The respondent may also file a counterclaim, which is the respondent filing a Demand against the claimant. If the respondent has a counterclaim, the counterclaim must briefly explain the dispute, specify the amount of money involved, and state what the respondent wants.

**(e)** If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 days regardless of whether an answer is filed.

**(f)** When sending a Demand or an answer, the consumer and the business are encouraged to provide enough details to make the dispute clear to the arbitrator.

## R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause

If the consumer and business do not have an arbitration agreement or their arbitration agreement does not name the AAA, the parties may agree to have the AAA arbitrate their dispute. To start the arbitration, the parties must send the AAA a submission agreement, which is an agreement to arbitrate their case with the AAA, signed by the consumer and the business (email communications between all parties to a dispute reflecting an agreement to arbitrate also is acceptable). The submission agreement must

- be in writing (electronic communication is acceptable);
- be signed by both parties;
- briefly explain the dispute;
- list the names and addresses of the consumer and the business;
- specify the amount of money involved;
- specify the requested location for the hearing if an in-person hearing is requested; and
- state the solution sought.

The parties should send one copy of the submission agreement to the AAA. They must also send the proper filing fees. A fee schedule can be found in the Costs of Arbitration section at the end of these Rules.

## R-4. AAA Administrative Fees

As a not-for-profit organization, the AAA charges fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the case is filed shall apply for all fees charged during the administration of the case. The AAA may, in the event of the consumer's extreme hardship, defer or reduce the consumer's administrative fees.

AAA fees shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

## R-5. Neutral Arbitrator's Compensation

**(a)** Arbitrators serving under these Rules shall be compensated at a rate established by the AAA.

**(b)** Any arrangement for the compensation of an arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

**(c)** Arbitrator compensation shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

## R-6. Depositing Neutral Arbitrator's Compensation with the AAA

The AAA may require the parties to deposit in advance of any hearings such sums of money as it decides are necessary to cover the expense of the arbitration, including the arbitrator's fee, and shall render an accounting to the parties and return any unused money at the conclusion of the case.

## R-7. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne in accordance with the Costs of Arbitration section found at the end of these Rules.

## R-8. Changes of Claim

Once a Demand has been filed, any new claims or counterclaims, or changes to the claim or counterclaim, must be made in writing and sent to the AAA. The party making the new or different claim or counterclaim shall send a copy to the opposing party. As with the original Demand or counterclaim, a party shall have 14 calendar days from the date the AAA notifies the parties it received the new or different claim or counterclaim to file an answering statement with the AAA.

If an arbitrator has already been appointed, a new or different claim or counterclaim may only be considered if the arbitrator allows it.

### R-9. Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

**(a)** The parties may take their claims to small claims court without first filing with the AAA.

**(b)** After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

**(c)** After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

### R-10. Administrative Conference with the AAA

At the request of any party or if the AAA should so decide, the AAA may have a telephone conference with the parties and/or their representatives. The conference may address issues such as arbitrator selection, the possibility of a mediated settlement, exchange of information before the hearing, timing of the hearing, the type of hearing that will be held, and other administrative matters.

### R-11. Fixing of Locale (the city, county, state, territory and or country where the arbitration will take place)

If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination. The locale determination will be made after considering the positions of the parties, the circumstances of the parties and the dispute, and the *Consumer Due Process Protocol.*

R-12. Business Notification and Publicly-Accessible Consumer Clause Registry

Beginning September 1, 2014, a business that provides for or intends to provide for these Rules or another set of AAA Rules in a consumer contract (as defined in R-1) should

1. notify the AAA of the existence of such a consumer contract or of its intention to do so at least 30 days before the planned effective date of the contract.

2. provide the AAA a copy of the arbitration agreement.

Upon receiving the arbitration agreement, the AAA will review the agreement for material compliance with due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules* (see Rule 1(d)). There is a nonrefundable fee to conduct this initial review and maintain a publicly-available clause registry, which is detailed in the Costs of Arbitration section found at the end of these Rules. Any subsequent changes, additions, deletions, or amendments to a currently-registered arbitration agreement must be resubmitted for review and a review fee will be assessed at that time. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement where the business fails to pay the review fee.

If a business does not submit its arbitration agreement for review and a consumer arbitration then is filed with the AAA, the AAA will conduct an expedited review at that time. Along with any other filing fees that are owed for that case, the business also will be responsible for paying the nonrefundable review and Registry fee (including any fee for expedited review at the time of filing) for this initial review, which is detailed in the Costs of Arbitration section found at the end of these Rules. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement if the business declines to pay the review and Registry fee.

After the AAA reviews the submitted consumer clause, receives the annual consumer registry fee, and determines it will administer consumer-related disputes filed pursuant to the consumer clause, the business will be included on the publicly-accessible Consumer Clause Registry. This Consumer Clause Registry maintained by the AAA will contain the name of the business, the address, and the consumer arbitration clause, along with any related documents as deemed necessary by the AAA. The AAA's review of a consumer arbitration clause and determination whether or not to administer arbitrations pursuant to that clause is only an administrative determination by the AAA and cannot be

relied upon or construed as a legal opinion or advice regarding the enforceability of the arbitration clause. Consumer arbitration agreements may be registered at: **www.adr.org/consumerclauseregistry** or via email at **consumerreview@adr.org.**

For more information concerning the Consumer Clause Registry, please visit the AAA's website at **www.adr.org/consumerclauseregistry.**

The Registry fee to initially review a business's agreement and maintain the clause registry list is a yearly, non-refundable fee for the business's arbitration agreement. Any different arbitration agreements submitted by the same business or its subsidiaries must be submitted for review and are subject to the current review fee.

If the AAA declines to administer a case due to the business's non-compliance with this notification requirement, the parties may choose to submit their dispute to the appropriate court.

### R-13. AAA and Delegation of Duties

When the consumer and the business agree to arbitrate under these Rules or other AAA rules, or when they provide for arbitration by the AAA and an arbitration is filed under these Rules, the parties also agree that the AAA will administer the arbitration. The AAA's administrative duties are set forth in the parties' arbitration agreement and in these Rules. The AAA will have the final decision on which office and which AAA staff members will administer the case. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

### R-14. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## Appointing the Arbitrator

### R-15. National Roster of Arbitrators

The AAA maintains a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators from this National Roster to resolve the parties' dispute(s).

### R-16. Appointment from National Roster

(a) If the parties have not appointed an arbitrator and have not agreed to a process for appointing the arbitrator, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint an arbitrator from the National Roster.

(b) If the parties' arbitration agreement provides for three or more arbitrators and they have not appointed the arbitrators and have not agreed to a process for appointing the arbitrators, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint the arbitrators from the National Roster. The AAA will appoint the chairperson.

(c) Arbitrator(s) serving under these Rules will be neutral and must meet the standards of R-19 with respect to being impartial and independent.

### R-17. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators and the parties do not agree on the number, the dispute shall be heard and decided by one arbitrator.

### R-18. Disclosure

(a) Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. This disclosure of information would include

   (1) any bias;

   (2) any financial interest in the result of the arbitration;

   (3) any personal interest in the result of the arbitration; or

   (4) any past or present relationship with the parties or their representatives.

Such obligation to provide disclosure information remains in effect throughout the arbitration. A failure on the part of a party or a representative to comply with the requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-50.

**(b)** If the AAA receives such information from the arbitrator or another source, the AAA will communicate the information to the parties. If the AAA decides it is appropriate, it will also communicate the information to the arbitrator and others.

**(c)** In order to encourage disclosure by arbitrators, disclosing such information does not mean that the arbitrator considers the disclosed information will likely affect his or her ability to be impartial or independent.

## R-19. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties carefully and in good faith. The AAA may disqualify an arbitrator who shows

    **(1)** partiality or lack of independence;

    **(2)** inability or refusal to perform his or her duties with diligence and in good faith; or

    **(3)** any grounds for disqualification provided by applicable law.

**(b)** If a party objects to the continued service of an arbitrator, or if the AAA should so decide to raise the issue of whether the arbitrator should continue on the case, the AAA will decide if the arbitrator should be disqualified.  After gathering the opinions of the parties, the AAA will decide and that decision shall be final and conclusive.

## R-20. Vacancies

If for any reason an arbitrator cannot or is unwilling to perform the duties of the office, the AAA may declare the office vacant. Any vacancies shall be filled based on the original procedures used to appoint the arbitrator. If a substitute arbitrator is appointed, the substitute arbitrator will decide if it is necessary to repeat all or part of any prior ruling or hearing.

## Pre-Hearing Preparation

### R-21. Preliminary Management Hearing with the Arbitrator

**(a)** If any party asks for, or if the AAA or the arbitrator decides to hold one, the arbitrator will schedule a preliminary management hearing with the parties and/or their representatives as soon as possible. The preliminary management hearing will be conducted by telephone unless the arbitrator decides an in-person preliminary management hearing is necessary.

**(b)** During the preliminary management hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of issues and claims, scheduling of the hearings, and any other preliminary matters.

**(c)** The arbitrator shall promptly issue written orders that state the arbitrator's decisions made during or as a result of the preliminary management hearing. The arbitrator may also conduct additional preliminary management hearings if the need arises.

### R-22. Exchange of Information between the Parties

**(a)** If any party asks or if the arbitrator decides on his or her own, keeping in mind that arbitration must remain a fast and economical process, the arbitrator may direct

    **1)** specific documents and other information to be shared between the consumer and business, and

    **2)** that the consumer and business identify the witnesses, if any, they plan to have testify at the hearing.

**(b)** Any exhibits the parties plan to submit at the hearing need to be shared between the parties at least five business days before the hearing, unless the arbitrator sets a different exchange date.

**(c)** No other exchange of information beyond what is provided for in section (a) above is contemplated under these Rules, unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process.

**(d)** The arbitrator has authority to resolve any disputes between the parties about exchanging information.

### R-23. Enforcement Powers of the Arbitrator

The arbitrator may issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient, and economical resolution of the case, including, but not limited to:

**(a)** an order setting the conditions for any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing in order to preserve such confidentiality;

(b) to the extent the exchange of information takes place pursuant to R-22, imposing reasonable search limitations for electronic and other documents if the parties are unable to agree;

(c) allocating costs of producing documentation, including electronically-stored documentation;

(d) in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

(e) issuing any other enforcement orders that the arbitrator is empowered to issue under applicable law.

## R-24. Written Motions (except for Dispositive Motions—see R-33)

The arbitrator may consider a party's request to file a written motion (except for Dispositive Motions— see R-33) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion and his or her decision is final.

## R-25. Representation of a Party

Any party may participate in the arbitration without representation, or may be represented by counsel or other authorized representative, unless such choice is prohibited by applicable law. A party intending to be represented shall give the opposing party and the AAA the name, address, and contact information of the representative at least three business days before the hearing where that representative will first appear in the case. It will be considered proper notice if a representative files the arbitration demand or answer or responds for a party during the course of the arbitration.

While parties do not need an attorney to participate in arbitration, arbitration is a final, legally-binding process that may impact a party's rights. As such, parties may want to consider consulting an attorney.

### R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator will set the date, time, and place for each hearing within the locale as determined in R-11. A hearing may be by telephone or in person. For their part, the parties commit to

**(1)** respond promptly to the arbitrator when he or she asks what dates the parties

are available to have the hearings;

**(2)** cooperate in the scheduling of the hearing on the earliest possible date; and

**(3)** follow the hearing schedule set up by the arbitrator.

The AAA will send a notice of the hearing to the parties at least 10 days before the hearing date, unless the parties agree to a different time frame.

### R-27. Written Record of Hearing

**(a)** If a party wants a written record of the hearing, that party must make such arrangement directly with a stenographer (court reporter) and notify the opposing parties, the AAA, and the arbitrator of these arrangements at least three business days before the hearing. The party or parties who request the written record shall pay the cost of the service.

**(b)** No other type of recording will be allowed unless the parties agree or the arbitrator directs a different form of recording.

**(c)** The arbitrator may resolve disputes between the parties over who will pay the costs of the written record or other type of recording.

**(d)** The parties can agree or the arbitrator may decide that the transcript (written record) is the official record of the hearing. If it is the official record of the hearing, the transcript must be given to the arbitrator and made available to all the parties so that it can be reviewed. The date, time, and place of the inspection will be decided by the arbitrator.

### R-28. Interpreters

If a party wants an interpreter present for any part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the service.

R-29. Documents-Only Procedure

Disputes may be resolved by submission of documents and without in-person or telephonic hearings. For cases being decided by the submission of documents only, the *Procedures for the Resolution of Disputes through Document Submission* (found at the end of these Rules) shall supplement these Rules. These Procedures will apply where no disclosed claims or counterclaims exceed $25,000 (see R-1(g)), unless any party requests an in-person or telephonic hearing or the arbitrator decides that a hearing is necessary.

## Hearing Procedures

### R-30. Attendance at Hearings

The arbitrator and the AAA will keep information about the arbitration private except to the extent that a law provides that such information shall be shared or made public. The parties and their representatives in the arbitration are entitled to attend the hearings. The arbitrator will determine any disputes over whether a non-party may attend the hearing.

### R-31. Oaths

Before starting the hearing, each arbitrator may take an oath of office and, if required by law, shall do so. If the arbitrator determines that witnesses shall testify under oath, then the arbitrator will direct the oath be given by a duly-qualified person.

### R-32. Conduct of Proceedings

**(a)** The claimant must present evidence to support its claim. The respondent must then present evidence to support its defense. Witnesses for each party also must answer questions from the arbitrator and the opposing party. The arbitrator may change this procedure, as long as each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** When the arbitrator decides it is appropriate, the arbitrator may also allow the parties to present evidence in alternative ways, including web conferencing, Internet communication, and telephonic conferences. All procedures must provide the parties with a full and equal opportunity to present any evidence that the arbitrator decides is material and relevant to deciding the dispute. If the alternative ways to present evidence involve witnesses, those ways may include that the witness submit to direct and cross-examination questioning.

**(c)** The arbitrator will use his or her discretion to resolve the dispute as quickly as possible and may direct the parties to present the evidence in a certain order, or may split the proceedings into multiple parts and direct the parties in the presentation of evidence.

**(d)** The hearing generally will not exceed one day. However, if a party shows good cause, the arbitrator may schedule additional hearings within seven calendar days after the initial day of hearing.

**(e)** The parties may agree in writing to waive oral hearings.

### R-33. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

### R-34. Evidence

**(a)** The parties may offer relevant and material evidence and must produce any evidence the arbitrator decides is necessary to understand and decide the dispute. Following the legal rules of evidence shall not be necessary. All evidence should be taken in the presence of the arbitrator and all of the parties, unless any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine what evidence will be admitted, what evidence is relevant, and what evidence is material to the case. The arbitrator may also exclude evidence that the arbitrator decides is cumulative or not relevant.

**(c)** The arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so on the request of any party or on the arbitrator's own determination. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.

### R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence

**(a)** The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit rather than in-person testimony but will give this evidence only such credence as the arbitrator decides is appropriate. The arbitrator will consider any objection to such evidence made by the opposing party.

**(b)** If the parties agree or the arbitrator decides that documents or other evidence need to be submitted to the arbitrator after the hearing, those documents or other evidence will be filed with the AAA so that they can be sent to the arbitrator. All parties will be given the opportunity to review and respond to these documents or other evidence.

### R-36. Inspection or Investigation

An arbitrator finding it necessary to inspect property or conduct an investigation in connection with the arbitration will request that the AAA inform the parties. The arbitrator will set the date and time of the inspection and investigation, and the AAA will notify the parties. Any party who would like to be present at the

inspection or investigation may attend. If one or all parties are not present at the inspection or investigation, the arbitrator will make an oral or written report to the parties and allow them an opportunity to comment.

### R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration)

**(a)** The arbitrator may grant whatever interim measures he or she decides are necessary, including granting an injunction and ordering that property be protected.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require a security payment for the costs of such measures.

**(c)** When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

**(d)** A party to an arbitration agreement under these Rules may instead file in state or federal court for interim relief. Applying to the court for this type of relief, including temporary restraining orders, is consistent with the agreement to arbitrate and will not be considered a waiver of the right to arbitrate.

### R-38. Postponements

The arbitrator may postpone any hearing

**(a)** if requested by a party, and the party shows good cause for the postponement;

**(b)** if all parties agree to a postponement;

**(c)** on his or her own decision.

### R-39. Arbitration in the Absence of a Party or Representative

The arbitration may proceed even if any party or representative is absent, so long as proper notice was given and that party or representative fails to appear or obtain a postponement from the arbitrator. An award cannot be made only because of the default of a party. The arbitrator shall require the party who participates in the hearing to submit the evidence needed by the arbitrator to make an award.

## Conclusion of the Hearing

### R-40. Closing of Hearing

The arbitrator must specifically ask all parties whether they have any further proofs to offer or witnesses to be heard. When the arbitrator receives negative replies or he or she is satisfied that the record is complete, the arbitrator will declare the hearing closed.

If briefs or other written documentation are to be filed by the parties, the hearing shall be declared closed as of the final date set by the arbitrator. Absent agreement of the parties, the time that the arbitrator has to make the award begins upon the closing of the hearing. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-41. Reopening of Hearing

If a party requests, or if the arbitrator decides to do so, the hearing may be reopened at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. If the arbitrator reopens the hearing, he or she shall have 30 days from the closing of the reopened hearing within which to make an award.

### R-42. Time of Award

The award shall be issued promptly by the arbitrator and, unless the parties agree differently or the law indicates a different time frame, no later than 30 calendar days from the date the hearing is closed, or, if the case is a documents-only procedure, 14 calendar days from the date the arbitrator set for his or her receipt of the final statements and proofs. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-43. Form of Award

(a) Any award shall be in writing and executed in the form and manner required by law.

(b) The award shall provide the concise written reasons for the decision unless the parties all agree otherwise. Any disagreements over the form of the award shall be decided by the arbitrator.

**(c)** The AAA may choose to publish an award rendered under these Rules; however, the names of the parties and witnesses will be removed from awards that are published, unless a party agrees in writing to have its name included in the award.

## R-44. Scope of Award

**(a)** The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and divide up the fees, expenses, and compensation related to such award as the arbitrator decides is appropriate, subject to the provisions and limitations contained in the Costs of Arbitration section.

**(c)** The arbitrator may also allocate compensation, expenses as defined in sections (v) and (vii) of the Costs of Arbitration section, and administrative fees (which include Filing and Hearing Fees) to any party upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous.

**(d)** In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-4, R-5, and R-7 in favor of any party, subject to the provisions and limitations contained in the Costs of Arbitration section.

## R-45. Award upon Settlement

If the parties settle their dispute at any point during the arbitration and at the parties' request, the arbitrator may lay out the terms of the settlement in a "consent award" (an award drafted and signed by the arbitrator that reflects the settlement terms of the parties). A consent award must include a division of the arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses. Consent awards will not be made available to the public per Rule 43(c) unless the parties agree otherwise.

## R-46. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors

(a) Within 20 days after the award is transmitted, any party, upon notice to the opposing parties, may contact the AAA and request that the arbitrator correct any clerical, typographical, or mathematical errors in the award. The arbitrator has no power to re-determine the merits of any claim already decided.

(b) The opposing parties shall be given 10 days to respond to the request. The arbitrator shall make a decision on the request within 20 days after the AAA transmits the request and any responses to the arbitrator.

(c) If applicable law provides a different procedural time frame, that procedure shall be followed.

## Post Hearing

### R-48. Release of Documents for Judicial Proceedings

The AAA shall give a party certified copies of any records in the AAA's possession that may be required in judicial proceedings relating to the arbitration, except for records determined by the AAA to be privileged or confidential. The party will have to pay a fee for this service.

### R-49. Applications to Court and Exclusion of Liability

(a) No court or judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

(e) Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or any AAA employee as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA, and AAA employees are not competent to and may not testify as witnesses in any such proceeding.

## General Procedural Rules

### R-50. Waiver of Rules

If a party knows that any of these Rules have not been followed, it must object in writing before proceeding with arbitration or it will lose its right to object that the rule has not been followed.

### R-51. Extensions of Time

The parties may agree to change any period of time provided for in the Rules, except that any such modification that negatively affects the efficient resolution of the dispute is subject to review and approval by the arbitrator. The AAA or the arbitrator may for good cause extend any period of time in these Rules, except as set forth in R-42. The AAA will notify the parties of any extension.

### R-52. Serving of Notice and AAA and Arbitrator Communications

**(a)** Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules, may be served on a party by mail or email addressed to the party or its representative at the last-known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**(b)** The AAA, the arbitrator, and the parties also may use overnight delivery, electronic facsimile transmission (fax), or electronic mail (email) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be sent by other methods of communication.

**(c)** Unless directed differently by the AAA or by the arbitrator, any documents and all written communications submitted by any party to the AAA or to the arbitrator also shall be sent at the same time to all parties to the arbitration.

**(d)** A failure to provide the other parties with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

**(e)** A party and/or someone acting on behalf of a party cannot have any communications with an arbitrator or a potential arbitrator about the arbitration outside of the presence of the opposing party. All such communications shall be conducted through the AAA.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or its representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

### R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

### R-54. Remedies for Nonpayment

**(a)** If arbitrator compensation or administrative charges have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment.

**(b)** Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment.

Such measures may include limiting a party's ability to assert or pursue its claim. However, a party shall never be precluded from defending a claim or counterclaim. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.

**(c)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(d)** If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the proceedings. Such an order shall be in writing and signed by the arbitrator. The impact of the termination for nonpayment of the Consumer Clause Registry fee is the removal from the "Registered" section of the Registry.

### R-55. Declining or Ceasing Arbitration

The AAA in its sole discretion may decline to accept a Demand for Arbitration or stop the administration of an ongoing arbitration due to a party's improper conduct, including threatening or harassing behavior towards any AAA staff, an arbitrator, or a party or party's representative.

## Costs of Arbitration

Where the AAA determines that a business's failure to pay their portion of arbitration costs is a violation of the *Consumer Arbitration Rules,* the AAA may decline to administer future consumer arbitrations with that business.

| Party | Desk/Documents-Only Arbitration | In-Person, Virtual or Telephonic Hearing Arbitration |
|-------|--------------------------------|------------------------------------------------------|
| Individual | **Single Consumer Case Filing Fee:** $200<br><br>**Multiple Consumer Case Filing Fee:** $100 or $50 per case depending on tier<br><br>$0 if Case Filed by Business | **Single Consumer Case Filing Fee:** $200<br><br>**Multiple Consumer Case Filing Fee:** $100 or $50 per case depending on tier<br><br>$0 if Case Filed by Business |
| Business | **Single Consumer Case Filing Fee:** $300 for 1 or $425 for 3 arbitrators is due once the individual claimant meets the filing requirements; $500 for 1 arbitrator or $625 for 3 arbitrators if Case Filed by Business is due at the time the arbitration is filed.<br><br>**Multiple Consumer Case Filing Fee:** $300, $225, $150, or $75 per case depending on tier, due once the individual claimant meets the filing requirements; Business must pay both the Individual's Filing Fee and Business's Filing Fee if the case is filed by Business, due at the time the arbitration is filed.<br><br>**Case Management Fee:** $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed and must be paid prior to the arbitrator appointment process.<br><br>**Arbitrator Compensation:** $1,500 per case* | **Single Consumer Filing Fee:** $300 for 1 or $425 for 3 arbitrators is due once the individual claimant meets the filing requirements; $500 for 1 arbitrator or $625 for 3 arbitrators if Case Filed by Business is due at the time the arbitration is filed.<br><br>**Multiple Consumer Case Filing Fee:** $300, $225, $150, or $75 per case depending on tier, due once the individual claimant meets the filing requirements; Business must pay both the Individual's Filing Fee and Business's Filing Fee if the case is filed by Business, due at the time the arbitration is filed.<br><br>**Case Management Fee:** $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed and must be paid prior to the arbitrator appointment process.<br><br>**Hearing Fee:** $500<br><br>**Arbitrator Compensation:** $2,500 per day of hearing* per arbitrator |

| Party | Desk/Documents–Only Arbitration | In-Person, Virtual or Telephonic Hearing Arbitration |
|-------|--------------------------------|------------------------------------------------------|
|  | *A Desk/Documents-Only Case will not exceed document submissions of more than 100 pages in total and 7 total hours of time for the arbitrator to review the submissions and render the Award.<br><br>Beyond 100 pages and 7 hours of time, the business will be responsible for additional arbitrator compensation at a rate of $300 per hour. Arbitrator compensation is not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. | *The arbitrator compensation encompasses one preliminary conference, one day of in-person, virtual or telephonic hearing, and one final award. For cases with additional procedures, such as multiple telephone conferences, motion practice, post-hearing briefing, interim or partial awards, awards containing findings of fact and conclusions of law, or other processes not provided for in the Rules, the business will be responsible for additional arbitrator compensation. Arbitrator compensation is not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. |

## AAA Administrative Fees

In cases where the business is the filing party, either as the claimant or filing on behalf of the individual, the business shall be responsible for all administrative fees that includes, filing fees, case management fees and hearing fees charged by the AAA.

Arbitrator compensation is not included as a part of the AAA's administrative fees.

Note that with regard to all AAA administrative fees, the AAA retains the discretion to interpret and apply this fee schedule to a particular case or cases.

### (i) Filing Fees*

The business's share of the filing fees is due as soon as the AAA confirms in writing that the individual filing meets the filing requirements, even if the matter is settled or withdrawn.

There shall be no filing fee charged for a counterclaim.

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)*

*\*Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective May 1, 2020)*

A. Single Consumer Case Filing:

In cases before a single arbitrator where the individual is the Claimant, a **non-refundable\*\*** filing fee, capped in the amount of $200, is payable in full by the individual when a case is filed unless the parties' agreement provides that the individual pay less. A **non-refundable** filing fee in the amount of $300 is payable by the business once the individual claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.

In cases before three or more arbitrators, where the individual is the Claimant, a **non-refundable\*\*** filing fee capped in the amount of $200 is payable in full by the individual when a case is filed, unless the parties' agreement provides that the individual pay less. A **non-refundable** filing fee in the amount of $425 is payable by the business once the individual claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.

In cases where the business is the Claimant, the business shall be responsible for all filing fees. The **non-refundable** filing fee is $500 for a single arbitrator or $625 for 3 arbitrators.

*\*\*In the event the single consumer case filing is closed due to non-payment of initial filing fees by the business the AAA will return any filing fee received from the individual.*

B. Multiple Consumer Case Filings:

These multiple consumer case filings fees will apply to all cases when the American Arbitration Association (AAA) determines in its sole discretion that the following conditions are met:

a. Twenty-five (25) or more similar claims for arbitration or mediation are filed,

b. Claims are against or on behalf of the same party or parties, and

c. Counsel for the parties is consistent or coordinated across all cases.

All fees listed below are **non-refundable\*\*\*** and will be assessed to the parties as described below, unless the clause provides that the individual pay less or the clause provides that the business is responsible for the entire fee.

*\*\*\*In the event any multiple case filings are closed due to non-payment of filing fees by the business, the AAA will return any filing fees received from the individuals. Filing fees are non-refundable in the event the cases are closed due to settlement or withdrawal.*

AAA, in its sole discretion, may consider an alternative payment process for multiple case filings.

**Filing Fees For Cases Filed by the Individuals:**

AAA reserves the right to determine what tier of fees applies to multiple cases filed subsequent to the initial filing.

For multiple case filings that contain more than 500 cases, each tier will be applied to the number of cases that fall within that tier.

|  | **First 500 Cases** | **Cases 501 to 1,500** | **Cases 1,501 to 3,000** | **Cases 3,001 and beyond** |
|---|---|---|---|---|
| Individual filing fee per case | $100 | $50 | $50 | $50 |
| Business filing fee per case | $300 | $225 | $150 | $75 |

(ii) Case Management Fees

A non-refundable case management fee of $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed to the business and must be paid prior to the arbitrator appointment process.

(iii) Hearing Fees

For telephonic hearings, virtual hearings or in-person hearings held, a Hearing Fee of $500 is payable by the business. If a case is settled or withdrawn prior to

American Arbitration Association

the hearing taking place, the Hearing Fee will be refunded, or cancelled if not yet paid. However, if the AAA is not notified of a cancellation at least two business days before a scheduled hearing, the Hearing Fee will remain due and will not be refunded.

There is no AAA hearing fee for an Administrative Conference (see R-10).

## Neutral Arbitrator's Compensation

The business shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation.

- **Desk/Documents-Only Arbitration** – Arbitrators serving on a desk/documents-only arbitration will receive compensation at a rate of $1,500 per case. A desk/documents-only arbitration will not exceed document submissions of more than 100 pages in total and 7 total hours of time for the arbitrator to review the submissions and render the Award. Beyond 100 pages and 7 hours of time, the business will be responsible for additional arbitrator compensation at a rate of $300 per hour.

- **In-Person, Virtual or Telephonic Hearing Arbitration** – Arbitrators serving on an in-person, virtual or telephonic hearing arbitration case will receive compensation at a rate of $2,500 per day of hearing per arbitrator. The arbitrator compensation encompasses one preliminary conference, one day of in-person, virtual or telephonic hearing, and one final award. For cases with additional procedures, such as multiple telephone conferences, motion practice, post-hearing briefing, interim or partial awards, awards containing findings of fact and conclusions of law, or other processes not provided for in the Rules, the business will be responsible for additional arbitrator compensation.

Once a Preliminary Management Hearing is held by the arbitrator, the arbitrator is entitled to one-half of the arbitrator compensation rate. Once evidentiary hearings are held or all parties' documents are submitted for a desk/documents-only arbitration, the arbitrator is entitled to the full amount of the arbitrator compensation rate.

For in-person, virtual or telephonic hearing arbitrations, if an evidentiary hearing is cancelled fewer than 2 business days before the hearing, the arbitrator is entitled to receive compensation at the first day of hearing rate.

Any determination by the AAA on whether the business will be responsible for additional arbitrator compensation is in the sole discretion of the AAA and such decision is final and binding.

## Reallocation of Arbitrator Compensation, AAA Administrative Fees and Certain Expenses

Arbitrator compensation, expenses, and administrative fees (which include Filing Fees, Case Management Fees and Hearing Fees) are not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

## Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms for rent in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the business.

## Abeyance Fee

(i) <u>For Single Consumer Case Filing</u>

Parties on cases held as inactive for one year will be assessed an annual abeyance fee of $500. If a party refuses to pay the assessed fee, the opposing party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed. All filing requirements, including payment of filing and other administrative fees, must be met before a matter may be placed in abeyance.

(ii) <u>For Multiple Consumer Case Filings</u>

Should the cases be stayed to allow for settlement negotiations or for any other reason, including judicial intervention, the AAA shall assess a single, **non-refundable** administrative fee of $2,500 for the stayed cases, and an additional, single, non-refundable administrative fee of $2,500 for the stayed cases every six months the cases are held in abeyance. All abeyance fees are to be paid by the business. All filing requirements, including payment of filing and other administrative fees, must be met before a matter may be placed in abeyance.

## Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business.

## Consumer Clause Review and Registry Fee

Please note that all fees described below are **non-refundable.**

For businesses submitting a clause, the cost of reviewing the clause and maintaining that clause on the Registry is $500. A yearly Registry fee of $500 will be charged to maintain each clause on the Registry for each calendar year thereafter.

If the AAA receives a demand for consumer arbitration arising from an arbitration clause that was not previously submitted to the AAA for review and placement on the Registry, the business will incur an additional $250 fee for the AAA to conduct an immediate review of the clause.

Any subsequent changes, additions, deletions, or amendments to a currently registered arbitration agreement must be submitted for review and a review fee of $500 will be assessed at that time.

## AAA Mediation Fees for Multiple Consumer Case Filings

For cases that are determined by the AAA to fall under the Multiple Consumer Case Filing fees section of this Costs of Arbitration fee schedule, the cost of mediation is based on the hourly or daily mediation rate published on the mediator's AAA profile. In addition, the administrative fee for AAA to initiate the mediation process for the multiple consumer case filings is $10,000 plus $75 per hour for each hour billed by the mediator. The business shall be responsible for these administrative fees, unless the parties agree otherwise.

The $10,000 mediation initiation fee is due prior to the appointment of the mediator. If mediation is commenced after multiple consumer case filings have been filed, and the parties agree to stay the arbitrations to pursue mediation, any unpaid arbitration related administrative filing fees will become due if the arbitration process starts again. If the arbitration related administrative filing fees

are paid prior to the parties commencing mediation, then the AAA may, in its sole discretion, determine to waive the $10,000 mediation initiation fee.

## AAA Administered Settlement Approval Process for Multiple Consumer Case Filings

For cases that are determined by the AAA to fall under the Multiple Consumer Case Filing fees section of this Costs of Arbitration fee schedule, where by law, court order and/or party agreement, the parties require a third party neutral to review and approve settlements, the fee for the AAA to provide administrative services for the purposes of a neutral to review and approve settlements is a flat rate of $3,250 plus $2,500 every six months thereafter that the cases remain open. The compensation of the neutral is $2,500. The business is responsible for all AAA fees and compensation referenced in this section.

## Fees for Additional Services

The AAA reserves the right to assess additional administrative fees for services performed by the AAA beyond those provided for in the *Consumer Arbitration Rules* and which may be required by the parties' agreement or stipulation.

## Procedures for the Resolution of Disputes through Document Submission

### D-1. Applicability

**(a)** In any case, regardless of claim size, the parties may agree to waive in-person/ telephonic hearings and resolve the dispute through submission of documents to one arbitrator. Such agreement should be confirmed in writing no later than the deadline for the filing of an answer.

**(b)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by these Procedures, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

**(c)** If one party makes a request to use the Procedures for the Resolution of Disputes through Document Submission (Procedures) and the opposing party is unresponsive, the arbitrator shall have the power to determine whether to proceed under the Procedures. If both parties seek to use the Procedures after the appointment of an arbitrator, the arbitrator must also consent to the process.

**(d)** When parties agree to these Procedures, the procedures in Sections D-1 through D-4 of these Rules shall supplement other portions of these rules which are not in conflict with the Procedures.

### D-2. Preliminary Management Hearing

Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator shall convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

### D-3. Removal from the Procedures

**(a)** The arbitrator has the discretion to remove the case from the Procedures if the arbitrator determines that an in-person or telephonic hearing is necessary.

**(b)** If the parties agree to in-person or telephonic hearings after a previous agreement to proceed under the Procedures, the arbitrator shall conduct such hearings. If a party seeks to have in-person or telephonic hearings after agreeing to the Procedures, but there is not agreement among the parties to proceed with in-person or telephonic hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

### D-4. Time of Award

(a) The arbitrator shall establish the date for either final written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing, and the time for the rendering of the award shall commence on that day as well.

(b) The arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

(c) The award is subject to all other provisions of these Rules that pertain to awards.

## Glossary of Terms

### Administrator

The Administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, to make preliminary decisions about where hearings might take place, and to handle the fees associated with the arbitration. As Administrator, however, the Administrator does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the Administrator's role is only administrative, the Administrator cannot overrule or change an arbitrator's decisions or rulings. The Administrator will comply with any court orders issued from litigation involving the parties to the dispute.

### ADR Agreement

An ADR Agreement is an agreement between a business and a consumer to submit disputes to mediation, arbitration, or other ADR processes.

### ADR Process

An ADR (Alternative Dispute Resolution) Process is a method of resolving a dispute other than by court litigation. Mediation and Arbitration are the most widely used ADR processes.

### ADR Program

An ADR Program is any program or service set up or used by a business to resolve disputes out of court.

### Arbitration

In arbitration, the parties submit disputes to an impartial person (the arbitrator) for a decision. Each party can present evidence to the arbitrator. Arbitrators do not have to follow the Rules of Evidence used in court.

Arbitrators decide cases with written decisions or "awards." An award is usually binding on the parties. A court may enforce an arbitration award and the court's review of arbitration awards is limited.

## Arbitration Agreement

An arbitration agreement is a contract between parties to settle their disputes by binding arbitration. It is typically found in the parties' contract in a section entitled "Arbitration" or "Dispute Resolution." It gives the parties information about how they are choosing to settle any disputes that they might have.

## Arbitrator

Arbitrators are neutral and independent decision makers who are not employees of the administrator. Except where the parties to a case reach their own settlement, the Arbitrator will make the final, binding decision on the dispute and render it in writing, called the Award. The Arbitrator makes all the procedural decisions on a case not made by the administrator or not decided jointly by the parties. The Arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

Once appointed to a case, an Arbitrator may not be removed by one party without the other party's consent or unless the administrator determines an Arbitrator should be removed and replaced by another Arbitrator chosen by the administrator in a manner described in these Rules.

## Case Administrator

The Case Administrator is the AAA's employee assigned to handle the administrative aspects of the case. He or she does not decide the case. He or she manages the case's administrative steps, such as exchanging documents, matching schedules, and setting up hearings. The Case Administrator is the parties' contact point for almost all aspects of the case outside of any hearings.

## Claimant

A Claimant is the party who files the claim or starts the arbitration. Either the consumer or the business may be the Claimant.

## Demand for Arbitration (also referred to as "Demand")

The written document created by the claimant that informs the respondent that it wishes to arbitrate a dispute. This document provides basic information about

the dispute, the parties involved and what the claimant wants as a result of the arbitration.

## Documents-Only Arbitration

In a Documents-Only Arbitration, the parties submit their arguments and evidence to the arbitrator in writing. The arbitrator then makes an award based only on the documents. No in-person or telephone hearing is held.

## Independent ADR Institution

An Independent ADR Institution is an organization that provides independent and impartial administration of ADR programs for consumers and businesses. The American Arbitration Association is an Independent ADR Institution.

## In-Person Hearing

During an In-Person Hearing, the parties and the arbitrator meet in a conference room or office and the parties present their evidence in a process that is similar to going to court. However, an In-Person Hearing is not as formal as going to court.

## Mediation

In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome.

## Neutral

A "Neutral" is a mediator, arbitrator, or other independent, impartial person selected to serve as the independent third party in an ADR process.

## Party

The party is the person(s) or business that is involved in the dispute in the arbitration process. Usually, these are the people or businesses that have an arbitration agreement between them that specifies that a dispute should be resolved by arbitration.

### Parties

Parties are all the separate individuals, businesses, or organizations involved in the arbitration.

### Opposing Party

The opposing party is the other party that is on the opposite side of the arbitration from you. If you are the claimant, the Opposing Party is the respondent. If you are the respondent, the Opposing Party is the claimant. If you are the consumer, the Opposing Party is the business. If you are the business, the Opposing Party is the consumer.

### Respondent

The respondent is the party against whom the claim is filed. If a Respondent states a claim in arbitration, it is called a counterclaim. Either the consumer or the business may be the Respondent.

### Telephone Hearing

In a Telephone Hearing, the parties have the opportunity to tell the arbitrator about their case during a conference call. They also present their evidence to the arbitrator during the call. Often this is done after the parties have sent in documents for the arbitrator to review.

*© 2020 American Arbitration Association®, Inc. All rights reserved. These rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*

AMERICAN ARBITRATION ASSOCIATION®