**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Ryan P. Phair (admitted *pro hac vice*)
rphair@HuntonAK.com
2200 Pennsylvania Avenue NW
Washington, District of Columbia 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Defendant
BATH & BODY WORKS, INC.
(formerly known as L BRANDS, INC.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE RETAIL EQUATION, INC., et al., <br><br> Defendants. | CASE NO.: 8:20-cv-01203 JWH-DFMx <br><br> **DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> [*Declaration of Douglas Wlodarski and Proposed Order filed concurrently herewith*] <br><br> Date: December 10, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 2 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on December 10, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court located at 3470 12th Street, Riverside, California, Defendant Bath & Body Works, Inc. ("BBWI"), formerly known as L Brands, Inc., will move this Court for an order dismissing it from this lawsuit.[1]

This motion is made under Rule 12(b)(2) of the Federal Rules of Civil Procedure 12(b)(2) on the grounds that Plaintiffs have not and cannot meet their burden to show general or specific personal jurisdiction over BBWI.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Douglas Wlodarski filed concurrently herewith, all the pleadings and papers on file herein, and on such other evidence and argument as may be presented at the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 2, 2021.

Dated: September 20, 2021      **HUNTON ANDREWS KURTH LLP**

By:  /s/ Jason J. Kim
Ann Marie Mortimer
Ryan P. Phair
Jason J. Kim
Jeff R. R. Nelson
Attorneys for Defendant
BATH & BODY WORKS, INC.
(formerly known as L BRANDS, INC.)

---

[1] Unlike the last round of jurisdictional challenges (ECF No. 143), BBWI is the only defendant that is filing a motion challenging personal jurisdiction. Accordingly, it files this motion on its own behalf—and not jointly with any other defendant.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. Plaintiffs Admit BBWI Is Not "At Home" in California | 2 |
| | B. Plaintiffs' Conclusory, Collective, and Otherwise Inaccurate Allegations Concerning BBWI and Its Subsidiaries | 2 |
| | C. BBWI's Efforts to Resolve This Issue Short of Court Intervention | 5 |
| III. | THIS COURT LACKS JURISDICTION OVER BBWI | 5 |
| | A. Plaintiffs Bear the Burden to Establish Jurisdiction | 5 |
| | B. Plaintiffs Cannot Show General Jurisdiction Over BBWI | 6 |
| | C. Plaintiffs Cannot Show Specific Jurisdiction Over BBWI | 6 |
| |     1. Plaintiffs cannot show purposeful direction | 7 |
| |     2. Plaintiffs cannot establish any acts by BBWI that have a nexus to their claims | 9 |
| |     3. Exercising jurisdiction over BBWI would be unreasonable | 10 |
| IV. | CONCLUSION | 12 |

i

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADO Fin., AG v. McDonnell Douglas Corp.*,
  931 F. Supp. 711 (C.D. Cal. 1996) ................................................................. 1, 8

*Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*,
  2019 WL 4221590 (N.D. Cal. Sept. 5, 2019) ....................................................... 7

*Allen v. Shutterfly, Inc.*,
  2020 WL 5517170 (N.D. Cal. Sept. 14, 2020) ................................................. 1, 8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ............................................................................ 6

*Bias v. Wells Fargo & Co.*,
  312 F.R.D. 528 (N.D. Cal. 2015) ...................................................................... 10

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
  137 S. Ct. 1773 (2017) ...................................................................................... 10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................ 9

*Caruth v. Int'l Psychoanalytical Ass'n*,
  59 F.3d 126 (9th Cir. 1995) .............................................................................. 10

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ............................................................................ 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................... 1, 2, 5, 6

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) .................................................................... 2, 5, 8

*FDIC v. British-Am. Ins. Co.*,
  828 F.2d 1439 (9th Cir. 1987) .......................................................................... 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................ 6

ii

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*Hunton Andrews Kurth LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

*In re Google Android Consumer Privacy Litig.*,
    2013 WL 1283236 (N.D. Cal. March 26, 2013) ...................................................... 10

*Gustafson v BAC Home Loans Servicing, LP*,
    294 F.R.D. 529 (C.D. Cal. 2013) ........................................................................... 11

*Harrington v. Equity Asset & Prop. Mgmt., Inc.*,
    2020 WL 209134 (S.D. Cal. Jan. 14, 2020) ............................................................ 7

*Healthcare Ally Mgmt. of California, LLC v. Blue Cross Blue Shield of Minnesota*,
    2017 WL 7201870 (C.D. Cal. July 27, 2017) ......................................................... 6

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .......................................................................................... 5, 9

*Legal Additions LLC v. Kowalski*,
    2010 WL 335789 (N.D. Cal. Jan. 22, 2010) ........................................................... 7

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ............................................................................... 5

*Mullins v. Premier Nutrition Corp.*,
    2016 WL 3440600 (N.D. Cal. June 20, 2016) ...................................................... 10

*NetApp, Inc. v. Nimble Storage, Inc.*,
    2015 WL 400251 (N.D. Cal. Jan. 29, 2015) ....................................................... 3, 7

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ............................................................................... 9

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ..................................................................... 1, 5, 6, 9

*Rosen v. Terapeak, Inc.*,
    2015 WL 12724071 (C.D. Cal. Apr. 28, 2015) ...................................................... 9

*Route v. Mead Johnson Nutrition Co.*,
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ........................................................ 11

*Skurkis v. Montelongo*,
    2016 WL 4719271 (N.D. Cal. Sept. 9, 2016) ..................................................... 1, 8

*Stitt v. Citibank, Nat'l Ass'n*,
    2015 WL 9177662 (N.D. Cal. Dec. 17, 2015) ...................................................... 10

iii

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*Tasion Communs., Inc. v. Ubiquiti Networks, Inc.*,
 308 F.R.D. 630 (N.D. Cal. 2015) .............................................................................. 10

*Todd v. Tempur-Sealy Int'l, Inc.*,
 2016 WL 344479 (N.D. Cal. Jan. 28, 2016) ............................................................. 10

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017) ..................................................................................... 6

*Wolf v. Hewlett Packard Co.*,
 2016 WL 7743692 (C.D. Cal. Sept. 1, 2016) ............................................................ 11

iv

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should dismiss Defendant Bath & Body Works, Inc. ("BBWI"), formerly known as L Brands, Inc.,[2] from this lawsuit because it lacks jurisdiction over it. As Plaintiffs admit, BBWI is a Delaware corporation with its principal place of business in Ohio. SAC ¶ 14. Under United States Supreme Court precedent, BBWI is not "at home" in California, and it is not subject to general jurisdiction here. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Nor is BBWI subject to specific jurisdiction. BBWI did not engage in any of the conduct alleged in Plaintiffs' Second Amended Complaint ("SAC") beyond its status as a corporate parent of the entities that owned and operated the stores where Plaintiffs Smith and Solorzano allegedly attempted returns. As a matter of law, the mere "existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). And that rule squarely applies here.

Plaintiffs attempt to avoid their burden to "plead requisite jurisdictional facts by lumping [BBWI and its subsidiaries] together." *Allen v. Shutterfly, Inc.*, 2020 WL 5517170, at *4 (N.D. Cal. Sept. 14, 2020). Plaintiffs, however, cannot carry their burden simply by claiming everyone did everything. "[F]or the purposes of determining personal jurisdiction, 'the actions of one defendant cannot be attributed to another; instead, plaintiff must satisfy its *prima facie* showing with regard to each defendant.'" *Id.* (quoting *ADO Fin., AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 714 (C.D. Cal. 1996)); *see also Skurkis v. Montelongo*, 2016 WL 4719271, at *4 (N.D. Cal. Sept. 9, 2016) (rejecting grouping of defendants in jurisdictional

---

[2] On August 2, 2021, "L Brands, Inc." changed its name to "Bath & Body Works, Inc." Wlodarski Decl. ¶ 3.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

allegations because plaintiffs must "ma[k]e a *prima facie* case of personal jurisdiction as to *each* defendant based on each defendant's own contacts with California."). Plaintiffs have not and cannot make that showing here.

Even if Plaintiffs had alleged that BBWI directly owned and operated the stores where Plaintiffs Smith and Solorzano allegedly attempted returns (as opposed to indiscriminately grouping BBWI and its subsidiaries together), such assertions would be inaccurate, and BBWI has trumped them with sworn testimony. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").

For those reasons, Plaintiffs have not met their jurisdictional burden. The Court, therefore, should dismiss BBWI from this lawsuit accordingly.

## II. BACKGROUND

### A. Plaintiffs Admit BBWI Is Not "At Home" in California

Plaintiffs admit BBWI "is a Delaware corporation with its principal place of business and headquarters in Columbus, Ohio," which is true. SAC ¶ 14; *see also* Wlodarski Decl. ¶ 4. It is beyond dispute, therefore, that BBWI is not "at home" in California. *Daimler*, 571 U.S. at 137.

### B. Plaintiffs' Conclusory, Collective, and Otherwise Inaccurate Allegations Concerning BBWI and Its Subsidiaries

Plaintiffs' allegations concerning BBWI contradict their own prior pleading, improperly lump BBWI with its subsidiaries, amount to mere legal conclusions entitled to no weight, and otherwise admit jurisdiction is lacking. For example:

- As stated above, Plaintiffs admit BBWI "is a Delaware corporation with its principal place of business and headquarters in Columbus, Ohio." SAC ¶ 14.
- Plaintiffs admit Victoria's Secret Stores, LLC ("Victoria's Secret") is a wholly distinct "Delaware limited liability company with its principal place of business and headquarters in Reynoldsburg, Ohio." *Id.*

2

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

- Plaintiffs admit Bath & Body Works, LLC ("BBWLLC") is a wholly distinct "Delaware limited liability company with its principal place of business and headquarters in New Albany, Ohio." *Id.*

Even though Plaintiffs admit BBWI is separate and distinct from Victoria's Secret and BBWLLC,[3] Plaintiffs group them all together with respect to the allegations upon which they base their claims. *See*, *e.g.*, SAC ¶¶ 82 ("[BBWI] (Victoria's Secret) transmitted Plaintiff Smith's identifying and transaction information to TRE."), 169 ("[BBWI] (Bath & Body Works) transmitted Plaintiff Solorzano's identifying and transaction information to TRE.").[4] For jurisdictional purposes, it impossible to discern who is alleged to have done what.

In any event, Plaintiffs' allegations are inaccurate and refuted by sworn testimony. In truth and in fact:

- During the relevant timeframe and continuing through to the present, BBWI does not and has not owned or operated any Victoria's Secret store, much less in California—and much less the store where Plaintiff Smith claims to have been denied a return. Wlodarski Decl. ¶ 6.

- During the relevant timeframe and continuing through to the present, BBWI does not and has not owned or operated any Bath & Body Works store, much less in California—and much less the store where Plaintiff Solorzano claims to have been denied a return. *Id.* ¶ 10.

---

[3] BBWI no longer owns Victoria's Secret Stores, LLC. Wlodarski Decl. ¶ 5.
[4] Notably, Plaintiffs contradict their own prior pleading, wherein they admitted that BBWI's former subsidiary, Victoria's Secret, owned and operated the store in question and engaged in the relevant alleged conduct. FAC ¶¶ 131-141 (admitting Victoria's Secret owned and operated store in question and dealt exclusively with Defendant TRE and Plaintiff Smith). "[T]o the extent that [Plaintiffs] now claim[] that [BBWI directly operated stores], this assertion contradicts what [Plaintiffs] asserted in its First Amended Complaint." *NetApp, Inc. v. Nimble Storage, Inc.*, 2015 WL 400251, at *4 (N.D. Cal. Jan. 29, 2015).

- During the relevant timeframe and continuing through to the present, BBWI does not and has not employed any Victoria's Secret "sales associates," much less in California—and much less at the store where Plaintiff Smith claims to have been denied a return. *Id.* ¶ 6.

- During the relevant timeframe and continuing through to the present, BBWI does not and has not employed any Bath & Body Works "sales associates," much less in California—and much less at the store where Plaintiff Solorzano claims to have been denied a return. *Id.* ¶ 10.

- During the relevant timeframe and continuing through to the present, BBWI does not and has not sold any merchandise in California or otherwise—much less to Plaintiffs Smith or Solorzano. *Id.* ¶¶ 6, 10.

- BBWI did not collect or "enter[] Plaintiff Smith's identifying and transaction information into L Brands's (Victoria's Secret) computer system," as alleged in Paragraph 81 of the SAC. *Id.* ¶ 9.

- BBWI did not collect or "enter[] Plaintiff Solorzano's identifying and transaction information into L Brands's (Bath & Body Works) computer system," as alleged in Paragraph 167 of the SAC. *Id.* ¶ 13.

- BBWI did not "transmit[] Plaintiff Smith's identifying and transaction information to TRE," as alleged in Paragraph 82 of the SAC. *Id.* ¶ 9.

- BBWI did not "transmit[] Plaintiff Solorzano's identifying and transaction information to TRE," as alleged in Paragraph 169 of the SAC. *Id.* ¶ 13.

- BBWI had no communications with TRE whatsoever regarding Plaintiffs Smith or Solorzano's allegedly attempted returns, as alleged in Paragraphs 87 through 88 and Paragraphs 173 through 174 of the SAC. *Id.* ¶¶ 9, 13-14.

- BBWI had no involvement in any decision to deny Plaintiffs Smith or Solorzano's allegedly attempted returns, as alleged in Paragraphs 87 through 89 and Paragraphs 174 through 176 of the SAC. *Id.* ¶¶ 8, 12, 14.
- BBWI had no involvement in any decision as to whether TRE's services would be utilized in any particular Victoria's Secret or Bath & Body Works store, much less in California—and much less the stores where Plaintiffs Smith and Solorzano claim to have been denied a return. *Id.* ¶¶ 7, 11.

### C. BBWI's Efforts to Resolve This Issue Short of Court Intervention

Counsel for BBWI has met and conferred with Plaintiffs' counsel on this issue repeatedly, offering to stipulate to a substitution of the proper parties. Plaintiffs' counsel, however, would not agree. Accordingly, Court intervention is necessary.

### III. THIS COURT LACKS JURISDICTION OVER BBWI

#### A. Plaintiffs Bear the Burden to Establish Jurisdiction

Because BBWI seeks dismissal for lack of personal jurisdiction, Plaintiffs bear the burden of demonstrating that the Court has jurisdiction over BBWI. *Ranza*, 793 F.3d at 1068. In determining whether Plaintiffs have met their burden, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc*, 557 F.2d at 1284.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler*, 571 U.S. at 125. California's long-arm statute, in turn, is coextensive with the due process analysis under the United States Constitution. *Id.*; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). Accordingly, Plaintiffs must show BBWI has sufficient "minimum contacts" with California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

Courts can exercise general jurisdiction or specific jurisdiction over a defendant. General jurisdiction exists when the defendant's contacts "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 122 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction, on the other hand, is case-specific and exists only "when a case aris[es] out of or relate[s] to the defendant's contacts with the forum." *Ranza*, 793 F.3d at 1068 (quotations omitted). Neither exists here.

### B. Plaintiffs Cannot Show General Jurisdiction Over BBWI

Plaintiffs have not and cannot show BBWI—a Delaware corporation headquartered in Ohio—is subject to general jurisdiction. General jurisdiction over a foreign corporation, such as BBWI, exists "only if the corporation's connections to the forum state are so continuous and systematic as to render it essentially at home in the forum State." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear*, 564 U.S. at 919 (2011)) (quotations and brackets omitted).

As the United States Supreme Court has held, a corporate defendant is "at home" where it is incorporated or has its principal place of business. *Daimler*, 571 U.S. at 138-39. And here, Plaintiffs admit BBWI "is a Delaware corporation with its principal place of business and headquarters in Columbus, Ohio." SAC ¶ 14. And that is true. Wlodarski Decl. ¶ 4. Accordingly, there is no dispute that BBWI is not "at home" in California. General jurisdiction is lacking.

### C. Plaintiffs Cannot Show Specific Jurisdiction Over BBWI

Plaintiffs do not and cannot meet the three requirements for specific jurisdiction under Ninth Circuit Law: (i) purposeful direction; (ii) a claim that arises out of or relates to the defendant's forum-related activities; and (iii) "fair play and substantial justice" reasonableness. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Taking each in turn:

### 1. Plaintiffs cannot show purposeful direction

Because Plaintiffs' claims, including those brought under consumer protection statutes, sound in tort, the "purposeful direction" test applies. *See*, *e.g.*, *Healthcare Ally Mgmt. of California, LLC v. Blue Cross Blue Shield of Minnesota*, 2017 WL 7201870, at *4 (C.D. Cal. July 27, 2017). ("[C]ourts in the Ninth Circuit require a showing of purposeful direction for claims brought pursuant to the UCL."); *Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*, 2019 WL 4221590, at *7 (N.D. Cal. Sept. 5, 2019) (same).

To satisfy the purposeful direction test, Plaintiffs must show: "(1) [BBWI] must have committed an intentional act; (2) [BBWI]'s act must have been expressly aimed at the forum state; and (3) [BBWI] must have known that the brunt of the harm was likely to be suffered in the forum state." *Alexandria*, 2019 WL 4221590, at *7; *see also Harrington v. Equity Asset & Prop. Mgmt., Inc.*, 2020 WL 209134, at *5 (S.D. Cal. Jan. 14, 2020) (dismissing for failure to show the requisite elements). Plaintiffs fail right out of the gates, as they have not and cannot show any intentional acts by BBWI—much less acts that are expressly aimed at California with knowledge that harm would be suffered here.

*First*, as stated above, Plaintiffs admit BBWI is separate and distinct from its current/former subsidiaries, Victoria's Secret and BBWLLC. SAC ¶ 14. Notwithstanding that admission, Plaintiffs seek to indiscriminately group BBWI and its current/former subsidiaries together with respect to the allegations upon which they base their claims. *See*, *e.g.*, SAC ¶¶ 82 ("[BBWI] (Victoria's Secret) transmitted Plaintiff Smith's identifying and transaction information to TRE."), 169 ("[BBWI] (Bath & Body Works) transmitted Plaintiff Solorzano's identifying and transaction information to TRE."). That will not do.[5]

---

[5] Plaintiffs claim, in conclusory fashion, that BBWI "operates approximately 2700 retail locations in the United States, of which a large number are located in California." Compl. ¶ 14. But that conclusory assertion is entitled to no weight (and,

7

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiffs "may not plead requisite jurisdictional facts by lumping all Defendants together." *Allen*, 2020 WL 5517170, at *4. As a matter of law, the "actions of one defendant cannot be attributed to another; instead, plaintiff must satisfy its *prima facie* showing with regard to each defendant." *Id.* (quoting *ADO*, 931 F. Supp. at 714; *see also Skurkis*, 2016 WL 4719271, at *4 (rejecting grouping of defendants in jurisdictional allegation because court "must determine whether plaintiffs have made a *prima facie* case of personal jurisdiction as to *each* defendant based on each defendant's own contacts with California"). Plaintiffs' collective allegations carry no weight, and the Court should dismiss BBWI on that basis alone.

*Second*, even if the Court considered Plaintiffs' collective allegations (and it should not), they are inaccurate and refuted by sworn testimony. *Data Disc*, 557 F.2d at 1284 (court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"). As the Declaration of Douglas Wlodarski makes plain, Plaintiffs cannot show any intentional acts by BBWI, much less intentional acts that are "expressly aimed" at California with knowledge that harm would be suffered here. As stated above, BBWI did not: (1) own or operate the stores where Plaintiffs allegedly attempted returns; (2) employ any individuals within those stores; (3) sell any merchandise to Plaintiffs; (4) refuse any returns of merchandise by Plaintiffs; or (4) have any other dealings with Plaintiffs in connection with the same. Wlodarski Decl. ¶¶ 6, 8, 10, 12.

In that same vein, BBWI did not "collect[], sell[], us[e] and/or disclos[e] Plaintiffs' and Class members' Consumer Commercial Activity Data and Consumer ID Data." SAC ¶ 233; *see also id.* ¶ 270; Wlodarski Decl. ¶¶ 9, 13-14. Similarly,

---

as stated above, inaccurate). *NetApp, Inc.*, 2015 WL 400251, at *7 (allegation that one entity controlled business and daily operations of the other was "mere conclusory allegation"); *Legal Additions LLC v. Kowalski*, 2010 WL 335789, at *6-7 (N.D. Cal. Jan. 22, 2010) (plaintiff's "conclusory allegations" were insufficient to support "facially plausible" claim).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

BBWI did not "transmit[] to and shar[e] with TRE [any] Consumer Commercial Activity Data and Consumer ID Data." SAC ¶ 241; Wlodarski Decl. ¶14. Likewise, BBWI did not "shar[e], receiv[e], and us[e] Consumer Commercial Activity Data and Consumer ID Data Retail Defendants collected from Plaintiffs and Class members." SAC ¶ 262; Wlodarski Decl. ¶ 14. In sum, BBWI did not and could not have committed any of the acts alleged in the SAC beyond its mere status as a current/former corporate parent of Victoria's Secret and BBWLLC.

*Third*, Plaintiffs cannot show BBWI is subject to specific jurisdiction by virtue of its status as a current/former parent of Victoria's Secret and BBWLLC. As the Ninth Circuit has held, the mere "existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). While limited exceptions exist (*e.g.* alter ego), Plaintiffs do not plead any facts to invoke them.

### 2. Plaintiffs cannot establish any acts by BBWI that have a nexus to their claims

Under the second prong of the broader specific jurisdiction inquiry, Plaintiffs must establish that it is BBWI's "activity directed at California that gives rise to [its] claims." *Rosen v. Terapeak, Inc.*, 2015 WL 12724071, at *4 (C.D. Cal. Apr. 28, 2015). A claim arises out of a defendant's forum-related activities if the plaintiff "would not have been injured 'but for'" the defendant's conduct directed at the forum. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Plaintiffs cannot possibly make that showing here.

As stated above, BBWI did not own or operate any of the stores where Plaintiffs Smith or Solorzano allegedly attempted returns. Wlodarski Decl. ¶ 6, 10. Similarly, BBWI did not collect any information from Plaintiffs Smith or Solorzano. *Id.* ¶ 9, 13-14. Likewise, BBWI did not transmit any of Plaintiffs Smith and

9

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Solorzano's alleged data to TRE. *Id.* ¶ 14. Finally, BBWI played no role in any alleged decision to deny any returns by Plaintiffs Smith or Solorzano. *Id.* ¶¶ 8, 12.

### 3. Exercising jurisdiction over BBWI would be unreasonable

The Court also should decline to exercise personal jurisdiction over BBWI because doing so would not be compatible with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe*, 326 U.S. at 320). When assessing the fairness of exercising personal jurisdiction, "the primary concern is the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) (quotations omitted).

The Ninth Circuit identified a number of factors that courts may consider: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).

The first factor—the extent of BBWI's purposeful interjection into California's affairs—weighs against jurisdiction because, as shown above, BBWI lacks the requisite contacts with California.

The second factor—the burden on BBWI of defending in California—weighs against jurisdiction because it would require an Ohio corporation to travel repeatedly to California to defend this action.

The third through sixth factors are neutral at best because Plaintiffs seek to certify a nationwide class. SAC ¶ 217. Courts consistently have held that plaintiffs cannot certify nationwide classes for claims seeking relief solely under California law precisely because California's interest in applying its laws to nonresidents is weak.

10

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*See*, *e.g.*, *In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *9 n.6 (N.D. Cal. March 26, 2013); *Tasion Communs., Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 638 (N.D. Cal. 2015); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 344479, at *7 (N.D. Cal. Jan. 28, 2016); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015); *Stitt v. Citibank, Nat'l Ass'n*, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2015); *Mullins v. Premier Nutrition Corp.*, 2016 WL 3440600, at *9 (N.D. Cal. June 20, 2016) ("California's interest in applying its law to the consumers in the specific ten states is weak"); *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013); *Gustafson v BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 537 (C.D. Cal. 2013); *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, at *15 (C.D. Cal. Sept. 1, 2016).

As to the seventh factor—the existence of an alternative forum—Plaintiffs bear the burden to prove they cannot bring their claims against BBWI somewhere else, and they have not done so. *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1445 (9th Cir. 1987); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) ("Core-Vent has not met its burden of proving that it would be precluded from suing the doctors in Sweden. Doubtless [it] would prefer not to, but that is not the test.") (quotations omitted).

In sum, it would be fundamentally unfair—and incompatible with traditional notions of fair play and substantial justice—to subject BBWI to specific personal jurisdiction. The Court should dismiss all claims against BBWI.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For these reasons, personal jurisdiction over BBWI is lacking. The Court can and should dismiss BBWI from this lawsuit without leave to amend.

Dated: September 20, 2021

**HUNTON ANDREWS KURTH LLP**

By: /s/ Jason J. Kim
Ann Marie Mortimer
Ryan P. Phair
Jason J. Kim
Jeff R. R. Nelson
Attorneys for Defendant
BATH & BODY WORKS, INC.
(formerly known as L BRANDS, INC.)

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

12

DEFENDANT BATH & BODY WORKS, INC.'S (f/k/a L BRANDS, INC.) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION