**EXHIBIT A**

| | |
|---|---|
| **From:** | Kim, Jason J. <kimj@hunton.com> |
| **Sent:** | Friday, January 7, 2022 6:03 PM |
| **To:** | Chris Stiner; Hoffmeister, Julie Diane; Hanson, Cindy D.; Vargas, Edgar; Raether, Ronald I.; Nelson, Jeff; Phair, Ryan P.; Mortimer, Ann Marie |
| **Cc:** | Tina Wolfson; Henry Kelston; Brad King; Ted Maya; Sarper Unal; Kathryn Cabrera |
| **Subject:** | RE: Hayden v. The Retail Equation et al -- Application to File Under Seal L Brands Contract |

Chris:

In connection with your contemplated *ex parte* application and supporting declaration, I want to provide you with notice of certain facts.

In your *ex parte* application, you apparently intend to attach our agreements with TRE as Exhibit A and then refer the Court to an outdated ▇▇▇ provision at BBWI000003. I want to draw your attention, however, to BBWI000046-47 and BBWI000064-65. Both make it clear that your reference to the ▇▇▇ provision is improper. Indeed, intentional or not, it is highly misleading to direct the Court to a provision that has since been twice amended and altogether **deleted more than ten years before Plaintiffs filed suit against BBW**. In other words, the provision you misleadingly cite was never even operative during the relevant time period of your lawsuit by its own terms.

In particular, the provision to which you refer in your declaration on page 2, lines 4-17, was amended in 2005 in material ways and deleted altogether in 2010.

In 2005, fifteen years before Plaintiffs filed suit against BBW, the provision to which you refer was amended to ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇:

1



BBWI000046-47.

In 2010, more than ten years before Plaintiffs filed suit against BBW, the provision was amended yet again to █████████



BBWI000064-65.

You have these materials, all of which have been produced to you. While it originally may have been an oversight, we have brought this to your attention now. Accordingly, at this juncture, it would be misleading to proceed in the manner Plaintiffs have indicated. We remind you of Rule 3.3 of the California Rules of Professional Conduct (Candor Towards Tribunal), and we respectfully request that you notify the Court that we have provided you with notice of these facts and acknowledge that you have chosen to proceed nonetheless.

Jason



**Jason J. Kim**
Counsel
kimj@HuntonAK.com
p  213.532.2114
m 310.600.2758
f   213.532.2020
bio  |  vCard  |  LinkedIn
www.huntonretailindustryblog.com

Hunton Andrews Kurth LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071

HuntonAK.com

3