**KING & SPALDING LLP**
MICHAEL D. ROTH (SBN 217464)
  *mroth@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

ANNE M. VOIGTS (SBN 220783)
  *avoigts@kslaw.com*
SUZANNE E. NERO (SBN 284894)
  *snero@kslaw.com*
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

**CALDWELL LLP**
CHRISTOPHER G. CALDWELL (SBN 106790)
  *ccaldwell@caldwell-llp.com*
6250 Hollywood Blvd., Ste. 11M
Los Angeles, CA 90028
Tel.  213-712-8079

*Attorneys for Defendant* The Gap, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>THE RETAIL EQUATION, INC., et al.,<br><br>            Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>*Assigned to Hon. David O. Carter*<br><br>**RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:  October 17, 2022<br>Time:  8:30 a.m.<br>Place:  Courtroom 10A<br><br>Complaint Filed: July 7, 2020<br>FAC Filed: August 3, 2020<br>SAC Filed: July 27, 2021<br>TAC Filed: August 5, 2022<br>Trial Date: None set |

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Defendants Sephora USA, Inc., Bed Bath & Beyond Inc. ("Bed Bath & Beyond"), CVS Pharmacy, Inc. ("CVS"), Bath & Body Works, Inc. ("BBW"), The Gap, Inc., The Home Depot, Inc.[1], and The TJX Companies, Inc. ("TJX") (collectively, the "Retail Defendants"), by and through their attorneys of record, will and hereby do move for an order striking and/or dismissing portions of the Third Amended Class Action Complaint, ECF No. 455 ("TAC"), of Plaintiffs Shadi Hayden, Eric Gilbert, Jacqueline Smith, Carol Julian-Moye, Christine Alire, Jerry Ho, Sylvia Padro, Sowbhagia Naidu, Alexandra Solorzano, Traci Duncan White, Mayce Al Kuraishi, and Stephanie Chapa (collectively, "Plaintiffs") with prejudice pursuant to Rules 12(b)(1), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.[2]

Specifically, the Retail Defendants move to strike Plaintiffs' allegations of restitution (and other equitable monetary relief), and to dismiss the Second Cause of Action brought under California's Unfair Competition Law ("UCL"), on the following grounds:

---

[1] The Complaint improperly names The Home Depot, Inc. as a defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no transactions or other conduct with Plaintiffs. Rather, The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., which is a home improvement retailer.

[2] As set forth in the August 12, 2022 Joint Report Listing Pending Motions, ECF No. 458, TJX and BBW join in this motion (as they must), but do so in the alternative to TJX's pending Motion to Compel Arbitration, ECF No. 278, and BBW's pending Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 281, and without waiver of their rights to compel arbitration or to seek dismissal for lack of personal jurisdiction.

(1)     Pursuant to Federal Rule of Civil Procedure 12(f), the Retail Defendants move to strike Plaintiffs' allegations of restitution (and other equitable monetary relief) (TAC ¶¶ 192(g), 223, & Prayer for Relief ¶ E) because the Court's July 22 order granting Plaintiffs' motion for reconsideration did not give them leave to amend to plead this claim.  Plaintiffs' allegations of restitution were properly dismissed by the Court previously on May 4, 2022, Plaintiffs did not request (let alone receive) leave to seek reconsideration of that ruling, and thus their allegations are both frivolous and barred.  Alternatively, to the extent the allegations do not exceed the scope of the Court's reconsideration order, the claims for restitution should again be dismissed under Rule 12(b)(6).

(2)     Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), the Retail Defendants move to dismiss Plaintiffs' second cause of action against them, alleging a violation of the UCL.  Because Plaintiffs lack Article III standing to seek future injunctive relief under the UCL, they fail to state a claim upon which relief can be granted.

As to Plaintiffs' UCL claim, Retail Defendants seek dismissal with prejudice because allowing Plaintiffs leave to amend yet again would be futile.  Plaintiffs have already had four opportunities to plead an adequate claim.  They do not deserve a fifth.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 12, 2022.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

[Signatures to follow]

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  August 19, 2022

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

_____
/s/ Joseph Duffy
Joseph Duffy

Attorneys for Defendant
**BED BATH & BEYOND INC.**

DATED:  August 19, 2022

P. CRAIG CARDON
ccardon@sheppardmullin.com
ALYSSA SONES
asones@sheppardmullin.com
BENJAMIN O. AIGBOBOH
baigboboh@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel. 310-228-3700
Fax 310-228-3701

KARI M. ROLLINS (*pro hac vice)*
krollins@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel. 213-634-3077
Fax 212-653-8701

_____
/s/ P. Craig Cardon
P. Craig Cardon

Attorneys for Defendants
**SEPHORA USA, INC. and THE TJX COMPANIES, INC.**

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  August 19, 2022

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:   404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

_____/s/ Rachel E. K. Lowe_____
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

DATED:  August 19, 2022

ANN MARIE MORTIMER
amortimer@huntonak.com
JASON J. KIM
kimj@huntonak.com
JEFF R. R. NELSON
jnelson@huntonak.com

**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 1200
Los Angeles, CA 90071
Tel. 213-532-2000
Fax 213-532-2020

_____/s/ Ann Marie Mortimer_____
Ann Marie Mortimer

Attorneys for Defendant
**BATH & BODY WORKS, INC. (f/ka L BRANDS. INC.)**

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED: August 19, 2022

MICHAEL D. ROTH
mroth@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213-443-4310

SUZANNE E. NERO
snero@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel. 415-318-1200

CHRISTOPHER G. CALDWELL
ccaldwell@caldwell-llp.com
6250 Hollywood Blvd., Ste. 11M
Los Angeles, CA 90028
Tel. 213-712-8079

_____
              /s/ Michael D. Roth
                 Michael D. Roth

Attorneys for Defendant
**THE GAP, INC.**

DATED: August 19, 2022

S. STEWART HASKINS II (*pro hac vice*)
shaskins@kslaw.com
ELIZABETH ADLER (*pro hac vice*)
eadler@kslaw.com
MISTY L. PETERSON (*pro hac vice*)
mpeterson@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel. (404) 572-4600
Fax (404) 572-5100

JULIA ELIZABETH ROMANO
jromano@kslaw.com
**KING & SPALDING LLP**
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213 443-4310

_____
              /s/ S. Stewart Haskins II
                 S. Stewart Haskins II

Attorneys for Defendant
**THE HOME DEPOT, INC.**

5

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...................................................1

I.      INTRODUCTION....................................................................................................1

II.     BACKGROUND......................................................................................................2
        A.      Procedural History Preceding Plaintiffs' TAC ........................................2
        B.      Plaintiffs' TAC.........................................................................................4

III.    LEGAL STANDARDS...........................................................................................5
        A.      Federal Rule of Civil Procedure 12(f) – Motion to Strike.......................5
        B.      Federal Rules of Civil Procedure 12(b)(1) & (6) – Motion to
                Dismiss.....................................................................................................6

IV.     THE COURT SHOULD STRIKE OR DISMISS PLAINTIFFS'
        ALLEGATIONS SEEKING RESTITUTION (OR OTHER EQUITABLE
        MONETARY RELIEF) UNDER THE UCL..........................................................6
        A.      Plaintiffs' Restitution Allegations Should Be Stricken Because
                They Exceed the Scope of the Court's July 22 Order...............................7
        B.      Alternatively, Plaintiffs' Allegations of Restitution Should Be
                Dismissed Again Because They Are Barred by *Sonner* .........................9

V.      PLAINTIFFS DO NOT HAVE ARTICLE III STANDING TO SEEK
        PROSPECTIVE INJUNCTIVE RELIEF AGAINST THE RETAIL
        DEFENDANTS......................................................................................................10
        A.      The Ninth Circuit's Opinion in *Davidson* Governs Standing...............11
        B.      Plaintiffs Fail to Allege a Concrete and Particularized Injury
                Because They Never Allege An Intent to Make Future Purchases
                or Returns ...............................................................................................13
        C.      Plaintiffs Cannot Allege Future Harm Given Their Current
                Knowledge ...............................................................................................15

VI.     CONCLUSION .....................................................................................................17

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Allen v. County of Los Angeles*,
    No. CV 07-102-R(SH), 2009 WL 666449 (C.D. Cal. Mar. 12, 2009)................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................6

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................6

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021).........................................................16

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ...........................................................................11, 12, 13

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ...................................................................................2, 10

*In re: Coca-Cola Prods. Mktg. & Sales Practices Litig.*,
    No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021)........................14

*Davidson. Nielsen v. Walt Disney Parks & Resorts U.S., Inc.*,
    No. 821CV02055DOCADS, 2022 WL 2132716 (C.D. Cal. Apr. 6,
    2022) ..............................................................................................................13

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018)...................................................................*passim*

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
    528 U.S. 167 (2000) .......................................................................................10

*Gerritsen v. Warner Bros. Ent. Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015)...........................................................5

*Hanscom v. Reynolds Prods. LLC*,
    No. 21-cv-03434-JSW, 2022 WL 591466 (N.D. Cal. Jan. 21, 2022)............14

*Harmon v. Honeywell Intelligrated*,
    No. 1:19-CV-670, 2021 WL 5198454 (S.D. Ohio Nov. 9, 2021).....................8

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

*Hild v. Nationstar Mortg. LLC*,
   No. EDCV18292JGBSPX, 2018 WL 6016910 (C.D. Cal. Oct. 11,
   2018) ...........................................................................................................7

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
   No. 20-cv-00337-EMC, 2021 WL 5915060 (N.D. Cal. Dec. 10,
   2021) .........................................................................................................14

*Joslin v. Clif Bar & Co.*,
   No. 18-cv-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26,
   2019) .........................................................................................................14

*Krause-Pettai v. Unilever United States, Inc.*,
   No. 20cv1672 DMS(BLM), 2021 WL 1597931 (S.D. Cal. Apr. 23,
   2021) .........................................................................................................14

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) ...............................................................................12

*Laird v. United Teachers Los Angeles*,
   -- F. Supp. 3d --, 2022 WL 2976824 (C.D. Cal. Jul. 20, 2022) .........................13

*Lamumba Corp. v. City of Oakland*,
   No. C05-2712 MHP, 2006 WL 3086726 (N.D. Cal., Oct. 30, 2006) ..................8

*Lhevan v. Spitzer*,
   No. SACV161367GWAGR, 2022 WL 2892390 (C.D. Cal. May 27,
   2022) ...........................................................................................................8

*Lizza v. Deutsche Bank Nat'l Trust Co.*,
   714 F. App'x 620 (9th Cir. 2017) ...............................................................8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ...............................................................................6, 10

*Matic v. U.S. Nutrition, Inc.*,
   No. 18-cv-9592-PSG, 2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ..............16

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ......................................................................6

*PB Farradyne, Inc. v. Peterson*,
   No. C 05-3447 SI, 2006 WL 2578273 (N.D. Cal. Sept. 6, 2006)......................8

iii

*Rahman v. Motts LLP*,
    No. 13-cv-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ................ 16

*Santa Ana Police Officers Ass'n v. City of Santa Ana*,
    No. SACV151280DOCDFMX, 2018 WL 3013355 (C.D. Cal. June
    14, 2018) ................................................................................................... 5, 8

*Sidney–Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .............................................................................. 5

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................... *passim*

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ........................................................................... 6

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) .................................................................................... 2, 10

*Tran v. Smith*,
    No. 119CV00148DADSABPC, 2021 WL 2142622 (E.D. Cal. May
    26, 2021) ........................................................................................................... 8

*Vitiosus v. Alani Nutrition, LLC*,
    No. 21-cv-2048-MMA(MDD), 2022 WL 2441303 (S.D. Cal. Jul. 5,
    2022) ............................................................................................................... 14

*Williams v. Apple, Inc.*,
    449 F. Supp. 3d 892 (N.D. Cal. 2020) ............................................................. 14

*Williams v. Apple, Inc.*,
    No. 19-CV-04700-LHK, 2020 WL 6743911 (N.D. Cal. Nov. 17,
    2020) ................................................................................................................. 9

**Statutes**

Cal. Civ. Code § 1723 ................................................................................................ 16

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Despite a fourth bite at the apple to plead a proper cause of action under California's UCL, Plaintiffs' latest attempt still comes up fatally short.  Plaintiffs' prior UCL claim was dismissed with prejudice because they failed to plead that they lack an adequate remedy at law.  After Plaintiffs moved for reconsideration urging the Court to revisit the portion of their UCL claim seeking injunctive relief, the Court gave Plaintiffs leave "to amend their UCL claim to properly allege standing and that remedies under invasion of privacy would be inadequate."  ECF No. 452.  But Plaintiffs' TAC exceeds the leave granted and once again fails to allege *any* viable UCL claim against the Retail Defendants.

*First*, when Plaintiffs moved for reconsideration of their ability to continue to pursue future injunctive relief, they conceded that *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), bars their claims for past harm.  That is because, as this Court properly concluded, they already have an adequate remedy at law—*i.e.*, damages under their invasion of privacy claim.  Plaintiffs did not ask that their claim for restitution be reinstated and the Court's order granting reconsideration cannot be read to grant that relief.  But in re-pleading their UCL claim in the TAC, Plaintiffs chose not to limit the pleading to what this Court allowed them to try to do—namely, to seek injunctive relief to prevent *future* harm under the UCL.  Instead, despite the Court's ruling, Plaintiffs once again plead that they are entitled to equitable monetary relief for *past* harm under the UCL.  As a result, the Retail Defendants move to strike these allegations because they exceed the scope of the Court's order on reconsideration.

*Second*, in the alternative, to the extent the Court's reconsideration order can be read to allow Plaintiffs to replead their claim for restitution under the UCL, this Court should again dismiss their equitable monetary claims under *Sonner* because

Plaintiffs' claim for invasion of privacy is still based on the same facts, still seeks the same monetary remedies, and thus still provides an adequate remedy at law.

*Third*, Plaintiffs still have failed to do what the Court gave them leave to do— amend to "properly allege standing" to seek future injunctive relief. The standing requirements to seek future injunctive relief are controlled by *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). And *Davidson* holds—based on binding Supreme Court precedent—that (a) standing must be established independently for prospective injunctive relief, and (b) past harm does not satisfy that test. Instead, "the threat of [future] injury must be 'actual and imminent, not conjectural or hypothetical.'" *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Indeed, to have standing to seek prospective injunctive relief, "the 'threatened injury must be *certainly* impending to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)) (emphasis in original). Plaintiffs have not come close to meeting that standard. They cannot do so here.

Dozens of decisions in this Circuit, including ones issued by this Court, have dismissed claims for restitution under the UCL pursuant to *Sonner* and claims for future injunctive relief pursuant to *Davidson*. Because Plaintiffs here cannot plead either a claim for restitution or a claim for future injunctive relief, this Court should do the same and dismiss their UCL claim with prejudice.

## II.   BACKGROUND

This case arises out of allegations regarding the collection of consumer data and its use in approving or denying consumers' returns or exchanges at retail stores.

### A. Procedural History Preceding Plaintiffs' TAC

On May 4, 2022, the Court granted in part and denied in part the motions to dismiss the Second Amended Complaint brought by The Retail Equation ("TRE") and the Retail Defendants. ECF No. 423. Recognizing that "Plaintiffs are not entitled to equitable relief where there is an adequate remedy at law," and that Plaintiffs

"alleged the same underlying facts for their invasion of privacy claim as their claims for equitable relief," the Court concluded that Plaintiffs had an adequate remedy at law in their properly pled claim for invasion of privacy. *See id.* at 13-14 (quoting *Sonner*, 971 F.3d at 840). Accordingly, the Court dismissed Plaintiffs' UCL and unjust enrichment claims under *Sonner* with prejudice. ECF No. 423.

On May 18, 2022, Plaintiffs requested the Court reconsider Section III.D of its May 4 decision because the "unique remedy of public injunctive relief" was available to Plaintiffs under the UCL, and not under any other cause of action. ECF No. 437 at 1. Plaintiffs claimed reconsideration was warranted because the Court purportedly "overlooked a key material fact—TRE's continued possession of Plaintiffs' and the consumer class's data." *Id.* Asserting that an injunction was necessary to remedy continuing harm, Plaintiffs contended they were "not barred from seeking equitable relief in the form of an injunction under the UCL." *Id.* at 4. Plaintiffs did not, however, contest the Court's decision that their claims for restitution under the UCL were barred by *Sonner*. Rather, Plaintiffs admitted that *Sonner* applies to "equitable *restitution* for *past* harm under the UCL." *Id.* (quoting *Sonner*, 971 F.3d at 844) (emphasis added by Plaintiffs).

On July 22, 2022, the Court granted Plaintiffs' motion for reconsideration. ECF No. 452. In a section of its order titled "Pleading Injunctive Relief," the Court restated Plaintiffs' contention "that money damages would not adequately address potential future use of consumer data," and then concluded that "Plaintiffs have shown that available legal remedies are potentially inadequate to address all of the harms caused by Defendants' use of consumer data." *Id.* at 6; *see also id.* at 5 (noting in its standing discussion that Plaintiffs would amend "regarding *injunctive* relief") (emphasis added). The Court's July 22 order does *not* reconsider whether Plaintiffs' claims for restitution are barred because the invasion of privacy claims provide an adequate remedy at law.

Separately, the Court concluded on July 22 that Plaintiffs met the UCL's statutory standing requirements by alleging that Plaintiffs overpaid for certain items given that they were unaware of the Retail Defendants' data collection. *Id.* at 5-6. The Court rejected but did "not discuss Retail Defendants' arguments regarding Article III standing." *Id.* at 5. The Court then granted the motion for reconsideration and gave Plaintiffs leave "to amend their UCL claim to properly allege standing and that remedies under invasion of privacy would be inadequate." *Id.* at 7.

### B. **Plaintiffs' TAC**

On August 5, 2022, Plaintiffs filed the TAC in an attempt to plead two causes of action—invasion of privacy and violations of the UCL. *See* TAC ¶¶ 201-23. Plaintiffs' factual allegations in support of these claims have not materially changed since the Second Amended Complaint.

As before, Plaintiffs allege that when a consumer attempts to make a return or exchange at the Retail Defendants' stores, the Retail Defendants collect certain information to identify the consumer and their purchase, return, or exchange behavior by swiping or scanning the consumer's identification or original sales receipt. TAC ¶¶ 1-6, 20, 30. Plaintiffs also allege that the Retail Defendants share that data with TRE without the consumer's consent, that TRE processes that data to generate a consumer report and a "risk score" for each consumer, and based on that "risk score," TRE notifies the Retail Defendant that certain attempted returns or exchanges should be denied because of suspected "fraudulent and abusive" behavior by the consumer. *Id.* ¶¶ 31, 32, 35. And each Plaintiff alleges that they attempted a return or exchange that was denied by one of the seven Retail Defendants. *Id.* ¶¶ 38-184.

As to their amended UCL claim specifically, Plaintiffs now contend the Retail Defendants violate the UCL in two ways: "by transmitting to and sharing with TRE" consumer information, and "by using" that consumer information, both "without the consent or knowledge of Plaintiffs" and in violation of their privacy rights. TAC ¶¶

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

211, 215. Plaintiffs assert that this conduct is unconscionable and contrary to public policy, and that the harm it causes to consumers outweighs its utility. *Id.* ¶¶ 212, 216.

Plaintiffs allege that they lost money and property and suffered "substantial injury" as a result of TRE's and the Retail Defendants' conduct. *Id.* ¶¶ 217, 218. Plaintiffs contend that *had they known of the Retail Defendants' practices*, they would not have purchased the Retail Defendants' merchandise or would not have paid as much for it. *Id.* ¶¶ 219-21. As for future harm, Plaintiffs allege only that they face a continuing harm from those practices, including through TRE's dissemination of their information and the risk of having their returns rejected in the future—neither of which, they contend, can be remedied by money damages. *Id.* ¶¶ 220-21. Plaintiffs seek both "prospective injunctive relief" and restitution equal to "the full amount of money that Plaintiffs and Class members paid for the purchased goods" or the Retail Defendants' profits, as well as attorneys' fees. *Id.* ¶¶ 222-23.

## III.   LEGAL STANDARDS

### A.   <u>Federal Rule of Civil Procedure 12(f) – Motion to Strike</u>

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Should the scope of any amendment exceed the leave to amend granted by a court's dismissal order, the court will strike the offending portions of the pleading under Rule 12(f). *See, e.g., Santa Ana Police Officers Ass'n v. City of Santa Ana*, No. SACV151280DOCDFMX, 2018 WL 3013355, at *2 (C.D. Cal. June 14, 2018) (Carter, J.) (citing *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1048 (C.D. Cal. 2015)).

**B.** **Federal Rules of Civil Procedure 12(b)(1) & (6) – Motion to Dismiss**

Rule 12(b)(6) requires Plaintiffs to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," courts must dismiss plaintiffs' claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiffs also shoulder the burden of properly pleading sufficient facts to support both Article III standing and subject matter jurisdiction to survive a Rule 12(b)(1) challenge. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). Standing must be demonstrated for each plaintiff and "separately for each form of relief sought." *Davidson*, 889 F.3d at 967.

In dismissing a complaint, courts need not grant leave to amend where, as here, it would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## IV. THE COURT SHOULD STRIKE OR DISMISS PLAINTIFFS' ALLEGATIONS SEEKING RESTITUTION (OR OTHER EQUITABLE MONETARY RELIEF) UNDER THE UCL

This Court correctly found (and Plaintiffs conceded) that they already have an adequate remedy at law for their alleged past monetary harms. Nevertheless, Plaintiffs improperly replead their UCL claims seeking restitution (and other equitable monetary relief) in their TAC. Because that renewed claim for restitution exceeds the scope of the Court's order granting reconsideration, the Court should

6

strike these allegations.  Alternatively, even if this Court were to consider the issue on the merits again, it should conclude once again that Plaintiffs' claims for equitable monetary relief fail under *Sonner* because their invasion of privacy claims provide an adequate remedy at law.

### A. Plaintiffs' Restitution Allegations Should Be Stricken Because They Exceed the Scope of the Court's July 22 Order

Plaintiffs' restitution allegations—*see* TAC ¶¶ 192(g), 223, & Prayer for Relief ¶ E—exceed the bounds of the Court's order granting reconsideration.  Plaintiffs' UCL claim was previously dismissed in its entirety *with prejudice* under *Sonner* because Plaintiffs have an adequate remedy at law.  ECF No. 423 at 13.  Plaintiffs subsequently moved for reconsideration, but only as to the remedy of injunctive relief under the UCL.  ECF No. 437.  Plaintiffs did *not* ask the Court to reconsider its order dismissing the UCL claim for restitution, nor did they ever ask to replead their claim for restitution based on *past* harm.  To the contrary, Plaintiffs admitted that *Sonner* applies to "equitable *restitution* for *past* harm under the UCL," like the harm they had previously alleged and the Court had found insufficient, but argued that *Sonner* did not apply to "an *injunction* for *future* harm."  *Id.* at 7 (emphasis in original).  On that basis (and that basis alone), Plaintiffs argued that despite *Sonner*, "Plaintiffs are not barred from seeking equitable relief in the form of an injunction under the UCL."  *Id.*

The Court granted Plaintiffs' motion on the basis of this specific argument.  *See* ECF No. 465 at 5-6.  In a section entitled "Pleading Injunctive Relief," the Court authorized Plaintiffs "to amend their UCL claim to properly allege . . . that remedies under invasion of privacy would be inadequate" to address future harm.  *Id.* at 7.  The Court did *not* authorize Plaintiffs to re-plead their now-dismissed allegations regarding restitution for past harm.

Courts have broad authority to strike individual allegations as well as whole claims that are improperly pleaded without leave of court or the opposing party's agreement.  *See Hild v. Nationstar Mortg. LLC*, No. EDCV18292JGBSPX, 2018 WL

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

6016910, at *3 (C.D. Cal. Oct. 11, 2018) (striking claims filed following a dismissal order without leave of court or consent from the opposing party); *PB Farradyne, Inc. v. Peterson*, No. C 05-3447 SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006) (striking, without leave to amend, a new theory of liability alleged in a third amended complaint that was "outside the scope of the leave to amend granted").  As courts have consistently held, claims that were previously dismissed with prejudice should be stricken as "wholly specious." *See Allen v. County of Los Angeles*, No. CV 07-102-R(SH), 2009 WL 666449, at *3 (C.D. Cal. Mar. 12, 2009); *Lhevan v. Spitzer*, No. SACV161367GWAGR, 2022 WL 2892390, at *4 (C.D. Cal. May 27, 2022), *report and recommendation adopted*, No. SACV161367GWAGR, 2022 WL 2870529 (C.D. Cal. July 18, 2022) (same); *Tran v. Smith*, No. 119CV00148DADSABPC, 2021 WL 2142622, at *2 (E.D. Cal. May 26, 2021) (same); *Lamumba Corp. v. City of Oakland*, No. C05-2712 MHP, 2006 WL 3086726, at *4 (N.D. Cal., Oct. 30, 2006) (same).

Here, the Court should grant the motion to strike Plaintiffs' allegations seeking restitution because they "exceed[] the scope of amendment permitted" by the Court's July 22 order.  *Lizza v. Deutsche Bank Nat'l Trust Co.*, 714 F. App'x 620, 622 (9th Cir. 2017); *see also Santa Ana Police Officers*, 2018 WL 3013355, at *4 (Carter, J.) (striking third cause of action because "Plaintiffs exceeded the scope of the leave to amend granted by this Court"); *PB Farradyne, Inc.*, 2006 WL 2578273, at *3 (striking paragraph with allegations that were "outside the scope of the leave to amend"); *Harmon v. Honeywell Intelligrated*, No. 1:19-CV-670, 2021 WL 5198454, at *3 (S.D. Ohio Nov. 9, 2021) (striking two paragraphs in plaintiffs' third amended complaint that exceeded the court's leave to amend following dismissal of the second amended complaint).

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

**B.       Alternatively, Plaintiffs' Allegations of Restitution Should Be Dismissed Again Because They Are Barred by _Sonner_**

This Court previously concluded _Sonner_ bars Plaintiffs' restitution allegations. Therefore, in the alternative,[3] this Court should dismiss them (again) with prejudice.

In _Sonner_, the Ninth Circuit held that plaintiffs cannot pursue equitable claims and relief unless they first establish that they lack an adequate remedy at law. 971 F.3d at 845. On May 4, the Court correctly determined that Plaintiffs have an adequate remedy at law for past harm under their invasion of privacy claims. ECF No. 423 at 13. Plaintiffs even admitted subsequently that _Sonner_ applies to "equitable _restitution_ for _past_ harm under the UCL." ECF No. 437 at 7 (quotation omitted). Despite this acknowledgement, Plaintiffs continue to seek restitution (and other equitable monetary relief) under the UCL based on the same allegations this Court previously determined were insufficient under _Sonner_.

There is no reason to revisit that determination. The invasion of privacy and UCL claims are based on the same facts, and the restitution remedy Plaintiffs seek for their UCL claims is encompassed entirely by the damages remedy they seek for the alleged invasion of privacy. To conclude that Plaintiffs can plead allegations of restitution under these circumstances cannot be squared with _Sonner_ and its progeny, and thus Plaintiffs' restitution allegations should again be dismissed with prejudice. _See, e.g._, _Williams v. Apple, Inc._, No. 19-CV-04700-LHK, 2020 WL 6743911, at *10 (N.D. Cal. Nov. 17, 2020) (dismissing state law claims seeking restitution because plaintiffs had an adequate remedy at law for breach of contract).

---

[3] The Retail Defendants request this alternative relief only if the Court disagrees that the new amendment violates the scope of its order on reconsideration. In either event, Plaintiffs' claims for equitable monetary relief under the UCL should not proceed under _Sonner_, because Plaintiffs have an adequate remedy at law.

9

## V.   PLAINTIFFS DO NOT HAVE ARTICLE III STANDING TO SEEK PROSPECTIVE INJUNCTIVE RELIEF AGAINST THE RETAIL DEFENDANTS

Plaintiffs' latest attempt to plead a viable claim for future injunctive relief against the Retail Defendants fares no better than their previous ones.  As a threshold matter, "a plaintiff must demonstrate standing separately for each form of relief sought." *Davidson*, 889 F.3d at 967 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000)).  Thus, to proceed with their UCL claim for injunctive relief, Plaintiffs must each independently allege standing for that specific relief.[4]  Despite repeated opportunities to plead standing to pursue injunctive relief, however, they have not and cannot do so.

The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560.  The fact that some future injuries can establish standing does not mean that every future injury does.  For injunctive relief, which is a prospective remedy, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967 (quoting *Summers*, 555 U.S. at 493).  In other words, the "threatened injury must be certainly impending to constitute injury in fact" and "allegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409.

And it is ***black letter law*** that Plaintiffs' allegations of "past wrongs" are "insufficient by themselves to grant standing." *Davidson*, 889 F.3d at 967.  Where standing is premised entirely on the threat of repeating a past injury, a plaintiff must

---

[4] During the meet and confer process preceding the filing of this motion, Plaintiffs indicated that these standing arguments had already been raised and rejected.  This is incorrect.  The Court dismissed the Second Amended Complaint's UCL claim under *Sonner* because Plaintiffs had an adequate remedy at law.  ECF No. 423 at 13.  It did not need to (and indeed did not) address whether Plaintiffs had sufficiently alleged standing to pursue injunctive relief under *Davidson*.  Plaintiffs' allegations in the TAC, which are now before the Court for the first time, fail to make that showing.

10

show "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiffs have not done so here.

### A.    The Ninth Circuit's Opinion in *Davidson* Governs Standing.

Whether Plaintiffs have standing to seek injunctive relief is governed by *Davidson*. There, the plaintiff alleged that she had purchased household wipes manufactured by Kimberly-Clark after having been misled into believing the wipes were "flushable" based on a label on their packaging. *Davidson*, 889 F.3d at 964. The plaintiff sought, among other things, injunctive relief under the UCL enjoining Kimberly-Clark from using the term "'flushable' on their wipes until the product is truly flushable." *Id*. at 971.

The Ninth Circuit noted that whether a previously deceived consumer had standing to seek injunctive relief was an "open question," *id*. at 967, and held that a "previously deceived consumer *may* have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id*. at 969 (emphasis added). However, the Court recognized, "[p]ast wrongs" were insufficient to confer standing for future injunctive relief. *Id*. at 967. Instead, a previously deceived consumer might establish standing in one of two ways. First, a plaintiff could allege that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id*. at 969-70. Second, a consumer could allege that "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id*. at 970.

Applying these principles, the Ninth Circuit found that the plaintiff in *Davidson* had adequately alleged "an imminent or actual threat of future harm caused by Kimberly-Clark's false advertising." *Id*. at 970. Specifically, the court noted that the

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

plaintiff had alleged that she: "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible"; "desires to purchase Kimberly Clark's flushable wipes"; "regularly visits stores . . . where [Kimberly–Clark's] 'flushable' wipes are sold"; and is "continually presented with Kimberly–Clark's flushable wipes packaging but has 'no way of determining whether the representation "flushable" is in fact true.'" *Id.* at 970-71.

Even with all of these particularized allegations, the Ninth Circuit noted that the case presented a "close question." *Id.* at 971. But it ultimately held that the allegations established: (1) a "concrete and particularized" injury because the plaintiff adequately alleged she was unable "to rely on Kimberly–Clark's representations of its product in deciding whether or not she should purchase the product in the future"; and, significantly, (2) a "sufficient likelihood" that the plaintiff would suffer such an injury, given her continuous encounters with the product at issue and her desire to purchase it. *Id.* at 971-72.

In a concurring opinion in *Davidson*, Judge Berzon opined that the plaintiff's claim that she overpaid for a falsely advertised product, and was thus entitled to seek restitution, would be sufficient in California state court to confer standing under *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011). Nonetheless, Judge Berzon recognized that under *binding precedent*, past harm is insufficient in federal court and "injunctive relief always requires its own standing inquiry." *Id.* at 974 (discussing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). Indeed, she expressly concurred in the result because "[t]he Supreme Court has read *Lyons* as requiring a separate analysis with regard to prospective injunctive relief, even when a party otherwise has standing to advance a claim" based on past economic harm. *Id.* at 975. Thus, to the extent this Court's order on the motion for reconsideration follows *Kwikset* and holds that no independent analysis of Article III standing is required for prospective

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

injuctive relief, that is *not the law* in federal courts and contradicts both the Supreme Court's holding in *Lyons* and the Ninth Circuit's holding in *Davidson*.

## B. Plaintiffs Fail to Allege a Concrete and Particularized Injury Because They Never Allege An Intent to Make Future Purchases or Returns

With their TAC, Plaintiffs still do not include *any* factual allegations that they are likely to be harmed by any Retail Defendant's conduct in the future. While Plaintiffs allege in great detail the purported harm they suffered in the *past* from the alleged sharing of their information with TRE and the denial of their returns, their only allegation of harm they may suffer in the *future* from the Retail Defendants is that they "face *the risk* of having their returns rejected in the future based on these practices . . . ." TAC ¶ 220 (emphasis added). But this sort of speculative allegation about what *may* happen is not enough. As this Court previously held in another case, where a Plaintiff "makes no allegations regarding her intentions or desire" to purchase the products again in the future, Plaintiff has failed to allege facts to show she has standing under *Davidson*. *Nielsen v. Walt Disney Parks & Resorts U.S., Inc.*, No. 821CV02055DOCADS, 2022 WL 2132716, at *6 (C.D. Cal. Apr. 6, 2022). The same is true here.[5]

A plethora of post-*Davidson* cases have granted motions to dismiss where, as here, a plaintiff does not include specific allegations establishing a likelihood of future harm. *See Laird v. United Teachers Los Angeles*, -- F. Supp. 3d --, 2022 WL 2976824,

---

[5] Plaintiffs' failure to allege that they intend to make future purchases or returns is but one of numerous deficiencies in the TAC. As just one other example, there are no allegations in the TAC that any, let alone each, of the Retail Defendants will continue to use TRE's return authorization services in the future. Without these allegations, there can be no claim for future injunctive relief because there can be no information sharing with TRE if the Retail Defendants are not using TRE's services. In any case, as set forth below, Plaintiffs *cannot* allege any future harm as a result of alleged information sharing with TRE given that they are now fully aware of Retail Defendants' current use of TRE's return authorization services.

13

at *4 (C.D. Cal. Jul. 20, 2022) (granting motion to dismiss injunctive relief claim where "the Complaint does not plead any facts regarding any intent to rejoin [a union] in the future, let alone facts to suggest he intends to rejoin [the union] if concrete and specific events occurred"); *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, No. 20-cv-00337-EMC, 2021 WL 5915060, at *18 (N.D. Cal. Dec. 10, 2021) (granting motion to dismiss because plaintiff's allegation that they "would consider purchasing the vehicle again is not the same as alleging that he plans, desires or is likely to"); *Joslin v. Clif Bar & Co.*, No. 18-cv-04941-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019) ("Plaintiffs do not allege they want or intend to purchase the Products in the future.  Accordingly, they fail to allege facts to show they have standing under *Davidson*"); *Krause-Pettai v. Unilever United States, Inc.*, No. 20cv1672 DMS(BLM), 2021 WL 1597931, at *7 (S.D. Cal. Apr. 23, 2021) (dismissing injunctive relief claim where plaintiff "did not include allegations regarding future harm" like the *Davidson* plaintiff).  *Cf. In re: Coca-Cola Prods. Mktg. & Sales Practices Litig.*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (reversing class certification decision on standing grounds where statements that the plaintiffs would "'consider' purchasing properly labeled Coke are insufficient to show an actual or imminent threat of future harm").

Indeed, courts have regularly enforced the requirement that plaintiffs specifically plead a likelihood of future harm to establish standing under *Davidson*.  *See, e.g.*, *Vitiosus v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA(MDD), 2022 WL 2441303, at *7 (S.D. Cal. Jul. 5, 2022) ("Unlike in *Davidson*, Plaintiffs fail to specifically allege an intent to ever purchase one of Defendant's FIT Bars again."); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (finding plaintiffs lacked standing absent any allegations that they "intend[ed] or plan[ned] to purchase iCloud storage again in the future"); *Hanscom v. Reynolds Prods. LLC*, No. 21-cv-03434-JSW, 2022 WL 591466, at *5 (N.D. Cal. Jan. 21, 2022) (dismissing injunctive relief claim for failure to plead Article III standing where plaintiff did not include

14

sufficient allegations supporting her assertion that she wanted to purchase the product at issue in the future).  Plaintiffs' allegations here suffer from the same fatal lack of specificity and thus warrant the same result—dismissal of Plaintiffs' UCL claim against the Retail Defendants for lack of Article III standing.

### C. Plaintiffs Cannot Allege Future Harm Given Their Current Knowledge

Even if Plaintiffs had attempted to allege a likelihood of future harm (and they have not), their injunctive relief claim still fails because (1) Plaintiffs have no legal right to a return and (2) while they allege they did not know about purported sharing of their information before, they certainly cannot claim ignorance now.

Plaintiffs' asserted injuries attributable to the Retail Defendants all depend on their assertion that they did not know Retail Defendants shared information with TRE. *See, e.g.*, TAC ¶ 33 ("consumers are *entirely unaware* that they are submitting to this surreptitious process . . . ."); ¶ 21 ("*Without the knowledge or consent of consumers*, Retail Defendants are engaged in a continuous process of collecting and sharing with TRE large amounts of data about their consumers"); ¶ 211 (Retail Defendants share data "*without the consent or knowledge of Plaintiffs and Class members* in violation of Plaintiffs' and Class members' right to privacy under the common law and the California Constitution, Article I, Section 1") (emphases added).  Indeed, Plaintiffs' theory of harm is predicated on the allegation that they "would not have purchased or would not have paid as much for, merchandise from Retail Defendants *had they known* their Consumer Commercial Activity Data and Consumer ID Data was being shared, received, and used by Defendants in the manner described herein."  TAC ¶ 219 (emphasis added).  Now, of course, they know about the alleged conduct, and as a result, they cannot be injured in the same way again.[6]

---

[6] Given Plaintiffs' knowledge of Retail Defendants' conduct, no amendment is possible to adequately allege non-speculative future harm.  An allegation by Plaintiffs

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

Specifically, Plaintiffs now know that certain attempts to return merchandise will be subject to scrutiny by the Retail Defendants.[7]  Given that knowledge, they cannot be subjected to the same harm again in the future—*i.e.*, purchasing merchandise unaware that "Consumer Commercial Activity Data" and "Consumer ID Data" might be shared.  In similar situations—which differ from the false advertising allegations in *Davidson*—courts have dismissed complaints for injunctive relief under the UCL where the past harm was predicated on a lack of knowledge that has subsequently been cured, thus negating the risk of repeat harm going forward.  *See, e.g.*, *Matic v. U.S. Nutrition, Inc.*, No. 18-cv-9592-PSG, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) ("Plaintiff is now aware that he can find out how much protein powder is in Defendant's containers" and is not "likely to be deceived by the size of the protein powder containers in the future."); *Rahman v. Motts LLP*, No. 13-cv-03482-SI, 2018 WL 4585024, at *2 (N.D. Cal. Sept. 25, 2018) (dismissing injunctive relief claim because "whatever his prior state of knowledge" plaintiff was "now fully aware that 'No Sugar Added' simply means that no sugar was added to the product"); *see also Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906-07 (N.D. Cal. 2021) (collecting cases dismissing claims for knowledge of alleged wrongdoing and inability to plead future harm).  The same result is warranted here and thus, for

that they are dissuaded from making purchases at any of the Retail Defendants' stores because they may want to return a purchase in the future (or, as Plaintiffs currently allege, that they "risk" having their information wrongfully shared, TAC ¶ 220) is simply an allegation of speculative, non-actionable harm.  And a hypothetical allegation that Plaintiffs want to make a purchase from the Retail Defendants in the future with the intention of then returning that purchase would not be an allegation of a bona fide purchase resulting in actionable harm.  The UCL does not exist to provide remedies to plaintiffs who make sham purchases for the sole purpose of manufacturing alleged harms.

[7] Plaintiffs' theory that they have an unfettered right to return merchandise is wrong as a matter of law.  *See* Cal. Civ. Code § 1723 (retailers are permitted to limit a consumer's right to return).

16

this additional reason, Plaintiffs' UCL claim for injunctive relief also fails and cannot be cured by yet another bite at the apple.

## VI.     CONCLUSION

For the foregoing reasons, Retail Defendants respectfully request the Court strike the improperly renewed allegations relating to restitution and dismiss the UCL claim for injunctive relief.  In addition, because Plaintiffs cannot state a claim based on either past or future harm, this Court should dismiss the entire UCL claim against the Retail Defendants with prejudice.

[Signatures to follow]

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  August 19, 2022

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

_____
          /s/ Joseph Duffy
             Joseph Duffy

Attorneys for Defendant
**BED BATH & BEYOND INC.**

DATED:  August 19, 2022

P. CRAIG CARDON
ccardon@sheppardmullin.com
ALYSSA SONES
asones@sheppardmullin.com
BENJAMIN O. AIGBOBOH
baigboboh@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel. 310-228-3700
Fax 310-228-3701

KARI M. ROLLINS (*pro hac vice)*
krollins@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel. 213-634-3077
Fax 212-653-8701

_____
          /s/ P. Craig Cardon
             P. Craig Cardon

Attorneys for Defendants
**SEPHORA USA, INC. and THE TJX COMPANIES, INC.**

18

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  August 19, 2022

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:   404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

_____/s/ Rachel E. K. Lowe_____
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

DATED:  August 19, 2022

ANN MARIE MORTIMER
amortimer@huntonak.com
JASON J. KIM
kimj@huntonak.com
JEFF R. R. NELSON
jnelson@huntonak.com

**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 1200
Los Angeles, CA 90071
Tel. 213-532-2000
Fax 213-532-2020

_____/s/ Ann Marie Mortimer_____
Ann Marie Mortimer

Attorneys for Defendant
**BATH & BODY WORKS, INC. (f/ka L BRANDS. INC.)**

19

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  August 19, 2022

MICHAEL D. ROTH
mroth@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213-443-4310

SUZANNE E. NERO
snero@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel. 415-318-1200

CHRISTOPHER G. CALDWELL
ccaldwell@caldwell-llp.com
6250 Hollywood Blvd., Ste. 11M
Los Angeles, CA 90028
Tel. 213-712-8079

/s/ Michael D. Roth
Michael D. Roth

Attorneys for Defendant
**THE GAP, INC.**

DATED:  August 19, 2022

S. STEWART HASKINS II (*pro hac vice*)
shaskins@kslaw.com
ELIZABETH ADLER (*pro hac vice*)
eadler@kslaw.com
MISTY L. PETERSON (*pro hac vice*)
mpeterson@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel. (404) 572-4600
Fax  (404) 572-5100

JULIA ELIZABETH ROMANO
jromano@kslaw.com
**KING & SPALDING LLP**
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213 443-4310

/s/ S. Stewart Haskins II
S. Stewart Haskins II

Attorneys for Defendant
**THE HOME DEPOT, INC.**

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

**<u>LOCAL RULE 5-4.3.4(A)(2)(I) CERTIFICATION</u>**

Pursuant to local rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 6, 2022

/s/ Michael D. Roth
Michael D. Roth

RETAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT