KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:   404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

Attorneys for Defendant CVS PHARMACY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC., et al.,<br><br>Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>*Assigned to Hon. David O. Carter*<br><br>**CVS PHARMACY, INC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date: October 17, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 10A<br><br>Complaint Filed: July 7, 2020<br>FAC Filed: August 3, 2020<br>SAC Filed: July 27, 2021<br>TAC Filed: August 5, 2022<br>Trial Date: None set |

---

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42092613v1

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Defendant CVS Pharmacy, Inc. ("CVS"), by and through its attorneys of record, will and hereby does move for an order dismissing non-California Plaintiff Eric Gilbert's claims in the Third Amended Class Action Complaint, ECF No. 455 ("TAC"), with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

CVS moves to dismiss the claims of out-of-state Plaintiff Eric Gilbert because (i) California's Unfair Competition Law ("UCL") cannot be applied extraterritorially, and (ii) choice of law rules mandate that the Court should apply Florida law to Plaintiff Gilbert's allegations, which fail to state a claim for relief under that state's law.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 12, 2022.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

DATED:  August 19, 2022

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777

1

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42092613v1

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

/s/ *Rachel E. K. Lowe*
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

2

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

LEGAL02/42092613v1

# **Table of Contents**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I.     INTRODUCTION...................................................................................1

II.    BACKGROUND......................................................................................1

III.   LEGAL STANDARD..............................................................................2

IV.    ARGUMENT AND CITATIONS TO AUTHORITY ..................................2

    A.   Plaintiff Gilbert's UCL Claim is Barred by the Extraterritoriality Doctrine.................................................................................................2

    B.   California's Choice of Law Rules Also Require Dismissal of Plaintiff Gilbert's Claims. .................................................................................4

    C.   Plaintiff Gilbert's Invasion of Privacy Claim Fails. ...................................8

V.     CONCLUSION .......................................................................................10

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

LEGAL02/42092613v1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agency for Health Care Admin. v. Associated Indus.*,
  678 So. 2d 1239 (Fla. 1996) ................................................................8

*Allstate Ins. Co. v. Ginsberg*,
  863 So. 2d 156 (Fla. 2003) .............................................................6, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................2

*Bell Atl. Corp v. Twombly*,
  550 U.S. 544 (2007) ............................................................................2

*Cooper v. Simpson Strong-Tie Co.*,
  460 F. Supp. 3d 894 (N.D. Cal. 2020)..............................................3, 4

*Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*,
  960 F.3d 549 (9th Cir. 2020) ...........................................................4, 5

*Davis v. Powertel, Inc.*,
  776 So. 2d 971 (Fla. Dist. Ct. App. 2000)...........................................5

*Egwuatu v. South Lubes, Inc.*,
  976 So.2d 50 (Fla. Dist. Ct. App. 2008).............................................5

*Fleites & Jane Does No 1 Through No 33 v. Mindgeek S.A.R.L.*,
  No. CV 21-04920-CJC(ADSx), 2022 WL 1314035 (C.D. Cal. Feb. 10,
  2022) ...................................................................................................6

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014)...................................................8

*Gustafson v. BAC Home Loans Servicing, LP*,
  294 F.R.D. 529 (C.D. Cal. 2013)..........................................................7

*Hall v. Sargeant*,
  No. 9:18-CV-80748, 2019 WL 1359485 (S.D. Fla. Mar. 26, 2019)...................6

ii

*Hernandez v. Hillsides, Inc.*,
  47 Cal. 4th 272 (2009) ................................................................................................ 5, 6

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ............................................................................ 3

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ........................................................................................... 5

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ..................................................................................................... 5

*In re Toyota Motor Corp.*,
  785 F. Supp. 2d 883 (C.D. Cal. 2011) .............................................................................. 4

*In re Yahoo Mail Litig.*,
  308 F.R.D. 577 (N.D. Cal. 2015) ..................................................................................... 7

*Jews for Jesus, Inc. v. Rapp*,
  997 So. 2d 1098 (Fla. 2008) ......................................................................................... 6, 7

*Larsen v. Vizio, Inc.*,
  No. SACV 14-01865-CJC, 2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ....... 7

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ............................................................................... 5, 6, 7, 8

*McGhee v. Arabian Am. Oil Co.*,
  871 F.2d 1412 (9th Cir. 1989) ......................................................................................... 5

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ........................................................................................... 2

*Norwest Mortg., Inc. v. Super. Ct.*,
  72 Cal. App. 4th 214 (1999) ............................................................................................ 3

*Regions Bank v. Kaplan*,
  Nos. 17-15478, 18-13220, 2021 WL 4852268 (11th Cir. Oct. 19, 2021) ........ 8, 9

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ......................................................................................... 2

iii

*Sullivan v. Oracle Corp.*,

   51 Cal. 4th 1191 (2011) ........................................................................2

*Tidenberg v. Bidz.com, Inc.*,

   No. CV 08-5553 PSG, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ....................4

*Vinci v. Hyundai Motor Am.*,

   No. SA CV 17-0997-DOC, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018).........7

*Warner v. Tinder Inc.*,

   105 F. Supp. 3d 1083 (C.D. Cal. 2015)..........................................................2, 3

*Williams v. City of Minneola*,

   575 So. 2d 683 (Fla. Dist. Ct. App. 1991)..........................................................8

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................2

**STATUTES**

California's Unfair Competition Law, Business and Professions Code, Bus. &

   Prof. Code, § 17200 *et seq*........................................................1–5, 7–8

Fla. Stat. Ann. § 501.211 ........................................................................5

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

LEGAL02/42092613v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Since the inception of this litigation two years ago, every non-California plaintiff has dismissed their claims.  Only one remains: Florida resident Eric Gilbert.  *See* ECF No. 455 ("TAC").  In the TAC, Gilbert attempts to assert two causes of action against Defendant CVS Pharmacy, Inc. ("CVS")—one for violation of California's Unfair Competition Law, Business and Professions Code section 17200 ("UCL") and the other for invasion of privacy under California law.  Both claims fail.  The UCL does not apply extraterritorially to a Florida resident who does not allege any California connections.  Plaintiff's UCL claim and California invasion of privacy claims must also be dismissed under California's choice of law rules, which require the application of Florida law.  And under Florida law, Plaintiff does not come close to stating a plausible claim for invasion of privacy.

Moreover, Plaintiffs have amended their complaint multiple times after CVS raised these grounds for dismissal.  And despite having an opportunity to amend their allegations with respect to Plaintiff Gilbert, Plaintiffs' counsel have not done so—nor could they.  Further amendment would be futile, and as a result, the Court should dismiss Plaintiff Gilbert's claims with prejudice.

### II.   BACKGROUND

This case arises out of allegations regarding the collection of consumer data and its use in approving or denying consumers' returns or exchanges at retail stores.  Florida resident Eric Gilbert is the sole remaining out-of-state named plaintiff.  This suit previously included numerous non-California plaintiffs.  *See* ECF No. 15.  Over the course of the litigation, Plaintiffs' counsel eventually stipulated to the dismissal of all of them with the sole exception of Plaintiff Gilbert.  *See* ECF No. 267 at 2 (granting dismissal of plaintiffs William Hannum, Olga Maryamchik, Victoria Caruso-Davis, Susana Guevara, and Sean Frederick); ECF No. 269 at 3:4–7 (Plaintiffs Carol Lloyd and Michael Murphy stipulating to dismiss their claims); *see also* ECF

1

No 277 (Plaintiffs Murphy's and Lloyd's non-opposition to dismissal of their individual claims).

Most recently, while Retail Defendants[1] moved to dismiss the then-remaining non-California Plaintiffs Murphy, Lloyd, and Gilbert from the Second Amended Complaint, the Court's order on that motion did not address those grounds for dismissal. *See* ECF No. 423 at 14. Plaintiff Gilbert's claims in the operative TAC are subject to dismissal on the same grounds.

## III. LEGAL STANDARD

Rule 12(b)(6) requires Plaintiffs to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," courts must dismiss plaintiffs' claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In dismissing a complaint, courts need not grant leave to amend where, as here, it would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## IV. ARGUMENT AND CITATIONS TO AUTHORITY

### A. Plaintiff Gilbert's UCL Claim is Barred by the Extraterritoriality Doctrine.

"California's Supreme Court has made clear that there is a strong presumption against the extra-territorial application of California law." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1096 (C.D. Cal. 2015) (quotation omitted); *Sullivan v. Oracle*

---

[1] Retail Defendants" include Defendants Sephora USA, Inc., Bed Bath & Beyond Inc. ("Bed Bath & Beyond"), CVS, Bath & Body Works, Inc. ("BBW"), The Gap, Inc., The Home Depot, Inc., and The TJX Companies, Inc. ("TJX"). CVS joins the Retail Defendants' Motion to Strike and Dismiss Plaintiffs' Third Amended Complaint filed concurrently with this Motion to Dismiss, which it files on its own behalf.

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42092613v1

*Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[W]e presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state . . . ." (quotations and citation omitted)). The presumption against the extraterritorial application of California law "applies to the UCL in full force." *Warner*, 105 F. Supp. 3d at 1096 (quotation omitted). "Neither the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially." *Id.*; *Norwest Mortg., Inc. v. Super. Ct.*, 72 Cal. App. 4th 214, 225 (1999) (rejecting application of the UCL to claims involving "injuries suffered by non-California residents, caused by conduct occurring outside of California's borders"). To determine whether the UCL "appl[ies] to non-California residents, courts consider 'where the defendant does business, whether the defendant's principal offices are located in California, where class members are located, and the location from which [the relevant] decisions were made.'" *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237–38 (N.D. Cal. 2012). But the "critical issues are whether the injury occurred in California and whether the conduct of Defendants occurred in California." *Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 911 (N.D. Cal. 2020).

Here, these factors—including both "critical issues"—cut decidedly against the extraterritorial application of the UCL to Plaintiffs Gilbert's claims. First, Gilbert is located in Florida and sued CVS, a company headquartered in Rhode Island, in a California court. *See* TAC ¶¶ 12, 51. Second, Gilbert does not allege that he suffered any injury in California or that CVS's supposed unlawful conduct occurred in California. Indeed, the only plausible inference is that Plaintiff Gilbert's purchases and attempted (or completed) returns and exchanges, along with the corresponding alleged unauthorized collection and transmission of their information, occurred at a retail location in his home state—Florida. *See* TAC ¶¶ 51–62 (alleging Plaintiff Gilbert is a Florida resident and that he "attempted to return or exchange merchandise previously purchased from CVS" but failing to allege where the return or purchase

3

took place).  Simply put, neither the alleged relevant conduct, nor the alleged injuries occurred in California.

That the Retail Equation, Inc. ("TRE")—a co-defendant—is a California company does not come close to rebutting the strong presumption against the extraterritorial application of the UCL to CVS.  Indeed, even where the defendant is a California company, courts routinely dismiss UCL claims where, as here, the plaintiff fails to allege any facts establishing that the alleged injury and unlawful conduct occurred in California.  *See*, *e.g.*, *Cooper*, 460 F. Supp. 3d at 911 (dismissing Florida residents' claims against *California* defendants under the UCL on extraterritorial grounds where the plaintiff did not allege sufficient facts connecting their claims to California).[2]

Gilbert's Second Cause of Action alleging violation of California's UCL should be dismissed.

**B.  California's Choice of Law Rules Also Require Dismissal of Plaintiff Gilbert's Claims.**

California applies a three-step governmental interest test to determine the applicable law.  *Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 559 (9th Cir. 2020).  First, the court must decide whether relevant California law differs from that of the foreign jurisdiction.  *Id.*  Second, if the court finds differences, the court must then determine the competing jurisdictions' interests, if any, in the application of their respective laws.  *Id.*  "If only one jurisdiction has a legitimate

---

[2] *See also In re Toyota Motor Corp*., 785 F. Supp. 2d 883, 917-18 (C.D. Cal. 2011) (dismissing UCL claims by non-California residents against California-based defendant on extraterritorial grounds because the plaintiffs "cannot allege a sufficient connection to California"); *Tidenberg v. Bidz.com, Inc*., No. CV 08-5553 PSG, 2009 WL 605249, at *5 (C.D. Cal. Mar. 4, 2009) (dismissing UCL claim by non-California resident brought against California-based defendants on extraterritoriality ground where plaintiff did not "allege any specific facts linking [d]efendants' contacts with California to the claims [p]laintiff asserts against them").

4

interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied." *Id.* (quoting *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989)). Third, if multiple jurisdictions have a "legitimate interest," the court must "identify and apply 'the law of the state whose interest would be the more impaired if its law were not applied.'" *Id.*

Under the first step, there are material conflicts here. Material conflicts exist between California's UCL and the consumer protection laws of Florida. For example, (a) in California, a plaintiff bringing a UCL claim may only seek restitution and injunctive relief, whereas, under Florida consumer protection laws, a plaintiff may seek actual damages plus attorneys' fees and costs,[3] (b) in California, reliance is a required element of a UCL claim, whereas, under Florida consumer protection laws, reliance is not required,[4] and (c) in California, materiality is a required element of a UCL claim, whereas under Florida consumer protection laws, materiality is not required.[5] Indeed, in *Mazza*, the Ninth Circuit found that there were material conflicts between California's and Florida's consumer protection statutes. 666 F.3d at 591.

The same is true regarding Plaintiff Gilbert's invasion of privacy claim. Florida's available invasion of privacy claims conflict materially with California's invasion of privacy claims. Claims under California's Constitutional and common law causes of action for invasion of privacy require allegations that "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (citing *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009)). Florida, however, has

---

[3] *Compare* Cal. Bus. & Prof. Code § 17203, *with* Fla. Stat. Ann. § 501.211.

[4] *Compare In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) *with Egwuatu v. South Lubes, Inc.*, 976 So.2d 50, 53 (Fla. Dist. Ct. App. 2008); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012).

[5] *Compare In re Tobacco II*, 46 Cal. 4th at 306 *with Davis*, 776 So. 2d at 973-74.

5

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

specifically narrowed claims for invasion of privacy down to three causes of action: (1) intrusion upon seclusion; (2) public disclosure of private facts; and (3) appropriation of one's likeness. *See Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003); *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1114 (Fla. 2008) ("[W]e decline to recognize a cause of action for false light invasion of privacy."); *see also Fleites & Jane Does No 1 Through No 33 v. Mindgeek S.A.R.L.*, No. CV 21-04920-CJC(ADSx), 2022 WL 1314035, at *6 (C.D. Cal. Feb. 10, 2022) (noting that Florida and other states' intrusion of privacy torts "vary significantly"). Of relevance here, Florida does not recognize a claim for intrusion upon seclusion without an allegation that there was an intrusion into a plaintiff's "private quarters."[6] "The intrusion to which this refers is into a 'place' in which there is a reasonable expectation of privacy." *Allstate Ins. Co.*, 863 So. 2d at 162; *see also Hall v. Sargeant*, No. 9:18-CV-80748, 2019 WL 1359485, at *7 (S.D. Fla. Mar. 26, 2019) ("In Florida, the tort of invasion of privacy by intrusion has traditionally applied to physical locations."). As shown below, this conflict is material as claims substantially similar to Plaintiff Gilbert's have been dismissed under Florida law. *See* Section IV(C), *infra*.

The second step of California's choice of law analysis is also satisfied because Plaintiff Gilbert's home state of Florida "has a strong interest in applying its own consumer protection laws" to transactions that occurred within it borders involving its residents. *Mazza*, 666 F.3d at 592 (finding that "each state has a strong interest in applying its own consumer protection laws" where, as here, the transactions at issue occurred in each plaintiff's home state). Florida also has a strong interest in balancing its citizens' privacy interests with free speech and the creation of a favorable business

---

[6] *Compare Hernandez*, 47 Cal. 4th at 286 (stating that "[a] privacy violation based on the common law tort of intrusion" requires a highly offensive intentional intrusion into "a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy"), *with Allstate Ins. Co.*, 863 So. 2d at 162 (concluding "the allegations of the complaint do not amount to an invasion of privacy" where there was no "intrusion" into private quarters).

6

environment. *See id.* at 592-93 (noting states' interest in "encouraging an attractive business climate"); *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 605 (N.D. Cal. 2015) ("The individual states also have valid interests in balancing the privacy interests of their residents with free speech considerations."); *Jews for Jesus, Inc.*, 997 So. 2d at 1110 (limiting available invasion of privacy claims in part due to free speech concerns).

And, like in *Mazza*, the final step of the analysis shows that Plaintiff Gilbert's home state's interests are most impacted here. "California recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Mazza, 666 F.3d at* 593 (internal quotation marks and citation omitted). The place of the wrong is "where the last event necessary to make the actor liable occurred." *Id.* Here, the last event necessary was the alleged collection and transmission of Plaintiff Gilbert's information at the point of purchase and/or return or exchange. As discussed above, the only plausible inference to draw from the Third Amended Complaint is that Plaintiff Gilbert's transactions took place in Florida, *see* TAC ¶¶ 51–62, which has a strong interest in regulating transactions occurring within its borders between its residents and companies operating within the state. *Mazza*, 666 F.3d at 594. Conversely, "California's interest in applying its laws to residents of foreign states is 'attenuated.'" *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 540 (C.D. Cal. 2013) (quoting *Mazza*, 666 F.3d at 594).

As a result, and consistent with *Mazza*, Plaintiff Gilbert's UCL claim must be dismissed. *See Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at **9-10 (C.D. Cal. Apr. 10, 2018) (applying *Mazza* and choice of law rules on motion to dismiss and holding that they barred claims under California law, including the UCL, for both the Oregon plaintiff and the proposed nationwide class); *Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC (JCGx), 2015 WL 13655757, at *3 (C.D. Cal. Apr. 21, 2015) (dismissing with prejudice plaintiff's individual and

nationwide class claims under the UCL after analyzing *Mazza* and choice of law rules); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (dismissing UCL claim of a nationwide class based on *Mazza*, choice of law rules, and plaintiff's failure to specify in which state he individually made the purchase at issue). Similarly, Plaintiff Gilbert's invasion of privacy claim must be governed under Florida law.

### C.    Plaintiff Gilbert's Invasion of Privacy Claim Fails.

As set forth above, Florida law governs Plaintiff Gilbert's invasion of privacy claim. Of the three available claims for invasion of privacy, intrusion upon seclusion and public disclosure of private facts are the only claims even loosely related to Plaintiff Gilbert's allegations.[7] To allege a claim for intrusion upon seclusion, a plaintiff must allege an intrusion into their "private quarters." *Allstate Ins. Co.*, 863 So. 2d at 162 (concluding "the allegations of the complaint do not amount to an invasion of privacy" where there was no "intrusion" into private quarters). To allege a claim for a public disclosure of private facts, a plaintiff must allege, among other things, that their information has been unreasonably disclosed to the general public or "to so many persons that the matter must be regarded as substantially certain to become public knowledge." *Regions Bank v. Kaplan*, Nos. 17-15478, 18-13220, 2021 WL 4852268, at \*13 (11th Cir. Oct. 19, 2021) (quoting *Williams v. City of Minneola*, 575 So. 2d 683, 689 (Fla. Dist. Ct. App. 1991)).

Plaintiff Gilbert fails to plead facts sufficient for either claim.[8] The Third Amended Complaint contains no allegation that CVS intruded into Plaintiff Gilbert's

---

[7] The other claim is for appropriation. *See Agency for Health Care Admin. v. Associated Indus.*, 678 So. 2d 1239, 1252 n.20 (Fla. 1996).

[8] Perhaps unsurprisingly, Plaintiff Gilbert failed entirely to address this argument when opposing Retail Defendants' motion to dismiss the Second Amended Complaint. *See generally*, ECF No. 299 (Plaintiffs' opposition brief); *see also* ECF No. 315 at 8 n.10 (Retail Defendants' Reply brief) ("Plaintiffs ignore Retail

"private quarters." Plaintiff Gilbert instead alleges that he volunteered his transactional and identification information in a public store. TAC ¶ 52–53 (alleging that Plaintiff Gilbert "attempted to return or exchange merchandise" and interacted with a "CVS sales associate"). Nor is there an allegation that CVS disclosed Plaintiff Gilbert's information to a large group of people—not to mention the general public. Instead, Plaintiff Gilbert only alleges a disclosure of his information to TRE. *See* TAC ¶ 56 ("Plaintiff Gilbert did not know his identifying and transaction information was being transmitted to TRE."). This is plainly insufficient.

In *Regions Bank v. Kaplan*, the district court dismissed an invasion of privacy claim under Florida law on allegations that the defendant disclosed information to third party Fraud-Net's "secured, online database created to help financial institutions and law enforcement combat financial crime." No. 8:12-cv-1837-T-17MAP, 2013 WL 1193831, at *21 (M.D. Fla. Mar. 22, 2013). The district court found that no claim existed because the disclosure was not made to the public. *Id.* The Eleventh Circuit affirmed the district court's dismissal. *See* 2021 WL 4852268, at *12–13. "Because Fraud-Net is both secured and restricted to limited membership, a submission to Fraud-Net is not a disclosure to the public at large or a disclosure that is substantially certain to become public knowledge." *Id.* at 13. Of note, the Eleventh Circuit also found that, even if a publication occurred, the plaintiff could not establish that the publication was offensive and not of public concern. *Id.* at 12. Specifically, the Eleventh Circuit found that a private publication of social security numbers was not offensive. *Id.* at *13. It then found that a "limited disclosure on a secure and limited network designed expressly for the purpose of preventing bank fraud . . . served the public interest." *Id.* at 13.

Defendants' assertion that non-California Plaintiffs cannot support an invasion of privacy claim under the laws of their home states. . . Plaintiffs have waived any opposition on these grounds.").

9

Plaintiff Gilbert's claim falls neatly in line with the Eleventh Circuit's analysis in *Regions Bank*. As he admits, CVS transmitted his information to TRE to "make a fraud determination." TAC ¶ 57. So, even if CVS's transmission of his data to one party—TRE—constituted a publication (it does not) that publication to a limited audience served a public interest. Plaintiff Gilbert's claim simply has no footing under Florida law.

For these reasons, the Court should dismiss Plaintiff Gilbert's First Cause of Action for invasion of privacy against CVS.

## V.    CONCLUSION

For the foregoing reasons, CVS respectfully requests the Court dismiss Plaintiff Gilbert's claims with prejudice.

DATED:  August 19, 2022

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

/s/ *Rachel E. K. Lowe*
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

CVS PHARMACY, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42092613v1