Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow (*pro hac vice*)
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, *et al*., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>THE RETAIL EQUATION, INC., *et al*.,<br><br>                    Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>**PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' JOINT MOTION TO STRIKE AND DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (ECF NO. 460)**<br><br>Date:    October 17, 2022<br>Time:   8:30 a.m.<br>Judge:  Hon. David O. Carter<br>Ctrm:   10A |

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   BACKGROUND AND PROCEDURAL HISTORY ...........................................2

III.  LEGAL STANDARD ...........................................................................................5

    A.    Federal Rule of Civil Procedure 12(f) Motions to Strike............................5

    B.    Federal Rule of Civil Procedure 12(b)(6) Motions to Dismiss ...................5

IV.   ARGUMENT.........................................................................................................6

    A.    Retail Defendants' Motion to Strike Allegations of Restitution is Substantively Meritless ...............................................................................6

    B.    Defendants' Motion to Dismiss Allegations of Restitution is Procedurally Improper.................................................................................7

    C.    Plaintiffs' Allegations for Restitution Under the UCL are Proper at this Stage ....................................................................................................8

        1.    Plaintiffs' Allegations for Restitution are Not Precluded by *Sonner* ............................................................................................8

        2.    Plaintiffs' Request for Equitable Relief Seeks Recovery for the Total Harm Caused by Retail Defendants Continuing Conduct .......9

        3.    Plaintiffs Properly Plead Entitlement to Restitution Under the UCL in the Alternative to Legal Remedies....................................11

    D.    Plaintiffs' Allegations are Sufficient to Confer Standing ........................12

V.    CONCLUSION...................................................................................................15

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Comcast Corp.*,
   No. 16-cv-5969, 2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) ................................. 11

*Balisteri v. Pacifica Police Dept.*,
   901 F.2d 969 (9th Cir. 1988) ................................................................................. 6

*Byton N. Am. Co. v. Breitfeld*,
   No. 19-cv-10563, 2020 WL 3802700 (C.D. Cal. Apr. 28, 2020) ............................ 11

*California Dep't of Toxic Substances Control v. Alco Pacific, Inc.*,
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ................................................................. 5

*Chang v. Chen*,
   80 F.3d 1293 (9th Cir. 1996) ................................................................................. 6

*Cores v. Boulder Brands USA, Inc.*,
   No. 18-cv-6534, 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .............................. 14

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir 2018). ............................................................................ 13, 14

*Deras v. Volkswagen Grp. of Am., Inc.*,
   No. 17-cv-5452, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ............................. 11

*Doe v. United States Dep't of Justice*,
   753 F.2d 1092 (D.C. Cir. 1985) ............................................................................. 7

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ............................................................................... 5

*Fernandez v. Progressive Mgmt. Sys.*,
   No. 21-cv-841, 2022 WL 2541272 (C.D. Cal. July 7, 2022) ................................. 12

*Floyd v. Trice,*
   490 F.2d 1154 (8th Cir. 1974) ............................................................................... 7

*Freeman v. Indochino Apparel, Inc.*,
   443 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................. 11

*Holt Civic Club v. Tuscaloosa,*
   439 U.S. 60 (1978) ................................................................................................ 7

*In re 2TheMart.com, Inc. Sec. Lit.*,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) ................................................................... 5

*In re Adobe Sys., Inc. Privacy Litig.*,
   66 F. Supp. 3d 1197 (N.D. Cal. 2014) ................................................................... 13

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

*In re Anthem, Inc. Data Breach Litig.*,
    162 F. Supp. 3d 953 (N.D. Cal. 2016). ........................................................................12

*In re Anthem, Inc. Data Breach Litig.*,
    No. 15-md-2617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016).....................13

*Karl v. Zimmer Biomet Holdings, Inc.*,
    No. 18-cv-4176, 2018 WL 5809428 (N.D. Cal. Nov. 6, 2018)................................11

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ............................................................................................12

*Mier v. CVS Pharmacy, Inc.*,
    No. 20-cv-1979-DOC-ADS, 2021 WL 1559367 (C.D. Cal. Mar. 22, 2021) ..6, 10, 11

*Roper v. Big Heart Pet Brands, Inc.*,
    No. 19-cv-406, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020)................................10

*S.E.C. v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) ..........................................................................5

*Sonner v. Premier Nutrition Corporation*,
    971 F.3d 834 (9th Cir. 2020) ...........................................................................1, 8, 9

*State Farm Mut. Auto. Ins. Co. v. Coates*,
    933 F.2d 1015 (9th Cir. 1991) ...................................................................................7

*Summit Technology, Inc. v. High Line Medical Instruments Co.*,
    922 F. Supp. 299 (C.D. Cal. 1996) ............................................................................5

*Williams v. Oberon Media, Inc.*,
    No. 09-cv-8764-JFW (AGRx), 2010 WL 1644888 (C.D. Cal. March 4, 2010)..........5

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*,
    135 F.3d 658 (9th Cir. 1998) .....................................................................................6


**Statutes**

Cal. Bus. & Prof. Code
    §§ 17200, *et seq*. .....................................................................................................3
    § 17205 ......................................................................................................................8


**Other Authorities**

Judge Virginia A. Phillips & Judge Karen L. Stevenson, RUTTER GROUP PRACTICE
    GUIDE FED. CIV. PROC. BEFORE TRIAL, CAL. & 9TH CIR. EDITIONS § 9:230 (2022)....7

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

## I.    INTRODUCTION

Plaintiffs respectfully submit this Opposition to the Motion to Strike and Dismiss Third Amended Class Action Complaint ("TAC") (ECF No. 460) (hereafter "Motion") filed by Retail Defendants.[1] The Retail Equation ("TRE") has joined, in part, in the Motion (ECF No. 463). The Motion presents a number of arguments in support of Retail Defendants' requests that either intentionally misinterpret this Court's orders, present arguments already rejected by the Court, or fail for other reasons.

Specifically, Retail Defendants seek to strike certain of the UCL claim's allegations related to restitution because, they argue, the Court narrowed the remedies available to Plaintiffs to an injunction only in its July 22, 2022 Order (ECF No. 452) ("July 22 Order"). This argument ignores both the plain language of the July 22 Order, which contains no such limitation, and this Court's own prior precedent cited in the July 22 Order, which "allow[ed] a plaintiff to seek both monetary damages and an injunction premised on future harm under the UCL." *Id*. at 6.

Retail Defendants alternatively seek to dismiss allegations related to restitution because, they argue, the Ninth Circuit precedent in *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020) precludes restitution. This request is procedurally improper because a 12(b)(6) motion cannot be brought to strike a single remedy. Regardless, *Sonner* does not prohibit a plaintiff who has properly pleaded a UCL claim from seeking all forms of relief, including both restitution and an injunction.

Finally, Retail Defendants argue that Plaintiffs lack Article III standing to seek an injunction, however, again, this Court has already concluded that Plaintiffs have such standing given their overpayment for the product which Retail Defendants refused to accept for return or exchange.  Above and beyond this, Plaintiffs continue to suffer the

---

[1] Defendant Sephora USA, Inc., Defendant Bed Bath & Beyond Inc., Defendant CVS Pharmacy, Inc., Defendant Bath & Body Works, Inc. (f/k/a L Brands, Inc.), Defendant The Gap, Inc., Defendant The Home Depot, Inc, and Defendant TJX Companies, Inc. are collectively referred to herein as "Retail Defendants."

1

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

risk that a future return or exchange at Retail Defendants, or one of the 34,000 retail locations where TRE operates unknown to Plaintiffs, will similarly be rejected due to their current and future improperly shared data resting on TRE's servers. Accordingly, Article III standing is easily met.

The Court should reject Retail Defendants' latest efforts to recharacterize arguments the Court has considered multiple times and denied. Plaintiffs' UCL claims have been pending long enough.  For this and the other reasons discussed below these claims should proceed to the discovery phase.

## II.    BACKGROUND AND PROCEDURAL HISTORY

At some or all of their stores, each Retail Defendant utilizes services and information provided by TRE to determine whether to accept or reject merchandise returns and exchanges from individual customers at the time the customer attempts to make a return or exchange. When a customer attempts to return or exchange merchandise at one of Retail Defendants' stores, TRE processes the shared customer data using "statistical modeling and analytics" to generate a "risk score" for that customer. TAC ¶ 17 (ECF No.  455). The "risk score" corresponds with a supposed likelihood that the consumer is engaging in fraud or other organized crime within retail. TAC ¶ 32. To accomplish this, Retail Defendants share with TRE vast amounts of data about their customers, including details of customers' shopping, purchase, payments histories, a customers' name, data of birth, race, sex, full address, zip code, and pictures from the customers' government-issued photo IDs. *Id*. ¶¶ 1, 20-24, 31. TRE combines this data with other customer data it collects from the more than 34,000 retail locations where it operates. *Id*. ¶ 19.

There is no advance notice to consumers of TRE's involvement in Retail Defendants' transactions and, when a Retail Defendant rejects a consumer's return based on a "risk score" generated by TRE, neither Retail Defendants nor TRE make any effort to verify with the consumer the actual circumstances of the return or the accuracy of the data on which the rejection is based. *Id*. ¶ 33. Plaintiffs would not have purchased, or

2

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

would not have paid as much for, merchandise from Retail Defendants had they known their personal data was being shared, received, and used by Defendants in the manner described here. Moreover, TRE continues to aggregate consumers' sensitive and personal information to disseminate reports and risk scores for Retail Defendants and other retail entities. *Id*. ¶¶ 218-220. Accordingly, consumers continuously face the risk of having their returns rejected in the future based on these practices, and risk having additional personal information collected in the future by other retail entities who fail to disclose the use of TRE's services prior to collecting and transmitting data to TRE. *Id*. ¶¶ 220-221.

On July 7, 2020, Plaintiff Shadi Hayden filed her putative class action Complaint, commencing this action. ECF No. 1. On August 3, 2020, Plaintiffs filed the First Amended Complaint ("FAC"), including in their causes of action a claim for Violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. ECF No. 15. On July 6, 2021, Judge Holcomb granted TRE's motion to dismiss the FAC with leave to amend with further details of the invasion of privacy. ECF No. 247. On July 27, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") providing the requested detail. ECF No. 251. On May 4, 2022, this Court issued an order granting in part Retail Defendants' motion to dismiss (ECF No. 423), which it modified on reconsideration pursuant to Plaintiffs' request (July 22 Order, ECF No. 452).

The Court's July 22 Order provides regarding the threshold matter of standing:

[B]oth sets of Defendants argue that Plaintiffs lack standing under Article III and/or the UCL to seek an injunction. TRE Opp'n at 7; Retail Opp'n at 10-11. Plaintiffs counter that they have met both the injury in fact and economic harm requirements to establish standing. Pl. Reply at 5-6. ***The Court agrees with Plaintiffs and is satisfied that they will have sufficient standing to bring a claim under the UCL if their pleading is properly amended regarding injunctive relief.***

July 22 Order at 4-5 (emphasis added). The July 22 Order continues:

3

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

In *Sonner*, the Ninth Circuit reaffirmed the longstanding rule that federal courts should not grant equitable relief when an adequate remedy exists at law.

\* \* \*

As discussed above, the Court applied this principle in dismissing Plaintiffs' equitable claims because Plaintiffs failed to establish that legal remedies were inadequate. Order at 13. Rather than articulating why any legal remedy would be inadequate, Plaintiff's SAC simply requested both an injunction and money damages under the UCL in a single sentence.

\* \* \*

However, in their Opposition to Retail Defendants' Motion to Dismiss the SAC (Dkt. 299) ("Opp'n to Retail Defs. MTD"), Plaintiffs argued that money damages would not adequately address potential future use of consumer data to refuse returns or allow Plaintiffs to know the full scope of TRE and Retail Defendants' usage of consumer data. Opp'n to Retail Defs. MTD at 28-30. Specifically, ***Plaintiffs allege that money damages for past use of data and refusal of returns does not address or discourage the continued collection and usage of data by TRE and Retail Defendants.*** *Id*. at 28. In so doing, ***Plaintiffs have shown that available legal remedies are potentially inadequate to address all of the harms caused by Defendants' use of consumer data.***

July 22 Order at 6 (emphasis added).

On August 5, 2022, Plaintiffs filed their TAC in compliance with the Court's July 22 Order, amending the allegations in accordance with what the Court has already ruled would satisfy the standing and pleading requirements for the UCL cause of action.

On August 19, 2022, Retail Defendants filed the instant Motion, despite the Court's July 22 Order, arguing that Plaintiffs had not satisfied standing and pleading requirements for the UCL cause of action, or had otherwise exceeded the Court's direction in its July 22 Order.

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

## III.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(f) Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." As this Court explained recently in *Williams v. Oberon Media, Inc.*, No. 09-cv-8764-JFW (AGRx), 2010 WL 1644888 (C.D. Cal. March 4, 2010), "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Id*. at *3.

Under Rule 12(f), immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Given a motion to strike's disfavored status, courts often require "a showing of prejudice by the moving party" before granting the requested relief. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (citations omitted). Similar to a motion to dismiss, "courts must view the pleadings under attack in the light more favorable to the pleader." *Id*. Ultimately, "[i]f there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion" to strike. *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

### B. Federal Rule of Civil Procedure 12(b)(6) Motions to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High Line Medical Instruments Co.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996)

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

(quoting *Balisteri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir. 1988)). In deciding a motion to dismiss, a court must accept as true all allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See*, *e.g.*, *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## IV.   ARGUMENT

### A.   Retail Defendants' Motion to Strike Allegations of Restitution is Substantively Meritless

Retail Defendants argue that the remedy of restitution should be stricken from Plaintiffs' UCL claim because the July 22 Order narrowed the available remedies to injunctive relief. This is not so. Plaintiffs' Motion for Reconsideration asked the Court to reconsider the entire section of its May 4 Order addressing the UCL claim in its entirety. *See* ECF No. 437 at 6 ("Plaintiffs respectfully request the Court reconsider Section III.D of the Order and issue a new order finding Plaintiffs' UCL claim properly plead."). Consistent with Plaintiffs' request, the Court's July 22 Order held that "Plaintiffs' UCL claims for equitable relief are dismissed with leave to amend" without any limitations of the relief that could be sought under that properly plead claim. *See* July 22 Order at 7. Further, in granting leave to amend the Court specifically identified its own ruling in *Mier v. CVS Pharmacy, Inc.*, No. 20-cv-1979-DOC-ADS, 2021 WL 1559367, at *13 (C.D. Cal. Mar. 22, 2021).

In *Mier*, the plaintiff sued CVS, one of Retail Defendants in the instant case, for misleading product labeling seeking both restitution for past overpayment and an injunction regarding the labeling. *Id.* at *1. This Court in *Mier* found that, because the plaintiff had made the threshold showing that there was no adequate remedy at law, it could seek both an injunction and restitution as equitable relief. *Id.* at *12-13. In fact, the Court in the July 22 Order described its ruling in *Mier* as "allowing a plaintiff to seek

6

*both* monetary damages and an injunction *premised on future harm* under the UCL." July 22 Order at 6 (emphases added).

Yet, inexplicably, Retail Defendants argue that the Court in its July 22 Order did not and could not permit Plaintiffs to pursue a UCL claim seeking both monetary damages and an injunction premised only on future harm. This argument ignores both the plain language of the July 22 Order and this Court's own ruling in *Mier*, which the Court specifically cited. Thus, Retail Defendants' motion to strike has no merit, as Plaintiffs' allegations seeking equitable restitution under the UCL do not exceed the scope of the amendment permitted by the Court's July 22 Order.

### B.    Defendants' Motion to Dismiss Allegations of Restitution is Procedurally Improper

Retail Defendants alternatively seek dismissal of Plaintiffs' UCL claim because the remedy of restitution is requested, a procedurally improper motion. "A Rule 12(b)(6) motion will not be granted merely because plaintiff requests a remedy to which he or she is not entitled." Judge Virginia A. Phillips & Judge Karen L. Stevenson, RUTTER GROUP PRACTICE GUIDE FED. CIV. PROC. BEFORE TRIAL, CAL. & 9TH CIR. EDITIONS § 9:230 (2022); *see also State Farm Mut. Auto. Ins. Co. v. Coates*, 933 F.2d 1015 (9th Cir. 1991) (citing *Holt Civic Club v. Tuscaloosa,* 439 U.S. 60, 65-66 (1978) ("a meritorious claim will not be rejected for want of a prayer for appropriate relief"); *Floyd v. Trice,* 490 F.2d 1154, 1158 (8th Cir. 1974) (complaint which can state a valid cause of action should not be dismissed "even if [it] 'asks for relief beyond that ordinarily permissible'"); *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1104 (D.C. Cir. 1985) ("it need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted")).

The TAC alleges one count for violation of the UCL that incorporates by reference all of the paragraphs that precede it regarding TRE's continued possession of the data collected on Plaintiffs, TRE's continued issuance of risk scores to Retail Defendants, and Retail Defendants' continued use of those risk scores to justify refusing returns to

7

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

Plaintiffs. TAC ¶¶ 5, 21, 31, 211-221. Plaintiffs sought all forms of relief under the UCL for these continuing violations in one single count, not multiple counts. *See* Cal. Bus. & Prof. Code § 17205 ("the remedies or penalties provided by this chapter are cumulative to each other"). The Court has already stated that this UCL claim will be adequately pleaded after amendment. *See* July 22 Order at 6-7. Therefore, even if restitution is not available to remedy Retail Defendants' violations, which Plaintiffs dispute, a 12(b)(6) motion is not an appropriate motion to strike allegations associated with that remedy. Retail Defendants' motion to dismiss is procedurally defective.

### C. Plaintiffs' Allegations for Restitution Under the UCL are Proper at this Stage

#### 1. Plaintiffs' Allegations for Restitution are Not Precluded by *Sonner*

Retail Defendants argue that Plaintiffs' allegations for restitution must be dismissed under *Sonner* because "the restitution remedy Plaintiffs seek for their UCL claims is encompassed entirely by the damages remedy they seek for the alleged invasion of privacy." *See* Mot. at 9 (citing *Sonner*, 971 F.3d at 845). However, Retail Defendants' argument fundamentally misunderstands the holding in *Sonner*, as well as this Court's findings in the July 22 Order.

In *Sonner*, only two months before the claims were scheduled to be tried before a jury, the plaintiff sought leave to file a second amended complaint to drop the CLRA damages claim, thus leaving only a claim for restitution under the CLRA and UCL. *Id*. at 838. The plaintiff voluntarily abandoned an ostensibly viable claim on the eve of trial after more than four years of litigation because she believed she would have more success requesting that the district court judge award the class $32,000,000 as restitution, rather than having to persuade a jury to award this amount as damages. *Id*. But the district court dismissed, and the Ninth Circuit reaffirmed, the plaintiff's restitution claims because "the operative complaint ***does not allege*** that Sonner lacks an adequate legal remedy." *Id*. at 844 (emphasis added). Further, the Ninth Circuit noted that Sonner sought "the same sum

8

in equitable restitution . . . as she requested in damages to compensate her for the same past harm," and thus, "fail[ed] to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion." *Id*.

When considered in full, *Sonner* makes clear that dismissal of the restitution claim was based on the plaintiff's failure to properly plead the cause of action. The Court did not, as Retail Defendants suggest, opine on whether one form of relief sought by the plaintiff was more appropriate than another.[2] In its July 22 Order, this Court previously found that Plaintiffs properly pleaded a lack of adequate remedy at law to state a viable claim under the UCL. *See* July 22 Order at 6 ("Plaintiffs have shown that available legal remedies are potentially inadequate to address all of the harms caused by Defendants' use of consumer data."). The inquiry ends there, as *Sonner* does not operate to dismiss Plaintiffs' allegations for restitution under the UCL. Retail Defendants' attempt to strip Plaintiffs' viable UCL claim of proper forms of relief under the guise of *Sonner* is unavailing.

### 2.    Plaintiffs' Request for Equitable Relief Seeks Recovery for the Total Harm Caused by Retail Defendants Continuing Conduct

As this Court recognized, remedies provided for under Plaintiffs' invasion of privacy claim are inadequate because Plaintiffs' do not allege solely ***past*** harms caused by Retail Defendants' improper business practices. *See* July 22 Order at 6-7. Rather, Plaintiffs' allegations establish that TRE still possesses (and continues to collect) Plaintiffs' personal data, TRE continues to issue risk scores to Retail Defendants, and Retail Defendants continue to use these risk scores to justify refusing returns to Plaintiffs.

---

[2] Plaintiffs' reading of *Sonner* as a pleading requirement, rather than an analysis of the appropriate form of relief, is reinforced by the fact that, in *Sonner*, the plaintiff's CLRA claim seeking both restitution and damages survived the summary judgment stage and was ready to be tried by a jury until she voluntarily dropped her request for damages under the CLRA. *See* 971 F.3d at 837-38.

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

TAC ¶¶ 5, 21, 31, 211-221. As a result of Retail Defendants' ongoing unlawful and unfair conduct, Plaintiffs and Class members face the continued risk of having their returns rejected in the future based on these practices, and risk having additional data collected in the future by Retail Defendants and other retail entities who also fail to disclose the use of TRE's services prior to collecting and transmitting that data to TRE. *Id.*

The Court admittedly "failed to properly consider the potential future harm alleged by Plaintiffs" when initially finding that Plaintiffs were not entitled to bring a claim for equitable relief and dismissing Plaintiffs' UCL claim. *See* July 22 Order at 6-7. However, upon Plaintiffs' Motion for Reconsideration, the Court found that Plaintiffs' allegations "that money damages for past use of data and refusal of returns does not address or discourage the continued collection and usage of data by TRE and Retail Defendants," are sufficient to show "that available legal remedies are potentially inadequate to address ***all of the harms*** caused by Defendants' use of consumer data." *Id.* at 6 (emphasis added).

In finding that Plaintiffs' claims for equitable relief are not duplicative of legal remedies, this Court correctly applied *Sonner*, as well as the Court's own precedent. *See* July 22 Order at 6 (citing *Mier*, 2021 WL 1559367, at \*13). As noted above, in *Mier*, the plaintiff alleged that the defendant violated the UCL by misleading reasonable consumers "into purchas[ing] hand-sanitizer which [did] not perform as advertised." *Id.* at \*1-2. Similar to Retail Defendants here, the defendant in *Mier* argued that the plaintiff was barred from seeking equitable relief because "[plaintiff] has also stated claims for monetary damages under FAL and UCL." *Id.* at \*12. This Court rejected that very argument and found that the "Plaintiff may seek equitable relief under FAL and UCL to the extent that his claims are premised on alleged future harm." *Id.* at \*13 (citing *Roper v. Big Heart Pet Brands, Inc.*, No. 19-cv-406, 2020 WL 7769819, at \*8-9 (E.D. Cal. Dec. 30, 2020) ("Although monetary damages may ultimately fully address plaintiff's harm, at this stage of the litigation there is an ongoing, prospective nature to plaintiff's allegations given her contention that she and other future purchasers will continue to be misled.")).

10

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

By seeking restitution and injunctive relief under the UCL for future harm, as well as legal damages for past invasions of Plaintiffs' and Class members' privacy, Plaintiffs have fashioned full relief for the past, present, and future harm caused by Retail Defendants' continuing course of conduct, which is a proper and necessary practice at this stage. *See Mier*, 2021 WL 1559367, at *13; *see also Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims in the alternative at the pleading stage. The equitable remedies afforded by the UCL and CLRA are expressly stated to be in addition to other available remedies at law.").

### 3. Plaintiffs Properly Plead Entitlement to Restitution Under the UCL in the Alternative to Legal Remedies

Even if Retail Defendants' interpretation of *Sonner* had legs to stand on, Plaintiffs are entitled to plead restitution under the UCL in the alternative to legal damages flowing from Plaintiffs' invasion of privacy claim. Under the widely accepted and enforced doctrine of alternative pleading, it would be premature to dismiss Plaintiffs' equitable relief claims under the UCL should they be the sole remedy for Plaintiffs' injuries caused by Defendants' invasive, unfair, and unlawful business practices. *See Byton N. Am. Co. v. Breitfeld*, No. 19-cv-10563, 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020) ("[T]he Ninth Circuit's general rule is that plaintiffs may plead alternative claims, even if those claims are inconsistent."); *see also Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-5452, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) (finding plaintiff could pursue alternative equitable remedies under the UCL at the pleading stage); *Adkins v. Comcast Corp.*, No. 16-cv-5969, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017) ("[T]his Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleading stage."); *Karl v. Zimmer Biomet Holdings, Inc.*, No. 18-cv-4176, 2018 WL 5809428, at *12 (N.D. Cal. Nov. 6, 2018) ("Defendants are correct that injunctive or other equitable relief is not available under the UCL unless the plaintiff lacks an adequate remedy at law.

11

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

But it would be premature to strike plaintiff's equitable claims should they be the sole remedy . . . .") (internal citation omitted).

As discussed in *infra* section IV.D., this Court has already found that Plaintiffs' allegations that they "did not receive the benefit of the bargains they believed they were entering," constitute a cognizable injury subject to redress under the UCL. *See* July 22 Order at 5. Thus, Plaintiffs may plead equitable restitution under the UCL as an alternative remedy to legal damages for their invasion of privacy claim.

**D.    Plaintiffs' Allegations are Sufficient to Confer Standing**

This Court already disposed of Defendants' recycled arguments that Plaintiffs' allegations do not confer standing to bring a claim under the UCL. *See* July 22 Order at 5-6. For statutory standing, the UCL requires only economic injury and causation, which Plaintiffs allege. *See In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 985 (N.D. Cal. 2016). There are "innumerable ways in which economic injury from unfair competition may be shown." *Fernandez v. Progressive Mgmt. Sys.*, No. 21-cv-841, 2022 WL 2541272, at *2 (C.D. Cal. July 7, 2022) (citing *Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310, 323 (2011)). A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would have otherwise been unnecessary. *Kwikset*, 51 Cal. 4th at 323.

This Court has already concluded that Plaintiffs "have alleged an economic injury sufficient to bring a claim under the UCL and survive a motion to dismiss." *See* July 22 Order at 5. As this Court recognized, "Plaintiffs do not simply allege that they have lost control of their personal information, but that Plaintiffs overpaid for items given Defendants collect[ion], use[], and continue[d] [] use [of] their information without their knowing." *Id*. Specifically, Plaintiffs and Class members allege that they would not have purchased, or would have paid as much for, merchandise from Retail Defendants had they known their data was being shared, received, and used by Defendants in the manner

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

alleged. TAC ¶ 219. The TAC further alleges that "[e]very time a consumer purchases goods from Retail Defendants, included in the bargain is the ability to return . . . or exchange the purchased goods within a specified period of time." *Id*. ¶ 29; *see also id*. ¶ 34. This Court held "that these allegations meet the standing requirement under the UCL," and numerous other courts have held that plaintiffs have standing based on allegations that they would not have paid as much for defendants' goods or services had they known of the defendants' inadequate security practices. *See*, *e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-2617-LHK, 2016 WL 3029783, at *15 (N.D. Cal. May 27, 2016) (allegations that plaintiffs spent more money on insurance premiums than plaintiffs would have spent had they known of defendant's inadequate security practices were sufficient to establish UCL standing); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1223-24 (N.D. Cal. 2014) (allegations that plaintiffs spent more on Adobe products than they would have had they known Adobe was not providing reasonable security sufficient to allege standing under the UCL). As such, consistent with this Court's previous findings, Plaintiffs have satisfied the UCL's standing requirements and also have alleged an injury in fact sufficient to confer Article III standing. *See* July 22 Order at 5. Therefore, the Court has already determined that this challenge to Plaintiffs' standing is without merit.

Nevertheless, Retail Defendants persist in their argument that Plaintiffs lack Article III standing (Mot. at 11), relying on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir 2018). But *Davidson* actually supports Plaintiffs' position here by resolving the "district court split in favor of plaintiffs seeking injunctive relief." *Id.* at 969. In the Ninth Circuit, a previously deceived consumer may have standing to seek an injunction against false advertising or labeling because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* That is particularly relevant in this case where certain defendants (e.g., Best Buy), have represented to the Court that they are no longer using TRE's service. *See* Defendant Best Buy, Co., Inc.'s Reply in Support of Individual Motion, ECF No. 203 at 2.

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

In *Davidson*, a consumer bought "flushable wipes" that turned out not to be flushable. 889 F.3d at 961-62. The plaintiff sought an injunction prohibiting the defendant from using the word "flushable" on its wipes in the future unless they truly were flushable. *Id*. The trial court dismissed the action, but the Ninth Circuit overturned that dismissal, ruling that the plaintiff could sue for injunctive relief because she "will be unable to rely on [the defendant's] representations" about whether the product is flushable in the future. *Id*. at 969, 971-72; *cf. Cores v. Boulder Brands USA, Inc.*, No. 18-cv-6534, 2018 WL 6714323, at \*4 (C.D. Cal. Oct. 17, 2018) (dismissing claim for injunction because plaintiff was "on notice" about alleged package underfilling and "could ***easily determine*** the number of the number of pretzels in each package" by reading the label or feeling the bag (emphasis added)).

Here, similar to the plaintiff in *Davidson*, Plaintiffs and Class members cannot "easily determine" before making a future purchase whether Retail Defendants will share their information with TRE for comingling with other retailer data, or whether TRE will improperly label them as a fraudster when they attempt a return based on its analysis of that comingled data. TRE's system operates in over 34,000 retail stores operated by Retail Defendants and by other retailers unknown to Plaintiffs. TAC ¶¶ 10-16, 19, 39, 52, 64, 76, 88, 100, 112, 125, 138, 151, 164, 177. Demonstrating the likelihood of future harm in this case, each Retail Defendant refused a valid return or exchange based on TRE's "risk score" of one of Plaintiffs, did not allow for any type of appeals process, did not allow Plaintiffs to explain the return to a human, and did not provide any advanced notice that a "risk score" would be the deciding factor of Plaintiffs' ability to make a return or exchange. *Id*. ¶¶ 34-36. Thus, Plaintiffs specifically allege that "a consumer branded by TRE as a high fraud risk has no idea which other retailers—Retail Defendants and others—might reject future merchandise returns based on TRE's incorrect evaluation." *Id*. ¶ 36. The only way for Plaintiffs to determine whether Retail Defendants have ceased their injurious conduct is to make additional purchases and risk being denied an otherwise valid return.

14

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

This Court declared that "an amended complaint properly seeking injunctive relief will meet the UCL's standing requirements," and Plaintiffs' TAC has done just that. Plaintiffs have proffered sufficient allegations to show future intentions to interact with Retail Defendants and a substantial risk of being deceived again by Retail Defendants' covert, unfair business practices of denying otherwise valid returns and exchanges based on TRE's supposed "risk scores." Accordingly, Plaintiffs have standing under the UCL to seek injunctive relief.

## V.    CONCLUSION

For all of the foregoing reasons, Retail Defendants' Motion should be denied in its entirety.


DATED: September 26, 2022              Respectfully submitted,


                                       */s/ Tina Wolfson*
                                       Tina Wolfson (SBN 174806)
                                       *twolfson@ahdootwolfson.com*
                                       Theodore Maya (SBN 223242)
                                       *tmaya@ahdootwolfson.com*
                                       Bradley K. King (SBN 274399)
                                       *bking@ahdootwolfson.com*
                                       Christopher Stiner (SBN 276033)
                                       *cstiner@ahdootwolfson.com*
                                       **AHDOOT & WOLFSON, PC**
                                       2600 W. Olive Avenue, Suite 500
                                       Burbank, California 91505
                                       310.474.9111 (*telephone*)
                                       310.474.8585 (*facsimile*)

                                       Henry J. Kelston (*pro hac vice*)
                                       *hkelston@ahdootwolfson.com*
                                       **AHDOOT & WOLFSON, PC**
                                       125 Maiden Lane, Suite 5C
                                       New York, NY 10038
                                       917.336.0171 (*telephone*)
                                       917.336.0177 (*facsimile*)

                                       Cornelius P. Dukelow (*pro hac vice*)
                                       Oklahoma Bar No. 19086
                                       **ABINGTON COLE + ELLERY**

15

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS

320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
*cdukelow@abingtonlaw.com*
www.abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

16

PLAINTIFFS' OPPOSITION TO RETAIL DEFENDANTS' MOTION TO STRIKE AND DISMISS