Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Cornelius P. Dukelow (*pro hac vice*)
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHADI HAYDEN, *et al*., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC., *et al*.,<br><br>Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>**PLAINTIFF ERIC GILBERT'S OPPOSITION TO CVS PHARMACY, INC'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (ECF NO. 461)**<br><br>Date:   October 17, 2022<br>Time:   8:30 a.m.<br>Judge:  Hon. David O. Carter<br>Ctrm:   10A |

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiff Eric Gilbert respectfully submits this Opposition to the Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") (ECF No. 461) (hereafter "Motion") filed by Defendant CVS Pharmacy, Inc. ("CVS"). The Motion fails for several reasons. First, Plaintiff Gilbert sufficiently alleges that he was harmed by wrongful conduct occurring in California to justify applying California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL") extraterritorially. Second, California's choice of law rules dictates that California law applies to Plaintiff's UCL claim and invasion of privacy claim. Third, consistent with the Court's prior findings, Plaintiff sufficiently alleges a claim for invasion of privacy under California law. As such, CVS's Motion to Dismiss must be denied.

## II.    BACKGROUND AND PROCEDURAL HISTORY

As described in Plaintiffs' TAC, Defendant CVS has entered into a contractual relationship with TRE, a company with its principal place of business and headquarters in California, pursuant to which CVS provides enormous amounts of data about their customers to TRE. TRE combines that information with data from other sources to advise CVS whether it should reject a merchandise return or exchange being attempted by the consumer because the consumer appears to be engaged in "fraudulent or abusive" conduct.

The parties engaged in several rounds of briefing to this point. On August 3, 2020, Plaintiffs filed the First Amended Class Action Complaint ("FAC") naming Eric Gilbert as a named Plaintiff for the putative class against CVS. *See* ECF No. 15 at 106-17. On November 6, 2020, Retail Defendants submitted a Joint Motion to Dismiss FAC arguing, *inter alia*, that the Court lacked general or specific jurisdiction over the claims of non-California Plaintiffs, which Plaintiffs opposed. *See* ECF No. 143. After a status conference with the Court, Plaintiffs elected to streamline the number of issues pending before the Court by refiling the claims of Non-California Plaintiffs in different

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

jurisdictions. It was not until Plaintiffs' TAC (ECF No. 455) that Defendant CVS specifically moved to dismiss Plaintiff Gilbert from the action. *See* ECF No. 461.

## III.    LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balisteri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir. 1988)). In deciding a motion to dismiss, a court must accept as true all allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See*, *e.g.*, *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## IV.    ARGUMENT

### A.    Plaintiff Gilbert Sufficiently Alleges Extraterritorial Application of the UCL

"Whether a nonresident plaintiff can assert a claim under California law is a constitutional question based on whether California has sufficiently significant contracts with the plaintiff's claims." *Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155, 1160 (C.D. Cal. 2012) (explaining the difference between a misguided "standing" argument and the choice of law analysis necessary to apply the UCL outside of California). With respect to California's consumer protection laws, such as the UCL, "non-California residents are foreclosed from bringing such claims 'where *none* of the alleged misconduct or injuries occurred in California.'" *Collazo v. Wen by Chaz Dean, Inc.*, No. 2:15-cv-01974-ODW-AGR, 2015 WL 4398559, at \*3 (C.D. Cal. July 17, 2015) (quoting *Churchill Village, L.L.C. v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) (emphasis added)).

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

"In deciding whether California's consumer protection laws should apply, courts consider the defendant's residency, the plaintiff's residency and 'where decisions about the behavior in question were made.'" *Collazo*, 2015 WL 4398559, at *3 (citing *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013)). Ultimately, the "statutory remedies under the CLRA and UCL may be available to non-California residents if those persons are harmed by wrongful conduct occurring in California. *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 916 (C.D. Cal. 2011).

CVS challenges application of the UCL to non-California resident Plaintiff Gilbert on the misguided premise that their UCL violation is based solely on their collection and transmittal of Plaintiff's personal data to TRE. In fact, this is only the first step in the chain of alleged misconduct challenged by the TAC. As described above, Retail Defendants, including CVS, specifically contract with TRE to provide "retail transaction optimization solutions" that "detect fraudulent and abusive behavior" when a consumer is attempting to complete a return or exchange. *See* TAC ¶ 17. The solutions provided by TRE are initiated by the capture of consumer data by CVS at the point-of-return. *Id*. ¶ 19. This consumer data is then sent by CVS to TRE, a company that operates exclusively out of California, where it is combined with whatever data TRE has on people thought to be related to the consumer by any "connecting data," as well as "information about other customers in the merchant location during the time of the requested return transaction." *Id*. ¶¶ 26, 27, 31. Once TRE's analysis is complete, TRE generates a consumer report containing a "risk score," which notifies the Retail Defendant that the attempted returns or exchanges should be accepted or denied. *Id*. ¶ 32. It is on this basis alone that Plaintiff Gilbert alleges his attempted return was denied by CVS. *Id*. ¶¶ 60-62. In totality, the facts as alleged are that Plaintiff Gilbert suffered harm as a result of conduct that occurred substantially in California, which is the location "where decisions about the behaviors in question were made." *See Collazo*, 2015 WL 4398559, at *3 (finding extra-territorial jurisdiction over a non-California resident's UCL claim "where decisions regarding [defendant's] product ingredients and product advertisements"

3

occurred in California); *see also TRC & Assocs. v. NuScience Corp.,* No. 2:13-cv-6903-ODW (CWx), 2013 WL 6073004, at *5 (C.D. Cal. Nov. 18, 2013) ("[T]he alleged fraudulent conduct occurred in California. The Complaint is not based solely on a commercial transaction outside of California . . . ."). As alleged, the harm suffered by Plaintiff Gilbert would not have occurred without the California-based conduct outlined above. In fact, Plaintiff Gilbert could only dispute the rejected return or exchange at CVS by using the contact information for TRE provided to him by a CVS sales associate. TAC ¶¶ 61, 62.

Courts have applied the UCL extraterritorially in similar circumstances. For instance, in *Gustafson v. BAC Home Loans Servicing, LP*, No. 11-cv-915-JST (ANx), 2012 WL 7071488 (C.D. Cal. Dec. 26, 2012), the plaintiff alleged that Bank of America acted with a group of other defendants to force homeowners into a certain insurance product. *Id*. at *2. The plaintiff was an Illinois resident, and the Bank of America office from which he received notices was located in Texas. *Id*. at *1-2, 8. The *Gustafson* court nevertheless applied the UCL to the defendants' conduct because the "scheme was devised, implemented and directed" from California. *Id*. at *8. Similarly, in *Lewand v. Mazda Motor of Am. Inc.*, No. 17-cv-620 JVS (JCGx), 2017 WL 8117764 (C.D. Cal. Nov. 8, 2017), the court applied the UCL to conduct related to the purchase of a vehicle outside of California because the advertising at issue was directed from office within California. *Id*. at *5. The instant case is directly analogous based on the aforementioned facts. Plaintiff Gilbert has sufficiently alleged that CVS's improper rejection of his attempted return of merchandise is intrinsically tied to, and irrefutably moored to, TRE's services, which were developed within and emanated from this District. TAC ¶¶ 32, 51-62. Accordingly, the UCL applies to the conduct employed by CVS in concert with TRE to collect and analyze Plaintiff Gilbert's consumer and personal data to ultimately deny his otherwise proper return of merchandise.

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

**B.    California Law Applies to Plaintiff Gilbert's Otherwise Well-Plead Claims**

As an initial matter, courts consistently find that it is premature and unnecessary to engage in a choice-of-law analysis at this stage in the proceedings. *See*, *e.g.*, *Forcellati*, 876 F. Supp. 2d at 1159; *Partida v. Tristar Products, Inc.*, No. 20-cv-436 JGB (KKx), 2021 WL 4352374, at *4 (C.D. Cal. 2021) (declining to "engage in a detailed choice-of-law analysis at [the pleading] stage" after considering that "*Mazza* [*v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012)] was decided at the class certification stage"); *In re Sony Grand Wega KDF-EA10/A20 Series Rear Projection HDTV Televisions Litigation*, 758 F. Supp. 2d 1077, 1096 (S.D. Cal. 2010) ("In a putative class action, the Court will not conduct a detailed choice-of-law analysis during the pleading stage.").

Even if the Court were to entertain CVS's premature choice-of-law analysis, California law applies to Plaintiff Gilbert's claims. When faced with conflict of law issues, California's general preference is to apply its own law. *Strassberg v. New England Mut. Life Ins. Co.*, 575 F.2d 1262, 1264 (9th Cir. 1978). Thus, "[t]he party advocating the use of a foreign state's law bears the burden of identifying the conflict between California and that state's laws and establishing that the foreign state has an interest in having its law applied. If the party fails to meet either of those burdens, the court may properly find California law applicable" without further analysis. *Belyea v. GreenSky, Inc.*, No. 20-cv-1693-JSC, 2020 WL 3618959, at *6 (N.D. Cal. July 2, 2020) (internal citations and quotations omitted). The plaintiff must initially "show that California has a significant contact or aggregation of contacts to the claims . . . to ensure that California law is not being applied arbitrarily." *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 589 (C.D. Cal. 2008). Next, California courts apply "a three-step 'governmental interest' test" to determine choice of law questions. *Id*. First, the Court is instructed to determine "whether the laws of each potentially concerned state are different from those of California." *Id*. (citing *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107 (2006). Next, the Court "examines each jurisdiction's interest in the application of its own

5

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

law." *Id*. "If the non-forum state laws differ from those of the forum state and the non-forum states have an interest in applying their laws in the action, the Court will select the law of the state whose interests would be most impaired." *Id*.

Initially, as outlined in *supra* section IV.A, Plaintiff Gilbert has established that a substantial amount of the alleged wrongful acts emanated from CVS's contractual, data-sharing relationship with TRE, a California based company. Plaintiff's allegations are sufficient to show that CVS's contacts with California are sufficient to comport with due process, and it is CVS's burden to show that the law of another state must apply under the California governmental interest choice-of-law test, which CVS fails to do here.

As to Plaintiff's UCL claim, CVS interprets *Mazza v. American Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012) as holding that an out-of-state plaintiff cannot bring claims under California's consumer protection laws as a matter of law. However, "neither *Mazza* nor any federal court could change the California Supreme Court's express holding that California's choice-of-law analysis requires analyzing various states' laws 'under the circumstances of the *particular* case' and given 'the *particular* legal issue in question.'" *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 547 (C.D. Cal. 2012) (citing *Kearney*, 39 Cal. 4th at 107-08). CVS argues that the consumer protection laws of the non-forum state, Florida, are materially different from those of California, noting variations in reliance, scienter, and damages. CVS next argues that Florida has an interest in applying its law to events that occurred within the state's border. Finally, CVS argues that California doesn't have a greater interest applying its law than Florida because the incidents at issue—Plaintiff's return or exchange of merchandise—occurred in other states. This Court has found identical arguments unpersuasive to claims under the CLRA and UCL where the plaintiffs alleged that the wrongful acts underlying those claims emanated from conduct occurring in California. *See Parkinson*, 258 F.R.D. at 598 (declining to find "a conflict between California's consumer protection laws and the applicable laws of the non-forum states."). Thus, California law applies to Plaintiff's UCL claim.

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

The same is true regarding Plaintiff Gilbert's invasion of privacy claim. As the state of Florida does not recognize a false light invasion of privacy cause of action, Plaintiff accepts that there exists a material difference between the law of California and the law of the non-forum state. Here, California clearly has the dominant interest in applying its law to Plaintiff's invasion of privacy cause of action, because, contrary to California, Florida has implicitly shown a lack of interest in prosecuting this type of conduct. *See UMG Recordings, Inc. v. American Home Assurance Company*, No. 04-cv-4756 DDP (RNBx), 2006 WL 8451157, at *7 (C.D. Cal. Apr. 21, 2006) (applying California law where "[u]nder New York law, [plaintiff] can not maintain its claim," which "would frustrate California's goal of imposing liability on insurers that do business in California."). Accordingly, because California's interest in regulating business transacted through the state would be most impaired by the application of foreign law, California law must apply to Plaintiff's invasion of privacy claim.

### C.    Plaintiff Gilbert Pleads a Viable Invasion of Privacy Claim

Applying California law, this Court previously found that Plaintiffs' allegations were sufficient to state a viable invasion of privacy claim under the California Constitution and common law. To plead a cause of action for invasion of privacy, a plaintiff must establish "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (internal citation omitted). Plaintiff pleads each element against CVS, and the motion should be denied.

First, Plaintiff demonstrated a reasonable expectation of privacy in the consumer and personal data transferred to CVS during the return or exchange process. The TAC alleges that Retail Defendants, such as CVS, are collecting consumers' personal data and purchase histories and transmitting the data to TRE—a third party of whom consumers are unaware—for unknown purposes. *Id*. ¶¶ 21, 25, 33. The data transmitted to TRE by Retail Defendants, Consumer Commercial Activity Data and Consumer ID Data, reveals highly personal aspects of a consumer's identity and shopping history, such as medical

7

products purchased from CVS. *Id*. ¶¶ 22-24.  The sensitive, personal information collected and used by Retail Defendants—without notice to or consent of consumers—specifically includes, *inter alia*, details of customers' shopping, purchase, payments histories, a customers' name, data of birth, race, sex, full address, zip code and picture from the customers' government-issued photo IDs. *Id*. ¶¶ 1, 20-24, 31. The Consumer Commercial Activity Data and Consumer ID Data collected by Retail Defendants and shared with TRE are non-anonymized and individual data sets, which have neither been sanitized nor had sensitive personally identifiable information removed. *Id*. ¶ 24.  Plaintiff Gilbert did not know that his identifying and transaction information was being transmitted to TRE, and the CVS sales associate did not notify Plaintiff Gilbert that his identifying and transaction information was being transmitted to TRE or that it was being used to generate a "risk score" that would be used to label him as an alleged fraudster. *Id*. ¶¶ 56-58. The TAC explicitly alleges that Plaintiffs reasonably expected that this sensitive, personal information would be kept private and secure. *Id*. ¶¶ 202-03. The Ninth Circuit has recognized that "individuals maintain the expectation that entities will not be able to collect such broad swaths of personal information absent consent." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 604 n.7. Similarly, this Court found that "[g]iven the wide discrepancy between Plaintiffs' alleged expectations for Retail Defendants' use of their data and its actual alleged use, Plaintiffs have plausibly alleged a reasonable expectation of privacy against Retail Defendants," including CVS. *See* ECF No. 423 at 11 (Court's May 4, 2022 Order).

Further, it is certainly highly offensive to a consumer attempting to make a valid return to be labeled fraudulent and to have their return denied, based on the surreptitious collection of information concerning those consumers and others with whom TRE's artificial technologies draw connections.  TAC ¶¶ 25-27.  As this Court previously held, "Plaintiffs are alleging facts more nefarious than the mere collection of routine information. Plaintiffs, as they argued at the hearing, have alleged that Defendants are also classifying consumers' risk scores based on their relationships with people they may

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

or may not choose to associate with." ECF No. 423 at 12.  Moreover, this Court held that "[t]he ultimate question of whether a defendant's alleged practices 'could highly offend a reasonable person is an issue that cannot be resolved at the pleading stage.'"  *Id*. at 13 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 606).

For the aforementioned reasons, Plaintiff Gilbert's invasion of privacy claim is sufficient to survive at the pleading stage, and this Court should, again, deny CVS's motion to dismiss.

## V.    CONCLUSION

For all of the foregoing reasons, CVS's Motion should be denied in its entirety.

DATED: September 26, 2022

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
310.474.9111 (*telephone*)
310.474.8585 (*facsimile*)

Henry J. Kelston (*pro hac vice*)
*hkelston@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
125 Maiden Lane, Suite 5C
New York, NY 10038
917.336.0171 (*telephone*)
917.336.0177 (*facsimile*)

Cornelius P. Dukelow (*pro hac vice*)
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT

918.588.3400 (*telephone & facsimile*)
*cdukelow@abingtonlaw.com*
www.abingtonlaw.com

*Counsel to Plaintiffs and the Proposed Classes*

10

PLAINTIFF GILBERT'S OPP. TO CVS MOTION TO DISMISS THIRD AMENDED COMPLAINT