KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:   404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

Attorneys for Defendant CVS PHARMACY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al., | Case No. 8:20-cv-01203-DOC-DFM |
| Plaintiffs, | *Assigned to Hon. David O. Carter* |
| v. | **CVS PHARMACY, INC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| THE RETAIL EQUATION, INC., et al., | |
| Defendants. | Date: October 17, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 10A |
| | Complaint Filed: July 7, 2020<br>FAC Filed: August 3, 2020<br>SAC Filed: July 27, 2021<br>TAC Filed: August 5, 2022<br>Trial Date: None set |

## <u>Table of Contents</u>

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     PLAINTIFF GILBERT'S UCL CLAIM IS BARRED BY THE EXTRATERRITORIALITY DOCTRINE. .................................................... 2

III.    CALIFORNIA'S CHOICE OF LAW RULES ALSO REQUIRE DISMISSAL OF PLAINTIFF GILBERT'S CLAIMS. ............................. 5

IV.     PLAINTIFF GILBERT IGNORES, AND THEREBY CONCEDES, THAT HIS INVASION OF PRIVACY CLAIM FAILS UNDER FLORIDA LAW. ................................................................................... 9

V.      CONCLUSION ......................................................................................... 10

CVS PHARMACY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42188609v11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allergan USA, Inc. v. Imprimis Pharmacy, Inc.*, No. SA CV 17-1551-DOC
 (JDEx), 2019 WL 3029114, at *8 (C.D. Cal. July 11, 2019)............................3-4

*Cannon v. Wells Fargo Bank, N.A.*,
 917 F. Supp. 2d 1025 (N.D. Cal. 2013)..................................................................4

*Carrea v. Dreyer's Grand Ice Cream*,
 No. C 10-01044 JSW, 2010 WL 11661316 (N.D. Cal. Aug. 24, 2010) ..............4

*Cooper v. Simpson Strong-Tie Co.*,
 460 F. Supp. 3d 894 (N.D. Cal. 2020)....................................................................2

*Frezza v. Google, Inc.*,
 No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) .....5, 7

*Glenn v. Hyundai Motor Am.*,
 No. SA CV 15-2052-DOC,
 2016 WL 3621280 (C.D. Cal. June 24, 2016).............................................5, 7, 8

*Grodzitsky v. Am. Honda Motor Co. Inc.*,
 No. 2:12-CV-01142-SVW, 2014 WL 718431 (C.D. Cal. Feb. 19, 2014) ...........7

*Gustafson v. BAC Home Loans Servicing, LP*,
 294 F.R.D. 529 (C.D. Cal. 2013)......................................................................5, 7

*Gustafson v. BAC Home Loans Services, LP*, No. SACV 11-915-JST (ANx),
 2012 WL 7071488, at *8 (C.D. Cal. Dec. 26, 2012)........................................4-5

*Hannum v. Retail Equation, Inc.*,
 No. 21-997, 2022 WL 4236714 (W.D. Pa. Sep. 13, 2022) ..................................1

*In re Toyota Motor Corp.*,
 785 F. Supp. 2d 883 (C.D. Cal. 2011)....................................................................4

*Lewand v. Mazda Motor of America, Inc.*,
 No. SACV 17-00620, 2017 WL 8117764 (C.D. Cal. Nov. 8, 2017)...................5

ii

*Mazza v. American Honda Motor Co., Inc.*,

666 F.3d 581 (9th Cir. 2012) ........................................................................... 7, 8, 9

*Parkinson v. Hyundai Motor America*,

258 F.R.D. 580 (C.D. Cal. 2008) .......................................................................... 7, 8

*Reed v. Dynamic Pet Prods.*,

No. 15cv0987-WQH-DHB, 2015 WL 4742202 (S.D. Cal. July 30, 2015) ......... 2

*Schneider v. Cal. Dep't of Corr.*,

151 F.3d 1194 (9th Cir. 1998) ................................................................................ 3

*Star Fabrics, Inc. v. Ross Stores, Inc.*,

No. CV 18-5877 PA, 2017 WL 10439691 (C.D. Cal. Nov. 20, 2017) .............. 10

*Tidenberg v. Bidz.com, Inc.*,

No. CV 08-5553 PSG, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ............ 3, 4, 5

*UMG Recordings, Inc. v. American Home Assurance Company*,

No. 04-cv-4756 DDP, 2006 WL 8451157 (C.D. Cal. Apr. 21, 2006) ............. 8, 9

*Vinci v. Hyundai Motor Am.*,

No. SA CV 17-0997-DOC,

2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) .................................................. 5, 7, 8

*Warner v. Tinder Inc.*,

105 F. Supp. 3d 1083 (C.D. Cal. 2015) .................................................................. 2

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 3

CVS PHARMACY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42188609v11

## I.   INTRODUCTION

CVS Pharmacy, Inc. ("CVS") moves to dismiss the claims of Plaintiff Eric Gilbert, a Florida resident, from the Third Amended Complaint.  *See* ECF No. 461 ("Motion" or "Mot.").  Gilbert is the only non-California plaintiff left in the case; all other out-of-state plaintiffs previously dismissed their claims.[1]  The operative Third Amended Complaint is Gilbert's ***third*** pleading.  Gilbert has had every opportunity to argue why California law should apply to his claims against CVS.  And for the reasons CVS set forth in its Motion, Gilbert has failed to do so yet again.[2]

Nothing in Gilbert's Opposition, ECF No. 466 ("Opposition" or "Opp."), saves his claims from dismissal.  Gilbert's alleged harm should be addressed by Florida law, not California law, applying both extraterritoriality principles and straightforward choice of law analyses.   In particular, Gilbert does not overcome the strong presumption against the extraterritorial application of the UCL—he asserts no allegations of wrongdoing by CVS in California.  And, under a choice of law analysis, Florida law applies to his claims because Florida has a greater interest in addressing the in-state transactions and alleged violations of its citizens' privacy than California.  Moreover, Gilbert's Opposition is completely silent regarding the failure of his

---

[1] The out-of-state plaintiffs should not have filed their claims in this case.  Seemingly acknowledging this, all out-of-state plaintiffs other than Gilbert already voluntarily dismissed their claims in favor of filing suits in other states.  The procedural gamesmanship continued, however, because they filed suits in other states where they do not reside.  So, when faced with retailers' motions to dismiss for lack of jurisdiction, they did not oppose those motions, and their claims were dismissed.  *See, e.g., Hannum v. Retail Equation, Inc.*, No. 21-997, 2022 WL 4236714 (W.D. Pa. Sep. 13, 2022).

[2] Gilbert incorrectly claims that CVS waited until the Third Amended Complaint to "specifically move[] to dismiss" him "from [this] action." Opp. at 3.  Gilbert is wrong.  CVS has sought to dismiss Gilbert in every iteration of the complaint since he was named as a plaintiff.  *See* ECF Nos. 143 at 33-35; 145 at 36-37, 53-54; 279 at 60-67.  Each time, Gilbert failed to rebut the same arguments that CVS makes in its instant Motion, but the Court has yet to rule on CVS's arguments.

1

invasion of privacy claim applying Florida law. In failing to oppose, he concedes that his invasion of privacy claim is doomed when the correct state law is applied.

For all of these reasons herein, and in the Motion, Gilbert's claims should be dismissed. Gilbert has had multiple opportunities to amend his allegations. Further amendment would therefore be futile and, as a result, the Court should dismiss Gilbert's claims with prejudice.[3]

## II.   PLAINTIFF GILBERT'S UCL CLAIM IS BARRED BY THE EXTRATERRITORIALITY DOCTRINE.

Gilbert—a Florida resident—does not come close to overcoming the "strong presumption against the extra-territorial application of California law." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1096 (C.D. Cal. 2015) (quotation omitted). Out-of-state plaintiffs like Gilbert who allege injuries outside of California "must establish that the unlawful conduct giving rise to their claims occurred in California." *Reed v. Dynamic Pet Prods.*, No. 15cv0987-WQH-DHB, 2015 WL 4742202, at *9 (S.D. Cal. July 30, 2015). As set forth in CVS's Motion, Gilbert does not allege any facts connecting his claims against CVS to California, much less facts sufficient to overcome the "strong presumption" against the application of the UCL to harm he allegedly experienced in Florida. *See* Mot. at 10-11.

CVS is a Delaware corporation with its principal place of business in Rhode Island. TAC ¶ 12. And in the Opposition, Gilbert does not and cannot dispute that he is a Florida resident asserting claims against CVS based on his alleged attempted return or exchange at a CVS location in Florida, not California. Indeed, Gilbert does not allege anywhere in the Third Amended Complaint that CVS engaged in any wrongdoing in California, which requires dismissal of his UCL claim. *See Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 911 (N.D. Cal. 2020) ("The critical

---

[3] If the Court were to grant this Motion and dismiss Gilbert from this action, as it should, CVS would nonetheless remain in this case to defend against the claims of California plaintiff Mayce Al Kuraishi.

issues are whether the injury occurred in California and whether the conduct of Defendants occurred in California.") (quoting *Tidenberg v. Bidz.com, Inc.*, No. CV 08-5553 PSG, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009)) (alteration omitted).

In his Opposition, Gilbert attempts to avoid dismissal by manufacturing California contacts not found in the Third Amended Complaint. In particular, Gilbert argues in his Opposition that "consumer data is sent by CVS to TRE, a company that operates exclusively out of California." Opp. at 4. However, nowhere in the Third Amended Complaint does Gilbert allege that TRE operates exclusively in California or that CVS sent his data to TRE in California. Nor are there allegations to support Gilbert's bold assertion that he "suffered harm as a result of conduct that occurred substantially in California, which is 'where decisions about behaviors in question were made.'" *Id*. Gilbert does not allege any facts whatsoever that CVS (or TRE) made any "decisions about behaviors" giving rise to his claims in California. Simply put, the Court should reject Gilbert's attempt to avoid dismissal by relying on supposed "facts" and "allegations" that are nowhere in the Third Amended Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Indeed, CVS raised these fundamental pleading deficiencies in its prior motion to dismiss, and Gilbert did not add any additional CVS-related factual allegations in the Third Amended Complaint. *See* ECF Nos. 143 at 34-35; 279 at 62-63.

The only connection to California that Gilbert alleges in his pleading is that CVS contracted with TRE, a company headquartered in the state. *See* Opp. at 3; *see also* TAC ¶¶ 17, 21. But, as this Court has held before in rejecting the extraterritorial application of the UCL, a court cannot assume that a company's conduct occurred in California merely because it is headquartered there. In *Allergan USA, Inc. v. Imprimis Pharmacy, Inc.*, this Court declined "to follow cases holding that the presumption

3

against extraterritorial application does not apply where the headquarters are based in California." No. SA CV 17-1551-DOC (JDEx), 2019 WL 3029114, at *8 (C.D. Cal. July 11, 2019) (Carter, J.). It reasoned that, while "California may conclude that its own unfair competition law has been violated, and it may prohibit any future conduct within its borders that would cause continued violation of its law," "California is not permitted. . . to extend its unfair competition law to other states." *Id.* The Court's holding in *Allergan* is consistent with a mountain of authority refusing to apply the UCL extraterritorially based on the fact that the defendant is headquartered in California. *See Cannon v. Wells Fargo Bank, N.A.,* 917 F. Supp. 2d 1025, 1056 (N.D. Cal. 2013) (rejecting argument that defendant's principal place of business in California makes it "plausible" that alleged misconduct occurred in California); *Carrea v. Dreyer's Grand Ice Cream,* No. C 10-01044 JSW, 2010 WL 11661316, at *2 (N.D. Cal. Aug. 24, 2010) ("Merely alleging that [a] defendant's principal place of business [or headquarters] is located in California is insufficient to establish that the conduct forming the basis of the claims occur[r]ed in California . . ."); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 917-18 (C.D. Cal. 2011) (dismissing UCL claims by non-California residents against California-based defendant on extraterritorial grounds because the plaintiffs "cannot allege a sufficient connection to California"); *Tidenberg*, 2009 WL 605249, at *5 (dismissing UCL claim by non-California resident brought against California-based defendants on extraterritoriality ground where plaintiff did not "allege any specific facts linking [d]efendants' contacts with California to the claims [p]laintiff asserts against them"). And here, that is all that Plaintiff Gilbert can muster.

None of the cases that Gilbert cites supports the extraterritorial application of California law to his claims. For instance, in *Gustafson v. BAC Home Loans Services, LP*, the court allowed a UCL claim to proceed extraterritorially only after the plaintiff, an Illinois resident, alleged that "[d]efendants' scheme was devised, implemented and directed from [defendants'] offices in California and the nerve center of the conduct

4

alleged occurred in California." No. SACV 11-915-JST (ANx), 2012 WL 7071488, at *8 (C.D. Cal. Dec. 26, 2012). There are no such allegations here—CVS is not alleged to have done anything in California. Gilbert also relies on *Lewand v. Mazda Motor of America, Inc.*, No. SACV 17-00620 JVS (JCGx), 2017 WL 8117764 (C.D. Cal. Nov. 8, 2017). In *Lewand*, a UCL claim was permitted where the out-of-state plaintiff alleged that the misleading advertisement in question was "drafted and developed by [d]efendant's dedicated advertising agency . . . headquartered . . . in California" and "authorized, approved, and disseminated" from defendant's California headquarters. *Id.* at *4.[4] Once again, there are no such allegations in the TAC. Completely unlike in *Lewand*, CVS is not alleged to have "authorized, approved, and disseminated" any false advertisements in California.

For all of the reasons above, the Court should dismiss with prejudice Gilbert's UCL claim.

## III.   CALIFORNIA'S CHOICE OF LAW RULES ALSO REQUIRE DISMISSAL OF PLAINTIFF GILBERT'S CLAIMS.

Gilbert's attempt to undermine CVS's choice of law analysis also fails. Gilbert first proclaims that "courts *consistently* find that it is premature and unnecessary to engage in a choice-of-law analysis" at the motion to dismiss stage. Opp. at 6 (emphasis added). Gilbert is again wrong. This Court rejected this argument several times previously and has repeatedly engaged in the choice of law analysis when ruling on motions to dismiss. *See Glenn v. Hyundai Motor Am.*, No. SA CV 15-2052-DOC (KESx), 2016 WL 3621280, at *5 (C.D. Cal. June 24, 2016) (Carter, J.) ("[W]hile Mazza was decided at the class certification stage, the decision 'applies generally and is instructive when addressing a motion to dismiss.'") (quoting *Frezza v. Google, Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013)); *Vinci*

---

[4] It is also worth noting that *Gustafson v. BAC Home* has only been cited by one other opinion for its extraterritoriality ruling, and that is in the *Lewand v. Mazda* opinion. Similarly, *Lewand* has never been relied on for its extraterritoriality ruling.

5

*v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at \*5 (C.D. Cal. Apr. 10, 2018) (Carter, J.).  It is uncontroversial that the Court can and should consider the choice of law analysis now.  Plus, in his Opposition, Gilbert does not identify any development that is necessary to evaluate in this particular case before the Court considers the choice of law factors.  The weakness in Gilbert's position is evident from the pleadings alone.

Gilbert's choice of law analysis is haphazard at best and does not establish that California law applies to Gilbert's two remaining claims in the Third Amended Complaint (UCL and invasion of privacy).  Gilbert again tries to anchor his injuries to California.  Opp. at 7.  But, as already stated, Gilbert ignores the facts actually alleged in the Third Amended Complaint.  Gilbert failed to plead with any specificity what, if any, conduct occurred in California with respect to his claim.  Gilbert does not allege that *CVS* did anything in California.  What the Third Amended Complaint *does* allege is conduct occurring in Florida.  Gilbert alleges that CVS and other Retail Defendants "transmit[] to and shar[e] with TRE the Consumer Commercial Activity Data and Consumer ID Data they collected, and continue to collect, from Plaintiffs and Class members."  TAC ¶ 211; *see also id.* ¶¶ 201-08 (alleging Defendants invaded Plaintiffs' privacy by "collecting, selling, using and/or disclosing Plaintiffs' and Class members' Consumer Commercial Activity Data and Consumer ID Data").  Gilbert then alleges that he, a Florida resident, made an attempted return or exchange of a purchase made at a CVS and that CVS transmitted his information to TRE and subsequently rejected the return or exchange.  *Id.* ¶¶ 51-62.  The pleadings make clear that CVS's "data collection efforts are most prevalent at the point of sale and point of return and exchange."  *Id.* ¶ 21.  The only plausible inference made of these allegations is that Gilbert's purchase, CVS's transmission, and TRE's rejection, all took place in Gilbert's home state of Florida.

**Material Conflicts.**  Gilbert admits that there are material differences between California's and Florida's invasion of privacy common law claims.  Opp. at 8.

6

Gilbert next tries, but fails, to undermine the material conflicts CVS has proven between the UCL and Florida's consumer protection statutes.  He predominantly seems to argue that CVS cannot rely upon the holding of *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), to prove those material conflicts.  Opp. at 7.  Gilbert instead claims that the analysis must fit the circumstances of each particular case.  *Id.*  But, as this Court noted in *Glenn*, it is enough to cite *Mazza* so long as the defendant also enumerates with specificity the differences between the California consumer protection statue and the corresponding statute of another state.  *Glenn*, 2016 WL 3621280, at *8.  Other federal courts agree and have applied *Mazza* by specifically noting material differences between states' consumer protection statutes.  *See*, *e.g.*, *Grodzitsky v. Am. Honda Motor Co. Inc.*, No. 2:12-CV-01142-SVW, 2014 WL 718431, at *9 (C.D. Cal. Feb. 19, 2014); *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 538 (C.D. Cal. 2013); *Frezza*, 2013 WL 1736788, at *6-7.  When assessing the defendants' enumerated discrepancies between states' consumer protection statutes, this Court previously found material differences in those statutes' use of scienter, reliance, and available remedies.  *Vinci*, 2018 WL 6136828, at *7; *Glenn*, 2016 WL 3621280, at *6-7.  CVS detailed similar differences in its motion to dismiss.  *See* Mot. at 12 (listing differences in Florida and California's remedies, as well as whether the statutes require reliance or materiality); *see also* Opp. at 7 (acknowledging that CVS emphasized "variations in reliance, scienter, and damages" in its motion to dismiss).  In short, CVS does not merely cite *Mazza*; it has shown its work in concluding that material conflicts exist.  The Court is therefore equipped to hold that material differences do indeed exist between California and Florida law.

**Weighing State Interests.**  Florida plainly has a greater interest in applying its laws to its residents.  With material differences established, Gilbert next fumbles with weighing the interests of California and Florida over the law governing his claim.  Gilbert relies upon a pre-*Mazza* case, *Parkinson v. Hyundai Motor America*, 258

7

F.R.D. 580 (C.D. Cal. 2008), to argue that this Court has previously rejected the argument that foreign states have a greater interest in applying their laws to incidents that occurred in California. Opp. at 7. But Gilbert's reliance in *Parkinson* is misplaced. That case is distinguishable from the facts of this one. There, the Court noted that the sole defendant, Hyundai Motor America, was not just located in California, but also that its alleged wrongful conduct emanated from California. *Parkinson*, 258 F.R.D. at 598. Here, Gilbert does not allege *any* interactions with CVS in California. Rather, Gilbert alleges that CVS transmitted and collected his data in Florida. *See* TAC ¶¶ 51-62. Nowhere does Gilbert allege that CVS "transmitted" or "shared" his data in California.[5]

With respect to invasion of privacy specifically, Gilbert admits that there are material differences between California and Florida law. Opp. at 8. In an attempt to save his California claim, Gilbert relies upon the inapposite case *UMG Recordings, Inc. v. American Home Assurance Company,* No. 04-cv-4756 DDP (RNBx), 2006 WL 8451157, at *7 (C.D. Cal. Apr. 21, 2006), for the conclusion that "Florida has implicitly shown a lack of interest in prosecuting this type of conduct." Opp. at 8. There, the Court weighed California's interest in prosecuting bad faith denial claims against insurance companies with New York's decision to not make such claims actionable. *UMG Recordings, Inc.*, 2006 WL 8451157, at *7. But Gilbert overlooks two critical distinguishing facts. One, the plaintiff in *UMG Recordings* was based in California. Two, the court was focused on the defendant insurer and California's specific policy goals concerning insurers. Thus, it applied California law to the plaintiff's claim, though the defendant was based in New York, because the Court

---

[5] Furthermore, the Court's earlier finding in *Parkinson* that there was no "conflict between California's consumer protection laws and the applicable laws of the non-forum states," 258 F.R.D. at 589, does not just conflict with the reality of consumer protection statutes across the country, but also the findings of *Mazza* and its progeny—including subsequent decisions made by this Court. *See Vinci*, 2018 WL 6136828, at *7; *Glenn*, 2016 WL 3621280, at *7-8.

determined that holding otherwise would "significantly impair[]" California's interest and "frustrate California's goal of imposing liability on insurers that do business in California." *Id.*

Again, the factual differences between Gilbert's cited case and his own complaint make clear why the Court should *not* apply California law. Unlike the plaintiff in *UMG Recordings*, Gilbert is not a California plaintiff. Furthermore, CVS is not based in California. And, there is not a rationale rooted in insurance policy relating to this case. While TRE (not CVS) does hold a principal place of business in California, "California recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Mazza*, 666 F.3d at 593 (internal quotation marks and citation omitted). The place of the wrong is "where the last event necessary to make the actor liable occurred." *Id*. Gilbert's allegations do not detail any wrongdoing in California. They center around the collection and transmission of his data from a CVS location that presumably was in Florida. It follows that the place of wrong for Gilbert is Florida, not California. It would be confounding to say the least to throw away Florida's interest in limiting liability for invasion of privacy and apply California law to a Florida plaintiff for potential liability for actions originating in Florida. As recognized in *Mazza*, "each foreign state has an interest in applying its law to transactions within its borders." *Id*. Indeed, "California law also acknowledges that a jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders." *Id*. at 592 (internal citations omitted).

Gilbert's claims against CVS in the Third Amended Complaint should be dismissed because Florida law, not California law, should apply.

**IV.    PLAINTIFF GILBERT IGNORES, AND THEREBY CONCEDES, THAT HIS INVASION OF PRIVACY CLAIM FAILS UNDER FLORIDA LAW.**

As detailed above, this Court should apply Florida law to Gilbert's common

9

law privacy claim. And as set forth in the Motion, Gilbert does not have a viable invasion of privacy claim under Florida law. *See* Mot. at 15-17.

Gilbert does not even attempt to rebut CVS's analysis or validate his claim under Florida's invasion of privacy law.[6] He ignores this argument entirely in his Opposition, thereby conceding it. *See Star Fabrics, Inc. v. Ross Stores, Inc.*, No. CV 18-5877 PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion.").

Gilbert instead restates arguments in favor of his *California* invasion of privacy claim in the Opposition. Opp. at 8-10. But that is not the issue. CVS moved to dismiss because Florida law applies to Gilbert's First Cause of Action for invasion of privacy, and Gilbert fails to state an actionable claim under Florida invasion of privacy law, which Gilbert failed to rebut and thereby concedes.

## V.   CONCLUSION

For the foregoing reasons, CVS respectfully requests the Court dismiss Plaintiff Gilbert's claims with prejudice.

DATED:  October 3, 2022

KRISTINE M. BROWN (*pro hac vice*)
DONALD HOUSER (*pro hac vice*)
RACHEL E. K. LOWE, Bar No. 246361
JESSE STEINBACH, Bar No. 278923
**ALSTON & BIRD LLP**

/s/ *Rachel E. K. Lowe*
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

---

[6] This is not the first time Gilbert ignored Florida law—likely because he has no response. Gilbert failed entirely to address this same argument when opposing Retail Defendants' motion to dismiss the Second Amended Complaint. *See generally*, ECF No. 299 (Plaintiffs' opposition brief).

CVS PHARMACY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
LEGAL02/42188609v11