**KING & SPALDING LLP**
MICHAEL D. ROTH (SBN 217464)
  *mroth@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

ANNE M. VOIGTS (SBN 220783)
  *avoigts@kslaw.com*
SUZANNE E. NERO (SBN 284894)
  *snero@kslaw.com*
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

**CALDWELL LLP**
CHRISTOPHER G. CALDWELL (SBN 106790)
  *ccaldwell@caldwell-llp.com*
6250 Hollywood Blvd., Ste. 11M
Los Angeles, CA 90028
Tel.  213-712-8079

*Attorneys for Defendant* The Gap, Inc.

[*Additional Retail Defendants and Counsel Listed on Signature Pages*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE RETAIL EQUATION, INC., et al.,<br><br>        Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>*Assigned to Hon. David O. Carter*<br><br>**RETAIL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE AND DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:  October 17, 2022<br>Time:  8:30 a.m.<br>Place:  Courtroom 10A |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................1

II.     PLAINTIFFS' RESTITUTION ALLEGATIONS SHOULD BE STRICKEN
        FOR EXCEEDING THE SCOPE OF THE COURT'S ORDER ON THE
        MOTION FOR RECONSIDERATION ........................................................... 1

III.    ALTERNATIVELY, PLAINTIFFS' RESTITUTION CLAIMS SHOULD BE
        DISMISSED UNDER *SONNER* ..................................................................... 4

IV.     PLAINTIFFS FAIL TO PLEAD ARTICLE III STANDING .......................... 7

        A.      Plaintiffs' Allegations Fail Under *Davidson* ............................................ 7

        B.      Plaintiffs Cannot Avoid *Davidson* or Article III ................................... 8

V.      CONCLUSION ........................................................................................ 10

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Byton N. Am. Co. v. Breitfeld*,
2020 WL 3802700 (C.D. Cal. Apr. 28, 2020)......................................................6

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*,
2021 WL 3878654 (9th Cir. Aug. 31, 2021).......................................................8

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018)................................................................*passim*

*Goldstein v. Gen. Motors LLC*,
2022 WL 484995 (S.D. Cal. Feb. 16, 2022) .......................................................6

*Guar. Tr. Co. of N.Y. v. York*,
326 U.S. 99 (1945) ..............................................................................................5

*In re MacBook Keyboard Litig.*,
2020 WL 6047253 (N.D. Cal. Oct. 13, 2020).....................................................5

*Madrigal v. Hint, Inc.*,
2017 WL 6940534 (C.D. Cal. Dec. 14, 2017).....................................................4

*Matic v. U.S. Nutrition, Inc.*,
2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ..................................................10

*Mier v. CVS Pharmacy, Inc.*,
2021 WL 1559367 (C.D. Cal. Mar. 22, 2021) ............................................2, 3, 5

*Mullins v. Premier Nutrition Corp.*,
2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .......................................................4

*Nguyen v. Nissan N. Am., Inc.*,
2017 WL 1330602 (N.D. Cal. Apr. 11, 2017).....................................................5

*Nielsen v. Walt Disney Parks & Resorts U.S., Inc.*,
2022 WL 2132716 (C.D. Cal. Apr. 6, 2022)........................................................7

*Sharma v. Volkswagen AG*,
524 F. Supp. 3d 891 (N.D. Cal. 2021).................................................................6

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

*Shay v. Apple Inc.*,
   2021 WL 1733385 (S.D. Cal. May 3, 2021) ........................................................... 6

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .................................................................*passim*

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ............................................................................. 7

*Swafford v. Int'l Bus. Machines Corp.*,
   383 F. Supp. 3d 916 (N.D. Cal. 2019) ................................................................. 6

*Taylor v. Sam's W., Inc.*,
   2020 WL 12947973 (C.D. Cal. Dec. 4, 2020) .......................................................... 6

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs have once again failed to plead a viable UCL claim, and none of Plaintiffs' misplaced arguments in their Opposition changes that fundamental fact. That is because two Ninth Circuit cases provide an absolute barrier to the claim: (1) as this Court previously determined, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), bars Plaintiffs' claims for restitution based on past harm because they already have an adequate remedy at law; and (2) under the standards set forth in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), Plaintiffs lack Article III standing to bring their claim for injunctive relief based on purported future harm against the Retail Defendants.  Combined, *Sonner* and *Davidson* require that Plaintiffs' UCL claim against the Retail Defendants be dismissed in its entirety.

### II.    PLAINTIFFS' RESTITUTION ALLEGATIONS SHOULD BE STRICKEN FOR EXCEEDING THE SCOPE OF THE COURT'S ORDER ON THE MOTION FOR RECONSIDERATION

As a threshold issue, this Court already determined that *Sonner* bars Plaintiffs' equitable claims for past harm because they have an adequate remedy at law in the form of damages under their invasion of privacy claim.  The Court thus granted the Retail Defendants' motion to dismiss the UCL claim with prejudice.  ECF No. 423. Plaintiffs moved for reconsideration to allow them to seek injunctive relief under the UCL.  ECF No. 437 at 2, 4; ECF No. 446 at 1.  But Plaintiffs did *not* move for reconsideration to allow them to seek restitution.  *Id.*  The Court gave Plaintiffs what they had asked for, granting Plaintiffs' motion for reconsideration and allowing them to replead their UCL claims for injunctive relief.  Plaintiffs then used that opportunity to do something they had *not* asked for and that the Court did *not* give them leave to do:  replead their UCL claim for restitution—a claim the Court had already properly dismissed, which Plaintiffs had chosen not to seek reconsideration of, and which the Court did not address in its reconsideration order.  The Court should not permit this

classic bait-and-switch and should strike the restitution allegations.

Plaintiffs raise two meritless arguments in response—first, that their motion for reconsideration sought reconsideration of the entirety of their UCL claim (for injunctive relief and restitution), and second, that one of this Court's prior cases, *Mier v. CVS Pharmacy, Inc.*, 2021 WL 1559367 (C.D. Cal. Mar. 22, 2021), supports their actions. They are wrong on both counts.

Plaintiffs' first argument—that they in fact moved for reconsideration of their entire UCL claim—cannot be squared with their actual pleadings. Plaintiffs' reconsideration briefs make clear that the relief they sought was limited to *injunctive relief*:

- "Therefore, Plaintiffs are not barred from seeking equitable relief in the form of an injunction under the UCL." ECF No. 437 at 4.[1]
- "[T]he UCL allows Plaintiffs to seek public injunctive relief, irrespective of whether the claim is certified—a remedy not available under the invasion of privacy claim." ECF No. 437 at 2.
- "Plaintiffs respectfully request that this Court reconsider the dismissal with prejudice of Plaintiffs' UCL claim against TRE and the Retail Defendants because the Court's failure to consider the ramifications of dismissing this claim – depriving Plaintiffs and the public at large of injunctive relief – is clear error worthy of this Court's reconsideration." ECF No. 446 at 1.

Plaintiffs' failure to address restitution was not an inadvertent omission. The Retail Defendants' opposition to Plaintiffs' motion for reconsideration pointed out that Plaintiffs' motion *only* sought reconsideration to seek injunctive relief, not restitution. *See* ECF No. 442 at 1 n.1. Plaintiffs did not contest this—indeed, they

---

[1] In this section, Plaintiffs conceded that equitable relief comes in different forms—injunctive relief or restitution. Plaintiffs acknowledged that the holding in *Sonner* applies to equitable restitution for past harm under the UCL, but not equitable relief in the form of an injunction for future conduct—which is what they sought.

2

did not even mention "restitution" at all in their reply. In fact, their only reference to "restitution" in the context of their request for reconsideration was to *concede* that the restitution available under the UCL "may duplicate" the damages recoverable though the invasion of privacy claim and to admit that *Sonner* applied to bar restitution. ECF No. 437 at 2, 4.

Plaintiffs' efforts to rewrite the Court's order granting reconsideration fare no better than their efforts to recast their own pleadings. Given that from start to finish Plaintiffs' motion for reconsideration revolved around seeking leave to replead their claim for injunctive relief, there can be no doubt that the Court's order was limited to that relief as well. The Court gave Plaintiffs what they asked for, and as the order made clear, it understood Plaintiffs were asking "that the Court reconsider its Order to allow them to seek 'public injunctive relief' under the UCL." ECF No. 452, Order on Motion for Reconsideration, at 4. Plaintiffs' suggestion that it was sufficient to simply reference generally Section III.D of the Court's order dismissing the Second Amended Complaint in their conclusion—without actually asking for leave to replead the restitution portion of their UCL claim, let alone providing any law, argument, or support for such a request—cannot carry the day.

Plaintiffs argue that the Court's citation of *Mier* in its reconsideration order warrants Plaintiffs' request for both restitution and injunctive relief. ECF No. 465 ("Opp.") at 6. That overreads the order and misreads *Mier*. In that case, the Court only considered *Sonner* as to injunctive relief, not restitution. The parties (and the Court) did not even consider *Sonner* as it applied to restitution because the measure of damages and restitution differed. 2021 WL 1559367, at *13. That differs from the situation here where the Court found (and Plaintiffs acknowledged) that the damages sought for the invasion of privacy claim *entirely overlap* with the restitution they seek under the UCL. ECF No. 423 at 13, ECF No. 437 at 2. In short, nothing allows Plaintiffs to exceed the scope of the Court's reconsideration order and plead their restitution allegations again. Those allegations should be stricken.

3

**III.    ALTERNATIVELY, PLAINTIFFS' RESTITUTION CLAIMS SHOULD BE DISMISSED UNDER *SONNER***

As explained in the Retail Defendants' Motion, even if allowed by the Court's order granting reconsideration, Plaintiffs' claims for restitution should still be dismissed under *Sonner*.  ECF No. 460 ("Mot.") at 9-10.  As the Court correctly determined in dismissing the Second Amended Complaint, Plaintiffs already have an adequate remedy at law for past harm under their invasion of privacy claim.  ECF No. 423 at 13.  That claim and the UCL claim are both based on the same facts—the invasion of privacy claim is even the predicate violation for the UCL unlawful claim—and thus any restitution under the UCL overlaps entirely with the damages Plaintiffs seek in their legal claim.  *Sonner* therefore bars Plaintiffs' claim for equitable restitution under the UCL.  *See Sonner*, 971 F.3d at 844; *Madrigal v. Hint, Inc.*, 2017 WL 6940534, at *4-5 (C.D. Cal. Dec. 14, 2017); *see also* ECF No. 437 at 7 (admitting *Sonner* applies to equitable restitution).

Significantly, Plaintiffs did not even attempt to plead that they should be able to pursue restitution because they lack an adequate remedy at law for their alleged past economic harm.  *See* ECF No. 455 ("TAC") ¶¶ 222-23 (alleging only the lack of an adequate remedy at law with respect to future injunctive relief, not restitution).  Instead, they raise four baseless procedural arguments in the hope of dodging *Sonner*'s clear directive.

*First*, Plaintiffs are wrong that it is "procedurally improper" to attack a single remedy on a 12(b)(6) motion.  *See* Opp. at 1, 7-9.  In *Sonner* itself, plaintiffs pursued various forms of relief:  injunctive relief under the UCL and CLRA, restitution under the UCL and CLRA, and, for a period, damages under the CLRA.  *Sonner*, 971 F.3d at 838.  After plaintiffs dropped their CLRA damages claim and repleaded their claims seeking injunctive relief and restitution, defendants obtained dismissal of plaintiffs "claims for restitution" only.  *Id.* at 845; *see also Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *4 (N.D. Cal. Jan. 23, 2018) (confirming defendant did not

object to Sonner's right to seek an injunction below).  The Ninth Circuit thus affirmed defendants' challenge to a single remedy.  There is nothing procedurally improper with the Retail Defendants seeking the same result here.

*Second*, Plaintiffs' revisionist reading of *Sonner* is incompatible with its plain text and reasoning.  Plaintiffs argue that *Sonner*, when "considered in full," held only that the plaintiffs failed "to properly plead a cause of action" and did not "opine on whether one form of relief sought by the plaintiff was more appropriate than another." Opp. at 9:5-15.  But *Sonner* held more than that—it expressly held that a plaintiff "must establish" that she "lacks an adequate remedy at law *before* securing equitable restitution."  971 F.3d at 841, 844 (emphasis added).  And that holding was derived from the longstanding legal principle that "[e]quitable relief in a federal court is [] subject to restrictions," including that "a plain, adequate and complete remedy at law must be wanting." *Id.* at 840 (quoting *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105 (1945)).  Thus, as many courts in this Circuit—including this one—have correctly recognized, *Sonner* broadly prohibits plaintiffs from seeking equitable relief where, as here, they have an adequate remedy at law. *See, e.g.*, *Mier*, 2021 WL 1559367, at *12 (under *Sonner*, a "plaintiff seeking equitable relief under FAL or UCL must establish that she lacks an adequate remedy at law"); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (same); *Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) (same).

*Third*, Plaintiffs incorrectly argue that *Sonner* "does not prohibit a plaintiff who has properly pleaded a UCL claim from seeking all forms of relief, including both restitution and an injunction."  Opp. at 1:19-20.  In granting the motion for reconsideration, the Court recognized that "available legal remedies are *potentially inadequate* to address *all of the harms*" allegedly caused by Defendants.  ECF No. 452 at 6 (emphasis added).  That does not mean that legal remedies were inadequate *for any* of the alleged harms.  Indeed, in emphasizing the *future* harm Plaintiffs might suffer, Plaintiffs' opposition fails to explain why damages are inadequate to remedy

the *past* harm to which the remedy of restitution would necessarily apply, or why restitution addresses such harm better (or even differently) than damages. *See* Opp. at 1:19-20, 9:16-11:8. The bottom line is that it does not. After all, Plaintiffs' request for "restitutionary disgorgement of profits" is encompassed entirely by their damages request. *See* TAC ¶ 223 & Prayer for Relief ¶ E. Thus, Plaintiffs' third argument against *Sonner* fails because, even if *Sonner* does not *always* prohibit seeking all forms of UCL remedies, it certainly does *here*, where Plaintiffs cannot show they lack an adequate remedy at law to seek restitution. *Sonner*, 971 F.3d at 844.

*Finally*, Plaintiffs cannot plead restitution in the alternative in light of *Sonner*. *See* Opp. at 11:9-12:7. Despite Plaintiffs' argument in the opposition, the TAC does not actually plead restitution in the alternative. *See* TAC ¶ 223 & Prayer for Relief ¶ E; *see also Swafford v. Int'l Bus. Machines Corp.*, 383 F. Supp. 3d 916, 934 (N.D. Cal. 2019) (allegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint). Even if it did, Plaintiffs cannot circumvent *Sonner*'s holding by relying on a "general rule" permitting pleading in the alternative. *See* Opp. at 11 (citing *Byton N. Am. Co. v. Breitfeld*, 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020)). Indeed, none of Plaintiffs' citations actually addresses *Sonner* because they were decided before *Sonner*. *See id.*

Simply put, "*Sonner* made clear that a claim for equitable relief in federal court may be dismissed if the plaintiff does not establish that there is no adequate remedy at law" and that it "makes no difference if the equitable claim is the only claim being sought or a claim in the alternative." *Goldstein v. Gen. Motors LLC*, 2022 WL 484995, at *6 (S.D. Cal. Feb. 16, 2022). To hold that Plaintiffs can avoid *Sonner's* mandate by pleading restitution in the alternative would contradict a slew of recent decisions on point—not to mention *Sonner* itself. *See, e.g., Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021); *Shay v. Apple Inc.*, 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021); *Taylor v. Sam's W., Inc.*, 2020 WL 12947973, at *2 (C.D. Cal. Dec. 4, 2020). There is simply no basis to allow Plaintiffs

6

to pursue their deficient claim for restitution under the UCL and that claim should again be dismissed.

## IV.    PLAINTIFFS FAIL TO PLEAD ARTICLE III STANDING

In granting their motion for reconsideration, the Court gave Plaintiffs leave "to amend their UCL claim to properly allege standing" to seek future injunctive relief. ECF No. 452 at 7.  TRE has not contested that Plaintiffs have done so as to it, based on the risk of future harm stemming from the allegations that its system "operates in over 34,000 retail stores . . . unknown to Plaintiffs."  Opp. at 14:16-17.  The Retail Defendants, however, are differently situated and, as a matter of law, Plaintiffs' allegations of "past wrongs" (which forms the bulk of their arguments in the Opposition) are "insufficient by themselves" to confer Article III standing to pursue future injunctive relief.  *Davidson*, 889 F.3d at 967.

### A. Plaintiffs' Allegations Fail Under *Davidson*

As *Davidson* held, Article III dictates that no plaintiff can seek future injunctive relief without first pleading a "threat of injury" that is "actual and imminent, not conjectural or hypothetical."  889 F.3d at 967 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  As a matter of law, past harm cannot satisfy that standard. *Id*.  Moreover, the "threatened injury must be *certainly impending* to constitute injury in fact," and "allegations of possible future injury are not sufficient."  *Id.* (emphasis added; cleaned up).  *Davidson* explained that the threat of future harm may exist where a consumer plausibly pleads that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or where "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved."  *Id.* at 970.  No such threat exists here.

The TAC—Plaintiffs' fourth attempt to plead a UCL claim—is simply devoid of allegations that Plaintiffs intend to purchase, let alone return, the Retail

Defendants' products again in the future.  *See* Mot. at 13-15; *see also Nielsen v. Walt Disney Parks & Resorts U.S., Inc.*, 2022 WL 2132716, at *6 (C.D. Cal. Apr. 6, 2022). Instead, Plaintiffs merely allege that they "face the risk of having their returns rejected in the future based on" the alleged practices.  *See* TAC ¶ 220.  Those conclusory allegations do not demonstrate "certainly impending" threatened injury.  *See* Mot. at 14 (collecting cases requiring dismissal where plaintiffs failed to plead facts showing an intent to re-purchase defendants' products).  They are a far cry from the "close question" in *Davidson* and do not even come close to the allegations the Ninth Circuit rejected in *In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021), where the plaintiffs claimed they would "consider" purchasing Coke products in the future.

Moreover, in this case, Plaintiffs expressly attributed their past harm—that they would not have purchased products or would have paid less for them—to the allegation that they did not know how the Retail Defendants were using their information or that their returns might be denied.  TAC ¶ 219.  That is no longer the case.  Each Plaintiff is now aware of the Retail Defendants' alleged practices and is at liberty to decline to shop at the Retail Defendants' stores in light of their knowledge that a future return might be rejected.[2]

### B. Plaintiffs Cannot Avoid *Davidson* or Article III

In their Opposition, Plaintiffs argue that (1) this Court previously rejected the Retail Defendants' arguments, *cf.* Opp. at 12-13, and (2) *Davidson*, in fact, supports Plaintiffs' position.  *Id.* at 13-15.  Neither is true.

*First*, the Court's order granting reconsideration did not settle the question of Article III standing.  Instead, it addressed the separate issue previously raised by the

---

[2] To the extent Plaintiffs had any questions about TRE's risk scores, Plaintiffs allege they were provided TRE's contact information and could discuss how any future purchase/return would be treated.  *See* TAC ¶¶ 49, 61, 73, 85, 97, 109, 122, 135, 148, 161, 174, 186.

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

Retail Defendants—namely, whether Plaintiffs had shown statutory standing under the UCL, and then declined to discuss Article III. ECF No. 452 at 5. The Court never discussed *Davidson*, let alone concluded that *Davidson*'s requirements would necessarily be met in a future complaint (indeed, for the reasons above, they are not). How could it, when the Court did not even know what those allegations would be?

Evaluating Plaintiffs' allegations under *Davidson* is critical because in federal court, "a separate standing analysis with regard to prospective injunctive relief [is required], even when a party otherwise has standing to advance a claim." *Davidson*, 889 F.3d at 973-75 (Berzon, J., concurring). In other words, to obtain injunctive relief, it is simply not enough for Plaintiffs to allege that "they would not have paid as much for defendants' goods or services had they known of the defendants'" practices. *Cf.* Opp. at 13. Here, Plaintiffs *must* (but do not) allege, among other things, that they intend to re-purchase Defendants' products and that they would risk an actual, imminent injury in doing so. Because Plaintiffs have not properly amended their pleading regarding injunctive relief, they also lack standing under Article III. *Cf.* ECF No. 452 at 5 (contemplating standing could be met *if* injunctive relief were properly pleaded).

*Second*, Plaintiffs are incorrect that *Davidson* supports their position. That *Davidson* resolved a "district court split in favor of plaintiffs seeking injunctive relief" merely means it is not impossible for plaintiffs to show standing on the basis of future harm. 889 F.3d at 969. But it does not mean that all plaintiffs seeking damages for future harm have automatically met *Davidson*'s requirements. *See id.*; *cf.* Opp. at 13. The Ninth Circuit noted in *Davidson* that it was a "close question" whether the plaintiff had adequately alleged that "she faces an imminent or actual threat of future harm." 889 F.3d at 971. Here it is not. *Unlike* the plaintiffs in *Davidson* (and contrary to their opposition, *cf.* Opp. at 14), Plaintiffs have not even attempted to allege that they face *any threat* of future harm from the Retail Defendants—none, for example, allege that they intend to purchase products again, much less allege that they intend

9

to buy and return them. Instead, they have simply relied on the mistaken belief that by alleging past harms that satisfy the UCL's statutory standing requirements, they have also satisfied Article III standing for a claim predicated on *future* harm. Opp. at 12-13 (arguing that showing "lost money or property" satisfies Article III). This is incorrect as a matter of law.

In sum, this Court has never ruled on the Retail Defendants' arguments under *Davidson*, and Plaintiffs' amended allegations (once again) fail to satisfy its directives. Because Plaintiffs do not "properly seek[] injunctive relief," their UCL claim against the Retail Defendants must be dismissed. *Cf.* ECF No. 452 at 5-6; *see also Davidson*, 889 F.3d at 967-72. Moreover, the dismissal should be without leave to amend. Plaintiffs have already attempted to plead a UCL claim four times. If given a fifth opportunity, Plaintiffs' allegations would still fail under *Davidson*, as Plaintiffs have not and cannot allege that they are likely to be deceived in the future. *See* Mot. at 15-17 & n.6 ("a hypothetical allegation that Plaintiffs want to make a purchase from the Retail Defendants in the future with the intention of then returning that purchase would not be an allegation of a bona fide purchase resulting in actionable harm"); *Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) (where plaintiff will not likely be deceived in the future, injunctive relief is unavailable).

## V.    CONCLUSION

For the foregoing reasons, the Retail Defendants respectfully request that the Court strike the improperly renewed allegations relating to restitution and dismiss the UCL claim for injunctive relief. In addition, because Plaintiffs cannot state a claim based on either past or future harm, this Court should dismiss the entire UCL claim against the Retail Defendants without leave to amend.

[Signatures to follow]

10

DATED:  October 3, 2022

JOSEPH DUFFY
joseph.duffy@morganlewis.com
MEGAN A. SUEHIRO
megan.suehiro@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  213-612-2500
Fax:  213-612-2501

_____
                /s/ Joseph Duffy
                    Joseph Duffy

Attorneys for Defendant
**BED BATH & BEYOND INC.**

DATED:  October 3, 2022

P. CRAIG CARDON
ccardon@sheppardmullin.com
ALYSSA SONES
asones@sheppardmullin.com
BENJAMIN O. AIGBOBOH
baigboboh@sheppardmullin.com
**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel:  310-228-3700
Fax:  310-228-3701

KARI M. ROLLINS (*pro hac vice*)
krollins@sheppardmullin.com
**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel: 213-634-3077
Fax:  212-653-8701

_____
                /s/ P. Craig Cardon
                    P. Craig Cardon

Attorneys for Defendants
**SEPHORA USA, INC. and THE TJX
COMPANIES, INC.**

11

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  October 3, 2022

KRISTINE M. BROWN (*pro hac vice*)
kristy.brown@alston.com
DONALD HOUSER (*pro hac vice*)
donald.houser@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St., Suite 4900
Atlanta GA  30309-3424
Telephone:  404-881-7000
Facsimile:   404-881-7777

RACHEL E. K. LOWE, Bar No. 246361
rachel.lowe@alston.com
JESSE STEINBACH, Bar No. 278923
jesse.steinbach@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:  213-576-1000
Facsimile:  213-576-1100

_____/s/ Rachel E. K. Lowe_____
Rachel E. K. Lowe

Attorneys for Defendant
**CVS PHARMACY, INC.**

RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

DATED:  October 3, 2022

MICHAEL D. ROTH
mroth@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel:  213-443-4355
Fax:  213-443-4310

ANNE M. VOIGTS
avoigts@kslaw.com
SUZANNE E. NERO
snero@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel:  415-318-1200

CHRISTOPHER G. CALDWELL
ccaldwell@caldwell-llp.com
6250 Hollywood Blvd., Ste. 11M
Los Angeles, CA 90028
Tel:  213-712-8079

/s/ Michael D. Roth
Michael D. Roth

Attorneys for Defendant
**THE GAP, INC.**

DATED:  October 3, 2022

S. STEWART HASKINS II (*pro hac vice*)
shaskins@kslaw.com
ELIZABETH ADLER (*pro hac vice*)
eadler@kslaw.com
MISTY L. PETERSON (*pro hac vice*)
mpeterson@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel:  404-572-4600
Fax:  404-572-5100

JULIA ELIZABETH ROMANO
jromano@kslaw.com
**KING & SPALDING LLP**
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
Tel:  213-443-4355
Fax:  213 443-4310

/s/ S. Stewart Haskins II
S. Stewart Haskins II

Attorneys for Defendant
**THE HOME DEPOT, INC.**

13
RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

## **LOCAL RULE 5-4.3.4(A)(2)(I) CERTIFICATION**

Pursuant to local rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 3, 2022

/s/ Michael D. Roth
Michael D. Roth

14
RETAIL DEFENDANTS' REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT