TROUTMAN PEPPER HAMILTON SANDERS LLP
Ronald I. Raether, Bar No. 303118
ron.raether@troutman.com
5 Park Plaza
Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700

Attorneys for Defendant
The Retail Equation, Inc.
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC., et al.,<br><br>Defendants. | Case No.  8:20-cv-01203-DOC-DFM<br><br>**THE RETAIL EQUATION, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Defendant The Retail Equation, Inc. ("TRE"), by counsel, submits the following Answer to Plaintiffs' Third Amended Complaint, Dkt. No. 455 ("TAC"). TRE denies all allegations in Plaintiffs' TAC that it does not explicitly admit. TRE does not purport to answer on behalf of Sephora USA, Inc. ("Sephora"), Bed Bath & Beyond, Inc. ("BBI"), CVS Pharmacy, Inc. ("CVS Pharmacy"), Bath & Body Works, Inc. ("BBW"), The Gap, Inc. ("Gap"), The Home Depot, Inc. ("THD"), or the TJX Companies, Inc. ("TJX") (collectively, the "Co-Defendants"), even if the allegations to which it responds pertain to both TRE and the Co-Defendants. TRE further does not respond to Plaintiffs' restitution allegations that were stricken in the Court's March 2, 2023 Order Granting Retail Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint. Dkt. No. 484. To the extent a response is nonetheless somehow still required, TRE denies those allegations for the same reasons stated in the Notice of Motion and Joinder in Retail Defendants' Motion to Strike and Dismiss Third Amended Complaint.

TRE responds to the specific allegations in the enumerated paragraphs in the TAC as follows:

## PLAINTIFFS' SUMMARY OF THE CASE

1. TRE admits it provides a Software-as-a-Service ("Saas") solution to its retailer clients. TRE's SaaS analyzes in-store and online purchase and transaction data in accordance with the instructions provided by specific retailer clients. TRE further admits that in certain circumstances, it connects that transaction data to a specific piece of transaction information (e.g., form of payment or government-issued ID) (hereinafter, the "ID") that may be collected during an attempted return or exchange transaction. TRE then analyzes the transaction history, if any, at that retailer that has been associated with that ID in order to identify activity that appears to be fraudulent or abusive or in violation of the specific retailer's policies. TRE further admits that, depending on the circumstances surrounding the transaction and

-2-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the requirements of a specific retailer, it may generate a return fraud risk score for a particular transaction associated with that ID.  TRE admits that based on that fraud risk score and the requirements of a specific retailer, TRE returns to the retailer either an approval, warning or denial recommendation at the point of return or exchange. A retailer can override TRE's recommendation. TRE further admits that it offers two models of its SaaS solution to its retailer customers, and retailers' use of the models have changed over time.  Each model offers various unique input variables for the retail customers.  The variables are customizable by retailer and each retailer can choose certain thresholds for its variables and which variables to employ in its model. Irrespective of what model a retailer uses, retailers also implement their own rules-based policies that can override a model recommendation.  If a return transaction is denied because of a rule-based policy, TRE's models may play no part in the recommendation.  TRE denies the remaining allegations in paragraph 1 of Plaintiffs' TAC.

2.　　TRE admits that the Co-Defendants may collect certain transaction data at the point-of-sale and during an attempted return or exchange transaction.  The data collected during an attempted return transaction may vary based on the Co-Defendant and specific transaction, and may include a consumer's government identification number and expiration date, name, address, and date of birth.  TRE analyzes the transaction history, if any, at that retailer that has been associated with the ID in order to identify activity that appears to be fraudulent or abusive or in violation of the specific retailer's policies.  Depending on the circumstances surrounding the transaction and the requirements of a specific retailer, TRE may generate a return fraud risk score for a particular transaction associated with the ID.  TRE admits that based on that fraud risk score and the requirements of a specific retailer, TRE returns to the retailer either an approval, warning or denial recommendation at the point of return or exchange.  A retailer can override TRE's recommendation. TRE further

-3-

admits that it offers two models of its SaaS solution to its retailer customers, and retailers' use of the models have changed over time. Each model offers various unique input variables for the retail customers. The variables are customizable by retailer and each retailer can choose certain thresholds for its variables and which variables to employ in its model. Irrespective of what model a retailer uses, retailers also implement their own rules-based policies that can override a model recommendation. If a return transaction is denied because of a rule-based policy, TRE's models may play no part in the recommendation. TRE denies the remaining allegations in paragraph 2 of Plaintiffs' TAC.

3. No answer is necessary to the allegations in paragraph 3 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants. To the extent the allegations relate to TRE, TRE denies the allegations in paragraph 3 of Plaintiffs' TAC.

4. TRE admits that BBI, CVS Pharmacy, BBW, Gap, THD, and TJX are current clients of TRE. TRE denies the remaining allegations in paragraph 4 of Plaintiffs' TAC.

5. No answer is necessary to the allegations in paragraph 5 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants. To the extent the allegations relate to TRE, TRE denies the allegations in paragraph 5 of Plaintiffs' TAC.

6. TRE admits that Plaintiffs purport to bring claims for invasion of privacy and alleged violations of California's Unfair Competition Law against TRE. TRE denies the remaining allegations in paragraph 6 of Plaintiffs' TAC.

**JURISDICTION AND VENUE**

7. No answer is necessary to paragraph 7 of Plaintiffs' TAC because it only contains legal conclusions. To the extent that the allegations in paragraph 7 are

-4-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

contrary to law, they are denied.  TRE denies the remaining allegations in paragraph 7 of Plaintiffs' TAC.

8.    No answer is necessary to the allegations in paragraph 8 of Plaintiffs' TAC relating to whether this Court has personal jurisdiction over all Defendants because they only contain legal conclusions.  To the extent that those allegations in paragraph 8 are contrary to law, they are denied.  TRE admits that it is headquartered and has its principal place of business in California.  TRE denies the remaining allegations in paragraph 8 of Plaintiffs' TAC relating to the Co-Defendants' places of business for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

9.    No answer is necessary to the allegations in paragraph 9 of Plaintiffs' TAC relating to whether "venue is proper" because they only contain legal conclusions.  To the extent that those allegations in paragraph 9 are contrary to law, they are denied.  TRE admits that it is headquartered and has its principal place of business in California.  TRE denies the remaining allegations in paragraph 9 of Plaintiffs' TAC relating to the Co-Defendants' retail locations and regularly conducting business for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

## PLAINTIFFS' ALLEGED FACTS

10.    No answer is necessary to paragraph 10 of Plaintiffs' TAC because the allegations are directed at Sephora, and Plaintiffs fail to state any allegations against TRE.  To the extent a response is required, TRE denies the allegations in paragraph 10 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

11.    No answer is necessary to paragraph 11 of Plaintiffs' TAC because the allegations are directed at BBI, and Plaintiffs fail to state any allegations against TRE.  To the extent a response is required, TRE denies the allegations in paragraph 11 of

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

12. No answer is necessary to paragraph 12 of Plaintiffs' TAC because the allegations are directed at CVS Pharmacy, and Plaintiffs fail to state any allegations against TRE. To the extent a response is required, TRE denies the allegations in paragraph 12 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

13. No answer is necessary to paragraph 13 of Plaintiffs' TAC because the allegations are directed at BBW, and Plaintiffs fail to state any allegations against TRE. To the extent a response is required, TRE denies the allegations in paragraph 13 of Plaintiffs' BBW for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

14. No answer is necessary to paragraph 14 of Plaintiffs' TAC because the allegations are directed at Gap, and Plaintiffs fail to state any allegations against TRE. To the extent a response is required, TRE denies the allegations in paragraph 14 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

15. No answer is necessary to paragraph 15 of Plaintiffs' TAC because the allegations are directed at THD, and Plaintiffs fail to state any allegations against TRE. To the extent a response is required, TRE denies the allegations in paragraph 15 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

16. No answer is necessary to paragraph 16 of Plaintiffs' TAC because the allegations are directed at TJX, and Plaintiffs fail to state any allegations against TRE. To the extent a response is required, TRE denies the allegations in paragraph 16 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

17.    TRE admits it is incorporated in Delaware and has its principal place of business and headquarters in Irvine, California.  TRE denies it is a wholly owned subsidiary of Appriss Inc.  The remaining allegations in paragraph 17 of Plaintiffs' TAC refer to a website, which speaks for itself.  To the extent those remaining allegations are contrary to the text on the website, they are denied.

18.    The allegations in paragraph 18 of Plaintiffs' TAC refer to patents, which speak for themselves.  TRE denies that claims or specifications in a patent prove how TRE's SaaS solution actually operates in the market.  TRE further denies any allegation based on the patents that TRE is commingling purchase and transaction data among Co-Defendants or that TRE is using data from external sources to generate return fraud risk scores.

19.    The allegations in paragraph 19 of Plaintiffs' TAC refer to websites, which speak for themselves.  To the extent those allegations are contrary to the websites, they are denied.  TRE admits its SaaS solution is used by a diverse retail base in more than 34,000 stores in North America.  TRE further admits that it offers two models of its SaaS solution to its retailer customers, and retailers' use of the models have changed over time.  Each model offers various unique input variables for the retail customers.  The variables are customizable by retailer and each retailer can choose certain thresholds for its variables and which variables to employ in its model.  Irrespective of what model a retailer uses, retailers also implement their own rules-based policies that can override a model recommendation.  If a return transaction is denied because of a rule-based policy, TRE's models may play no part in the recommendation.  TRE denies the remaining allegations in paragraph 19 of Plaintiffs' TAC.

20.    The allegations in paragraph 20 of Plaintiffs' TAC refer to websites and patents, which speak for themselves.  To the extent those allegations are contrary to the websites, they are denied.  TRE denies that claims or specifications in a patent

-7-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

prove how TRE's SaaS solution actually operates in the market. TRE further denies any allegation based on the patents that TRE is commingling purchase and transaction data among Co-Defendants or that TRE is using data from external sources to generate risk scores. TRE denies any remaining allegations in paragraph 20 of Plaintiffs' TAC.

21. No answer is necessary to the allegations in paragraph 21 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants. To the extent the allegations relate to TRE, TRE denies the allegations in paragraph 21 of Plaintiffs' TAC.

22. No answer is necessary to the allegations in paragraph 22 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants. To the extent the allegations relate to TRE, TRE admits that the Co-Defendants may input into TRE's SaaS solution certain transaction data at the point-of-sale and during an attempted return or exchange transaction. The information inputted into TRE's SaaS solution may vary based on the Co-Defendant and specific transaction, and may include a consumer's government identification number and expiration date, name, address, and date of birth. TRE denies the remaining allegations in paragraph 22 of Plaintiffs' TAC.

23. No answer is necessary to the allegations in paragraph 23 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants. To the extent the allegations relate to TRE, TRE admits the Co-Defendants may input into TRE's SaaS solution certain transaction data at the point-of-sale and during an attempted return or exchange transaction, which may vary based on the Co-Defendant and specific transaction, and which may include a consumer's government identification number and expiration date, name, address, and date of birth. TRE denies that the Co-Defendants provide to TRE race, sex, or photograph. TRE denies the remaining allegations in paragraph 23 of Plaintiffs' TAC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

24.     TRE admits that the Co-Defendants may input into TRE's SaaS solution certain transaction data at the point-of-sale and during an attempted return or exchange transaction, which may vary based on the Co-Defendant and specific transaction.  No answer is necessary to the extent the allegations in paragraph 24 of Plaintiffs' TAC only contain legal conclusions.  To the extent that the allegations in paragraph 24 are contrary to law, they are denied.  TRE denies the remaining allegations in paragraph 24 of Plaintiffs' TAC.

25.     No answer is necessary to the allegations in paragraph 25 of Plaintiffs' TAC to the extent those allegations relate to the Co-Defendants.  To the extent the allegations relate to TRE, TRE denies the allegations in paragraph 25 of Plaintiffs' TAC.  TRE further denies that claims or specifications in a patent prove how TRE's SaaS solution actually operates in the market.  TRE further denies any allegation based on the patents that TRE is commingling purchase and transaction data among Co-Defendants or that TRE is using data from external sources to generate risk scores.  TRE denies the remaining allegations in paragraph 25 of Plaintiffs' TAC.

26.     The allegations in paragraph 26 of Plaintiffs' TAC refer to patents, which speak for themselves.  TRE denies that claims or specifications in a patent prove how TRE's SaaS solution actually operates in the market.  TRE further denies any allegation based on the patents that TRE is commingling purchase and transaction data among Co-Defendants or that TRE is using data from external sources to generate risk scores.  TRE denies any remaining allegations in paragraph 26 of Plaintiffs' TAC.

27.     The allegations in paragraph 27 of Plaintiffs' TAC refer to patents, which speak for themselves.  TRE denies that claims or specifications in a patent prove how TRE's SaaS solution actually operates in the market.  TRE further denies any allegation based on the patents that TRE is commingling purchase and transaction data among Co-Defendants or that TRE is using data from external

-9-

sources to generate risk scores. TRE denies any remaining allegations in paragraph 27 of Plaintiffs' TAC.

28.    TRE denies the allegations in paragraph 28 of Plaintiffs' TAC.

29.    No answer is necessary to paragraph 29 of Plaintiffs' TAC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against TRE.  To the extent a response is required, TRE denies the allegations in paragraph 29 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

30.    No answer is necessary to paragraph 30 of Plaintiffs' TAC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against TRE.  To the extent a response is required, TRE denies the allegations in paragraph 30 of Plaintiffs' TAC for lack of knowledge of information sufficient to form a belief regarding the truth of the matters alleged.

31.    TRE denies the allegations in paragraph 31 of Plaintiffs' TAC.

32.    TRE admits it provides a SaaS solution to its retailer clients.  TRE's SaaS analyzes in-store and online purchase and transaction data in accordance with the instructions provided by specific retailer clients.  TRE further admits that in certain circumstances, it connects that transaction data to an ID that may be collected during an attempted return or exchange transaction.  TRE then analyzes the transaction history, if any, at that retailer that has been associated with that ID in order to identify activity that appears to be fraudulent or abusive or in violation of the specific retailer's policies.  TRE further admits that, depending on the circumstances surrounding the transaction and the requirements of a specific retailer, it may generate a return fraud risk score for a particular transaction associated with that ID.  TRE admits that based on that fraud risk score and the requirements of a specific retailer, TRE returns to the retailer either an approval, warning or denial recommendation at the point of return or exchange.  A retailer can override TRE's

-10-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

recommendation. TRE further admits that it offers two models of its SaaS solution to its retailer customers, and retailers' use of the models have changed over time. Each model offers various unique input variables for the retail customers. The variables are customizable by retailer and each retailer can choose certain thresholds for its variables and which variables to employ in its model. Irrespective of what model a retailer uses, retailers also implement their own rules-based policies that can override a model recommendation. If a return transaction is denied because of a rule-based policy, TRE's models may play no part in the recommendation. TRE denies the remaining allegations in paragraph 32 of Plaintiffs' TAC.

33. TRE denies the allegations in paragraph 33 of Plaintiffs' TAC.

34. TRE denies the allegations in paragraph 34 of Plaintiffs' TAC.

35. TRE denies the allegations in paragraph 35 of Plaintiffs' TAC.

36. TRE denies the allegations in paragraph 36 of Plaintiffs' TAC.

37. The allegations in paragraph 37 of Plaintiffs' TAC refer to a complaint, which speaks for itself. To the extent the allegations in paragraph 37 are contrary to the complaint, they are denied. TRE denies the remaining allegations in paragraph 37 of Plaintiffs' TAC.

**Plaintiff Hayden**

38. TRE denies the allegations in paragraph 38 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

39. TRE denies the allegations in paragraph 39 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

40. TRE denies the allegations in paragraph 40 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

-11-

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

41.     TRE denies the allegations in paragraph 41 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

42.     TRE admits that Sephora sent to TRE a loyalty card ID number ending in 3025 on or about July 9, 2019.  TRE denies the remaining allegations in paragraph 42 of Plaintiffs' TAC.

43.     TRE denies the allegations in paragraph 43 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

44.     TRE denies the allegations in paragraph 44 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

45.     TRE denies the allegations in paragraph 45 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

46.     TRE denies the allegations in paragraph 46 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

47.     TRE admits that with respect to the attempted return or exchange associated with loyalty card ID number ending in 3025 on July 9, 2019 at Sephora, the return was denied based on Sephora's unique return criteria and Hayden's previous transactions at Sephora, specifically:  the ID was associated with over a 90% return rate based on previous transactions at Sephora and had 24 or more receipted return transactions at Sephora in the previous 365 days ("policy receipted blackout"). Sephora's decision was based solely on specific return rules Sephora had in place and not on a model or score functioning in any SaaS solution offered to Sephora. TRE denies any remaining allegations in paragraph 47 of Plaintiffs' TAC.

-12-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

48.    TRE denies the allegations in paragraph 48 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

49.    TRE denies the allegations in paragraph 49 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

50.    TRE denies the allegations in paragraph 50 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Gilbert**

51.    TRE denies the allegations in paragraph 51 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

52.    TRE denies the allegations in paragraph 52 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

53.    TRE denies the allegations in paragraph 53 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

54.    TRE admits that CVS sent to TRE a driver's license ID number ending in 9279 from Florida, USA on or about March 7, 2020. TRE denies the remaining allegations in paragraph 54 of Plaintiffs' TAC.

55.    TRE denies the allegations in paragraph 55 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

-13-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

56.    TRE denies the allegations in paragraph 56 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

57.    TRE denies the allegations in paragraph 57 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

58.    TRE denies the allegations in paragraph 58 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

59.    TRE admits that the specific SaaS solution configured for CVS recommended that the attempted return or exchange associated with driver's license ID number ending in 9279 on March 7, 2020 be denied based on CVS' unique return criteria and previous transactions at CVS, specifically: the ID was associated with five attempted returns at CVS in the previous 12 months, none with a receipt, and had returned over $200 at CVS within the past 540 days. TRE denies any remaining allegations in paragraph 59 of Plaintiffs' TAC.

60.    TRE denies the allegations in paragraph 60 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

61.    TRE denies the allegations in paragraph 61 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

62.    TRE denies the allegations in paragraph 62 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Plaintiff Smith**

63. TRE denies the allegations in paragraph 63 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

64. TRE denies the allegations in paragraph 64 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

65. TRE denies the allegations in paragraph 65 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

66. TRE denies the allegations in paragraph 66 of Plaintiffs' TAC.

67. TRE denies the allegations in paragraph 67 of Plaintiffs' TAC.

68. TRE denies the allegations in paragraph 68 of Plaintiffs' TAC.

69. TRE denies the allegations in paragraph 69 of Plaintiffs' TAC.

70. TRE denies the allegations in paragraph 70 of Plaintiffs' TAC.

71. TRE denies the allegations in paragraph 71 of Plaintiffs' TAC.

72. TRE denies the allegations in paragraph 72 of Plaintiffs' TAC.

73. TRE denies the allegations in paragraph 73 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

74. TRE denies the allegations in paragraph 74 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Julian-Moye**

75. TRE denies the allegations in paragraph 75 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

-15-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

76.     TRE denies the allegations in paragraph 76 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

77.     TRE denies the allegations in paragraph 77 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

78.     TRE denies the allegations in paragraph 78 of Plaintiffs' TAC.

79.     TRE denies the allegations in paragraph 79 of Plaintiffs' TAC.

80.     TRE denies the allegations in paragraph 80 of Plaintiffs' TAC.

81.     TRE denies the allegations in paragraph 81 of Plaintiffs' TAC.

82.     TRE denies the allegations in paragraph 82 of Plaintiffs' TAC.

83.     TRE denies the allegations in paragraph 83 of Plaintiffs' TAC.

84.     TRE denies the allegations in paragraph 84 of Plaintiffs' TAC.

85.     TRE denies the allegations in paragraph 85 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

86.     TRE denies the allegations in paragraph 86 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Alire**

87.     TRE denies the allegations in paragraph 87 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

88.     TRE denies the allegations in paragraph 88 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

89. TRE denies the allegations in paragraph 89 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

90. TRE admits that Gap sent to TRE a driver's license ID number ending in 9294 from California, USA on or about January 8, 2020. TRE denies the remaining allegations in paragraph 90 of Plaintiffs' TAC.

91. TRE denies the allegations in paragraph 91 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

92. TRE denies the allegations in paragraph 92 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

93. TRE denies the allegations in paragraph 93 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

94. TRE denies the allegations in paragraph 94 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

95. TRE admits that the specific SaaS solution configured for Gap recommended that the attempted return or exchange associated with driver's license ID number ending in 9294 on or about January 8, 2020 be denied based on Gap's unique return criteria and previous transactions at the Gap, specifically: the ID was associated with six attempted non-receipted returns at the Gap between September 2019 and January 2020. TRE denies any remaining allegations in paragraph 95 of Plaintiffs' TAC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

96.    TRE denies the allegations in paragraph 96 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

97.    TRE denies the allegations in paragraph 97 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

98.    TRE denies the allegations in paragraph 98 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Ho**

99.    TRE denies the allegations in paragraph 99 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

100.    TRE denies the allegations in paragraph 100 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

101.    TRE denies the allegations in paragraph 101 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

102.    TRE admits that THD sent to TRE a driver's license ID number ending in 0220 from California, USA on or about May 28, 2020. TRE denies the remaining allegations in paragraph 102 of Plaintiffs' TAC.

103.    TRE denies the allegations in paragraph 103 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

-18-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

104. TRE denies the allegations in paragraph 104 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

105. TRE denies the allegations in paragraph 105 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

106. TRE denies the allegations in paragraph 106 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

107. TRE admits that with respect to the attempted return or exchange associated with driver's license ID number ending in 0220 on or about May 28, 2020 at THD, the return was denied based on THD's unique return criteria, specifically: this was an attempted receipted return from store credit ("SKU based policy denial"). At the time of this return or exchange, THD had a policy to deny any receipted return originating from store credit. This was a rule-based denial and THD's decision was based solely on specific return rules THD had in place and not on a model or score functioning in any SaaS solution offered to THD. TRE denies any remaining allegations in paragraph 107 of Plaintiffs' TAC.

108. TRE denies the allegations in paragraph 108 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

109. TRE denies the allegations in paragraph 109 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

110. TRE denies the allegations in paragraph 110 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Padro**

111.   TRE denies the allegations in paragraph 111 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

112.   TRE denies the allegations in paragraph 112 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

113.   TRE denies the allegations in paragraph 113 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

114.   TRE denies the allegations in paragraph 114 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

115.   TRE denies the allegations in paragraph 115 of Plaintiffs' TAC.

116.   TRE denies the allegations in paragraph 116 of Plaintiffs' TAC.

117.   TRE denies the allegations in paragraph 117 of Plaintiffs' TAC.

118.   TRE denies the allegations in paragraph 118 of Plaintiffs' TAC.

119.   TRE denies the allegations in paragraph 119 of Plaintiffs' TAC.

120.   TRE denies the allegations in paragraph 120 of Plaintiffs' TAC.

121.   TRE denies the allegations in paragraph 121 of Plaintiffs' TAC.

122.   TRE denies the allegations in paragraph 122 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

123.   TRE denies the allegations in paragraph 123 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Naidu**

124. TRE denies the allegations in paragraph 124 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

125. TRE denies the allegations in paragraph 125 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

126. TRE denies the allegations in paragraph 126 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

127. TRE denies the allegations in paragraph 127 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

128. TRE denies the allegations in paragraph 128 of Plaintiffs' TAC.

129. TRE denies the allegations in paragraph 129 of Plaintiffs' TAC.

130. TRE denies the allegations in paragraph 130 of Plaintiffs' TAC.

131. TRE denies the allegations in paragraph 131 of Plaintiffs' TAC.

132. TRE denies the allegations in paragraph 132 of Plaintiffs' TAC.

133. TRE denies the allegations in paragraph 133 of Plaintiffs' TAC.

134. TRE denies the allegations in paragraph 134 of Plaintiffs' TAC.

135. TRE denies the allegations in paragraph 135 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

136. TRE denies the allegations in paragraph 136 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

-21-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Plaintiff Solorzano**

137.   TRE denies the allegations in paragraph 137 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

138.   TRE denies the allegations in paragraph 138 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

139.   TRE denies the allegations in paragraph 139 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

140.   TRE denies the allegations in paragraph 140 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

141.   TRE denies the allegations in paragraph 141 of Plaintiffs' TAC.

142.   TRE denies the allegations in paragraph 142 of Plaintiffs' TAC.

143.   TRE denies the allegations in paragraph 143 of Plaintiffs' TAC.

144.   TRE denies the allegations in paragraph 144 of Plaintiffs' TAC.

145.   TRE denies the allegations in paragraph 145 of Plaintiffs' TAC.

146.   TRE denies the allegations in paragraph 146 of Plaintiffs' TAC.

147.   TRE denies the allegations in paragraph 147 of Plaintiffs' TAC.

148.   TRE denies the allegations in paragraph 148 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

149.   TRE denies the allegations in paragraph 149 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

**Plaintiff White**

150. TRE denies the allegations in paragraph 150 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

151. TRE denies the allegations in paragraph 151 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

152. TRE denies the allegations in paragraph 152 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

153. TRE denies the allegations in paragraph 153 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

154. TRE denies the allegations in paragraph 154 of Plaintiffs' TAC.

155. TRE denies the allegations in paragraph 155 of Plaintiffs' TAC.

156. TRE denies the allegations in paragraph 156 of Plaintiffs' TAC.

157. TRE denies the allegations in paragraph 157 of Plaintiffs' TAC.

158. TRE denies the allegations in paragraph 158 of Plaintiffs' TAC.

159. TRE denies the allegations in paragraph 159 of Plaintiffs' TAC.

160. TRE denies the allegations in paragraph 160 of Plaintiffs' TAC.

161. TRE denies the allegations in paragraph 161 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

162. TRE denies the allegations in paragraph 162 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

**Plaintiff Al Kuraishi**

163. TRE denies the allegations in paragraph 163 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

164. TRE denies the allegations in paragraph 164 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

165. TRE denies the allegations in paragraph 165 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

166. TRE denies the allegations in paragraph 166 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

167. TRE admits that CVS sent to TRE a tokenized credit card ID number ending in 6276 on or about July 16, 2021. TRE denies the remaining allegations in paragraph 167 of Plaintiffs' TAC.

168. TRE denies the allegations in paragraph 168 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

169. TRE denies the allegations in paragraph 169 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

170. TRE denies the allegations in paragraph 170 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

171.   TRE denies the allegations in paragraph 171 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

172.   TRE admits that with respect to the attempted returns or exchanges associated with a tokenized credit card ID number ending in 6276 on or about July 16, 2021 at CVS were denied based on CVS' unique return criteria and previous transactions at CVS, specifically:  (1) the first denial was based on CVS's model which took into account particular variable threshold set by CVS; and (2) the denials that followed were rule-based due to CVS's specific blackout period that automatically followed the model-based denial.  CVS's decision was based solely on specific return rules CVS had in place and not on a model or score functioning in any SaaS solution offered to CVS.  TRE denies any remaining allegations in paragraph 172 of Plaintiffs' TAC.

173.   TRE denies the allegations in paragraph 173 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

174.   TRE denies the allegations in paragraph 174 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

175.   TRE denies the allegations in paragraph 175 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

**Plaintiff Chapa**

176.   TRE denies the allegations in paragraph 176 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

177.   TRE denies the allegations in paragraph 177 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

178.   TRE denies the allegations in paragraph 178 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

179.   TRE denies the allegations in paragraph 179 of Plaintiffs' TAC.

180.   TRE denies the allegations in paragraph 180 of Plaintiffs' TAC.

181.   TRE denies the allegations in paragraph 181 of Plaintiffs' TAC.

182.   TRE denies the allegations in paragraph 182 of Plaintiffs' TAC.

183.   TRE denies the allegations in paragraph 183 of Plaintiffs' TAC.

184.   TRE denies the allegations in paragraph 184 of Plaintiffs' TAC.

185.   TRE denies the allegations in paragraph 185 of Plaintiffs' TAC.

186.   TRE denies the allegations in paragraph 186 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

187.   TRE denies the allegations in paragraph 187 of Plaintiffs' TAC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

## PUTATIVE CLASS ALLEGATIONS

188.   TRE admits that Plaintiffs purport to bring this action on behalf of a putative class.  TRE further admits that Plaintiffs purport to define the class as stated in paragraph 189 of Plaintiffs' TAC.  TRE denies that this matter may be properly maintained against it as a class action as defined in paragraph 189 or otherwise.  TRE denies the remaining allegations in paragraph 188 of Plaintiffs' TAC.

189.   TRE admits that Plaintiffs purport to bring this action on behalf of a putative class.  TRE further admits that Plaintiffs purport to define the class as stated

in paragraph 189 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action as defined in paragraph 189 or otherwise. TRE denies the remaining allegations in paragraph 189 of Plaintiffs' TAC.

190. TRE admits that Plaintiffs purport to bring this action on behalf of a putative class. TRE further admits that Plaintiffs purport to define the class as stated in paragraph 189 of Plaintiffs' TAC and exclude those persons and entities identified in paragraph 190 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action as defined in paragraph 189 and 190 or otherwise. TRE denies the remaining allegations in paragraph 190 of Plaintiffs' TAC.

191. No answer is necessary to paragraph 191 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 191 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 191 of Plaintiffs' TAC.

192. No answer is necessary to paragraph 192 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 192 of Plaintiffs' TAC. No answer is necessary to the restitution allegations in paragraph 192(g) of Plaintiffs' TAC because those allegations were dismissed by the Court. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 192 of Plaintiffs' TAC.

193. No answer is necessary to paragraph 193 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 193 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 193 of Plaintiffs' TAC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

-27-

194. No answer is necessary to paragraph 194 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 194 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 194 of Plaintiffs' TAC.

195. No answer is necessary to paragraph 195 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 195 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 195 of Plaintiffs' TAC.

196. No answer is necessary to paragraph 196 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 196 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 196 of Plaintiffs' TAC.

197. No answer is necessary to paragraph 197 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 197 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 197 of Plaintiffs' TAC.

198. No answer is necessary to paragraph 198 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 198 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 198 of Plaintiffs' TAC.

199. No answer is necessary to paragraph 199 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

allegations in paragraph 199 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 199 of Plaintiffs' TAC.

200. No answer is necessary to paragraph 200 of Plaintiffs' TAC because it only contains legal conclusions. To the extent a response is required, TRE denies the allegations in paragraph 200 of Plaintiffs' TAC. TRE denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 200 of Plaintiffs' TAC.

## CLAIM 1

### Alleged Invasion of Privacy

201. TRE incorporates its responses and denials to paragraphs 1 through 200 of Plaintiffs' TAC as if fully restated.

202. TRE denies the allegations in paragraph 202 of Plaintiffs' TAC.

203. TRE denies the allegations in paragraph 203 of Plaintiffs' TAC.

204. TRE denies the allegations in paragraph 204 of Plaintiffs' TAC, including sub-paragraphs (a)-(c).

205. TRE denies the allegations in paragraph 205 of Plaintiffs' TAC.

206. TRE denies the allegations in paragraph 206 of Plaintiffs' TAC.

207. TRE denies the allegations in paragraph 207 of Plaintiffs' TAC.

208. TRE denies the allegations in paragraph 208 of Plaintiffs' TAC.

## CLAIM 2

### Alleged UCL Claim

209. TRE incorporates its responses and denials to paragraphs 1 through 208 of Plaintiffs' TAC as if fully restated.

210. No answer is necessary to paragraph 210 of Plaintiffs' TAC because it only contains legal conclusions. To the extent that the allegations in paragraph 210 are contrary to law, they are denied.

211. TRE denies the allegations in paragraph 211 of Plaintiffs' TAC.

212. TRE denies the allegations in paragraph 212 of Plaintiffs' TAC.

213. TRE denies the allegations in paragraph 213 of Plaintiffs' TAC.

214. TRE denies the allegations in paragraph 214 of Plaintiffs' TAC.

215. TRE denies the allegations in paragraph 215 of Plaintiffs' TAC.

216. TRE denies the allegations in paragraph 216 of Plaintiffs' TAC.

217. TRE denies the allegations in paragraph 217 of Plaintiffs' TAC.

218. TRE denies the allegations in paragraph 218 of Plaintiffs' TAC.

219. TRE denies the allegations in paragraph 219 of Plaintiffs' TAC.

220. TRE denies the allegations in paragraph 220 of Plaintiffs' TAC.

221. TRE denies the allegations in paragraph 221 of Plaintiffs' TAC.

222. TRE admits that Plaintiffs seek "prospective injunctive relief." TRE denies the remaining allegations in paragraph 222 of Plaintiffs' TAC.

223. TRE admits that Plaintiffs seek "the full amount of money that Plaintiffs and Class members [allegedly] paid for the purchased goods and/or restitutionary disgorgement of profits" as well as "attorneys' fees and costs." No answer is necessary to the restitution allegations in paragraph 223 of Plaintiffs' TAC because those allegations were dismissed by the Court. TRE denies the remaining allegations in paragraph 223 of Plaintiffs' TAC.

TRE denies all the remaining allegations in Plaintiffs' TAC, including in the Prayer for Relief, to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiffs for any of the requests for relief set forth in the TAC.

### **ADDITIONAL DEFENSES**

Without admitting any of the allegations in Plaintiffs' TAC, and without admitting or acknowledging that TRE bears the burden of proof as to any of them, TRE asserts the following additional defenses. TRE intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery

-30-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

### FIRST ADDITIONAL DEFENSE

Plaintiffs' TAC fails to the extent that it does not state a claim upon which the Court may grant relief.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' TAC fails to the extent that Plaintiffs lack statutory and/or Article III standing.

### THIRD ADDITIONAL DEFENSE

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against TRE, in the amount of any damages or TRE amounts recovered by Plaintiffs with respect to the same alleged damages.  TRE is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by TRE, and those third parties were the sole cause of any such damages.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs' alleged damages, if any, are the result of Plaintiffs' own acts, errors, and omissions, which were the sole cause of any such damages.

-31-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' TAC fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## NINTH ADDITIONAL DEFENSE

Plaintiffs failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' invasion of privacy claim fails to the extent it is barred by the statute of limitations.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' invasion of privacy claim fails to the extent any alleged invasion of privacy is justified because it substantively furthers countervailing interests.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' invasion of privacy claim fails to the extent Plaintiffs consented to the conduct at issue.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' invasion of privacy claim fails to the extent it is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs and the putative class members cannot recover from TRE as a class action to the extent to which such class recovery would deprive TRE of its due process rights to assert individualized defenses to claims of class members.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs cannot recover from TRE individually or as a class action for punitive damages to the extent any award of punitive damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United

-32-

States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim.

### SIXTEENTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claim of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

### SEVENTEENTH ADDITIONAL DEFENSE

TRE reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, TRE requests this Court to enter a judgment:

1.      denying Plaintiffs any and all relief in this case;

2.      dismissing Plaintiffs' claims in their entirety;

3.      dismissing this case with prejudice;

4.      awarding TRE its costs and attorneys' fees incurred in this case; and

5.      granting TRE all other remedies that the Court deems just and proper.

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Dated:  April 17, 2023

TROUTMAN PEPPER HAMILTON SANDERS LLP


By: */s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

Cindy Hanson (*Pro Hac Vice*)
Cindy.hanson@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
404.885.3000

Julie D. Hoffmeister (*Pro Hac Vice*)
Julie.hoffmeister@troutman.com
1001 Haxall Point
Richmond, VA 23219
804.697.1448

Attorneys for Defendant
The Retail Equation, Inc.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

-34-

THE RETAIL EQUATION, INC.'S ANSWER TO THIRD AMENDED COMPLAINT