SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
KARI M. ROLLINS (admitted *pro hac vice*)
krollins@sheppardmullin.com
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
baigboboh@sheppardmullin.com
ALYSSA SONES, Cal. Bar No. 318359
asones@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

*Attorneys for Defendant*
SEPHORA USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC., *et al.*,<br><br>Defendants. | Case No. 8:20-cv-01203-DOC-DFM<br><br>[*Assigned to the Hon. David O. Carter*]<br><br>**DEFENDANT SEPHORA USA, INC.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed:   July 7, 2020<br>TAC Filed:   Aug. 5, 2022<br>Trial Date:   None set |

Defendant Sephora USA, Inc. ("Sephora"), for itself and no other Defendant in this case,[1] hereby answers the *Third Amended Class Action Complaint* ("*TAC*") filed by Plaintiffs Shadi Hayden, Jerry Ho, Christine Alire, Carol Julian-Moye, Jacqueline Smith, Eric Gilbert, Traci Duncan White, Mayce Al Kuraishi, Sylvia Padro, Sowbhagia Naidu, Alexandra Solorzano, and Stephanie Chapa (collectively, "Plaintiffs").

"**BRIEF SUMMARY OF THE CASE**"

1.      Sephora admits that TRE is a company that provides certain contracted-for services to combat retail fraud or other criminal activity and that Sephora may request that TRE evaluate an attempted return or exchange at the time of the attempted return or exchange.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the *TAC* and, accordingly, denies such allegations.

2.      Sephora denies the allegations in Paragraph 2 of the *TAC* to the extent it alleges that Sephora has shared or collected consumer data without consumers' consent or knowledge.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the *TAC* and, accordingly, denies such allegations.

3.      Sephora denies that consumers cannot appeal a decision to refuse a return or exchange, that consumers cannot review or correct data that may be used by TRE to evaluate a return or exchange, and to the extent Paragraph 3 of the *TAC* alleges that Sephora determines a "risk score."  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the *TAC* and, accordingly, denies such allegations.

---

[1]  Defendants Bed Bath & Beyond Inc., Sephora, The TJX Companies, Inc., CVS Pharmacy, Inc., The Gap, Inc., The Home Depot, Inc., and The Retail Equation, Inc. ("TRE") are referred to herein collectively as "Defendants."

4.     Sephora admits that it has a contractual relationship with TRE.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the *TAC* and, accordingly, denies such allegations.

5.     Sephora denies the allegations in Paragraph 5 of the *TAC*.

6.     Sephora admits that Plaintiffs purport to bring a class action against Defendants for invasion of privacy, but denies that Plaintiffs bring claims for violations of California's Unfair Competition Law because the Court dismissed that claim with prejudice.  ECF No. 484.

### "**JURISDICTION AND VENUE**"

7.     Paragraph 7 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent a response is required, Sephora does not contest at this time that the Court possesses subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2).

8.     Sephora admits that it has its headquarters and principal place of business in California, is authorized to do business in California, and conducts business in California.  The allegations in the first sentence of Paragraph 8 of the *TAC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 of the *TAC* and, accordingly, denies such allegations.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the *TAC* and, accordingly, denies such allegations.

9.     Sephora admits that there are Sephora retail stores within this District and that it conducts business within this District.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the *TAC* and, accordingly, denies such allegations.

## "**STATEMENT OF FACTS**"

### "**Retail Defendants**"

10. Sephora admits that its principal place of business and headquarters are in San Francisco, California and that it has described itself as a "leader in global prestige retail." Sephora denies the remaining allegations in Paragraph 10 of the *TAC*.

11. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the *TAC* and, accordingly, denies such allegations.

12. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the *TAC* and, accordingly, denies such allegations.

13. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the *TAC* and, accordingly, denies such allegations.

14. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the *TAC* and, accordingly, denies such allegations.

15. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the *TAC* and, accordingly, denies such allegations.

16. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the *TAC* and, accordingly, denies such allegations.

### "**Appriss and The Retail Equation**"

17. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the *TAC* and, accordingly, denies such allegations.

18.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the *TAC* and, accordingly, denies such allegations.

19.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the *TAC* and, accordingly, denies such allegations.

"<strong>Defendants' Data Collection, Sharing and Use</strong>"

20.     Sephora admits that it has contracted with TRE as service provider for TRE to perform certain services for identifying and preventing fraud.  Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the *TAC* and, accordingly, denies such allegations.

21.     Sephora denies the allegations in the first sentence of Paragraph 21 of the *TAC*.  Sephora admits that it sometimes collects certain consumer data at the point-of-sale and points-of-return and exchange (as well as through certain interactions with its website), but denies all remaining allegations in the second sentence of Paragraph 21 of the *TAC*.  Sephora admits that the *TAC* purports to define "Consumer Commercial Activity Data" and "Consumer ID Data," and that certain information collected by Sephora may be provided to TRE as Sephora's service provider, but denies all remaining allegations in the third sentence of the *TAC*.  Except as expressly admitted herein, Sephora denies the allegations in Paragraph 21 of the *TAC*.

22.     Sephora admits that it may collect certain types of transaction (*e.g.*, purchase, return, or exchange) data and share some of that data with TRE as its service provider to aid in the processing of returns and exchanges and fraud prevention. Except as specifically admitted, Sephora denies the remaining allegations in Paragraph 22 of the *TAC*.

23.     Sephora admits that it may collect certain information available on a driver's license, government-issued ID card, or passport and that it may provide that information to TRE, as a service provider to aid in the processing of returns and

exchanges and fraud prevention. Except as specifically admitted, Sephora denies all other allegations in Paragraph 23 of the *TAC*.

24. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the *TAC* and, accordingly, denies such allegations.

25. Sephora denies the allegations in Paragraph 25 of the *TAC*.

26. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the *TAC* and, accordingly, denies such allegations.

27. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the *TAC* and, accordingly, denies such allegations.

28. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the *TAC* and, accordingly, denies such allegations.

## "**Attempted Return or Exchange Process**"

29. Sephora admits that there is a Sephora return and exchange policy, which sets forth the conditions under which any for returns and exchanges may be made including any applicable return or exchange time periods. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the *TAC* and, accordingly, denies such allegations.

30. Sephora denies the allegations in Paragraph 30 of the *TAC* related to its conduct. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the *TAC* and, accordingly, denies such allegations.

31. Sephora admits that, consistent with its return policy and privacy policy, it may transmit certain data to TRE as service provider for TRE to perform certain

contracted-for services. Except as expressly admitted, Sephora denies the allegations in Paragraph 31 of the *TAC*.

32. Sephora lacks knowledge or information sufficient to form a belief as to truth of the allegations in the first, second, and fourth sentences of Paragraph 32 of the *TAC* and, accordingly, denies such allegations. Sephora admits that TRE may notify it that a return or exchange should not be accepted. Sephora lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in the third sentence of Paragraph 32 of the *TAC* and, accordingly, denies such allegations.

33. Sephora denies the allegations in the first and second sentences of Paragraph 33 of the *TAC*. Sephora lacks knowledge or information sufficient to form a belief as to truth of the allegations in the third sentence of Paragraph 33 of the *TAC* and, accordingly, denies such allegations.

34. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the *TAC* and, accordingly, denies such allegations.

35. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the *TAC* and, accordingly, denies such allegations.

36. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the *TAC* and, accordingly, denies such allegations.

37. Sephora admits, on or around December 9, 2020, the district attorneys for Counties of Riverside, Santa Barbara Alameda, and San Diego filed a *Complaint for Injunction, Civil Penalties and Other Equitable Relief* against non-party Best Buy Stores, L.P. in the Superior Court of the State of California for the County of Riverside, which alleges in Paragraph 11.D that non-party Best Buy Stores, L.P. "[f]ail[ed] to disclose in its posted return policy the existence of a third-party, The

Retail Equation, that monitored the sale and return, refund or exchange activity of California consumers, and who was authorized by [non-party Best Buy Stores, L.P.] to deny a return, refund or exchange, in violation of Civil Code section 1723(a)." Sephora lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the *TAC* and, accordingly, denies such allegations.

"**Plaintiff Hayden**"

38.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the *TAC* and, accordingly, denies such allegations.

39.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the *TAC* and, accordingly, denies such allegations.

40.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the *TAC* and, accordingly, denies such allegations.

41.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the *TAC* and, accordingly, denies such allegations.

42.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the *TAC* and, accordingly, denies such allegations.

43.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the *TAC* and, accordingly, denies such allegations.

44.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the *SAC* and, accordingly, denies such allegations.

45.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the *TAC* and, accordingly, denies such allegations.

46.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the *TAC* and, accordingly, denies such allegations.

47.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the *TAC* and, accordingly, denies such allegations.

48.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the *TAC* and, accordingly, denies such allegations.

49.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the *TAC* and, accordingly, denies such allegations.

50.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the *TAC* and, accordingly, denies such allegations.

"**Plaintiff Gilbert**"

51.   Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the *TAC* and, accordingly, denies such allegations.

52.   Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the *TAC* and, accordingly, denies such allegations.

53. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the *TAC* and, accordingly, denies such allegations.

54. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the *TAC* and, accordingly, denies such allegations.

55. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the *TAC* and, accordingly, denies such allegations.

56. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the *TAC* and, accordingly, denies such allegations.

57. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the *TAC* and, accordingly, denies such allegations.

58. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the *TAC* and, accordingly, denies such allegations.

59. Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the *TAC* and, accordingly, denies such allegations.

60.    Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the *TAC* and, accordingly, denies such allegations.

61.    Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the *TAC* and, accordingly, denies such allegations.

62.    Plaintiff Eric Gilbert's claims were dismissed with prejudice on November 28, 2022.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the *TAC* and, accordingly, denies such allegations.

### "**Plaintiff Smith**"

63.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the *TAC* and, accordingly, denies such allegations.

64.    S Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the *TAC* and, accordingly, denies such allegations.

65.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the *TAC* and, accordingly, denies such allegations.

66.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the *TAC* and, accordingly, denies such allegations.

67.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the *TAC* and, accordingly, denies such allegations.

68.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the *TAC* and, accordingly, denies such allegations.

69.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the *TAC* and, accordingly, denies such allegations.

70.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the *TAC* and, accordingly, denies such allegations.

71.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the *TAC* and, accordingly, denies such allegations.

72.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the *TAC* and, accordingly, denies such allegations.

73.     Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the *TAC* and, accordingly, denies such allegations.

74. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the *TAC* and, accordingly, denies such allegations.

"**Plaintiff Julian-Moye**"

75. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the *TAC* and, accordingly, denies such allegations.

76. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the *TAC* and, accordingly, denies such allegations.

77. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the *TAC* and, accordingly, denies such allegations.

78. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the *TAC* and, accordingly, denies such allegations.

79. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the *TAC* and, accordingly, denies such allegations.

80.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the *TAC* and, accordingly, denies such allegations.

81.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the *TAC* and, accordingly, denies such allegations.

82.    S Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the *TAC* and, accordingly, denies such allegations.

83.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the *TAC* and, accordingly, denies such allegations.

84.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the *TAC* and, accordingly, denies such allegations.

85.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the *TAC* and, accordingly, denies such allegations.

86.    Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022. ECF No. 387. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the *TAC* and, accordingly, denies such allegations.

**"Plaintiff Alire"**

87.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the *TAC* and, accordingly, denies such allegations.

88.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the *TAC* and, accordingly, denies such allegations.

89.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the *TAC* and, accordingly, denies such allegations.

90.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the *TAC* and, accordingly, denies such allegations.

91.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the *TAC* and, accordingly, denies such allegations.

92.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the *TAC* and, accordingly, denies such allegations.

93.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the *TAC* and, accordingly, denies such allegations.

94.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the *TAC* and, accordingly, denies such allegations.

95.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the *TAC* and, accordingly, denies such allegations.

96.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the *TAC* and, accordingly, denies such allegations.

97.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the *TAC* and, accordingly, denies such allegations.

98.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the *TAC* and, accordingly, denies such allegations.

**"Plaintiff Ho"**

99.     Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the *TAC* and, accordingly, denies such allegations.

100.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the *TAC* and, accordingly, denies such allegations.

101.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the *TAC* and, accordingly, denies such allegations.

102.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the *TAC* and, accordingly, denies such allegations.

103.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the *TAC* and, accordingly, denies such allegations.

104.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the *TAC* and, accordingly, denies such allegations.

105. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the *TAC* and, accordingly, denies such allegations.

106. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the *TAC* and, accordingly, denies such allegations.

107. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the *TAC* and, accordingly, denies such allegations.

108. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the *TAC* and, accordingly, denies such allegations. .

109. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the *TAC* and, accordingly, denies such allegations.

110. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the *TAC* and, accordingly, denies such allegations.

**"Plaintiff Padro"**

111. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the *TAC* and, accordingly, denies such allegations.

112. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the *TAC* and, accordingly, denies such allegations.

113. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the *TAC* and, accordingly, denies such allegations.

114.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the *TAC* and, accordingly, denies such allegations.

115.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the *TAC* and, accordingly, denies such allegations.

116.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the *TAC* and, accordingly, denies such allegations.

117.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the *TAC* and, accordingly, denies such allegations.

118.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the *TAC* and, accordingly, denies such allegations.

119.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the *TAC* and, accordingly, denies such allegations.

120.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the *TAC* and, accordingly, denies such allegations.

121.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the *TAC* and, accordingly, denies such allegations.

122.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the *TAC* and, accordingly, denies such allegations.

123.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the *TAC* and, accordingly, denies such allegations.

**"Plaintiff Naidu"**

124.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the *TAC* and, accordingly, denies such allegations.

125.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the *TAC* and, accordingly, denies such allegations.

126.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the *TAC* and, accordingly, denies such allegations.

127.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the *TAC* and, accordingly, denies such allegations.

128.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the *TAC* and, accordingly, denies such allegations.

129.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the *TAC* and, accordingly, denies such allegations.

130.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the *TAC* and, accordingly, denies such allegations.

131.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the *TAC* and, accordingly, denies such allegations.

132. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the *TAC* and, accordingly, denies such allegations.

133. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the *TAC* and, accordingly, denies such allegations.

134. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the *TAC* and, accordingly, denies such allegations.

135. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the *TAC* and, accordingly, denies such allegations.

136. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the *TAC* and, accordingly, denies such allegations.

"**Plaintiff Solorzano**"

137. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the *TAC* and, accordingly, denies such allegations.

138. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the *TAC* and, accordingly, denies such allegations.

139. S Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the *TAC* and, accordingly, denies such allegations.

140. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the *TAC* and, accordingly, denies such allegations.

141. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the *TAC* and, accordingly, denies such allegations.

142. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the *TAC* and, accordingly, denies such allegations.

143. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the *TAC* and, accordingly, denies such allegations.

144. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the *TAC* and, accordingly, denies such allegations.

145. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the *TAC* and, accordingly, denies such allegations.

146. Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022. ECF No. 464. Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the *TAC* and, accordingly, denies such allegations.

147.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the *TAC* and, accordingly, denies such allegations.

148.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the *TAC* and, accordingly, denies such allegations.

149.    Bath & Body Works, Inc. was dismissed from this action with prejudice on September 12, 2022.  ECF No. 464.  Nonetheless, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the *TAC* and, accordingly, denies such allegations.

**"Plaintiff White"**

150.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the *TAC* and, accordingly, denies such allegations.

151.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the *TAC* and, accordingly, denies such allegations.

152.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the *TAC* and, accordingly, denies such allegations.

153.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the *TAC* and, accordingly, denies such allegations.

154.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the *TAC* and, accordingly, denies such allegations.

155.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the *TAC* and, accordingly, denies such allegations.

156.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the *TAC* and, accordingly, denies such allegations.

157.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the *TAC* and, accordingly, denies such allegations.

158.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the *TAC* and, accordingly, denies such allegations.

159.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the *TAC* and, accordingly, denies such allegations.

160.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the *TAC* and, accordingly, denies such allegations.

161.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the *TAC* and, accordingly, denies such allegations.

162.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the *TAC* and, accordingly, denies such allegations.

### "**Plaintiff Al Kuraishi**"

163.    Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the *TAC* and, accordingly, denies such allegations.

164.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the *TAC* and, accordingly, denies such allegations.

165.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the *TAC* and, accordingly, denies such allegations.

166.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the *TAC* and, accordingly, denies such allegations.

167.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the *TAC* and, accordingly, denies such allegations.

168.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the *TAC* and, accordingly, denies such allegations.

169.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the *TAC* and, accordingly, denies such allegations.

170.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the *TAC* and, accordingly, denies such allegations.

171.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the *TAC* and, accordingly, denies such allegations.

172.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the *TAC* and, accordingly, denies such allegations.

173. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the *TAC* and, accordingly, denies such allegations.

174. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the *TAC* and, accordingly, denies such allegations.

175. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the *TAC* and, accordingly, denies such allegations.

"**Plaintiff Chapa**"

176. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the *TAC* and, accordingly, denies such allegations.

177. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the *TAC* and, accordingly, denies such allegations.

178. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the *TAC* and, accordingly, denies such allegations.

179. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the *TAC* and, accordingly, denies such allegations.

180. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the *TAC* and, accordingly, denies such allegations.

181. Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the *TAC* and, accordingly, denies such allegations.

182.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the *TAC* and, accordingly, denies such allegations.

183.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the *TAC* and, accordingly, denies such allegations.

184.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the *TAC* and, accordingly, denies such allegations.

185.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the *TAC* and, accordingly, denies such allegations.

186.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the *TAC* and, accordingly, denies such allegations.

187.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the *TAC* and, accordingly, denies such allegations.

"<strong><u>CLASS ALLEGATIONS</u></strong>"

188.   Sephora admits that Plaintiffs purport to bring this putative class action on behalf of themselves and the putative class described in Paragraph 118 of the *TAC*. Except as expressly admitted, Sephora denies the allegations in Paragraph 118 of the *TAC*.

189.   Sephora admits that Plaintiffs purport to exclude the persons and entities identified in Paragraph 189 of the *TAC* from the putative class described in Paragraph 188 of the *TAC*.  Except as expressly admitted, Sephora denies the allegations in Paragraph 188 of the *TAC*.

190.    Paragraph 190 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

191.    Paragraph 191 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

192.    Paragraph 192 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

193.    Paragraph 193 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

194.   Paragraph 194 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

195.   Paragraph 195 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

196.   Paragraph 196 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

197.   Paragraph 197 of the *TAC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

198. Paragraph 198 of the *TAC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

199. Paragraph 199 of the *TAC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

200. Paragraph 200 of the *TAC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the *TAC*, and, accordingly, denies such allegations. Sephora denies that certification of the putative class defined in the *TAC* – or any purported class or subclass – is appropriate or that Plaintiffs could satisfy the requirements of Federal Rule of Civil Procedure 23.

### "**COUNT I**

### **Invasion of Privacy**

### **(Against all Defendants on Behalf of the Class)**"

201. Sephora incorporates by this reference its responses to Paragraphs 1 through 201 of the *TAC*.

202.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the *TAC*, and, accordingly, denies such allegations.

203.   Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the *TAC*, and, accordingly, denies such allegations.

204.   Sephora denies the allegations in Paragraph 204 of the *TAC*.

205.   Sephora denies the allegations in Paragraph 205 of the *TAC*.

206.   Sephora denies the allegations in Paragraph 206 of the *TAC*.

207.   Sephora denies the allegations in Paragraph 207 of the *TAC*.

208.   Sephora denies the allegations in Paragraph 208 of the *TAC*.

"**COUNT II**

**Violations of California's Unfair Competition Law**
**California Business & Professions Code § 17200 et seq.**
**(Against all Defendants on behalf of the Class)**"

209.   The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required.  ECF No. 484.  To the extent a response is required, Sephora incorporates by this reference its responses to Paragraphs 1 through 209 of the *TAC*.

210.   The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required.  ECF No. 484.  To the extent a response is required, Sephora admits the allegations in Paragraph 210 of the *TAC*.

211.   The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required.  ECF No. 484.  To the extent a response is required, Sephora denies the allegations in Paragraph 211 of the *TAC*.

212.   The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required.  ECF No. 484.  To the extent a response is required, Sephora denies the allegations in Paragraph 212 of the *TAC*.

213. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 213 of the *TAC*.

214. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 214 of the *TAC*.

215. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 215 of the *TAC*.

216. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 216 of the *TAC*.

217. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 217 of the *TAC*.

218. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 218 of the *TAC*.

219. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the *TAC*, and, accordingly, denies such allegations.

220. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the *TAC*, and, accordingly, denies such allegations.

221. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the *TAC*, and, accordingly, denies such allegations.

222. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 222 in the *TAC*.

223. The Court has dismissed with prejudice Count II of the *TAC* with prejudice and, therefore, no response is required. ECF No. 484. To the extent a response is required, Sephora denies the allegations in Paragraph 223 in the *TAC*.

## "**PRAYER FOR RELIEF**"

Sephora denies that Plaintiffs and the putative class are entitled to any relief whatsoever including the relief requested in the *TAC*.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

(*Failure To State A Claim*)

The *TAC* fails to state facts sufficient to constitute a claim for relief against Sephora.

## **SECOND AFFIRMATIVE DEFENSE**

(*Lack of Standing*)

Plaintiffs lack standing to pursue their purported claims and/or seek the relief sought by the *TAC*.

## **THIRD AFFIRMATIVE DEFENSE**

(*Statute of Limitations*)

The *TAC* is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(*Laches*)

The *TAC* is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(*Fair Competition/Business Economic Justification*)

Plaintiffs' claims, and/or those of the putative classes, are barred, in whole or in part, because the conduct alleged in the *TAC* constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Plaintiffs or the putative classes.

## SIXTH AFFIRMATIVE DEFENSE

(*No Damages*)

Plaintiffs and the putative classes did not suffer any damages and are not otherwise entitled to any monetary restitution because of any action taken by Sephora.

## SEVENTH AFFIRMATIVE DEFENSE

(*Lack of Causation*)

Any damages that Plaintiffs or the putative classes may have suffered were not directly or proximately caused, in whole or in part, by Sephora, and must be decreased to the extent the acts or omissions of Plaintiffs, the putative classes, or any third party were the cause of those damages.

## EIGHTH AFFIRMATIVE DEFENSE

(*This Action Is Not Appropriate For Class Treatment*)

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because Plaintiffs are not adequate representatives, Plaintiffs' claims are not typical of the claims of the putative class they purports to represent, the putative class is not ascertainable, common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of resolving the controversy, and a class action would be unmanageable.

## NINTH AFFIRMATIVE DEFENSE

(*Waiver*)

Plaintiffs' claims, and those of the putative class, are barred in whole or in part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

(*Estoppel*)

Plaintiffs' claims, and those of the putative classes, are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

(*Adequate Remedy At Law*)

Plaintiffs and the putative classes have adequate remedies at law so resort to equitable relief is inappropriate.

## TWELFTH AFFIRMATIVE DEFENSE

(*Failure to Mitigate*)

Plaintiffs' and the putative class's claims are barred in whole or in part because Plaintiffs and the putative class failed to take reasonable steps to mitigate or prevent the alleged harm, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

(*Set-Off*)

The claims of Plaintiffs and/or the putative class are subject to set-off of the reasonable value of goods and services that Plaintiffs and the and the putative class have received from Lenovo.

## FOURTEENTH AFFIRMATIVE DEFENSE

(*Unclean Hands*)

The claims of Plaintiffs and/or the putative class are barred by the doctrine of unclean hands.

-33-

## FIFTEENTH AFFIRMATIVE DEFENSE

(*Comparative Fault*)

The claims of Plaintiffs and/or the putative class are barred to the extent the negligence or fault of a nonparty tortfeasor was a substantial factor in causing the harm alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

(*Arbitration Agreement*)

The claims of Plaintiffs and/or the putative class are barred in whole or in part, or are not properly before this Court, because they are subject to agreement(s) to arbitrate with Sephora.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(*Bona Fide Error*)

The claims of Plaintiffs and/or the putative class are barred, in whole or in part, because any violation of law was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(*Additional Defenses*)

Sephora reserves the right to plead further pending discovery, if any, and to assert all other defenses which are available under the Federal Rules of Civil Procedure and all applicable statutes and laws.

WHEREFORE, Sephora prays for judgment as follows:

1.    That Plaintiffs and the putative class take nothing by this action;

2.    That a judgment of dismissal be entered in favor of Sephora and against Plaintiffs and the putative class;

3.    That Sephora be awarded its costs of suit; and

4.    That Sephora be awarded such other and further relief as the Court deems just and proper.

-34-

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  April 17, 2023

By     */s/ Benjamin O. Aigboboh*
             P. CRAIG CARDON
             KARI M. ROLLINS
        BENJAMIN O. AIGBOBOH
          ALYSSA M. SHAUER

*Attorneys for Defendant*
SEPHORA USA, INC.

SMRH:4853-8528-6943.3

-35-