**KING & SPALDING LLP**
MICHAEL D. ROTH (SBN 217464)
  *mroth@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

ANNE M. VOIGTS (SBN 220783)
  *avoigts@kslaw.com*
SUZANNE E. NERO (SBN 284894)
  *snero@kslaw.com*
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendant* The Gap, Inc

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SHADI HAYDEN *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>THE RETAIL EQUATION, INC. *et al.*,<br><br>Defendants. | Case No.: 8:20-cv-01203-DOC-DFMx<br>*[Assigned to Hon. David O. Carter]*<br><br>**THE GAP, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Third Amended Complaint Filed: August 5, 2022 |

---

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

Defendant The Gap, Inc. ("Gap") hereby answers Plaintiffs' Third Amended Complaint (the "TAC"), ECF No. 455, and asserts the following affirmative defenses. Any allegations that are not specifically admitted herein are denied.

## GENERAL DENIAL

Gap generally denies any allegation of unlawful conduct. Gap further denies that Plaintiffs have suffered, or will suffer, any injury or damages, costs or expenses, including attorneys' fees, in the manner or sum alleged, or in any manner or sum whatsoever, by reason of any act, breach or omission of Gap or its predecessors, successors, affiliates, agents, employees or representatives.

Gap also asserts the following affirmative defenses herein. By alleging the defenses set forth below, Gap is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## ANSWER TO COMPLAINT'S INDIVIDUALLY NUMBERED PARAGRAPHS

1. Gap admits that TRE is a technology company that provides certain contracted-for services to, among other things, combat retail fraud and criminal activity. Gap further admits that in certain circumstances it utilizes TRE's services at the time a consumer attempts a return or exchange, and that it receives a risk score from TRE. As to all remaining allegations set forth in paragraph 1, Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations therein and denies them on that ground.

2. Gap denies the allegations of paragraph 2 to the extent that paragraph 2 alleges that Gap shared any consumer data with TRE without consumers' notice or consent. Gap admits that TRE generates its risk scores through analysis of data it has collected but lacks sufficient knowledge or information to form a belief of what information TRE has collected, the sources of its collection of that information, or how it generates the risk score. As to all remaining allegations set forth in paragraph 2, Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations therein and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

3.     Gap denies that individual consumers cannot appeal a decision to refuse a return or exchange.  Gap further denies that consumers cannot seek to review and correct certain information.  Gap further denies the allegations in paragraph 3 to the extent they allege that Gap determines any risk score or sets any minimum risk score.  As to all remaining allegations set forth in paragraph 3, Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations therein and denies them on that ground.

4.     Gap admits that it has a contractual relationship with TRE.  As to all remaining allegations set forth in paragraph 4, Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations therein and denies them on that ground.

5.     Gap denies the allegations in paragraph 5.

6.     Paragraph 6 is a legal conclusion that does not require a response.  To the extent a response is required, Gap admits that Plaintiffs filed a class action complaint and that the Court denied Gap's motion to dismiss the claim for invasion of privacy.  Gap denies the remaining allegations in paragraph 6.

**JURISDICTION AND VENUE**

7.     Gap admits that the court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  Except as specifically admitted in this paragraph, Gap denies the allegations in paragraph 7.

8.     Plaintiffs' assertion that the Court has personal jurisdiction over any defendant is a legal conclusion that does not require a response.  Gap has not contested personal jurisdiction and admits that its headquarters and principal place of business are in California, that it is authorized to do business in California, and that it regularly conducts business in California.  As to all remaining allegations set forth in paragraph 8, Gap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

9. Plaintiffs' assertion that venue is proper is a legal conclusion that does not require a response. Gap admits that it maintains retail locations in this District and regularly conducts business in this District. As to all remaining allegations set forth in paragraph 9, Gap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein and denies them on that ground.

## STATEMENT OF FACTS

### Retail Defendants

10. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and denies them on that ground.

11. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and denies them on that ground.

12. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and denies them on that ground.

13. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against Defendant Bath & Body Works, Inc. ("BBWI"). [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

14. Gap admits that it is incorporated in the state of Delaware and that its principal place of business and headquarters in San Francisco, California. Gap admits that it has described itself as "a leading global apparel retail company." Gap further admits that Athleta LLC is a Delaware limited liability company with its principal place of business and headquarters in San Francisco, California. Gap admits that Athleta is a subsidiary of Gap. Gap also admits to operating retail locations in the United States, some of which are in California. Except as specifically admitted in this paragraph, Gap denies Plaintiffs' allegations in paragraph 14.

15. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

16. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and denies them on that ground.

### The Retail Equation

17. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and denies them on that ground.

18. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and denies them on that ground.

19. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and denies them on that ground.

### Defendants' Data Collection, Sharing and Use

20. Gap admits that it contracted with TRE as a service provider for TRE to perform certain services, including identifying and preventing fraud. As to all remaining allegations set forth in paragraph 20, Gap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein and denies them on that ground.

21. Gap denies the allegations in the first sentence of paragraph 21 and also denies that it collects information without the consumer's notice or consent. As to the second sentence in paragraph 21, Gap admits that it sometimes collects certain consumer data at the point of sale and points of return and exchange in sales transactions (as well as through certain interactions with its website) and that certain information is provided to TRE as Gap's service provider. As to the final sentence, Gap admits that Complaint purports to define the "Consumer Commercial Activity Data" and "Consumer ID Data" but denies all remaining allegations in that sentence. Except as specifically admitted in this paragraph, Gap denies all remaining allegations pertaining to Gap in paragraph 21. To the extent the allegations in this paragraph pertain to TRE or retailers other than Gap, Gap lacks knowledge or information sufficient to form a belief about the truth of those and denies them on that ground.

4

22. Gap admits it collects certain types of consumer data, including data regarding certain customers' purchase, return, and exchange history, and that some of this data is shared with TRE as its service provider to aid in the processing of returns and exchanges and fraud prevention. Except as specifically admitted in this paragraph, Gap denies all remaining allegations in paragraph 22.

23. Gap admits that in connection with certain transactions it collects some of what Plaintiffs have identified as "Consumer ID Data," and in connection with certain transactions, provides that information to TRE, as a service provider. Except as specifically admitted in this paragraph, Gap denies all remaining allegations in paragraph 23.

24. Gap admits that in connection with certain transactions it collects a consumer's information and that such information is shared with TRE in a non-anonymized, individual data set. The data that Gap shares with TRE as part of its contracted-for services is encrypted. Except as specifically admitted in this paragraph, Gap denies all other allegations in paragraph 24.

25. Gap denies that it is engaged in unlawful data practices and denies the allegations in paragraph 25 that pertain to Gap. Gap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations pertaining to Gap in paragraph 25 and denies them on that ground. To the extent the allegations in this paragraph pertain to TRE or retailers other than Gap, Gap lacks knowledge or information sufficient to form a belief about the truth of those allegations and denies them on that ground.

26. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and denies them on that ground.

27. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and denies them on that ground.

28. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**Attempted Return or Exchange Process**

29.    Gap denies the allegations in paragraph 29.

30.    Gap admits that sometimes it may scan a consumer's driver's license or other government-issued ID card and the store receipt in connection with a return or exchange.   Gap also admits that each return or exchange generates information regarding that transaction.  Except as specifically admitted in this paragraph, Gap denies the allegations of paragraph 30 that pertain to it.  To the extent the allegations in this paragraph pertain to retailers other than Gap, Gap lacks knowledge or information sufficient to form a belief about the truth of those allegations and denies them on that ground.

31.    Gap denies the allegation that it transmits consumer data to TRE without "consent or knowledge of consumers."  Gap admits that it transmits certain data to TRE, its service provider, in connection with certain transactions so that TRE may perform contracted-for services.  Gap denies that it provides TRE data "on a continuous basis." Except as specifically admitted in this paragraph, Gap denies the allegations of paragraph 31 pertaining to it.  To the extent the allegations in this paragraph pertain to TRE or retailers other than Gap, Gap lacks knowledge or information sufficient to form a belief about the truth of those allegations and denies them on that ground.

32.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and denies them on that ground.

33.    The first sentence of paragraph 33 does not contain factual allegations to which an answer is required.  To the extent any response is required, Gap denies the allegations in the first sentence of paragraph 33.  Gap further denies the allegations in the second sentence of paragraph 33, including that "there is no advance notice to consumers of TRE's involvement in retail transactions."  Lastly, Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in the final sentence of paragraph 33 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

34.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and denies them on that ground.

35.    Gap admits that it denied a return of Plaintiff Christine Alire based on information received from TRE.  Gap denies that Alire's return was valid.  Except as specifically admitted in this paragraph, Gap denies the allegations of paragraph 35.

36.    Gap denies the allegations in paragraph 36.

37.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and denies them on that ground.

**Plaintiff Hayden**

38.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and denies them on that ground.

39.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and denies them on that ground.

40.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and denies them on that ground.

41.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and denies them on that ground.

42.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and denies them on that ground.

43.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and denies them on that ground.

44.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and denies them on that ground.

45.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and denies them on that ground.

46.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

47.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and denies them on that ground.

48.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and denies them on that ground.

49.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and denies them on that ground.

50.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and denies them on that ground.

**Plaintiff Gilbert**

51.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and denies them on that ground.

52.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and denies them on that ground.

53.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and denies them on that ground.

54.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and denies them on that ground.

55.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and denies them on that ground.

56.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and denies them on that ground.

57.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 and denies them on that ground.

58.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and denies them on that ground.

59.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

60.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and denies them on that ground.

61.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and denies them on that ground.

62.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and denies them on that ground.

**Plaintiff Smith**

63.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

64.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

65.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

66.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

67.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

68.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

69.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

70.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

71.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

72.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

73.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

74.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**Plaintiff Julian-Moye**

75.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and denies them on that ground.

76.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

77.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

78.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

79.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

80.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and denies them on that ground.

81.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

82.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

83.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

84.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

85.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and denies them on that ground. Plaintiffs voluntarily dismissed Stein Mart, Inc. from this suit on January 28, 2022.  [Notice of Voluntary Dismissal of Stein Mart, Inc, ECF No. 387].

86.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 and denies them on that ground.

**Plaintiff Alire**

87.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and denies them on that ground.

88.    Gap admits that on or about January 8, 2020, Plaintiff Alire attempted to return or exchange merchandise purchased at Athleta.  Gap lacks knowledge or information sufficient regarding Plaintiff Alire's "expectations" and on that basis denies the allegations in the second sentence of paragraph 88.  Except as specifically admitted in this paragraph, Gap denies all remaining allegations in paragraph 88.

89.    Gap admits that Athleta has collected certain identification and transactional data pertaining to Plaintiff Alire and her attempted return or exchange. Except as specifically admitted in this paragraph, Gap denies the allegations of paragraph 89.

90.    Gap admits that Athleta transferred to TRE certain identification and transactional data pertaining to Plaintiff Alire's attempted return or exchange.  Except

12

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

as specifically admitted, Gap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 90 and denies them on that ground.

91.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether the sales associate specifically informed Plaintiff Alire that her identifying and transactional information was being transmitted to TRE and denies the allegations in paragraph 91 on that ground.

92.    Gap lacks knowledge or information sufficient to form a belief about Plaintiff Alire's personal knowledge and denies the allegations in paragraph 92 on that ground.

93.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether the sales associate specifically informed Plaintiff Alire that her identifying and transactional information was being transmitted to or used by TRE and denies the allegations in paragraph 93 on that ground.

94.    Gap lacks knowledge or information sufficient to form a belief about Plaintiff Alire's personal knowledge and denies the allegations in paragraph 94 on that ground.

95.    Gap admits that TRE communicated to Athleta on or about January 8, 2020 that Plaintiff Alire's return or exchange was to be declined.  Except as specifically admitted in this paragraph, Gap denies all remaining allegations in paragraph 95.

96.    Gap admits that after receiving the communication from TRE, Athleta communicated to Plaintiff Alire on or about January 8, 2020 that her attempted return or exchange was declined.  Except as specifically admitted in this paragraph, Gap denies all remaining allegations in paragraph 96.

97.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether a sales associate presented Plaintiff Alire with a printout providing the contact information for TRE and denies the allegations of paragraph 97 on that ground.

13

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

98.     Gap admits that Plaintiff did not complete a return or exchange of items on January 8, 2020.   Except as specifically denied in this paragraph, denies the allegations of paragraph 98.

### Plaintiff Ho

99.     Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 and denies them on that ground.

100.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 and denies them on that ground.

101.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 and denies them on that ground.

102.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 and denies them on that ground.

103.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 and denies them on that ground.

104.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 and denies them on that ground.

105.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 and denies them on that ground.

106.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 and denies them on that ground.

107.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 and denies them on that ground.

108.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and denies them on that ground.

109.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 and denies them on that ground.

110.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and denies them on that ground.

14

**Plaintiff Padro**

111.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 and denies them on that ground.

112.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 and denies them on that ground.

113.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 and denies them on that ground.

114.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and denies them on that ground.

115.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and denies them on that ground.

116.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 and denies them on that ground.

117.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and denies them on that ground.

118.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and denies them on that ground.

119.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 and denies them on that ground.

120.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 and denies them on that ground.

121.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 and denies them on that ground.

122.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 and denies them on that ground.

123.  Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**Plaintiff Naidu**

124.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 and denies them on that ground.

125.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 and denies them on that ground.

126.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 and denies them on that ground.

127.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and denies them on that ground.

128.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128 and denies them on that ground.

129.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and denies them on that ground.

130.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 and denies them on that ground.

131.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 and denies them on that ground.

132.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 and denies them on that ground.

133.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 and denies them on that ground.

134.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 and denies them on that ground.

135.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 and denies them on that ground.

136.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

**Plaintiff Solorzano**

137.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

138.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

139.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

140.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

141.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

142.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142 and denies them on that ground.  Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI.  [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

143.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143 and denies them on that ground.  Gap further

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

144. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

145. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

146. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

147. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

148. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

149. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 and denies them on that ground. Gap further states that the Court dismissed with prejudice Plaintiffs' claims against BBWI. [Order Granting Defendant's Motion to Dismiss, ECF No. 464].

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

**Plaintiff White**

150. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150 and denies them on that ground.

151. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 and denies them on that ground.

152. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 and denies them on that ground.

153. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153 and denies them on that ground.

154. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 and denies them on that ground.

155. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 and denies them on that ground.

156. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 and denies them on that ground.

157. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 and denies them on that ground.

158. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 and denies them on that ground.

159. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 and denies them on that ground.

160. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 and denies them on that ground.

161. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 and denies them on that ground.

162. Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**Plaintiff Al Kuraishi**

163.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163 and denies them on that ground.

164.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 and denies them on that ground.

165.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165 and denies them on that ground.

166.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 and denies them on that ground.

167.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167 and denies them on that ground.

168.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168 and denies them on that ground.

169.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 and denies them on that ground.

170.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170 and denies them on that ground.

171.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171 and denies them on that ground.

172.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 and denies them on that ground.

173.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173 and denies them on that ground.

174.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 and denies them on that ground.

175.    Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 and denies them on that ground.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**Plaintiff Chapa**

176.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 and denies them on that ground.

177.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 and denies them on that ground.

178.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 and denies them on that ground.

179.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 and denies them on that ground.

180.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180 and denies them on that ground.

181.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181 and denies them on that ground.

182.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 and denies them on that ground.

183.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183 and denies them on that ground.

184.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184 and denies them on that ground.

185.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185 and denies them on that ground.

186.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186 and denies them on that ground.

187.   Gap lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187 and denies them on that ground.

**CLASS ALLEGATION**

188.   Paragraph 188 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that

21

certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

189.   Paragraph 189 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

190.   Paragraph 190 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

191.   Paragraph 191 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

192.   Paragraph 192 and each of its subparts do not contain factual allegations to which an answer is required.  To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.  Plaintiffs' allegations in paragraph 192(g) specifically were stricken by the Court pursuant to its March 2, 2023 Order. [Civil Minutes – General, ECF No. 484].

193.   Paragraph 193 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

194.   Paragraph 194 does not contain factual allegations to which an answer is required.   To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

195. Paragraph 195 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap denies the allegations in paragraph 195. Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

196. Paragraph 196 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass— is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23. Moreover, to the extent a response is required, Gap further denies the allegations in paragraph 196 on the basis of the Court's March 2, 2023 Order, wherein the Court concluded that "Plaintiffs lack standing to seek injunctive relief against Retail Defendants," including Gap. [Civil Minutes – General, ECF No. 484].

197. Paragraph 197 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass— is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

198. Paragraph 198 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap denies the allegations in paragraph 198. Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

199. Paragraph 199 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass— is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

200. Paragraph 200 does not contain factual allegations to which an answer is required. To the extent any response is required, Gap denies the allegations in

paragraph 200.  Gap specifically denies that certification of the putative class defined herein—or any purported class or subclass—is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

**COUNT I**

**Invasion of Privacy**

**Against all Defendants on behalf of the Class**

201.   Gap incorporates by reference its admissions and denials set forth in the preceding paragraphs as though answered in this Count.

202.   Answering Paragraph 202 of the Third Amended Complaint, Gap lacks information regarding Plaintiffs and the Class members' actual "expectations" and on that basis denies allegations regarding what they expected.  Gap denies that Plaintiffs had any reasonable expectation of privacy concerning certain data types, including their product purchases and information provided at the points of sale and return to a Gap sales associate.

203.   Answering Paragraph 203 of the Third Amended Complaint, Gap lacks information regarding Plaintiffs and the Class members' actual "expectations" and on that basis denies allegations regarding what they expected.  Gap denies the remaining allegations in paragraph 203.

204.   Plaintiffs' allegations in paragraph 204 and each of its subparts are legal conclusions that do not require a response.  To the extent any response is required, Gap denies the allegations in paragraph 204 and its subparts, including that it unlawfully invaded Plaintiffs' and purported Class members' privacy rights.

205.   Plaintiffs' allegations in paragraph 205 are legal conclusions that do not require a response.  To the extent any response is required, Gap denies the allegations in paragraph 205, including that it violated Plaintiffs' and purported Class members' privacy rights.

206.   Plaintiffs' allegations in paragraph 206 are legal conclusions that do not require a response.  To the extent any response is required, Gap denies the allegations

24

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

in paragraph 206, including that it violated Plaintiffs' and Class members' right to privacy under the common law.

207.   Plaintiffs' allegations in paragraph 207 are legal conclusions that do not require a response.  To the extent any response is required, Gap denies the allegations in paragraph 207, including that it violated Plaintiffs' and Class members' right to privacy under the California Constitution, Article I, Section 1.

208.   Plaintiffs' allegations in paragraph 208 are legal conclusions that do not require a response.  To the extent any response is required, Gap denies the allegations in paragraph 208, including that it violated Plaintiffs' and Class members' right to privacy or that its conduct resulted in any damage to Plaintiffs and Class members.

## COUNT II

### Violations of California's Unfair Competition Law

### California Business & Professions Code 17200, *et seq.*

### (Against all Defendants on behalf of the Class)

209.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484].  Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 209.

210.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484].  Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 210.

211.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484].  Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 211.

212.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484].

25

Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 212.

213.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 213.

214.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 214.

215.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 215.

216.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 216.

217.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 217.

218.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 218.

219.   Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap.  [Civil Minutes – General, ECF No. 484].

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 219.

220. Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap. [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 220.

221. Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap. [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 221.

222. Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap. [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 222.

223. Pursuant to its March 2, 2023 Order, the Court dismissed Count II against the Retail Defendants, including Gap. [Civil Minutes – General, ECF No. 484]. Accordingly, to the extent a response is required, Gap denies the allegations in paragraph 223.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief or remedy whatsoever including, without limitation, the certification of a class action or any relief sought in subparts A through G. Plaintiffs' prayer for relief seeking restitution was stricken by the Court pursuant to its March 2, 2023 Order. [Civil Minutes – General, ECF No. 484]. Plaintiffs also "lack standing to seek injunctive relief against Retail Defendants," including Gap. [Civil Minutes – General, ECF No. 484].

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as separate and distinct affirmative defenses thereto, subject to discovery and based on information and belief, and without

assuming the burden of proof on any issue for which Plaintiffs bear the burden of proof, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each and every alleged cause of action set forth therein, fails to state facts sufficient to constitute a claim against Gap.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' Complaint and all causes of action and forms of relief sought therein are barred, in whole or in part, because Plaintiffs and/or the putative class members lack standing to assert any or all of the causes of action alleged in the Complaint, including, among other reasons, because they have sustained no damages or injury and, even if they have sustained injury or damages, such injuries or damages were not related to or caused by Gap's conduct.  Plaintiffs further lack standing to seek the forms of relief sought by the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Justification)

The causes of action asserted in Plaintiffs' Complaint are barred because Gap's alleged actions were justified under the circumstances and because it substantively furthers one or more countervailing interests.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Release)

Plaintiffs and the putative class members have waived and released whatever rights they may have had to assert any alleged cause of action against Gap and are therefore barred from asserting the purported causes of action in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without admitting any liability, Plaintiffs failed to mitigate their alleged damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred as a result.

## SIXTH AFFIRMATIVE DEFENSE

### (No Entitlement to Damages, Restitution, or Injunctive Relief)

Plaintiffs and the putative class are barred from any recovery because Plaintiffs cannot show that they or members of the putative class are entitled to damages as a result of any acts or omissions by Defendant. The Complaint's claim for restitution is further barred because the amount of damages, if any, is speculative, and because of the impossibility of ascertaining and allocating these alleged damages. The Complaint's prayer for injunctive relief is similarly barred as improper and unsupported by law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Express Terms)

The relief recoverable by the Plaintiff and the class, if any, is limited by the express and implied terms, limits, and conditions of Gap's privacy policy, Gap's return policy and/or any other disclosures.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Punitive or Exemplary Damages)

Although Gap denies engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable clauses of the United States and California Constitutions, as well as other statutes. The Complaint fails to state facts sufficient to support an award of punitive damages against Gap and fails to meet the requirements of Civil Code section 3294.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The causes of action asserted in Plaintiffs' Complaint are barred because Plaintiffs and the putative class members are estopped by their own actions and conduct from pursuing the claims in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Harm)

Plaintiffs were not entitled to return or exchange their individual items pursuant to the retailer return policy, Civil Code section 1723, or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The causes of action asserted in Plaintiffs' Complaint are barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiffs or of others that are attributable to Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The causes of action asserted in Plaintiffs' Complaint are barred by the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The causes of action asserted in Plaintiffs' Complaint are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

The claims in Plaintiffs' Complaint are barred, in whole or in part, to the extent that the claims or the relief sought are moot.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

<u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

**(Item Not Subject to Returns)**

The alleged subject item(s) to return were not available to be returned pursuant to Civil Code section 1723 and/or the applicable return policy.

<u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

**(No Attempted Return)**

The alleged claims are barred because Plaintiffs did not return or attempt to return their items within 30 days of purchase pursuant to Civil Code section 1723(c).

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

**(Consent)**

The causes of action asserted in Plaintiffs' Complaint are barred by the doctrine of consent.

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

**(Apportionment of Fault)**

Individuals and/or entities other than Gap, including Plaintiffs and TRE, are legally responsible, or otherwise at fault for any damages alleged in the Complaint, which Gap denies, and therefore, in the event of any liability, an apportionment of fault should be made as to all such individuals and/or entities, by the Court or jury.  Gap requests a judgment and declaration of indemnification and contribution against all other individuals and/or entities in accordance with the apportionment of fault between them.

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

**(Economic Loss Doctrine)**

The claims of Plaintiffs and/or members of any proposed class or subclass are barred by the economic loss doctrine.

<u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

**(Intervening Cause)**

The claims of Plaintiffs and/or members of any proposed class or subclass are

31

barred, in whole or in part, to the extent their injury, if any, was due to the intervening cause of another party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Set-Off)

The claims of Plaintiffs and/or members of any putative class are subject to set-off of the reasonable value of goods and services that Plaintiffs and the putative class have received from the Gap.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Acquiescence)

The causes of action asserted in the Complaint are barred by the doctrine of acquiescence as a result of the acts, conduct, and omissions of Plaintiffs or of others that are attributable to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs voluntarily assumed the risk of any harm resulting from the acts alleged in the Complaint, and Plaintiffs therefore may not recover for any alleged harm.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

The Complaint fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Defenses As To Each Putative Class Member)

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class. Gap reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservations to Raise Other Defenses)

Gap hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this litigation and reserve the right to amend this Answer to assert any such defenses.

## PRAYER

**WHEREFORE**, Gap requests that the Court enter a judgment against Plaintiffs:

1.    That Plaintiffs and the putative class take nothing by reason of the Complaint;

2.    That judgment be entered in favor of Gap and against Plaintiffs and the putative class;

3.    For costs and attorneys' fees incurred by Gap herein, if and to the extent permitted by law; and

4.    Granting such other and further relief as this Court may deem just and proper.

*Signature to follow*

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

DATED:  April 19, 2023

MICHAEL D. ROTH
mroth@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213-443-4310

ANNE M. VOIGTS
avoights@kslaw.com
KING & SPALDING LLP
601 South California Avenue, Suite 100
Palo Alto, CA 94304
Tel 650-422-6700

SUZANNE E. NERO
snero@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel. 415-318-1200


  /s/ Michael D. Roth
Michael D. Roth

Attorneys for Defendant
THE GAP, INC.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

## DEMAND FOR JURY TRIAL

Gap hereby demands a jury trial on all issues so triable.


DATED:  April 19, 2023

MICHAEL D. ROTH
mroth@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel. 213-443-4355
Fax 213-443-4310

ANNE M. VOIGTS
avoights@kslaw.com
KING & SPALDING LLP
601 South California Avenue, Suite 100
Palo Alto, CA 94304
Tel 650-422-6700

SUZANNE E. NERO
snero@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel. 415-318-1200


  /s/ Michael D. Roth
Michael D. Roth

Attorneys for Defendant
THE GAP, INC.

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I electronically filed **THE GAP, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court, by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

/s/ Michael D. Roth
MICHAEL ROTH

36

DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES