TROUTMAN PEPPER HAMILTON SANDERS LLP
Ronald I. Raether, Jr., Bar No. 303118
ron.raether@troutman.com
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700

Attorneys for Defendant
The Retail Equation, Inc.
*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Shadi Hayden, et al., <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>The Retail Equation, Inc., et al., <br><br>　　　　　Defendants. | Case No.  8:20-cv-01203-DOC-DFM <br><br>**Joint Status Report** <br><br>Date:　　June 15, 2023 <br>Time:　　8:30 a.m. <br>Place:　　Courtroom 10A <br><br>Complaint Filed: July 7, 2020 <br>FAC Filed: August 3, 2020 <br>SAC Filed: July 27, 2021 <br>TAC Filed: August 5, 2022 <br>Trial Date: None set |

**JOINT STATUS REPORT**

In accordance with the Court's June 2, 2023 Order, Defendant The Retail Equation, Inc. ("TRE"), and Defendants CVS Pharmacy, Inc. ("CVS"), Sephora USA, Inc. ("Sephora"), The Gap, Inc. ("Gap"), The Home Depot, Inc.[1] ("Home

---

[1] The Complaint improperly names The Home Depot, Inc. as a defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no transactions or other conduct with Plaintiffs. Rather, The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., which is a home improvement retailer.

Depot"), and The TJX Companies ("TJX") (collectively, the "Retail Defendants"),[2] and Plaintiffs Shadi Hayden, Carol Julian-Moye, Christine Alire, Jerry Ho, Sylvia Padro, Sowbhagia Naidu, Traci Duncan White, Mayce Al Kuraishi and Stephanie Chapa ("Plaintiffs") (collectively, TRE, the Retail Defendants and Plaintiffs are referred to as the "Parties"), by counsel, submit the following Joint Status Report.

**I.     Status of the Pleadings.**

Plaintiffs' August 5, 2022 Third Amended Complaint ("TAC"), which was subsequently narrowed, asserted two claims against all defendants:  Count I alleges an invasion of privacy claim and Count II alleges violations of California's Unfair Competition Law California Business & Professions Code § 17200, *et seq.* ("UCL Claim").  The Retail Defendants moved to strike, or alternatively, to dismiss certain allegations in the TAC on August 19, 2022 (ECF No. 460).  Specifically, pursuant to Fed. R. Civ. P. 12(f), the Retail Defendants moved to strike Plaintiffs' allegations of restitution (and other equitable monetary relief) and moved to dismiss Plaintiffs' UCL Claim under Fed. R. Civ. P. 12(b)(6).  TRE joined in the Retail Defendants' Motion with respect to the motion to strike Plaintiffs' request for restitution (ECF No. 463).  Plaintiffs opposed both motions (ECF No. 452).

CVS filed a separate Motion to Dismiss the claims brought by Plaintiff Eric Gilbert (ECF No 461).  Plaintiffs also opposed CVS's motion.

On October 17, 2022, the Court held a hearing on TRE and the Retail Defendants' Motions to Strike and Dismiss (ECF Nos. 460, 463) and CVS's separate Motion to Dismiss (ECF No. 461).  On November 29, 2022, the Court entered an order granting CVS's Motion to Dismiss the claims brought by Plaintiff Eric Gilbert.

On March 2, 2023, the Court granted the Motion to Strike Plaintiffs' restitution allegations in the UCL claim against all Defendants and dismissed the UCL claim

---

[2] On April 25, 2023, Bed Bath & Beyond filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings (ECF No. 497).

against the Retail Defendants with prejudice for lack of standing. (ECF No. 484.) The remaining claims in the TAC include an invasion of privacy claim against all Defendants and a UCL claim against TRE.

On April 17, 2023, TRE, the Home Depot, CVS, Bed Bath & Beyond, and Sephora filed Answers to the TAC. Gap filed its Answer on April 19, 2023. Plaintiffs and TJX stipulated that TJX need not file an Answer until after the Court rules on its Motion to Compel Arbitration.

The following motion remains pending:

1. TJX's September 20, 2021 Motion to Compel Arbitration (ECF No. 278).[3]

The one other outstanding issue awaiting the Court's decision is the Joint Statement Regarding Special Master Fees (ECF No. 444) in which the Parties set out competing proposals on the compensation for the Special Master.

**II.  Targeted Informal Discovery Efforts and Settlement Negotiations.**

In the Parties' last status report (ECF No. 478), they informed the Court that TRE had undertaken substantial efforts to engage an independent expert to conduct a source code review targeted at the underlying allegations related to Plaintiffs' invasion of privacy claim. From the outset, TRE believed that informal discovery would provide a good chance to resolve this case because it focused on the issues raised in the Court's Joint Order Granting in Part Retail Defendants' Motion to Dismiss and Defendant TRE's Motion to Dismiss (ECF No. 423).[4]

---

[3] TJX's motion has not yet been heard.

[4] Specifically, the Court relied on the following allegations in denying the motion to dismiss the invasion of privacy claim: (1) "Plaintiffs also allege that TRE's risk scores are calculated by using 'transaction data collected at points of return from other [consumers] thought to be related to this [consumer] by home address, family name, or other connecting data,' including [consumer's] social media networks. Plaintiffs further contend that TRE considers 'information about other [consumers] in the merchant location during the time of the requested return transaction' in

After the conclusion of this independent analysis, TRE hosted a meeting on December 19, 2022 with TRE's consulting expert and Plaintiffs' expert, and which counsel for all Parties attended. In furtherance of this effort, after the December 2022 presentation, Plaintiffs' counsel provided two rounds of follow-up questions to which TRE and its consulting expert provided substantive and detailed responses in March and April 2023. In those responses, TRE confirmed through its consulting expert's source code analysis that the Verify product does not consider external sources and does not consider (1) "data it has on people thought to be related to the [consumer] by any 'connecting data,' i.e., individuals found in a [consumer's] social network" and (2) "information about other [consumers] in the merchant location during the time of the requested return transaction" as alleged in the TAC. In other words, TRE has provided Plaintiffs with detailed information demonstrating that Plaintiffs' allegations in the SAC (and those that are re-alleged in the TAC) are wrong and cannot support any claim against TRE or the Retail Defendants. Plaintiffs' expert has not provided any substantive response to the information TRE provided in connection with the informal discovery and has not disputed the findings of TRE's consulting expert. It is TRE's position that Plaintiffs cannot continue to assert these baseless allegations, which are really the sole charging allegations for the remaining invasion of privacy claim.

After nearly six months of TRE providing detailed information and answering follow-up questions, Plaintiffs provided TRE with a written global settlement

---

determining whether a return should be rejected" (Dkt. No. 423, at 11 (quoting SAC ¶¶ 29, 257)); and (2) "Plaintiffs allege that TRE combines [consumers'] personal information…provided to a Retail Defendant at the point of sale, the point of exchange and return, and through interactions with a Retail Defendant's website] with information on the [consumer] collected from other sources, including social media, data from other individuals 'thought to be related to the [consumer]' and data about 'other [consumers] in the merchant location during the time of the requested transaction' in order to determine the risk score." (*Id.* (quoting SAC ¶¶ 29-30).)

demand on June 2, 2023 to TRE. TRE does not believe that settlement is likely based on Plaintiffs' opening demand and it has become clear that the parties value this case very differently.

Plaintiffs respectfully disagree with TRE's characterization of the evidence it provided through the informal discovery process and Plaintiffs' expert's response. Plaintiffs' understanding is that discussion of the content of those communications is limited by a non-disclosure agreement signed at TRE's request. Therefore, Plaintiffs will not further comment.

Based on the current status of settlement negotiations, TRE respectfully renews its request that it be authorized to file a limited summary judgment motion regarding Plaintiffs' invasion of privacy claim, and, specifically, disproving the allegations in the SAC upon which the Court relied when it denied TRE's and the Retail Defendants' motion to dismiss the invasion of privacy claim. TRE specifically requests that discovery be stayed as to the Retail Defendants because the summary judgment motion would be dispositive as to the remaining claims against all Defendants. Plaintiffs contend that they must be allowed full, formal discovery before opposing any motions for summary judgment or adjudication.

**II.     Proposed Next Steps**

Given the foregoing, Defendants request that:

1. the Court decide TJX's September 20, 2021 Motion to Compel Arbitration (ECF No. 278);

2. the Court issue an order regarding the Parties' Joint Statement Regarding Special Master Fees (ECF No. 444);

3. the Court issue an order staying discovery with respect to the remaining Retail Defendants;

4. the Court enter a scheduling order providing a limited and targeted discovery phase for discovery between Plaintiff and TRE that would conclude with a summary judgment motion limited to the allegations upon which the Court relied

when it denied TRE's and the Retail Defendants' motion to dismiss the invasion of privacy claim in the SAC.

Plaintiffs have no issue with Defendants' proposed schedule except, as stated above, Plaintiffs believe full, formal discovery should be allowed before they must oppose any motions for summary judgment/adjudication.

Dated: June 9, 2023

| | |
|---|---|
| AHDOOT AND WOLFSON PC | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| By: */s/ Christopher E. Stiner* <br> TINA WOLFSON <br> twolfson@ahdootwolfson.com <br> BRADLEY K. KING <br> bking@ahdootwolfson.com <br> CHRISTOPHER ERIC STINER <br> cstiner@ahdootwolfson.com <br> THEODORE W. MAYA <br> tmaya@ahdootwolfson.com <br> AHDOOT AND WOLFSON PC <br> 2600 W. Olive Avenue, Suite 500 <br> Burbank, CA 91505 <br> Tel: 310.474.9111 <br><br> Cornelius P. Dukelow (*pro hac vice*) <br> cdukelow@abingtonlaw.com <br> ABINGTON COLE AND ELLERY <br> 320 South Boston Ave, Suite 1130 <br> Tulsa, OK 74103 <br> Tel: 918-588-3400 <br><br> *Attorneys for Plaintiffs* | By: */s/ Ronald I. Raether, Jr.* <br> Ronald I. Raether, Jr. <br><br> Cindy Hanson (*Pro Hac Vice*) <br> Cindy.hanson@troutman.com <br> 600 Peachtree Street, N.E., Suite 3000 <br> Atlanta, GA 30308 <br> 404.885.3000 <br><br> Julie D. Hoffmeister (*Pro Hac Vice*) <br> Julie.hoffmeister@troutman.com <br> 1001 Haxall Point <br> Richmond, VA 23219 <br> 804.697.1448 <br><br> *Attorneys for Defendant* <br> *The Retail Equation, Inc.* |
| ALSTON & BIRD LLP | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| By: */s/ Rachel E. K. Lowe* <br> Rachel E. K. Lowe, Bar No. 246361 <br> rachel.lowe@alston.com <br> ALSTON & BIRD LLP <br> 333 South Hope Street, 16th Floor <br> Los Angeles, CA 90071-3004 <br> Telephone: 213-576-1000 <br> Facsimile: 213-576-1100 <br><br> Kristine Brown, pro hac vice admitted <br> kristy.brown@alston.com <br> Donald Houser, pro hac vice admitted <br> donald.houser@alston.com <br> ALSTON & BIRD LLP <br> 1201 West Peachtree Street <br> Atlanta, GA 30309 <br> Telephone: 404-881-7000 <br><br> *Attorneys for Defendant CVS Pharmacy, Inc.* | By: */s/ P. Craig Cardon* <br> P. CRAIG CARDON, Cal. Bar No. 168646 <br> ccardon@sheppardmullin.com <br> KARI M. ROLLINS (admitted *pro hac vice*) <br> krollins@sheppardmullin.com <br> BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531 <br> baigboboh@sheppardmullin.com <br> ALYSSA SONES, Cal. Bar No. 318359 <br> asones@sheppardmullin.com <br> 1901 Avenue of the Stars, Suite 1600 <br> Los Angeles, California 90067-6055 <br> Telephone: 310.228.3700 <br> Facsimile: 310.228.3701 <br><br> *Attorneys for Defendants Sephora USA, Inc. and The TJX Companies, Inc.* |

| | |
|---|---|
| KING & SPALDING LLP | KING & SPALDING LLP |
| By: */s/ Michael D. Roth* | By: */s/ Misty L. Peterson* |
| Michael D. Roth<br>mroth@kslaw.com<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Tel. 213-443-4355<br>Fax 213-443-4310 | S. STEWART HASKINS II (*pro hac vice*)<br>shaskins@kslaw.com<br>ELIZABETH ADLER (*pro hac vice*)<br>eadler@kslaw.com<br>MISTY L. PETERSON (*pro hac vice*)<br>mpeterson@kslaw.com<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>Tel. (404) 572-4600<br>Fax (404) 572-5100 |
| ANNE M. VOIGTS (SBN 220783)<br>avoigts@kslaw.com<br>SUZANNE E. NERO (SBN 284894)<br>snero@kslaw.com<br>50 California St, Suite 3300<br>San Francisco, CA 94111<br>Tel. 415-318-1200 | |
| *Attorneys for Defendant*<br>*The Gap, Inc.* | JULIA ELIZABETH ROMANO<br>jromano@kslaw.com<br>KING & SPALDING LLP<br>633 West 5th Street, Suite 1600<br>Los Angeles, CA 90071<br>Tel. 213-443-4355<br>Fax 213 443-4310 |
| | *Attorneys for Defendant*<br>*The Home Depot, Inc.* |

158116777

- 8 -  JOINT STATUS REPORT